**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Kenneth P. Kellogg; Rachel Kellogg and Kellogg Farms, Inc.; and Roland B. Bromley and Bromley Ranch, LLC, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

Watts Guerra, LLP; Daniel M. Homolka, P.A.; Yira Law Office LTD; Hovland and Rasmus, PLLC; Dewald Deaver, P.C. LLO; Givens Law, LLC; Mauro, Archer & Associates, LLC; Johnson Law Group; Wagner Reese, LLP; VanDerGinst Law, P.C.; Patton Hoversten & Berg, P.A.; Cross Law Firm, LLC; Law Office of Michael Miller; Pagel Weikum PLLP; Wojtalewicz Law Firm, Ltd.; Mikal C. Watts; Francisco Guerra; and John Does 1-50,

Defendants.

Civil No. 18-1082 (DWF/BRT)

**MEMORANDUM OPINION AND ORDER**

The Court has before it two related matters: (1) Defendants Daniel M. Homolka, P.A. and Yira Law Office Ltd.'s Motion to Stay Pending Transfer by Judicial Panel on Multidistrict Litigation (the "Stay Motion") (Doc. No. 10); and (2) Plaintiffs' appeal of the Magistrate Judge's May 25, 2018 Order Staying Deadlines to Respond to the Complaint (Doc. No. 61). All other defendants join the Stay Motion. (Doc. Nos. 34, 47.) Plaintiffs oppose the Stay Motion. (Doc. No. 61.)

**BACKGROUND**

On April 24, 2018, Plaintiffs filed their initial complaint in this matter, alleging that Defendants deceptively solicited corn growers to sign Defendants' 40-percent contingent fee retainer contracts to file individual lawsuits in Minnesota state courts as a scheme to collect an unreasonable fee. (Doc. Nos. 1, 61.) On April 30, 2018, Defendants moved to transfer the matter to MDL 2591, *In re: Syngenta AG MIR162 Corn Litig.*, pending in the United States District Court for the District of Kansas. (Doc. No. 12, Ex. 1.) On May 1, 2018, the Judicial Panel on Multidistrict Litigation ("JPML") issued a Conditional Transfer Order ("CTO-85"), which transferred this case to the above-referenced MDL proceeding. On May 7, 2018, Plaintiffs filed their opposition to CTO-85. (Doc. No. 12, Ex. 3.) The JPML has scheduled a hearing, without oral argument, for July 26, 2018, on Plaintiffs' motion to vacate CTO-85. (Doc. No. 74, Ex. 2.)

On May 21, 2018, Defendants Hovland and Rasmus, PLLC, Dewald Deaver, P.C. Patton Hoversten & Berg, P.A., and Wojtalewicz Law Firm, Ltd. filed a Motion for Extension of Time to File Answer, which the other defendants joined. (Doc. Nos. 24, 32, 36, 46.) On May 25, 2018, Magistrate Judge Thorson granted Defendants' Motion to Extend Time to Answer the Complaint Pending Transfer by Judicial Panel on Multidistrict Litigation. (Doc. No. 49.) On June 8, 2018, Plaintiffs moved to vacate that Order under L.R. 72.2(c)(1)(A). (Doc. No. 60.)

The parties have filed numerous other motions and scheduled hearings on those motions, the schedules for which are tied to the instant motion. (Doc Nos. 43, 50, 69.)

## ANALYSIS

The power to manage its docket and to stay proceedings is within the district court's discretion. *See, e.g., Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, Civ. No. 12-2730, 2013 WL 4483355, at *3 (D. Minn. Aug. 20, 2013) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)). The burden of establishing that a stay is appropriate is with the party seeking the stay. *Rensselaer Polytechnic Inst. v. Apple Inc.*, Civ. No. 13-633, 2014 WL 201965, at *3 (N.D.N.Y. Jan. 15, 2014) (citation omitted). When considering a motion to stay, courts consider the potential stay's impact on judicial resources, the hardship and inequity to the moving party if the case is not stayed, and the prejudice to the non-moving party. *Kemp v. Tyson Seafood Grp., Inc.*, 19 F. Supp. 2d 961, 964-65 (D. Minn. 1998).

The purpose of an MDL is to coordinate pretrial proceedings "for the convenience of parties and witnesses and [to] promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Coordination is necessary to "avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005). Consequently, courts will sometimes defer resolution of certain pretrial matters until the JPML decides whether a case should be transferred to the MDL court. *Calder v. A.O. Smith Corp.*, Civ. No. 04-1481, 2004 WL 1469370, at *1 (D. Minn. June 1, 2004); *see Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (observing that a majority of courts have reached this conclusion).

Defendants argue that a stay will conserve judicial and party resources and that they will suffer irreparable harm absent a stay, relying primarily on the fact that they would be forced to engage in costly discovery and motion practice pending the JPML's decision. These factors weigh in favor of a stay. If the JPML orders the case transferred, all parties and the Court will benefit from saving resources that would otherwise be expended on the motions pending before this Court. Without a stay, if the JPML transfers the case, the Court will expend significant resources familiarizing itself with the facts and law of a case that will be heard in another court. Defendants and Plaintiffs will also expend resources briefing the three motions currently pending, as well as any others yet to be filed. (*See* Doc. Nos. 43, 50, 69.) Under these circumstances, Defendants have demonstrated a risk that they will suffer significant hardship absent a stay.

In addition, the Court notes that it appears there will be little harm to Plaintiffs if a stay is issued. Although the Court takes seriously the delay to Plaintiffs' "day in court," Defendants only seek a stay pending the JPML's decision on CTO-85. There is no reason to think that the JPML will not resolve the issue in a timely manner. Therefore, should the JPML reverse CTO-85, the parties will proceed with briefing and hearings on the pending motions without significant delay. Plaintiffs argue, however, that the *Syngenta MDL* does not have the time or reason to address class certification and discovery for Plaintiffs because pretrial proceedings have concluded and a final MDL settlement hearing is scheduled for November 15, 2018. (Doc. No. 61 at 13-14.) The Court disagrees. The Court has no reason to suspect that the MDL court will not consider Plaintiffs' arguments and requests if the case is transferred.

On balance, after considering all the relevant factors, and for the reasons stated above, the Court concludes that all three factors weigh in favor of a stay. Thus, the Court grants Defendants' motion.

**CONCLUSION**

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the entire procedural history and record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Defendants Daniel M. Homolka, P.A. and Yira Law Office Ltd.'s Motion to Stay Pending Transfer by Judicial Panel on Multidistrict Litigation (Doc. No. [10]) is **GRANTED**. All proceedings and deadlines in this case are **STAYED** until ten days after the Judicial Panel on Multidistrict Litigation determines whether to transfer this action to an MDL proceeding and completes any transfer of the action pursuant to 28 U.S.C. § 1407. *See In re Syngenta MIR162 Corn Litig*., MDL No. 2591.

2. Plaintiffs' appeal (Doc. No. [60]) of Magistrate Judge Becky R. Thorson's May 25, 2018 Order is **OVERRULED**.

3. Magistrate Judge Becky R. Thorson's May 25, 2018 Order (Doc. No. [49]) is **AFFIRMED**.

Dated: July 16, 2018

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge