UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: SYNGENTA AG MIR162 ) | |
| CORN LITIGATION ) | MDL 14-md-2591-JWL |
| ) | |
| *This document relates to:* ) | |
| ) | |
| KENNETH P. KELLOGG, et al., ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 18-2408-JWL |
| WATTS GUERRA, LLP, et al., ) | |
| Defendants. ) | |

## **ORDER**

In this putative class action, the plaintiffs (all farmers) bring fraud-based claims against lawyers and law firms that represented them in their claims against Syngenta in the underlying MDL. The gravamen of plaintiffs' complaint is that the lawyers committed fraud and malpractice in soliciting and representing them. Two individuals who are not farmers and who have not been represented by the defendant law firms, John and Joanna Burke, have filed a motion to intervene in this action under Fed. R. Civ. P. 24(a) and (b) (ECF No. 154). All parties oppose their intervention. Because the Burkes have not shown any interest related to this action, nor that they have a claim that shares a common question with this action, their request for intervention is denied.

1

Rule 24 recognizes two types of intervention: intervention as a matter of right and permissive intervention. It appears the Burkes may be seeking intervention via both pathways. Because the Burkes are representing themselves, the court construes their filings liberally and addresses both types of intervention.[1]

Rule 24(a): Intervention of Right

Under Rule 24(a)(2), a court must permit anyone to intervene who, on a timely motion, "[1] claims an interest relating to the property or transaction that is the subject of the action, and [2] is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless [3] existing parties adequately represent that interest."[2] The burden is on the movant to show that these elements are met.[3] "Failure to satisfy any one of the requirements is fatal to the application, and [the Court] need not reach the remaining elements if one of the elements is not satisfied."[4] Because the court finds the Burkes claim no interest related to the property or transactions that are

---

[1] *See Arney v. Finney*, 967 F.2d 418, 421 (10th Cir. 1992).

[2] Fed. R. Civ. P. 24(a)(2); *see also WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 995 (10th Cir. 2009).

[3] *City of Stilwell, Okla. v. Ozarks Rural Elec. Coop.*, 79 F.3d 1038, 1042 (10th Cir. 1996).

[4] *Marie v. Moser*, No. 14-cv-02518-DDC, 2014 WL 7272565, at *2 (D. Kan. Dec. 18, 2014) (quoting *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009)).

the subject of this lawsuit, the court denies their request for intervention on that basis and does not address the remaining elements.

To establish a protectable interest under Rule 24(a)(2), a movant must demonstrate, at a minimum, "an interest that could be adversely affected by the litigation."[5] Here, the Burkes state they seek intervention "to protect their interest in their homestead . . . which is under the order of foreclosure, as a direct result of legal conspiracy."[6] The Burkes go on to discuss an alleged conspiracy perpetrated by lawyers who are not parties in this action, and related to property not involved in this action. The Burkes also express admiration for farmers[7] and seek intervention to "help the corn farmers."[8]

Missing from the Burkes' motion is any suggestion that they have an interest related to the legal representation by the specific defendants in this case of the specific farmer plaintiffs in this case, in other words, to "the property or transaction that is the subject of the action." They simply have no legal or factual connection to this case. They are not current or former clients of any defendant, nor are they corn growers (much less members of a class of plaintiffs in the MDL). The Burkes interest in their homestead is not an interest

---

[5] *United States v. Albert Inv. Co.,* 585 F.3d 1386, 1392 (10th Cir. 2009) (quoting *San Juan Cty. v. United States*, 503 F.3d 1163, 1199 (10th Cir. 2007) (en banc)).

[6] ECF No. 154 at 4.

[7] ECF No. 155 at 3, 7.

[8] ECF No. 154 at 10.

that could be adversely affected by this litigation. Accordingly, the court finds the Burkes have failed to establish the right to intervene under Rule 24(a)(2).

Rule 24(b): Permissive Intervention

Next, Rule 24(b) permits the court, in its discretion, to allow intervention by someone "who has a claim or defense that shares with the main action a common question of law or fact."[9] The Burkes state that "negligent [legal] misrepresentation" is a theme common in both their cases and this action.[10] Although this may be generally true, the court declines to allow permissive intervention on this attenuated basis. The court is confident plaintiffs' counsel can adequately address this issue, and permitting overlapping briefing and argument by movants would be inefficient and contradictory to Fed. R. Civ. P. 1's mandate that the federal rules be interpreted to secure the just, speedy, and inexpensive resolution of this action. Accordingly, the court declines the Burkes' request to intervene under Rule 24(b).

IT IS THEREFORE ORDERED that the Burkes' motion to intervene is denied.

---

[9] Fed. R. Civ. P. 24(b)(1)(B). *See also City of Stilwell*, 79 F.3d at 1043 ("While this standard is, aptly, 'permissive,' it is also 'a matter within the district court's discretion ...'" (quoting *Kiamichi R.R. Co. v. Nat'l Mediation Bd.*, 986 F.2d 1341, 1345 (10th Cir. 1993)); *Arney*, 967 F.2d at 421 ("Permissive intervention is a matter within the sound discretion of the district court." (quotations omitted)).

[10] ECF No. 154 at 13.

The Burkes are hereby informed that, within 14 days after they are served with a copy of this order, they may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion for the district court judge to review it.  They must file any objections within the 14-day period if they want to have appellate review of this order.  If they do not timely file objections, no court will allow appellate review.

Dated February 12, 2019, at Kansas City, Kansas.

s/ James P. O'Hara<br>
James P. O'Hara<br>
U.S. Magistrate Judge