IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: SYNGENTA AG MIR 162 CORN LITIGATION | MDL No. 2591 |
| | Case No. 14-md-2591-JWL |
| This Document Relates To: | |
| *Kellogg, et al. v. Watts Guerra, LLP, et al.*, No. 18-2408-JWL | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion to dismiss filed by defendants Watts Guerra, LLP ("Watts Guerra"), Mikal Watts, and Francisco Guerra (Doc. # 140), in which most of the other defendants have joined (Doc. ## 142, 143, 144, 146).[1] Defendant Lowe Eklund Wakefield Co., LPA has also filed a motion to dismiss (Doc. # 149), in which it joins the other defendants' motion and asserts additional bases for dismissal. For the reasons set forth below, the Court concludes that plaintiffs have failed to satisfy the constitutional requirement of standing. Accordingly, the Court **grants** the motions and dismisses this action in its entirety.[2]

---

[1] Defendants Givens Law, LLC and Cross Law Firm, LLC have not appeared in this action, and no proof of service has been filed for either defendant. Thus, all defendants that have been served have moved to dismiss the action.

[2] The Court also grants plaintiffs' motion for leave to file a surreply brief (Doc. # 165). Defendants did not raise any new arguments relating to standing in their reply briefs, and thus a surreply brief would not ordinarily be warranted with respect to that issue. Nevertheless, in order to afford plaintiffs every opportunity to articulate a basis for standing, the Court has considered plaintiffs' proffered surreply brief in making this ruling. The Court does deny as moot plaintiffs' motion for leave to file a supplemental exhibit (Continued)

## I. Background

This action has been transferred into multi-district litigation (MDL), over which this Court presides, involving claims by farmers and others in the corn industry against various related entities known collectively as Syngenta. On December 7, 2018, the Court certified a settlement class and approved a global settlement[3] of claims against Syngenta, including claims that had been pending in the MDL, in a similar consolidated proceeding in Minnesota state court, and in federal court in Illinois. *See In re Syngenta AG MIR 162 Corn Litig.*, 2018 WL 6436074 (D. Kan. Dec. 7, 2018), *appeals filed*. The Court also awarded one third of the settlement fund as attorney fees. *See id.* On December 31, 2018, the Court allocated the attorney fee award among various pools of attorneys (with further allocation within the pools to be completed in the future by the three courts). *See In re Syngenta AG MIR 162 Corn Litig.*, 2018 WL 6839380 (D. Kan. Dec. 31, 2018), *appeals filed*. In so doing, the Court allocated a portion of the fee award to a pool to compensate individually-retained private attorneys (IRPAs), and it held that any attorney representing a client on a contingent fee basis relating to the settled claims could recover attorney fees only from the Court's fee award and the allocation pools. *See id.*

---

(Doc. # 166), as plaintiffs have not argued that the exhibit relates to the issue of standing. Finally, in light of this ruling, the Court denies as moot the motion (Doc. # 167) by Joanna and John Burke for reconsideration or review of the Magistrate Judge's order denying their motion to intervene in the action.

[3] The settlement did not include claims against Syngenta by a few grain handlers and exporters, but did include all claims by corn producers (except for claims asserted by those who opted out of the settlement class).

Watts Guerra and various associated counsel filed individual lawsuits against Syngenta in Minnesota state court on behalf of a large number of clients. Those clients were generally excluded from the litigation classes certified in the MDL and in Minnesota state court. Watts Guerra agreed to the settlement, however, and its clients were included in the settlement class. Watts Guerra and associated counsel presently seek awards of attorney fees from the Minnesota pool allocation and the IRPA pool allocation.

In the present suit (*Kellogg*), plaintiffs are six sets of corn growers who were formerly represented by Watts Guerra and associated counsel in the Syngenta litigation. Plaintiffs assert claims against those attorneys, including claims under the federal Racketeer Influenced and Corrupt Organizations (RICO) Act, Minnesota statutes, and common law. Plaintiffs also seek to assert those claims on behalf of a class of approximately 60,000 farmers who signed retainer agreements with defendants relating to the Syngenta litigation. In general, plaintiffs allege that defendants engaged in a fraudulent scheme to maximize their attorney fees, in which defendants pursued individual lawsuits while misrepresenting or failing to disclose the possibility and benefits of participating in class actions. Defendants now seek dismissal of those claims.

