UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: SYNGENTA AG MIR162 CORN LITIGATION<br><br>This document relates to:<br><br>*Kenneth P. Kellogg, et al. v. Watts Guerra LLP, et al.*,<br>Case No. 18-cv-2408-JWL-JPO | MDL No. 2591<br><br>Case No. 14-md-02591-JWL-JPO |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO CLASS PLAINTIFFS' MOTIONS TO (1) CORRECT A CLERICAL ERROR IN THE AUGUST 13, 2019 MEMORANDUM AND ORDER, (2) VACATE THE SUBSTANTIVE RULINGS, CERTIFY A QUESTION TO THE MINNESOTA SUPREME COURT, AND (4) VACATE ALL ORDERS, DISQUALIFY THE COURT AND STAY PROCEEDINGS PENDING REMAND**

_____

# **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

STANDARD ................................................................................................................................. 1

I.      Damages are an Essential Element of Plaintiffs' Civil Conspiracy Claim and They Have Sustained None ........................................................................................ 3

II.     Plaintiffs' Fraud-Based Claims Were Correctly Dismissed for Lack of Actual Damages .................................................................................................................. 4

III.    Plaintiffs have Sustained No Injury to Business or Property ...................................... 6

IV.    The Court Correctly Applied the Minnesota Private Attorney General Statute ....... 7

V.     Plaintiffs Provide no Legitimate Basis to Certify a Question to the Minnesota Supreme Court ......................................................................................................... 9

VI.    Plaintiffs' Request for Recusal is Baseless ................................................................ 11

       a.     The Court is not conflicted .............................................................................. 11

       b.     The Court is not a material witness ................................................................ 13

CONCLUSION ........................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Beutow v. A.L.S. Enterprises, Inc.*, 888 F.Supp.2d 956 (D.Minn. 2012) .......................... 8, 9

*Cenveo Corp v. Southern Graphic Systems, Inc.*, 784 F.Supp. 2d 1130 (D. Minn. 2011) ... 5

*Coleman v. B-G Maint. Mgmt. of Colorado, Inc.*, 108 F.3d 1199 (10th Cir. 1997) ............ 9

*Collins v. Minnesota School of Business*, 655 N.W.2d 320 (Minn. 2003) .......................... 9

*Curtis v. Altria Group*, 792 N.W.2d 836 (Minn. App. 2010) ................................................ 9

*Friedlander v. Edwards Lifesciences, LLC*, No. 16-CV-1747 (SRNN/KMM),
2016 WL 7007489 (D. Minn. Nov. 29, 2016) .................................................................. 12

*Huyer v. Wells Fargo & Co.*, 295 F.R.D. 332 (S.D. Iowa, Oct. 23, 2013) .......................... 7

*In re Ebel*, No. 96-1190, 1997 WL 428574 (10th Cir. July 30, 1997) ................................ 2

*In re Levaquin Prods. Liab. Litig.*, 752 F.Supp.2d. 1071 (D.Minn. 2010) .......................... 9

*In re Syngenta AG MIR 162 Corn Litig.*, 131 F.Supp.3d 1177 (D.Kan. 2015) ....... 8, 10, 12

*Johnson v. John Deere Co.*, 935 F.2d 151 (8th Cir. 1991) ................................................ 12

*Johnson v. Simonton Bldg. Properties, Inc.*, No. 08-2198, 2009 WL 902409
(D. Kan. Mar. 31, 2009) ..................................................................................................... 3

*Jones v. Colvin*, 2015 WL 5883910 (D.Kan. 2015) ............................................................. 2

*Kelley v. Kanios*, 383 F.Supp.3d 852 (D.Minn. 2019) ....................................................... 11

*Marx v. Schnuck Markets, Inc.*, 869 F.Supp. 895 (D. Kan. 1994) ....................................... 3

*Perl v. St. Paul Fire and Marine Ins. Co.*, 345 N.W.2d 209 (Minn. 1984) ..................... 5, 6

*Prof'l Serv. Indus., Inc. v. Kimbrell*, 834 F. Supp. 1305 (D. Kan. 1993) ............................. 4

*Rice v. Perl*, 320 N.W.2d 407 (Minn. 1982) ............................................................. 4, 5, 6

*Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147 (10th Cir. 2007) ..................................... 2

