IN UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: SYNGENTA AG MIR 162 CORN LITIGATION )<br>)<br>This Document Relates To: )<br>)<br>*Kellogg, et al. v. Watts Guerra, LLP, et al.*, )<br>No. 18-2408-JWL )<br>) | MDL No. 2591<br><br>Case No. 14-md-2591-JWL |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF OPPOSED MOTION FOR ORDER TO SHOW CAUSE REGARDING RULE 26(f) PLANNING CONFERENCE**

The above-captioned matter comes before on the Defendants' motion for an Order to Show Cause with respect to Plaintiffs' failure to cooperate with Defendants in setting a Rule 26(f) conference. Defendants' Counsel have made numerous and repeated good-faith efforts to schedule the conference required by the Federal Rules of Civil Procedures and this Court's orders, but have failed to obtain Plaintiffs' cooperation in doing so.

Defendants do not have authority that they can leverage to obtain Plaintiffs' cooperation with this basic requirement. The Court does. Accordingly, Defendants respectfully request that the Court issue an alternative order requiring Plaintiffs to participate in a Rule 26(f) planning conference with Defendants on February 11, 12, or 13, or show cause why they should not be sanctioned for their failure to obey its lawful orders, up to and including the sanction of dismissal of the remaining count of the Amended Complaint.

## BACKGROUND

The above-captioned matter originated in a Complaint filed with the District of Minnesota almost two years ago, on April 28, 2018. Case No. 0:18-cv-01082-DWF-BRT, ECF 1 (D. Minn. Apr. 24, 2018) (complaint).

On May 1, 2018, the Judicial Panel on Multidistrict Litigation (JPML) issued a conditional transfer order provisionally transferring this matter to this Court for pre-trial proceedings as part of JPML 2591. JPML Case No. MN/0:18-cv-01082, ECF 1 (J.P.M.L. May 1, 2018) (CTO-85). Plaintiffs noted their opposition to the transfer order and the JMPL issued a briefing schedule for handling the opposition. JPML Case No. MN/0:18-cv-01082, ECF 3 (J.P.M.L. May 7, 2018) (notice of opposition to CTO-85). The District of Minnesota stayed the deadline for answering the Complaint and then stayed proceedings before it pending resolution of the challenge to CTO-85. Case No. 0:18-cv-01082-DWF-BRT, ECF 49 (D. Minn. May 25, 2018) (order); *id.*, ECF 83 (D. Minn. July 16, 2018).

On August 1, 2018, the JPML overruled Plaintiffs' objections to the conditional transfer order and transferred the case to this Court. Case MDL No. 2591, ECF 791 (J.P.M.L. Aug. 1, 2018). Plaintiffs moved to reconsider the ruling. Case MN/0:18-cv-01082, ECF 26 (J.P.M.L.) (motion). This Court then stayed proceedings pending the JMPL's ruling on the motion to reconsider. ECF No. 97 (Aug. 28, 2018 order).

On October 3, 2018, the JPML denied the motion to reconsider. Case MDL No. 2591, ECF 801 (J.P.M.L. Oct. 3, 2018) (order). On Oct. 17, 2018, Plaintiffs petitioned the Tenth Circuit Court of Appeals for a writ of mandamus quashing the JPML's transfer of the case. ECF No. 99. The Tenth Circuit denied the petition on November 20, 2018. ECF No. 124. On December 13, 2018, Plaintiffs petitioned the Supreme Court for a writ of

2

Case 2:18-cv-02408-JWL-JPO Document 254 Filed 01/20/20 Page 3 of 12

mandamus to the Tenth Circuit directing the Tenth Circuit to issue the writ of mandamus it had denied. ECF No. 147. The petition was denied on February 15, 2019. *See generally* Case No. 18-768 (U.S. Feb. 19, 2019) (docket notation).

On March 1, 2019, this Court granted a motion to dismiss the Amended Complaint for failure to state a claim. ECF No. 168. On March 27, 2019, Plaintiffs moved to reconsider the dismissal. ECF No. 172. The next day, on March 28, 2019, Plaintiffs took an appeal from the dismissal to the Tenth Circuit. ECF No. 174. Upon noticing the pending motion to reconsider, the Tenth Circuit stayed the pending appeal. ECF No. 180.

