# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| Kenneth P. Kellogg, Rachel Kellogg and Kellogg Farms, Inc., Roland B. Bromley and Bromley Ranch, LLC, John F. Heitkamp, Dean Holtorf, Garth J. Kruger, Charles Blake Stringer and Stringer Farms, Inc., individually, and on behalf of all others similarly situated, | D. Kan. No. 18-cv-2408-JWL-JPO  <br><br> Master File No. 2:14-md-2591-JWL-JPO  <br><br> Syngenta MDL No. 2591  <br><br> D. Minn. No. 18-cv-1082-DWF-BRT |

Plaintiffs,

v.

Watts Guerra, LLP, Daniel M. Homolka, P.A.,
Yira Law Office LTD, Hovland and Rasmus,
PLLC, Dewald Deaver, P.C., LLO, Mauro,
Archer & Associates, LLC, Johnson Law Group,
Wagner Reese, LLP, VanDerGinst Law, P.C.,
Patton, Hoversten & Berg, P.A., Cross Law Firm,
LLC, Law Office of Michael Miller, Pagel Weikum,
PLLP, Wojtalewicz Law Firm, Ltd., Lowe Eklund
Wakefield Co., LPA, Mikal C. Watts, Francisco
Guerra, and John Does 1-250,

Defendants.

## CLASS PLAINTIFFS' RESPONSE TO DEFENDANTS'
## MOTION FOR ORDER TO SHOW CAUSE

Douglas J. Nill (#0194876)
DOUGLAS J. NILL, PLLC
d/b/a FARMLAW
2050 Canadian Pacific Plaza
120 South Sixth Street
Minneapolis, MN  55402-1801
(612) 573-3669

Counsel for Plaintiffs and Proposed Class of Farmers

**TABLE OF CONTENTS**

I.   DEFENDANTS' MOTION PLEADINGS HAVE NO MERIT. …………..…….. 1

    A.   Defendants filed their motion in the Syngenta file to avoid Farmers'
         Notice of Appeal in the *Kellogg* file. ……………………………….....… 1

    B.   Farmers' Notice of Appeal deprives the district court of jurisdiction over
         pretrial proceedings. ……………………………………………………… 1

    C.   Defendants' motion pleadings violate candor and are intended to interfere
         with Farmers' exercise of appellate rights. ………………………….…… 5

II.  CONCLUSION. ………………………………………………………....… 6

## TABLE OF AUTHORITIES

**Cases**

*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) ……………………………….…. 4

*Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863 (1994) ………………….....… 5

*Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227 (10th Cir. 1998) ……………….....… 3

*McCauley v. Halliburton Energy Services, Inc.*, 413 F.3d 1158 (10th Cir. 2005) …….... 2

*Nichols v. Alley*, 71 F.3d 347 (10th Circ. 1995) …………………………………………… 3

*Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990) ……………………………...……. 3

*Williams v. Pennsylvania*, 579 U.S. __, 136 S. Ct. 1899, 195 L.Ed.2d 132 (2016) …..… 4

*Withrow v. Larkin*, 421 U.S. 35 (1975) ……………………………………………….…… 5

**Statutes**

28 U.S.C. § 455 ……………………………………………………………………… 2, 4

28 U.S.C. § 1291 ………………………………………………………………………..... 3

28 U.S.C § 1292 ……………………………………………………………………………. 3

**Other Authorities**

U.S. Const. amends. V and XIV …………………………………………………………… 2, 4

**Rules**

Fed. R. Civ. P. 23 …………………………………………………………………….....… 4

Fed. R. Civ. P. 60 ……………………………………………………………………...…… 2

## I.       DEFENDANTS' MOTION PLEADINGS HAVE NO MERIT.

The *Kellogg* Class Plaintiffs' ("Farmers") Notice of Appeal filed on January 16, 2020, ECF No. 252, deprives the Court of jurisdiction over pretrial proceedings. Defendants' pleadings violate candor and are intended to interfere with Farmers' exercise of their appellate rights. Farmers respectfully request that the Court deny Defendants' motion.

