UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| Kenneth P. Kellogg, Rachel Kellogg and Kellogg Farms, Inc., Roland B. Bromley and Bromley Ranch, LLC, John F. Heitkamp, Dean Holtorf, Garth J. Kruger, Charles Blake Stringer and Stringer Farms, Inc., individually, and on behalf of all others similarly situated, | D. Kan. No. 18-cv-2408-JWL-JPO<br><br>Master No. 2:14-md-2591-JWL-JPO<br><br>Syngenta MDL No. 2591<br><br>D. Minn. No. 18-cv-1082-DWF-BRT |

Plaintiffs,

v.

Watts Guerra, LLP, Daniel M. Homolka, P.A., Yira Law Office LTD, Hovland and Rasmus, PLLC, Dewald Deaver, P.C., LLO, Mauro, Archer & Associates, LLC, Johnson Law Group, Wagner Reese, LLP, VanDerGinst Law, P.C., Patton, Hoversten & Berg, P.A., Cross Law Firm, LLC, Law Office of Michael Miller, Pagel Weikum, PLLP, Wojtalewicz Law Firm, Ltd., Lowe Eklund Wakefield Co., LPA, Mikal C. Watts, Francisco Guerra, and John Does 1-250,

Defendants.

**CLASS PLAINTIFFS' SUPPLEMENTAL RESPONSE TO
DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE**

The *Kellogg* Class Plaintiffs ("Farmers") respectfully submit this supplemental brief at the direction of the Court, ECF No. 263, to address "the effect that [Farmers'] 'petition for panel rehearing' filed in Tenth Circuit Case No. 19-3066 has on the jurisdictional question raised in [Defendants' motion, ECF No. 253]."

The Court issued a docket order on October 1, 2019, ECF No. 242, granting

Farmers' unopposed motion to stay pretrial proceedings, ECF No. 238, "until final decisions are issued on both (1) plaintiffs' motion to vacate orders dismissing claims and recuse (ECF No. 227), and (2) plaintiffs' appeal to the Tenth Circuit (ECF No. 232)."

On December 18, 2019, the district court denied Farmers' motion to vacate orders dismissing claims and recuse, ECF No. 245. On December 31, 2019, the Tenth Circuit dismissed Farmers' appeal of the March 1, 2019, May 21, 2019 and August 13, 2019 decisions, stating that "Appellants have not established that the district court's decisions are final or immediately appealable at this time."

On January 14, 2020, Farmers timely filed a petition for panel rehearing of the December 31 decision by the Tenth Circuit under Fed. R. App. P. 40. Later that same day, the district court issued an order denying Farmers' unopposed motion for a continuing stay, ECF No. 251, and directed a discovery planning meeting and submission of a discovery plan to the Court by January 17, 2020.

On January 16, 2020, Farmers timely filed a Notice of Appeal to the Tenth Circuit, ECF No. 252, Tenth Circuit File No. 20-3006, ECF No. 258, addressing the district court's December 18 decision.

The Court's October 1 docket order granted a stay until a "final decision[]" on Farmers' appeal of the March 1, May 21 and August 13 decisions. Farmers respectfully submit that the appeal of the decisions was not final until the Rule 40 petition for panel rehearing ran its course, which occurred on January 31, 2020 with an order by the Tenth

2

Circuit panel denying the petition without reasons. *See, e.g., Coleman v. Sloan*, No. 10-1014, slip op. at p. 5 (10th Cir. 2010) (suggesting decision is not final under Colorado Appellate Rule 40 until after expiration of 14-day period to file a rehearing petition).

And Farmers submit that the issue of finality in regard to the appeal of the district court's March 1, May 21 and August 13 decisions was rendered moot by Farmers' Notice of Appeal of the district court's December 31 decision, timely filed on January 16. The December 31 decision denied Farmers' Fed. R. Civ. P. 60 motion filed on September 10, 2019, ECF No. 227 and 228, requesting "that the [district court] vacate the March 1 memorandum and order and judgment, ECF No. 168 and 169, the May 21 memorandum and order, ECF No. 196, and the August 13 memorandum and order, ECF No. 213, disqualify or recuse as the judicial officer in *Kellogg* and stay the proceedings pending remand to the District of Minnesota pursuant to Farmers' substantive and procedural rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution, U.S. Const. amends. V and XIV, and the statutory requirements of 28 U.S.C. § 455(a) ("bias or partiality") and § 455(b)(1) ("personal knowledge of disputed evidentiary facts concerning the proceeding") and § 455(b)(5)(iv) ("likely to be a material witness in the proceeding")."

Farmers' Notice of Appeal thus transferred jurisdiction over all aspects of the *Kellogg* case to the Tenth Circuit. *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990) (transfer affects all aspects of the case involved in the appeal; any subsequent action by

the district court "is null and void."). Whether the district court's March 1, May 21, August 13 and December 18 decisions addressed in Farmers' Notice of Appeal of the December 18 decision are final for an appeal pursuant to 28 U.S.C. § 1291 and, in the alternative, 28 U.S.C § 1292(a), is for the Tenth Circuit to decide.[1]

Dated: February 3, 2020

Respectfully submitted,

By: /s/ Douglas J. Nill
Douglas J. Nill (MN #194876)

DOUGLAS J. NILL, PLLC
d/b/a FARMLAW
2050 Canadian Pacific Plaza
120 South Sixth Street
Minneapolis, MN  55402-1801
(612) 573-3669
dnill@farmlaw.com

Counsel for Plaintiffs and Proposed
Class of Farmers

---

[1]. Setting aside the caption, Farmers respectfully submit that this supplemental brief falls within the three-page limit.