IN UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: SYNGENTA AG MIR 162 CORN LITIGATION )<br>)<br>)<br>This Document Relates To: )<br>)<br>*Kellogg, et al. v. Watts Guerra, LLP, et al.*, )<br>No. 18-2408-JWL )<br>_____ )<br>) | MDL No. 2591<br><br>Case No. 14-md-2591-JWL |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF OPPOSED MOTION FOR ORDER TO SHOW CAUSE REGARDING RULE 26(f) PLANNING CONFERENCE**

Defendants submit this supplemental brief to address the Court's question "regarding the effect that plaintiffs' 'petition for panel rehearing' filed in Tenth Circuit Case No. 19-3066 has on the jurisdictional question raised in the motion."

First, the question is moot. The Tenth Circuit denied the petition for panel rehearing in an order dated January 31, 2020. 2d Supp. Aff. Medeiros, Ex. 1. Accordingly, even if the petition might have had a jurisdictional effect, the denial of the request for rehearing would have terminated such effect and this Court's jurisdiction would have been restored.

Second, the petition for rehearing, while pending, did not have a jurisdictional effect in the first place. As explained in the prior briefing, a premature interlocutory appeal of a non-final opinion "is a nullity and does not divest the trial court of its jurisdiction." *Century Laminating, Ltd. v. Montgomery*, 595 F.2d 563, 567 (10th Cir. 1979). Here, the Tenth Circuit concluded in its order dismissing Tenth Circuit Case No. 19-3066 that the appeal was a premature appeal taken from a non-final order. Case No. 19-3066, Doc. No. 010110281961 (Tenth Cir. Dec. 31, 2019). Therefore, the Tenth Circuit determined that Tenth Circuit Case No. 19-3066 was a legal nullity. Because the

1

appeal was a legal nullity, it did not disturb the District Court's jurisdiction. The request for rehearing could not independently cause a transfer that had not already occurred. The petition thus had no impact on this Court's jurisdiction or Plaintiffs' obligation to obey this Court's orders regarding the discovery conference.

Instead, where the Court of Appeals lacks appellate jurisdiction, it lacks jurisdiction to grant a petition for rehearing. *Boston & Maine Corp. v. Town of Hampton*, 7 F.3d 281, 282 (1st Cir. 1993), *followed in In re Armstrong*, 99 Fed. Appx. 866, 769 (10th Cir. 2004). Therefore, if jurisdiction lies with the District Court rather than the appellate court, then the lower court is "free to exercise its jurisdiction," which "[is] not compromised by the filing of the petition for rehearing." *Johnson v. Bechtel Assocs. Prof. Corp. D.C.*, 801 F.2d 412, 415 (D.C. Cir. 1986).

These cases arose in the context of a petition for rehearing that was filed after the mandate of the Court of Appeals issued, marking the end of appellate jurisdiction. *E.g.*, *id.* Where the Tenth Circuit dismisses a case for want of appellate jurisdiction, the order dismissing the matter for lack of appellate jurisdiction is in effect the mandate of the Court of Appeals and no separate mandate issues. *Cf.* 10th Cir. R. 27.5(A)(9) ("[I]f an appeal is dismissed, the Clerk may issue a copy of the dismissal order as the mandate"); *see also* 2d Supp. Aff. Medeiros, ¶ 2 (indicating that the undersigned reached out to the Tenth Circuit Clerk's office and was informed no separate mandate would issue).

In this case, if appellate jurisdiction ever existed, the clerk's issuance of the December 31, 2019 order dismissing the appeal ended it. This Court acknowledged as much when it treated the dismissal order as the event marking the beginning of the 14-day deadline for the Rule 26(f) conference when its October 1, 2019 order conditioned

2

the running of the 14-days the "decision on the motion to vacate and recuse, *or on the mandate of the Tenth Circuit*, whichever issues later." ECF No. 242. And Defendants confirmed this result with the clerk of the Tenth Circuit Court of Appeals. 2d Supp. App. Medeiros, ¶ 2. As a result, the Tenth Circuit was without jurisdiction to grant rehearing without first granting a motion to recall the mandate. *Johnson*, 801 F.2d at 416.

Thus, the petition for rehearing has no effect on this Court's jurisdiction. The Court of Appeals lacked jurisdiction to consider a non-final ruling of this Court and therefore lacked appellate jurisdiction to grant the motion for rehearing. Even if the Court of Appeals initially had jurisdiction, the December 31, 2019 dismissal of the appeal for lack of jurisdiction acted as the mandate and divested the Court of Appeals of such jurisdiction before Plaintiffs brought their motion for rehearing. Finally, the question itself is now moot because the Tenth Circuit has denied the petition for rehearing.