## II. Analysis

Defendants argue that plaintiffs cannot satisfy the constitutional requirement of standing. The Court agrees that plaintiffs have failed to meet that burden, and it therefore dismisses this suit.[4]

The requirement of standing is rooted in Article III of the Constitution, which limits the scope of federal courts' power to actual cases and controversies. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). A federal court plaintiff bears the burden of establishing standing, and at the pleading stage the plaintiff must clearly allege facts demonstrating each required element of standing. *See id.* Specifically, the plaintiff must show that he or she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *See id.* (citations omitted). To establish the "first and foremost" element of injury in fact, "a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *See id.* at 1547-48 (internal quotations and citations omitted). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *See id.* at 1548 (internal quotations and citations omitted). To be concrete, the injury must actually exist and not be merely abstract. *See id.*

As defendants note and plaintiffs do not dispute, plaintiffs' amended complaint alleges only two general ways in which plaintiffs were harmed by defendants' conduct:

---

[4] In light of this conclusion, the Court need not address the other bases for dismissal argued by defendants.

first, defendants effected the exclusion of their clients from the class actions, and plaintiffs were thus deprived of the opportunity to litigate their claims against Syngenta within a class action; and second, that exclusion meant that plaintiffs faced the likelihood of effectively paying attorney fees twice, once through the percentage of the common fund that would be awarded to class counsel and a second time through the fees that defendants would recover under the 40-percent contingent fee agreements plaintiffs signed.

Defendants argue that plaintiffs have not suffered and will not suffer either type of harm. They argue that plaintiffs were not harmed by the exclusion from the initially certified litigation classes because no judgment was ever entered in favor of those classes. In approving the global settlement with Syngenta, the Court certified a new settlement class, which did include plaintiffs and other clients for whom Watts Guerra had filed individual suits. Plaintiffs had the opportunity but chose not to opt out of that settlement class. Thus, plaintiffs and all other settlement class members will recover from the settlement proceeds on the same basis, pursuant to the same formulas, whether or not they retained their own counsel or filed individual lawsuits. Therefore, because plaintiffs will not recover less than others, defendants argue that plaintiffs were not injured by any inability to proceed as part of a class action.[5]

Defendants also argue that plaintiffs will not be injured by any "double dip" with respect to attorney fees. Plaintiffs allege that they entered into contingent fee contracts

---

[5] Defendants also note that because plaintiffs had terminated defendants' representation of them, plaintiffs were no longer excluded from the definitions of the certified litigation classes at the time of the settlement with Syngenta, and thus plaintiffs were indeed included in the class actions immediately prior to the settlement.

5

with defendants, and they have not alleged that they have yet paid any attorney fees to defendants. Pursuant to this Court's orders, Watts Guerra and the other defendants will receive attorney fees only from the courts' attorney fee awards from the settlement funds, and defendants are in fact prohibited from collecting any other fees from their clients' settlement proceeds. Thus, plaintiffs will effectively pay no more in attorney fees than any other settlement class member who has filed a claim for proceeds, and therefore any wrongful conduct by defendants did not result in any greater fee deduction for plaintiffs. Defendants further argue that they could not collect on their contingent fee contracts with plaintiffs at any rate because plaintiffs have terminated those contracts; and they have now disavowed any possible claim for an attorney lien on their clients' settlement proceeds or for fees under a quantum meruit theory.

The Court agrees with defendants that, for the reasons just stated, plaintiffs have not suffered and will not suffer any injury of the types alleged in the complaint. In response to defendants' motion to dismiss for lack of standing, plaintiffs have not identified a particular injury in fact resulting from the alleged misconduct. Instead, plaintiffs have made seven arguments in opposing dismissal, none of which has merit.

First, plaintiffs insist that they are not making an objection to the settlement or to the requests for attorney fees; rather, they seek disgorgement of any fees that defendants eventually receive from the attorney fee award allocation. Plaintiffs therefore argue that they have not waived their claims by failing to file a timely objection to the settlement or to defendants' fee petitions. That position addresses only defendants' waiver argument, however; it does not provide a basis for standing based on an injury in fact.

Second, plaintiffs argue that the JPML sanctioned discovery and class certification proceedings and ruled that the case should proceed on its merits, and that such ruling constitutes the law of the case. In denying plaintiffs' motion for reconsideration of the original transfer order, however, the JPML merely noted that nothing in its transfer order prohibited class certification or discovery. The JPML certainly did not state that plaintiffs' claims could not be dismissed at the pleading stage, nor did it make a pronouncement about standing, nor did it preclude this Court's consideration of the issue. Moreover, the JPML statement that the case would go to this Court for "pretrial proceedings" did not mean that plaintiffs are guaranteed a trial on their claims, as pretrial proceedings in this MDL have included the Court's consideration of motions to dismiss at the pleading stage.[6] The actions of the JPML have not somehow relieved plaintiffs of their obligation to satisfy the constitutional requirement of standing.

Third, plaintiffs cite a series of cases from the Minnesota Supreme Court in support of their claims. In *Rice v. Perl*, 320 N.W.2d 407 (Minn. 1982), the court held that a client could obtain forfeiture of attorney fees because of the defendant attorneys' breach of their fiduciary duty even if the client could not prove that she was actually injured. *See id.* at 411. In that case and in two cited companion cases, however, the court did *not* address the constitutional requirement of standing. *See id.*; *Perl v. St. Paul Fire and Marine Ins. Co.*, 345 N.W.2d 209 (Minn. 1984); *Gilchrist v. Perl*, 387 N.W.2d 412 (Minn. 1986). Thus, the

---

[6] Contrary to plaintiffs' argument, although they may have an ownership interest in their causes of action (to whatever extent the causes of action may have value), due process does not guarantee plaintiffs the right to have their claims considered on the merits without satisfaction of constitutional jurisdictional requirements.