*Rojas v. Am. Postal Workers Union*, No. 94-1083-JTM, 1998 WL 288665
(D. Kan. May 5, 1998) ........................................................................................................ 2

*Schaaf v. Residential Funding Corp.*, No. CIV 05-1319 JNE/SRN,
2006 WL 2506974 (D. Minn. Aug. 29, 2006) ................................................................... 10

*Servants of Paraclete v. Does*, 204 F.3d 1005 (10th Cir. 2000) ............................................. 3

*Smith v. SEECO, Inc.*, 922 F.3d 406 (8th Cir. 2019) ........................................................... 12

*United States v. Page*, 828 F.2d 1476 (10th Cir. 1987) ...................................................... 15

*Van Skiver v. United States*, 952 F.2d 1241 (10th Cir. 1991) ............................................... 2

**Statutes**

Minn. Stat. § 480.065 ........................................................................................................... 11

Minn. Stat. § 8.31 ................................................................................................................... 8

**Rules**

Fed.R.Civ.P. Rule 59(e) ......................................................................................................... 2

Fed.R.Civ.P. 60(b)(1) ......................................................................................................... 1, 2

## INTRODUCTION

Plaintiffs are clearly dissatisfied with the Court's orders in this case. But dissatisfaction is not a sufficient basis to "vacate substantive rulings" and that is all Plaintiffs argue. Indeed, Plaintiffs' memorandum is little more than a rehash of arguments that have been made and ruled on numerous times already.[1] For that reason alone, their motion must fail.

The Court's August 13 Order correctly determined Plaintiffs have not and will not sustain any pecuniary loss, and that the lack of loss is fatal to Plaintiffs' fraud-based and RICO claims. The Court also correctly determined Plaintiffs' Minnesota Statutory claims fail because they do not serve a public benefit. Finally, Plaintiffs' arguments the Court must recuse itself amount to nothing more than a recitation of Plaintiffs' grievances with the Court's various orders. Plaintiffs' entire motion is misguided and inappropriate. It must be denied.

## STANDARD

Plaintiffs bring their motion under Fed.R.Civ.P. 60(b)(1) seeking reconsideration of an order terminating most, but not all, of their claims. Reconsideration under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1153 (10th Cir. 2007)**.**

---

[1] "Plaintiffs continue to make the same arguments that they have made multiple times before, but without disputing or even acknowledging the Court's particular reasoning in previously rejecting those arguments." (ECF No. 4208, p. 13, n. 7).

Moreover, Rule 60(b) is not the proper vehicle for Plaintiffs to attempt to vacate an order just because they disagree with the Court's reasoning. Courts have repeatedly held that arguments the district court misapplied the law, or misunderstood a party's position, do just justify relief under Rule 60(b) but must instead be brought under Rule 59(e). See *Van Skiver v. United States*, 952 F.2d 1241, 124 10th Cir. 1991); *In re Ebel*, No. 96-1190, 1997 WL 428574, at *6 (10th Cir. July 30, 1997) ("[a]rguments that the court misapplied the law or misunderstood the movant's position are properly brought under Rule 59(e) but cannot be the basis for relief under Rule 60(b)."); *Rojas v. Am. Postal Workers Union*, No. 94-1083-JTM, 1998 WL 288665, at *1 (D. Kan. May 5, 1998) (argument court misapplied the law or misunderstood party's position not properly brought under Rule 60(b)). Thus, "a motion to alter or amend that reiterates issues originally raised [in prior briefing] and that seeks to challenge the legal correctness of the court's judgment by arguing that the court misapplied the law or misunderstood the litigant's position is correctly asserted pursuant to [Rule 59(e)]." *Jones v. Colvin*, 2015 WL 5883910, at *2 (D.Kan. 2015) (citations omitted). Here, Plaintiffs challenge the legal correctness of this Court's order— indeed, Plaintiffs' motion cannot be read as saying anything else—and the motion should therefore have been brought under Rule 59(e).