On May 21, 2019, this Court granted the motion for reconsideration in part, reviving state law claims. ECF No. 196. However, because the Court had not considered some of the arguments raised in support of the dismissal of state law claims, it permitted further briefing on those claims.

On May 29, 2019, the Tenth Circuit issued an order questioning jurisdiction on the basis of finality, given this Court's revival of some of the claims. Case No. 19-3066, Doc. 010110175369 (10th Cir. May 29, 2019). On June 7, 2019, Plaintiffs sought to add review of this Court's May 21, 2019 order to its pending appeal from the March 1, 2019 order. ECF No. 199.

On August 13, 2019, the Court granted the dismissal of all state law claims with the exception of a breach of fiduciary duty claim and an aiding and abetting breach of fiduciary duty claim. *See generally In re Syngenta AG MIR 162 Corn Litig. (Kellogg),* 2019 WL 3801719 (D. Kan. Aug. 13, 2019). This was followed on September 10, 2019, by cross motions for reconsideration. ECF No. 227, 229.

In the interim, the Defendants each answered the remaining allegations of the Amended Complaint.

On October 1, 2019, while the cross-motions were pending, the Court suspended the deadline for conducting the initial planning conference required by Fed. R. Civ. P. 26(f) until 14-days after the later of this Court's resolution of the cross-motions and the Plaintiffs' pending appeal. ECF No. 242.

This Court resolved the motions for reconsideration on December 18, 2019, dismissing the aiding and abetting claim and correcting one statement with respect to service of process, but otherwise leaving the prior order intact. ECF No. 245. The Tenth Circuit dismissed Plaintiff's appeal on December 31, 2019. Case No. 19-3066, Doc. No. 010110281961 (Tenth Cir. Dec. 31, 2019). Based on the October 1, 2019 order, this established a January 14, 2020 deadline for the initial planning conference.

On January 3, 2019, Counsel for Watts Guerra, LLP reached out to Plaintiffs' counsel to request his availability for a conference within time to meet this deadline. Aff. Medeiros, Ex. 1. Plaintiffs' counsel responded that he intended to file a timely appeal from this Court's December 18, 2019 order, and that "[p]ending a resolution of that appeal by the Tenth Circuit, there is no final decision and a planning conference is inappropriate." Aff. Medeiros, Ex. 2. Counsel for Watts Guerra, LLP responded: "If you intend to follow through on your plan to appeal the Dec. 18 order then I suggest you advise the Magistrate of that development before Jan. 14. That would avoid the Court issuing an order of non-compliance regarding the planning conference." Aff. Medeiros, Ex. 3.

On January 10, 2020, Plaintiffs' counsel asked whether Defendants would oppose a motion to continue the stay of proceedings. Aff Medeiros, Ex. 4. On January 11, 2020,

4

Plaintiffs filed a motion to stay proceedings, correctly noting that it was unopposed by any of the Defendants. ECF No. 250.

On January 14, 2020, the Court denied Plaintiffs' request for a continuing stay and directed the parties to complete the planning conference by January 17, 2020. ECF No. 251. Counsel for Watts Guerra, LLP promptly requested Plaintiffs' counsel's availability for a conference on January 15 or 16 and indicated that he had been advised by the Court's clerk that any motion to extend the deadline "must include in the motion the date on which we've all agreed to conduct the planning conference." Aff Medeiros, Ex. 5.

In a letter sent to Defense Counsel electronically on January 15, 2020, Plaintiffs' counsel did not respond with his availability, but instead stated:

> However, a precise date for a planning conference is difficult as the district court has no jurisdiction over Kellogg until such time as there is a resolution of Farmer's appellate procedures, which may include a petition for a writ of certiorari or mandamus to the Supreme Court.

Aff Medeiros, Ex. 6. Plaintiffs' counsel requested that Defendants join in a motion to stay proceedings. *Id.*

In an email sent later that same day, Counsel for Watts Guerra, LLP reiterated to Plaintiffs' counsel that Defendants do not share his position on this Court's jurisdiction and were declining to join in a motion for a continuing stay. Aff. Medeiros. Ex. 7. Counsel then reiterated his request for Plaintiffs' counsel to provide dates for the planning conference, repeating that "[t]he Court has signaled a willingness to extend the January 17 deadline provided we include an agreed-upon date for the planning conference in our motion to extend the deadline." *Id.*

In a letter sent at 12:19 p.m. on January 16, 2019, Plaintiffs' counsel offered February 4, 5, or 6 as potential dates for the planning conference. Aff. Medeiros, Exs. 8,

5

9. Later that day, Counsel for Watts Guerra, LLP stated that he was unavailable on the days offered and requested Plaintiff's availability on February 11, 12, and 13, 2020 based on Defendants' availability on said dates. Aff. Medeiros, Exs. 10, 11. Given the pending deadline, Counsel requested a response by noon on January 17, 2019. Aff. Medeiros, Ex. 11.