### A.       Defendants filed their motion in the Syngenta file to avoid Farmers' Notice of Appeal in the *Kellogg* file.

Defendants filed their motion pleadings in the Syngenta file on January 17, 2020, 14-md-02591, to avoid Farmers' Notice of Appeal in the *Kellogg* file, 18-cv-2408. The Judicial Panel on Multidistrict Litigation ("MDL Panel") recognized in the Oct. 3, 2018 order, ECF No. 153, Fourth Declaration of Douglas J. Nill, Ex. 19 at pp. 2-3 and n. 4, that *Kellogg* is an independent action entitled to proceed on the merits: "*Kellogg* plaintiffs [are] not objecting to the MDL settlement or any fees awarded thereunder" but request "an escrow order holding disputed funds until the claims in *Kellogg* have been resolved" … "[Farmers] argue that our transfer order improperly equates the *Kellogg* plaintiffs with objectors to the settlement. It does not." The Defendants should respect that *Kellogg* is an independent lawsuit and file *Kellogg* pleadings in the *Kellogg* file.

### B.       Farmers' Notice of Appeal deprives the district court of jurisdiction over pretrial proceedings.

On January 16, 2020, in *Kellogg, et al*, 18-cv-2408, Farmers filed a Notice of Appeal to the Tenth Circuit, ECF No. 252, Tenth Circuit File No. 20-3006, ECF No. 258,

addressing "the district court's March 1, 2019 Memorandum And Order, ECF No. 168,

the March 1, 2019 Judgment In A Civil Case, ECF No. 169, the May 21, 2019

Memorandum And Order, ECF No. 196, the August 13, 2019 Memorandum and Order,

ECF No. 213, and the December 18, 2019 Memorandum and Order, ECF No. 245, in D.

Kan. No. 2:18-cv-2408-JWL-JPO, and from all rulings and orders merged therein, and all

other underlying or related orders, rulings, and findings."

Farmers' Notice of Appeal addresses the district court's December 18 decision

denying Farmers' motion filed under Rule 60 of the Federal Rules of Civil Procedure on

September 10, 2019, ECF No. 227, requesting "that the [district court] vacate the March

1 memorandum and order and judgment, ECF No. 168 and 169, the May 21

memorandum and order, ECF No. 196, and the August 13 memorandum and order, ECF

No. 213, disqualify or recuse as the judicial officer in *Kellogg* and stay the proceedings

pending remand to the District of Minnesota pursuant to Farmers' substantive and

procedural rights under the Due Process Clause of the Fifth and Fourteenth Amendments

of the U.S. Constitution, U.S. Const. amends. V and XIV, and the statutory requirements

of 28 U.S.C. § 455(a) ("bias or partiality") and § 455(b)(1) ("personal knowledge of

disputed evidentiary facts concerning the proceeding") and § 455(b)(5)(iv) ("likely to be

a material witness in the proceeding")."

The Notice of Appeal deprives the district court of jurisdiction over any further

pretrial proceedings in the District of Kansas. *See McCauley v. Halliburton Energy*

*Services, Inc*., 413 F.3d 1158, 1160 (10th Cir. 2005) (under the general divestiture principle a district court is divested of jurisdiction until the interlocutory appeal is resolved on the merits); *Howard v. Mail-Well Envelope Co*., 150 F.3d 1227, 1229 (10th Cir. 1998) ("It is axiomatic that an effective notice of appeal transfers jurisdiction from the district court to the court of appeals."); *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990) (noting transfer of jurisdiction by appeal "from true final judgment or from a decision *within the collateral order exception*") (emphasis added). Because Farmers' Notice of Appeal asserts the district court is conflicted and a likely witness at trial and requests a stay pending remand to the District of Minnesota, jurisdiction over all aspects of the *Kellogg* case is transferred to the Tenth Circuit. *Stewart*, 915 F.2d at 575 (transfer affects all aspects of the case involved in the appeal; any subsequent action by the district court "is null and void.").