It is worth noting that Plaintiffs never advanced a serious argument that their appeal was proper in the first place. Rather, their effort to take an immediate appeal was contrary to well-established principles of appellate jurisdiction. A likely reason for the Tenth Circuit's decision not to immediately dismiss the appeal was the pendency of Defendants' motion for reconsideration, which would have concluded proceedings in this Court. The Tenth Circuit's December 31, 2019 dismissal followed in short order after this Court's December 18, 2019 order leaving one count of the Amended Complaint in place.

In sum, this Court had jurisdiction to deny Plaintiffs' motion for a stay of proceedings. This Court had jurisdiction to order the parties to have their Rule 26 conference. And this Court has jurisdiction to sanction Plaintiffs for their refusal to comply with such lawful order. The Court should do so.

3

Dated: February 3, 2020	Respectfully submitted,

*/s/ João C.J.G. de Medeiros*
Richard A. Lind (MN #0063381)
João C.J.G. de Medeiros (MN #0390515)
Lind Jenson Sullivan & Peterson PA
901 Marquette Ave. So.
Minneapolis, Minnesota 55402
Phone: (612) 333-3637
Fax: (612) 333-1030
rick.lind@lindjensen.com
joao.medeiros@lindjensen.com

*Counsel for Defendants Daniel M. Homolka, P.A. & Yira Law Office, Ltd.*

4

Christopher L. Goodman (MN #285626)
Thompson, Coe, Cousins & Irons, LLP
The Historic Hamm Building, Suite 510
408 St. Peter Street
St. Paul, Minnesota 55102
Phone: (651) 389-5025
Fax: (651) 385-5099
cgoodman@thompsoncoe.com

*Counsel for Defendants Watts Guerra LLP, Mikal C. Watts, and Francisco Guerra*

John M. Degnan (MN #21817)
Kathryn M. Short (MN #0393059)
TAFT/
2200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Phone: (612) 977-8400
Fax: (612) 977-8650
jdegnan@briggs.com
kshort@briggs.com

*Counsel for Defendants Hovland & Rasmus, PLCC, Dewald Deaver, P.C., LLO, Patton,*

*Hoversten & Berg, P.A., and Wojtalewicz Law Firm, Ltd.*

Kelly A. Ricke, #16663
Evans & Dixon, L.L.C.
10851 Mastin Blvd., Suite 900
Overland Park, Kansas 66210
Telephone: (913) 701-6810
Facsimile: (913) 341-2293
kricke@evans-dixon.com

*Counsel for Defendant Pagel Weikum, P.L.L.P.*

Arthur G. Boylan
ANTHONY OSTLUND BAER & LOUWAGIE, P.A.
90 South 7th Street
3600 Wells Fargo Center
Minneapolis, MN 55402
612-349-6969
aboylan@anthonyostlund.com

*Attorney for Defendants Johnson Law Group, Law Office of Michael Miller, Mauro, Archer & Associates, LLC, VanDerGinst Law, PC, & Wagner Reese, LLP*

## CERTIFICATE OF SERVICE

I certify that on February 3, 2020, I caused the foregoing Defendants' Memorandum of Law, to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ João C.J.G. de Medeiros*
João C.J.G de Medeiros

Douglas J. Nill
FARMLAW
1100 One Financial Plaza,
120 South 6th St,
Minneapolis, MN 55402
612-573-3669
dnill@farmlaw.com
*Counsel for Plaintiffs*

Arthur G. Boylan
ANTHONY OSTLUND BAER & LOUWAGIE, P.A.
90 South 7th Street
3600 Wells Fargo Center
Minneapolis, MN 55402
612-349-6969
aboylan@anthonyostlund.com
*Counsel for Defendants
Johnson Law Group, Law Office of
Michael Miller, Mauro, Archer &
Associates, LLC, VanDerGinst Law, PC,
& Wagner Reese, LLP*


John M. Degnan
Kathryn M. Short
TAFT/
2200 IDS Center
80 South Eighth Street
612-977-8660
jdegnan@briggs.com
*Counsel for Defendants
Dewald Deaver, PC, LLO,
Hovland and Rasmus, PLLC,
Patton Hoversten & Berg, PA, &
Wojtalewicz Law Firm, Ltd.*

7

Christopher L. Goodman (MN #285626)
Thompson, Coe, Cousins & Irons, LLP
The Historic Hamm Building, Suite 510
408 St. Peter Street
St. Paul, Minnesota 55102
Phone: (651) 389-5025
Fax: (651) 385-5099
cgoodman@thompsoncoe.com

*Counsel for Defendants Watts Guerra LLP,
Mikal C. Watts, and Francisco Guerra*

Kelly A. Ricke,
Evans & Dixon, L.L.C.
10851 Mastin Blvd., Suite 900
Overland Park, Kansas 66210
Telephone: (913) 701-6810
Facsimile: (913) 341-2293
kricke@evans-dixon.com
*Counsel for Defendant Pagel Weikum, P.L.L.P.*