7

*Perl* cases do not support any argument that the mere breach of a fiduciary duty necessarily creates an injury that satisfies the requirement of standing. Plaintiffs have not cited any authority that does support that argument; nor have plaintiffs successfully distinguished the case cited by defendants in which a Minnesota court rejected a similar argument. *See Fountain v. Oasis Legal Fin., LLC*, 86 F. Supp. 3d 1037, 1043 (D. Minn. 2015) (plaintiff failed to show how a violation of Minnesota's rules of professional conduct could confer Article III standing).[7]

Fourth, plaintiffs rely on their attorney's affidavit, required by Minnesota statute in any case alleging professional negligence, in which the attorney states that the facts of the case have been reviewed by the attorney with an expert and that, in the opinion of the expert, defendants deviated from the standard of case and by that action caused injury to plaintiffs. *See* Minn. Stat. § 544.42. Plaintiffs have not cited any authority, however, that such an affidavit necessarily establishes standing, and the Court concludes that the affidavit, by itself, is not sufficient in this case. In the affidavit, the attorney has merely parroted the statute's required language, without providing any detail concerning the expert's opinion. Thus, plaintiffs have merely alleged injury without identifying how they actually suffered or will suffer harm from defendants' alleged misconduct. In light of the Court's orders certifying the settlement class and restricting the recovery of attorney fees, plaintiffs must explain how an injury nonetheless exists.

---

[7] In their surreply brief, plaintiffs state that defendants have "misuse[d]" *Fountain* (which defendants cited in their original brief and which plaintiffs failed to address in their response brief), but plaintiffs do not explain why that court's holding is not relevant here.

Fifth, plaintiffs point to a 2016 letter to one plaintiff in which Watts Guerra asserted that the plaintiff's termination of its representation was without cause and that it retained its contractual interest and a lien against future proceeds. Plaintiffs cite that letter and a similar letter from Watts Guerra to a non-plaintiff client in November 2018 in attempting to refute defendants' contention that they have abandoned any interest under terminated client contracts. The letter to the plaintiff does not establish standing, however. Circumstances have changed greatly since the 2016 letter to one plaintiff – since that time, plaintiffs have become members of the settlement class (and declined to opt out), and the Court has prohibited defendants from seeking fees other than those awarded by the courts from the attorney fee award from the settlement fund. In addition, defendants have now disavowed any right to collect any additional fees. Thus, the 2016 letter does not provide evidence of a concrete and imminent risk that defendants could successfully extract additional fees from plaintiffs in the future, such that plaintiffs would suffer an injury in fact.

Sixth, plaintiffs complain that defendants are essentially arguing "no harm, no foul," which may be equated with an argument that the ends may justify the means, and plaintiffs insist that such concepts may not be countenanced in our system of American jurisprudence. As defendants point out, however, the constitutional requirement of standing does mean that if a plaintiff suffers no harm from a foul, he cannot be the one to seek relief for that foul in a suit in federal court. The United States Constitution, as interpreted by the Supreme Court, requires a showing of injury in fact, and plaintiffs may not bypass that requirement simply by quoting lofty platitudes.

Seventh and finally, plaintiffs flatly state that of course they were injured by the egregious conduct by defendants that they have alleged. Again, however, plaintiffs have failed to explain – even when given a second chance in their surreply brief – exactly how they suffered an injury in fact in light of the Court's orders in the Syngenta litigation. The Court will not simply take plaintiffs' word for it in the face of those orders, which protect plaintiffs from the very types of harm that they have alleged in their complaint.

Accordingly, the Court concludes that plaintiffs have failed to satisfy their constitutional burden to establish standing. The Court therefore grants the pending motions and dismisses this action in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiffs' motion for leave to file a surreply brief (Doc. # 165) is hereby **granted**.

IT IS FURTHER ORDERED BY THE COURT THAT the motions to dismiss filed by defendants Watts Guerra, LLP, Mikal Watts, and Francisco Guerra (Doc. # 140), in which other defendants have joined (Doc. ## 142, 143, 144, 146), and by defendant Lowe Eklund Wakefield Co. (Doc. # 149) are hereby **granted**, and this action is dismissed in its entirety.

IT IS FURTHER ORDERED THAT plaintiffs' motion for leave to file a supplemental exhibit (Doc. # 166) is hereby **denied as moot**.

IT IS FURTHER ORDERED THAT the motion (Doc. # 167) by Joanna and John Burke for reconsideration or review of the Magistrate Judge's order denying their motion to intervene in the action is hereby **denied as moot**.

IT IS SO ORDERED.

Dated this 1st day of March, 2018, in Kansas City, Kansas.

<pre>
                                    s/ John W. Lungstrum
                                    John W. Lungstrum
                                    United States District Judge
</pre>