A motion for reconsideration under Rule 59(e) "shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." *Johnson v. Simonton Bldg. Properties, Inc.*, No. 08-2198, 2009 WL 902409, at *2 (D. Kan. Mar. 31, 2009) (citing D. Kan. Rule 7.3(b); S*ervants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (stating these same

three grounds for a Rule 59(e) motion)). A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Servants of Paraclete*, 204 F.3d at 1012. The decision to grant or deny a motion for reconsideration is committed to the court's discretion. See *Marx v. Schnuck Markets, Inc.*, 869 F.Supp. 895, 897 (D. Kan. 1994) (citations omitted).

As discussed *infra*, the Court understood Plaintiffs' arguments and correctly applied the law to these issues. There is no reason for the Court to grant Plaintiffs the relief they seek.

## I. DAMAGES ARE AN ESSENTIAL ELEMENT OF PLAINTIFFS' CIVIL CONSPIRACY CLAIM AND THEY HAVE SUSTAINED NONE

Plaintiffs' first substantive request is "that the Court vacate the August 13 order dismissing Count XIV of the amended complaint, the civil conspiracy claim." (ECF 227, p. 2). Plaintiffs, however, miss the point by claiming their allegations of breach of fiduciary duty save the civil conspiracy claim. As Plaintiffs acknowledge in the Amended Complaint, "[t]he essential elements for establishing a case of civil conspiracy are that the plaintiff must have been injured by a tortuous or criminal act." (ECF. No. 121, ¶ 454). Plaintiffs have suffered no such injury.

While Plaintiffs are correct that a civil conspiracy claim can be based on a breach of fiduciary duty, Plaintiffs cite to no case eliminating the requirement of actual damages. (See, e.g., *Rice v. Perl*, 320 N.W.2d 407 (Minn. 1982) (*Perl I*) (affirming district court's dismissal of civil conspiracy claim for lack of actual damages, while allowing breach of fiduciary duty claim to survive, in client's lawsuit against former attorney)); *Prof'l Serv.*

*Indus., Inc. v. Kimbrell*, 834 F. Supp. 1305, 1309 (D. Kan. 1993) (in Kansas "[t]he elements of civil conspiracy are (1) two or more persons (2) an object to be accomplished; (3) a meeting on the minds in the object or cause of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof) (citation omitted). In essence, the effect of a civil conspiracy claim is not to increase damages, but to make all defendants jointly liable for those damages. *See Cenveo Corp v. Southern Graphic Systems, Inc.*, 784 F.Supp. 2d 1130, 1136 (D. Minn. 2011). In the absence of actual damages, there can be no conspiracy claim.

The Court correctly dismissed Plaintiffs' civil conspiracy claim because Plaintiffs have not sustained any pecuniary loss. Plaintiffs provide no reason for the Court to reverse its decision on this issue.

## II. PLAINTIFFS' FRAUD-BASED CLAIMS WERE CORRECTLY DISMISSED FOR LACK OF ACTUAL DAMAGES

Plaintiffs next request "the Court vacate the order dismissing Counts IX, X, XI and XII of the amended complaint, the common law fraud claims." (ECF No. 227, p. 2). In so requesting, Plaintiffs argue the "Court wholesale disregards, misapplies or misinterprets the Minnesota Supreme Court's *Perl* rulings by failing to acknowledge that Defendants' fee and expense award in the Syngenta MDL is a monetary damage to Farmers." (ECF No. 228, p. 4). Plaintiffs again confuse their fraud claims with their breach of fiduciary duty claims.

Similar to the present situation, in *Perl I* the district court dismissed the fraud claims against the defendant "on the grounds that, even assuming those claims otherwise had

7321528v1
08830.029

4

merit, [the plaintiff], as a matter of law, had failed to show any actual damages." *Perl v. St. Paul Fire and Marine Ins. Co.*, 345 N.W.2d 209, 211 (Minn. 1984) (*Perl II*). Though Plaintiffs would have this Court believe otherwise, the court's decision to dismiss the fraud claims was not at issue in either *Perl I* or *Perl II*. In fact, despite Plaintiffs' repeated reliance on it, *Perl II* was limited to the question of whether an attorney's fee forfeiture constituted "money damages" under the attorney's malpractice insurance carrier after fees were forfeited as a result of the attorney's breach of his fiduciary duty. In addressing this issue, the court made clear regarding typical fraud and breach of fiduciary duty claims "if the conduct occurs and no loss results, the legal right has not been violated." *Perl II*, at 212 (citation omitted).