Shortly after noon on the January 17, 2020, Plaintiffs' counsel submitted a response indicating his availability for a conference on February 11, 12, or 13, 2020. Aff. Medeiros, Exs. 12, 13. However, Plaintiffs' counsel's letter stated flatly that he "will not agree to a scheduling motion or further proceedings in the district court" based on his belief that he has deprived this Court of jurisdiction. Aff Medeiros, Ex. 13, at p. 1. Further, Plaintiff stated that his agreement to hold a conference on said dates was "subject to the condition" that Defendants accede to his jurisdictional theory. *Id.*, at pp. 2–3. Accordingly, the present motion is opposed by Plaintiffs.

## ANALYSIS

Defendants have tried to comply with the Court's directive to hold a planning conference by January 14, 2020, later extended to January 17, 2010. They reached out to Plaintiffs multiple times on January 3, on January 10, on January 14, on January 15, and on January 16. It was not until the afternoon of January 16, 2020, that Plaintiffs first provided dates for a potential conference. Moreover, Plaintiffs' deadline-day acceptance of dates on which Defendants counsel are available is subject to unacceptable demands that Defendants join in Plaintiffs' defiance of this Court's jurisdiction.

This is part of a pattern of conduct. Simply put, Plaintiffs refuse to recognize this Court's authority over them. They challenged the transfer of the case by the JPML through

6

an unsuccessful appeal all the way to the U.S. Supreme Court. They now indicate that they will pursue this Court's failure to acquiesce to their demand that it recuse itself in like manner. Finally, they refuse to acknowledge that they cannot strip this Court of jurisdiction by simply filing frivolous interlocutory appeals to the Tenth Circuit. *See Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227, 1229 (10th Cir. 1998) ("It is axiomatic that an effective notice of appeal transfers jurisdiction from the district court to the court of appeals. However . . . no transfer occurs if the appeal is taken from a non-appealable order.").

Defendants would like to have complied with the January 14, 2020 deadline. Moreover, Defendants would like to be able to represent to the Court that they have reached an agreement with Plaintiffs on the date of a Rule 26(f) planning conference. They cannot do so because Plaintiffs have placed unacceptable conditions on Plaintiffs' agreement to such a plan, essentially requesting that Defendants join Plaintiffs in denying this Court's jurisdiction over this matter. Defendants cannot comply with that request because the Court *does* have jurisdiction.

This Court has a range of powers for addressing this conduct. Specifically, "[i]f a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to be heard, require that party or attorney to pay the other party reasonable expenses, including attorney's fees, caused by the failure."  Fed. R. Civ. P. 37(f). Moreover, once a court has already issued an order pursuant to Rule 26(f), a court "may issue further just orders," including taking certain facts as established, striking pleadings, or dismissing the action outright. Fed. R. Civ. P. 37(b)(2). More generally, "If the plaintiff

7

fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

Here, the Court has issued multiple orders related to the Rule 26(f) conference, most recently establishing the January 17, 2020 deadline for that conference. The parties have not complied with these orders because Plaintiffs refuse to recognize this Court's authority. Defendants do not have power or authority to leverage in order to obtain Plaintiffs' compliance with this Court's rules and mandates. The Court has such power. It can order Plaintiffs to meet for a planning conference on dates when Plaintiffs' attorney has stated he is available. It can also sanction Plaintiffs if their attorney fails abide by such a directive.