Farmers' Notice of Appeal thus suspends all pretrial proceedings and deadlines before the district court. Defendants' January 16 letter to Farmers' counsel cites *Nichols v. Alley*, 71 F.3d 347, 350 (10th Circ. 1995), where the Tenth Circuit held that an order denying a motion for disqualification of the judge is not final for an appeal. Whether the district court's March 1, May 21, August 13 and December 18 decisions referenced in Farmers' Notice of Appeal are final for an appeal pursuant to 28 U.S.C. § 1291 and, in the alternative, 28 U.S.C § 1292(a), is for the Tenth Circuit to decide and not for Defendants or the district court to decide.

Also, the *Nichols* case addressed disqualification of the presiding judge only under the statutory framework of 28 U.S.C. § 455(a). Farmers' Notice of Appeal requests the disqualification of the district court "pursuant to Farmers' substantive and procedural rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution, U.S. Const. amends. V and XIV, and the statutory requirements of 28 U.S.C. § 455(a) ("bias or partiality") and § 455(b)(1) ("personal knowledge of disputed evidentiary facts concerning the proceeding") and § 455(b)(5)(iv) ("likely to be a material witness in the proceeding")."

Recently, the Supreme Court announced a new rule that there is "an impermissible risk of actual bias when a judge earlier had significant, personal involvement as a prosecutor in a critical decision regarding the defendant's case." *Williams v. Pennsylvania*, 579 U.S. __, 136 S. Ct. 1899, 195 L.Ed.2d 132 (2016). This new rule applies with equal force in *Kellogg* because the district court will likely be called as a witness in *Kellogg* to testify about events personally involving the district court in critical decisions in the Syngenta MDL; that is, whether Defendants misled the district court in the Syngenta MDL litigation through language in joint prosecution agreements and statements to exclude Farmers from the Syngenta MDL class proceedings in disregard of Fed. R. Civ. P. 23 protections for absent class members and Farmers' due process rights. The district court is conflicted and the likelihood of bias "'is too high to be constitutionally tolerable.'" *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 872 (2009)

4

(quoting *Withrow v. Larkin*, 421 U.S. 35 (1975)).

The allegations in the *Kellogg* lawsuit – a class action alleging a massive scheme of attorney deceit against 60,000 clients and a fraud upon federal and state courts in furtherance of the scheme – go to the integrity of the judiciary and the foundation of our system of government. The repeated rulings of the district court disregarding the allegations and denying the injury and the monetary harm to Farmers are an extraordinary circumstance requiring Tenth Circuit review of the district court decisions through Farmers' appeal. The Supreme Court has consistently explained that

> the [finality] statute entitles a party to appeal not only from a district court decision that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment," but also from a narrow class of decisions that do not terminate the litigation, but must, in the interest of "*achieving a healthy legal system*," nonetheless be treated as "final."

*Digital Equip. Corp. v. Desktop Direct, Inc*., 511 U.S. 863, 867 (1994) (emphasis added).

### C.      Defendants' motion pleadings violate candor and are intended to interfere with Farmers' exercise of their appellate rights.

Defendants filed their motion pleadings in the Syngenta litigation file to avoid Farmers' Notice of Appeal in the *Kellogg* file and disregard the MDL Panel recognition that *Kellogg* is an independent action entitled to proceed on the merits. Defendants' motion is an improper attempt to interfere with Farmers' exercise of their appellate rights. The motion disregards the law by asking the Court to exercise jurisdiction when jurisdiction has transferred to the Tenth Circuit. Defendants' memorandum does even acknowledge Farmers' Notice of Appeal and provides no recognition of the Tenth Circuit

5

standard that Farmers' appeal transferred jurisdiction of *Kellogg* to the Tenth Circuit.

## II.      CONCLUSION.

For the foregoing reasons, Farmers respectfully request that the Court deny

Defendants' motion.

Respectfully submitted,

Dated: January 23, 2020

By: /s/ Douglas J. Nill
Douglas J. Nill (MN #0194876)

DOUGLAS J. NILL, PLLC
d/b/a FARMLAW
2050 Canadian Pacific Plaza
120 South Sixth Street
Minneapolis, MN  55402-1801
(612) 573-3669
dnill@farmlaw.com

Counsel for Plaintiffs and Proposed
Class of Farmers