In reality, the *Perl* cases say the opposite of what Plaintiffs claim: That in the absence of actual damages, a fraud claim must be dismissed. There is simply nothing in either *Perl* decision that eliminates the longstanding requirement of actual damages as an element of a fraud claim.

Plaintiffs spend nearly seven pages of their brief conflating their fraud claims with their breach of fiduciary duty claims.[2] The two claims, however, are not interchangeable.

---

[2] Plaintiffs go so far as to claim their "breach of fiduciary claim is a fraud claim." (ECF No. 228, p. 9). This is a plain misstatement of the law. While a breach of fiduciary duty may be a constructive fraud, "[c]onstructive fraud is, by definition, not actual fraud…" *Perl II*, at 213. Through Plaintiffs' circuitous reasoning: (1) a breach of fiduciary duty claim is a constructive fraud claim; (2) a constructive fraud claim is an actual fraud claim; and, therefore, (3) Plaintiffs do not have to prove damages for their actual fraud claim to survive. Plaintiffs cannot subvert the requirements of a fraud claim through this legal fiction.

Plaintiffs have not suffered, and never will suffer, any actual damages as a result of the alleged fraud. As such, the Court correctly dismissed those claims.

### III.  PLAINTIFFS HAVE SUSTAINED NO INJURY TO BUSINESS OR PROPERTY

Plaintiffs next "request that the Court vacate the statement and conclusion in the August 13 order that Farmers have not alleged an injury 'to business or property' for Counts II and III of the amended complaint[3]…" (ECF No. 227, p. 3).

As the Court stated in the August 13 Order, "Plaintiffs have never cited a case involving no pecuniary loss in which a mere breach of fiduciary duty was held to be sufficient to confer standing to pursue RICO claims…" (ECF No. 4208, p. 16). They still have not.[4]

Instead, Plaintiffs cite "138 years of common fund jurisprudence" (but no case law) for the proposition that fees awarded to Defendants through the MDL common fund are Plaintiffs' property. (ECF No. 196, p. 13). Plaintiffs' argument, once again, confuses their claimed remedy for the breach of fiduciary duty claims (forfeiture of those fees) with the essential elements of their fraud-based claims (pecuniary damage, of which they have

---

[3] The RICO claims were dismissed by the Court in its March 1, 2019 Order.

[4] Plaintiffs do cite *Huyer v. Wells Fargo & Co.*, claiming it stands for the proposition injunctive relief is available under RICO even if "present monetary injury has not occurred. (ECF No. 228, p. 12). Plaintiffs ignore the fact the court determined the *Huyer* plaintiffs actually suffered an injury-in-fact, something missing from the allegations here. (295 F.R.D. 332, 341 (S.D. Iowa, Oct. 23, 2013) (assessed, but not yet paid, fees are an injury-in-fact)). Plaintiffs have not sustained any actual injury, and unlike in *Huyer*, they never will.

suffered, and will suffer, none).[5] As with the fraud-based claims, Plaintiffs' RICO claims were properly dismissed.

## IV. THE COURT CORRECTLY APPLIED THE MINNESOTA PRIVATE ATTORNEY GENERAL STATUTE

Plaintiffs' next ask the Court to "vacate the order dismissing Counts IV, V and VI of the amended complaint, the Minnesota statutory consumer fraud, false advertising and deceptive practice claims." (ECF No. 227, p. 3). These claims were correctly dismissed by the Court because they do not serve the public benefit—the same conclusion the Court reached when dismissing similar claims in the MDL. See *In re Syngenta AG MIR 162 Corn Litig.*, 131 F.Supp.3d 1177, 1229-31 (D.Kan. 2015) (dismissing claims of corn producer plaintiffs for violations of two Minnesota consumer-protection statutes because the claims served no public benefit).

Minnesota's Consumer Protection Statutes do not provide a private cause of action unless the plaintiff complies with the private attorney general statute, Minn. Stat. § 8.31 by showing the action will benefit the public. *Beutow v. A.L.S. Enterprises, Inc.*, 888 F.Supp.2d 956, 959 (D.Minn. 2012). "Courts consistently focus their inquiry on the relief sought by the plaintiff, and find no public benefit where plaintiffs request only damages[.]" *In re Levaquin Prods. Liab. Litig.*, 752 F.Supp.2d. 1071, 1077 (D.Minn. 2010).