Accordingly, the Defendants respectfully request that the Court issue an alternative order requiring Plaintiffs to participate in good faith in a Rule 26(f) Conference with Defendants on February 11, 12, or 13 or show cause why the remaining count of the Amended Complaint should not be dismissed pursuant to Fed. R. Civ. P. 37(b)(2) for failure to follow discovery orders and pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

Case 2:18-cv-02408-JWL-JPO Document 254 Filed 01/20/20 Page 8 of 12
Case 2:14-md-02591-JWL-JPO Document 4320 Filed 01/17/20 Page 8 of 12

Dated: January 17, 2020  Respectfully submitted,

_____
Richard A. Lind, (MN #0063381)
João C.J.G. de Medeiros (MN #0390515)
Lind Jenson Sullivan & Peterson PA
901 Marquette Ave. So.
Minneapolis, Minnesota 55402
Phone: (612) 333-3637
Fax: (612) 333-1030
rick.lind@lindjensen.com
joao.medeiros@lindjensen.com

*Counsel for Defendants Daniel M. Homolka, P.A. & Yira Law Office, Ltd.*

Christopher L. Goodman (MN #285626)
Thompson, Coe, Cousins & Irons, LLP
The Historic Hamm Building, Suite 510
408 St. Peter Street
St. Paul, Minnesota 55102
Phone: (651) 389-5025
Fax: (651) 385-5099
cgoodman@thompsoncoe.com

*Counsel for Defendants Watts Guerra LLP, Mikal C. Watts, and Francisco Guerra*

John M. Degnan (MN #21817)
Kathryn M. Short (MN #0393059)
Briggs and Morgan, P.A.
2200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Phone: (612) 977-8400
Fax: (612) 977-8650
jdegnan@briggs.com
kshort@briggs.com

*Counsel for Defendants Hovland & Rasmus, PLCC, Dewald Deaver, P.C., LLO, Patton,*

9

*Hoversten & Berg, P.A., and Wojtalewicz Law Firm, Ltd.*

Kelly A. Ricke, #16663
Evans & Dixon, L.L.C.
10851 Mastin Blvd., Suite 900
Overland Park, Kansas 66210
Telephone: (913) 701-6810
Facsimile: (913) 341-2293
kricke@evans-dixon.com

*Counsel for Defendant Pagel Weikum, P.L.L.P.*

Arthur G. Boylan
ANTHONY OSTLUND BAER & LOUWAGIE, P.A.
90 South 7th Street
3600 Wells Fargo Center
Minneapolis, MN 55402
612-349-6969
aboylan@anthonyostlund.com

*Attorney for Defendants Johnson Law Group, Law Office of Michael Miller, Mauro, Archer & Associates, LLC, VanDerGinst Law, PC, & Wagner Reese, LLP*

## CERTIFICATE OF SERVICE

I certify that on January 17, 2020, I caused the foregoing Defendants' Memorandum of Law, to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                        João C.J.G de Medeiros

Douglas J. Nill
FARMLAW
1100 One Financial Plaza,
120 South 6th St,
Minneapolis, MN 55402
612-573-3669
dnill@farmlaw.com
*Counsel for Plaintiffs*

Arthur G. Boylan
ANTHONY OSTLUND BAER & LOUWAGIE, P.A.
90 South 7th Street
3600 Wells Fargo Center
Minneapolis, MN 55402
612-349-6969
aboylan@anthonyostlund.com
*Counsel for Defendants*
*Johnson Law Group, Law Office of*
*Michael Miller, Mauro, Archer &*
*Associates, LLC, VanDerGinst Law, PC,*
*& Wagner Reese, LLP*


John M. Degnan
Kathryn M. Short
BRIGGS & MORGAN, P.A.
2200 IDS Center
80 South Eighth Street
612-977-8660
jdegnan@briggs.com
*Counsel for Defendants*
*Dewald Deaver, PC, LLO,*
*Hovland and Rasmus, PLLC,*
*Patton Hoversten & Berg, PA, &*
*Wojtalewicz Law Firm, Ltd.*

11

Christopher L. Goodman (MN #285626)
Thompson, Coe, Cousins & Irons, LLP
The Historic Hamm Building, Suite 510
408 St. Peter Street
St. Paul, Minnesota 55102
Phone: (651) 389-5025
Fax: (651) 385-5099
cgoodman@thompsoncoe.com

*Counsel for Defendants Watts Guerra LLP,
Mikal C. Watts, and Francisco Guerra*

Kelly A. Ricke,
Evans & Dixon, L.L.C.
10851 Mastin Blvd., Suite 900
Overland Park, Kansas 66210
Telephone: (913) 701-6810
Facsimile: (913) 341-2293
kricke@evans-dixon.com
*Counsel for Defendant Pagel Weikum, P.L.L.P.*