---

[5] As the Court correctly noted in its May 21 Order, "[e]ven if defendants were prohibited from receiving any awards from the Minnesota Pool or the IRPA pool, plaintiffs' recovery would not be affected, as the Court set aside one third of the settlement amount for attorney fees, without regard to which attorneys would recover those fees." (ECF No. 196, p. 13). Plaintiffs' claims funds specifically set aside for defense attorneys is Plaintiffs' property is another legal fiction deserving no consideration.

> "Although there exists no hard-and-fast rule, a public benefit typically will be found when the plaintiff seeks relief primarily aimed at altering the defendant's conduct (usually, but not always, through an injunction) rather than seeking remedies for past wrongs (typically through damages). This is because individual damages, generally speaking, merely enrich (or reimburse) the plaintiff to the defendant's detriment; they do not advance a public interest."

*Beutow*, 888 F.Supp.2d, at 961.

Plaintiffs do not contest the public benefit requirement. Instead they claim that, to satisfy this burden, the "Minnesota Supreme Court only requires a determination of whether defendants engaged in misrepresentations to the public through advertisements." (ECF no. 228, p. 21).[6] This is a misstatement of the law; there is no such "hard-and-fast rule" and the cases cited by Plaintiffs do not claim otherwise.[7]

While Plaintiffs also say the Court held that a request for injunctive relief must be made in order for the public benefit test to be met (ECF no. 228, p. 13), that is a misreading of the August 13 Order, which clearly states the failure to seek injunctive relief "is not

---

[6] This, of course, is an argument Plaintiffs could have made at some point in the numerous briefs filed prior to the Court's Order (including sur-reply and sur-sur-reply memoranda). Because they did not, they should not be allowed to raise the argument here. *See*, *e.g., Coleman v. B-G Maint. Mgmt. of Colorado, Inc.*, 108 F.3d 1199, 1205 (10th Cir. 1997) (issues not raised are deemed abandoned or waived). For this reason alone the Court can deny Plaintiffs' motion.

[7] Plaintiffs' reliance on the *Collins* and *Curtis* cases is misguided. *See Collins v. Minnesota School of Business*, 655 N.W.2d 320 (Minn. 2003); *Curtis v. Altria Group*, 792 N.W.2d 836 (Minn. App. 2010). While Plaintiffs are correct that the plaintiffs in neither case ultimately sought injunctive relief, they ignore the reality that, unlike here, the plaintiffs' claims centered on behavior that was potentially ongoing (deceptive marketing of school curriculum in *Collins* and cigarettes in *Curtis*). As the Court correctly noted in its August 13 Order, Plaintiffs' claims all regard past behavior that will not, and cannot, continue regardless of the outcome of this litigation.

necessarily dispositive." (ECF No. 4208, p. 8) (quoting *In re Syngenta AG MIR 162 Corn Litig.*, 131 F.Supp.3d 1177, 1230 (D. Kan. 2015)). The Court neither misapprehended nor misapplied Minnesota law.

The Court clearly, and correctly, understood Plaintiffs' claims would not serve the public: (1) Plaintiffs seek only to remedy claimed past wrongs through fee forfeiture; and (2) Plaintiffs do not seek to enjoin future anticipated misrepresentations (and could not, as Defendants are no longer soliciting farmers). Indeed, the clear aim of this action is to disgorge attorneys' fees solely for Plaintiffs' benefit. (ECF No. 141, p. 47 n. 18 (noting that "Plaintiffs allege they are entitled to fee forfeiture/disgorgement of attorney's fees at least 30 times[]" in their amended pleading.).   The only people who would ever benefit from this action are Plaintiffs and that alone confirms their claim will not benefit the public. *Schaaf v. Residential Funding Corp.*, No. CIV 05-1319 JNE/SRN, 2006 WL 2506974, at *16 (D. Minn. Aug. 29, 2006) (no public benefit because the "redress" sought "is to compensate Plaintiffs for their injuries."), aff'd, 517 F.3d 544 (8th Cir. 2008).  Plaintiffs' Minnesota statutory claims were correctly dismissed.

## V. PLAINTIFFS PROVIDE NO LEGITIMATE BASIS TO CERTIFY A QUESTION TO THE MINNESOTA SUPREME COURT

Plaintiffs next ask, in the event "Defendants contest a plain reading of the Minnesota Supreme Court standard," that the Court certify a very specific question regarding the

public benefit standard to the Minnesota Supreme Court. (ECF no. 227, p. 3)[8]. As the Court correctly decided the issue, there is no reason to certify the question.

Under Minn. Stat. § 480.065 a federal court may certify a question of law to the Minnesota Supreme Court "if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision, or statute of [the State of Minnesota]." *Id.*, subd. 3.[9] Certification is reserved for "novel or unsettled questions of state law" in order to save the federal court "time, energy, and resources," and to allow it to "help build a cooperative judicial federalism." *Kelley v. Kanios*, 383 F.Supp.3d 852, 881 (D.Minn. 2019) (quotation omitted).

The "most important consideration" in deciding whether to certify a question is whether a federal court "finds itself genuinely uncertain about a question of state law." *Johnson v. John Deere Co.*, 935 F.2d 151, 153 (8th Cir. 1991) (quoting *Tidler v. Eli Lilly & Co.*, 851 F.2d 418, 426 (D.C.Cir. 1998)). "Absent a close question and lack of state sources enabling a nonconjectural determination, a federal court should not avoid its responsibility to determine all issues before it." *Smith v. SEECO, Inc.*, 922 F.3d 406, 412 (8th Cir. 2019) (quotation omitted). Federal courts should use their power to certify "sparingly." *Friedlander v. Edwards Lifesciences, LLC*, No. 16-CV-1747 (SRNN/KMM), 2016 WL 7007489, at *1 (D. Minn. Nov. 29, 2016).

---

[8] This is the second time Plaintiffs request certification of a question regarding their Minnesota statutory claims. (See ECF No. 197).

[9] The second requirement, no controlling appellate decision, is no doubt why Plaintiffs phrased their question so specifically. The underlying issue, what constitutes a public benefit in Minnesota, has been decided many times over.

The Court's August 13 Order expressed no uncertainty regarding Minnesota's public benefit standard. Quite the contrary, the Court is well versed on the issue. (See, e.g., *In re Syngenta AG MIR 162 Corn Litig.*, 131 F.Supp.3d 1177, 1229-31 (D. Kan. 2015) (corn producer plaintiffs' claims did not serve a public benefit because they sought only remedies for past wrongs).

Moreover, as addressed in the numerous memoranda filed in this case, as well as in the Court's Order, there is no dearth of Minnesota case law on the topic. Plaintiffs themselves claim it is a "plain" Minnesota Supreme Court standard. (ECF No. 227, p. 3).

The Court did not engage in "conjecture" in dismissing Plaintiffs' claims for not promoting a public benefit, nor did it need to, given the number of times the issue has already been addressed by Minnesota courts. The Court correctly determined the issue before it. Plaintiffs' disagreement with the Court's order is not a basis for *post hoc* certification. Plaintiffs' arguments to the contrary are entirely without merit.

## VI.    PLAINTIFFS' REQUEST FOR RECUSAL IS BASELESS

Plaintiffs' final request is for the Court to vacate its March 1, May 21 and August 13 orders, recuse itself, and stay proceedings pending remand to the District of Minnesota. (ECF No. 227, p. 4). Again, this issue was thoroughly, and correctly, addressed by the Court in the August 13 Order and Plaintiffs provide no reason for recusal at this time.

   a.    *The Court is not conflicted*

Moving on from their claims against Defendants, Plaintiffs now contend the Court violated its fiduciary obligations to them by: (1) "not reviewing and rejecting the joint prosecution agreement"; (2) "allowing the automatic opt-outs from Syngenta MDL class

proceedings"; (3) "ignoring the substantial evidence that Defendants used the joint prosecution agreement to exploit Farmers, who were putative members of the Syngenta MDL class action"; (4) "wholesale disregarding, misapplying, or misinterpreting the Minnesota Supreme Court's *Perl* rulings and failing to acknowledge that Defendants' compensation in the Syngenta MDL is a monetary damage to Farmers"; (5) "excusing Defendants' gross attorney deceit and misconduct through a 'no harm, no foul' contention'" and (6) "unfortunate[ly] claim[ing] that *Kellogg* does not present a public benefit." (ECF No. 228, p. 24-27).

Putting aside the fact Plaintiffs had ample opportunity to opt-out of the class but chose not to[10] (thus negating any argument they were harmed by any automatic opt-out of which they now complain) Plaintiffs' argument is nothing more than a recitation of the myriad ways they simply disagree with the Court's previous rulings. Not surprisingly, however, Plaintiffs provide no authority, or facts, supporting their claims the Court violated its fiduciary obligations. Instead, Plaintiffs' argument amounts only to an airing of grievances with the Court.

Plaintiffs do not cite a single case for the proposition that one party's disagreement with a court's order is grounds for recusal. Their dissatisfaction with the Court's orders is not grounds for recusal.

---

[10] "Plaintiffs had the opportunity but chose not to opt out of [the *Syngenta*] settlement class. Thus, plaintiffs and all other settlement class members will recover from the settlement proceeds on the same basis, pursuant to the same formula[e], whether or not they retained their own counsel or filed individual lawsuits." (ECF No. 168 (the Court's March 1 Order), p. 5).

  b. *The Court is not a material witness*

Plaintiffs next suggest the Court should recuse itself because it is a "material witness." Specifically, Plaintiffs claim the Court has "extra judicial knowledge" regarding their claims.

Plaintiffs again, however, completely ignore the Court's rulings. While "28 U.S. C. § 455 (b) requires recusal if a judge has personal knowledge of evidentiary facts or is likely to be a material witness […] that statute does not apply to knowledge obtained in the course of related judicial proceedings." (ECF no. 4208, p. 17) (citing *United States v. Page*, 828 F.2d 1476, 1481 (10th Cir. 1987). Plaintiffs' claims all center around the Court's involvement in the underlying *Syngenta* litigation, which is, undeniably, a "related judicial proceeding" to this case. As such, Plaintiffs' request is entirely without merit. There is simply no basis for the Court to recuse itself and Plaintiffs' motion must be denied.

## CONCLUSION

Plaintiffs' motion is nothing more than a laundry list of the many disagreements they have with the Court's orders. They provide no basis for the far-reaching relief they seek. Defendants respectfully request the Court deny Plaintiffs' motion in its entirety.

Dated: 09/24/2019       Respectfully submitted,

               /s/ Christopher L. Goodman
               Christopher L. Goodman (MN #285626)
               Thompson, Coe, Cousins & Irons, L.L.P.
               408 St. Peter St #510
               St. Paul, MN 55102
               Phone: (651) 389-5025
               cgoodman@thompsoncoe.com

               *Counsel for Defendants Watts Guerra LLP,*
               *Mikal C. Watts, and Francisco Guerra*

Richard A. Lind, (MN #0063381)
João C.J.G. de Medeiros (MN #0390515)
Lind Jenson Sullivan & Peterson PA
901 Marquette Ave S
Minneapolis, MN 55402
Phone: (612) 333-3637
rick.lind@lindjensen.com
joao.medeiros@lindjensen.com

*Counsel for Defendants Daniel M. Homolka, Law Office, Ltd.*

John M. Degnan (MN #21817)
Kathryn M. Short (MN #0393059)
Briggs and Morgan, P.A.
80 S 8th ST #2200
Minneapolis, MN 55402
Phone: (612) 977-8400
jdegnan@briggs.com
kshort@briggs.com

*Counsel for Defendants Hovland & Rasmus, PLCC, Dewald Deaver, P.C., LLO, Patton, Hoversten & Berg, P.A., and Wojtalewicz Law Firm, Ltd.*

Kelly A. Ricke (#16663)
Evans & Dixon, L.L.C.
10851 Mastin Blvd #900
Overland Park, KS 66210
Phone: (913) 701-6810
kricke@evans-dixon.com

*Counsel For Defendant Pagel Weikum, P.L.L.P.*

Arthur G. Boylan
Anthony Ostlund Baer & Louwagie, P.A.
90 S 7th St #3600
Minneapolis, MN 55402
Phone: 612-349-6969
aboylan@anthonyostlund.com

*Attorney for Defendants Johnson Law Group, Law Office of Michael Miller, Mauro, Archer & Associates, LLC, VanDerGinst Law, PC, & Wagner Reese, LLP*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on September 24, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Christopher L. Goodman