UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KENNETH P. KELLOGG, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 18-2408-JWL |
| | ) | |
| WATTS GUERRA, LLP, et al., | ) | MDL 14-md-2591-JWL |
| | ) | |
| Defendants. | ) | |

# **ORDER**

The question before the court is whether this case may move forward at the district level despite plaintiffs having filed a notice of appeal to the Tenth Circuit. Because plaintiffs' most recent appeal challenges non-final decisions that are not immediately appealable, the court concludes the notice of appeal is a nullity that did not divest it of jurisdiction. The case may—and will—proceed in this court. Defendants' motion asking the court to order plaintiffs to participate in a case-planning conference (ECF No. 253) is granted, with new deadlines set below.

1

I.   Background

The notice of appeal at issue today is not the first filed by plaintiffs in this case.  The Tenth Circuit recently addressed plaintiffs' earlier appeal[1] of three orders issued by the presiding U.S. District Judge, John W. Lungstrum:

1. A March 1, 2019 order dismissing the case in its entirety for lack of standing;[2]

2. A May 21, 2019 order vacating the dismissal of plaintiffs' state-law claims but affirming the dismissal of their federal claims,[3] and

3. An August 13, 2019 order dismissing all remaining claims except for a breach-of-fiduciary-duty claim and a claim for aiding and abetting such breach, denying a motion to recuse, and denying a request to remand the case to the District of Minnesota (where it originated and proceeded until the Judicial Panel on Multidistrict Litigation ("JPML") transferred it to this court).[4]

While the first appeal was pending, on December 18, 2019, Judge Lungstrum granted, in part, a motion for reconsideration of the August 13, 2019 order and dismissed the aiding-and-abetting claim.  In the same order, Judge Lungstrum denied plaintiffs' repeated request to recuse and stay the case until it could be remanded to the District of Minnesota.[5]

---

[1] *See* ECF Nos. 174, 200, 201, 235.  The appeal was assigned Tenth Circuit Case No. 19-3066.

[2] ECF No. 168.

[3] ECF No. 196.

[4] ECF No. 213.

[5] ECF No. 245.

2

Plaintiffs submitted a status report to the Tenth Circuit on December 21, 2019, noting Judge Lungstrum's order and arguing his "decisions are final for an appeal."[6] Plaintiffs asserted "[t]he decisions destroy [plaintiffs'] due process rights to proceed with their claims to protect and preserve their property interest in the Syngenta MDL common fund."[7] Plaintiffs noted they would amend their appeal to seek review of the December 18, 2019 order and to "request that the Court disqualify the district court" and suggest to the JPML that the case be remanded to the District of Minnesota.[8]

On December 31, 2019, the Tenth Circuit dismissed plaintiffs' first appeal as premature.[9] The Circuit noted its "jurisdiction is limited to review of final decisions of the district court" and that "[p]roceedings in the district court are ongoing."[10] It then held, "Appellants have not established that the district court's decisions are final or immediately appealable."[11] The Circuit reached this conclusion despite its knowledge from plaintiffs' status report that Judge Lungstrum had issued an order on December 18, 2019. Plaintiffs filed a "petition for panel rehearing," which the Circuit denied on January 31, 2020.[12]

---

[6] Document 010110278638 at 2, Case No. 19-3066 (10th Cir. Dec. 21, 2019).

[7] *Id.*

[8] *Id.* at 2-3 (also asserting the district court is "conflicted" and "likely to be called as a witness").

[9] ECF No. 246.

[10] *Id.* at 1, 2.

[11] *Id.* at 2.

[12] Document 010110298148, Case No. 19-3066 (10th Cir. January 31, 2020).

Noting the Tenth Circuit's dismissal of plaintiffs' appeal, Judge Lungstrum entered an order on January 14, 2020, stating it was "time for this case to proceed."[13] He specifically denied plaintiffs' request to stay the case pending the filing of a new appeal, and he ordered the parties to submit the completed report of their Fed. R. Civ. P. 26(f) planning conference by January 17, 2020.[14]

On January 16, 2020, however, plaintiffs filed their second notice of appeal[15] and adopted the position that the notice "suspends all pretrial proceedings and deadlines before the district court."[16] Plaintiffs' new appeal challenges Judge Lungstrum's orders of March 1, 2019; May 21, 2019; August 13, 2019; and December 18, 2019. According to the notice, the appeal also "will request that the Tenth Circuit disqualify the district court . . . and suggest to the [JPML] that [the case] should be remanded to the District of Minnesota."[17] Plaintiffs assert Judge Lungstrum "likely will be called as a witness" in the case and that he is "conflicted."[18]

---

[13] ECF No. 251 at 2.

[14] *Id.*

[15] ECF No. 252. The appeal was docketed on January 22, 2020, and assigned Tenth Circuit Case No. 20-3006. ECF No. 258.

[16] ECF No. 255-13.

[17] ECF No. 252 at 3.

[18] *Id.* at 4.

4
O:\14-MD-2591-JWL, Syngenta\18-2408-JWL-253_.docx

II. The Jurisdictional Question

On January 20, 2020, defendants filed a motion asking the court to order plaintiffs to participate in good faith in the Rule 26(f) planning conference as ordered by Judge Lungstrum.[19] Plaintiffs responded that the motion must be denied because their January 16, 2020 notice of appeal "depriv[ed] the district court of jurisdiction over any further pretrial proceedings in the District of Kansas."[20]

Plaintiffs cite the general divestiture rule that "an effective notice of appeal transfers jurisdiction from the district court to the court of appeals" over all maters involved in the appeal.[21] Plaintiffs contend that because their notice of appeal "asserts the district court is conflicted and a likely witness at trial and requests a stay pending remand to the District of Minnesota . . . all aspects of the case [are] involved in the appeal," thus divesting this court of all jurisdiction.[22]

---

[19] ECF No. 253. Plaintiffs initially agreed to meet for a planning conference but would "not agree to a scheduling motion or further proceedings in the district court." ECF No. 255-13 at 1. Later, plaintiffs took the position that "a planning conference is inappropriate" pending resolution of their notice of appeal. ECF No. 261-1 at 1.

[20] ECF No. 259 at 5.

[21] *Id.* at 6 (quoting *Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227, 1229 (10th Cir. 1998)). *See also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

[22] ECF No. 259 at 6.

Plaintiffs' argument is misplaced. Although plaintiffs are correct that an *effective* notice of appeal would transfer jurisdiction from this court to the appellate court, "no transfer occurs if the appeal is taken from a nonappealable order."[23] A valid appeal may only be taken "from a true final judgment or from a decision within the collateral order exception."[24] When a notice of appeal is filed as to a "nonappealable order," the notice "is a nullity and does not divest the trial court of its jurisdiction."[25]

The Tenth Circuit already has confirmed Judge Lungstrum's orders of March 1, 2019; May 21, 2019; and August 13, 2019 were not final, appealable orders.[26] The Circuit stated,

> The district court's August 13, 2019 memorandum and order denied [plaintiffs'] requests for Rule 54(b) certification and 28 U.S.C. § 1292(b) certification and noted that "claims remain in this case." As this court's May 29, 2019 order states, generally, this court's jurisdiction is limited to review of final decisions of the district courts. A final decision resolves all claims against all parties.[27]

---

[23] *Howard*, 150 F.3d at 1229.

[24] *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990).

[25] *Century Laminating, Ltd. v. Montgomery*, 595 F.2d 563, 567 (10th Cir. 1979). *See also id.* ("We have held that a district court retains jurisdiction if the notice of appeal is untimely filed or refers to a non-appealable order.").

[26] Document 010110281961 at 1, Case No. 19-3066 (10th Cir. Dec. 31, 2019).

[27] Document 010110227124 at 1-2, Case No. 19-3066 (10th Cir. Sept. 12, 2019) (internal citations omitted). *See also* Fed. R. Civ. P. 54(b); *Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 204 (1999) (ruling that a final decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment").

Although Judge Lungstrum's December 18, 2019 order was not technically before the Circuit on appeal, the Circuit was made aware of it by plaintiffs' December 21, 2019 status report. Nevertheless, the Circuit dismissed plaintiffs' appeal because "[p]roceedings in the district court are ongoing."[28] The Circuit specifically noted that plaintiffs' state-law claims remained, thereby depriving it of jurisdiction.[29] Judge Lungstrum's December 18, 2019 order did not alter this determinative fact—although it dismissed plaintiffs' aiding-and-abetting claim, it again "refused to dismiss plaintiffs' claim for breach of fiduciary duty."[30] Thus, the procedural posture of the case is unchanged—because a claim remains in the case, there is no final decision of this court that would confer jurisdiction upon the Tenth Circuit.

Under a liberal reading of plaintiffs' response to the instant motion, plaintiffs could be asserting that by appealing Judge Lungstrum's refusal to recuse and to recommend the case be remanded to the District of Minnesota, their appeal seeks interlocutory relief to which the collateral-order exception applies. This argument also is flawed. Judge Lungstrum's decisions on recusal and remand were included in his August 13, 2019 order.[31] As noted above, the Tenth Circuit dismissed plaintiffs' appeal of that order as

---

[28] Document 010110281961 at 1, Case No. 19-3066 (10th Cir. Dec. 31, 2019).

[29] *Id.* at 2.

[30] ECF No. 245 at 13.

[31] ECF No. 213 at 17 ("[T]he Court declines plaintiffs' invitation to suggest remand at this time. The [JPML] has decided (and reaffirmed) that this case belongs in the MDL, and there is no basis for remand before pretrial proceedings are concluded in this case.

7

premature. It is therefore axiomatic that the Tenth Circuit does not view plaintiffs' requests to deem Judge Lungstrum "conflicted" and to remand the case as immediately appealable. This conclusion is consistent with Tenth Circuit caselaw holding, "An order denying a motion to recuse is interlocutory and is, therefore, not immediately appealable."[32] The collateral order doctrine simply does not apply here.

The court has not been divested of jurisdiction by either of plaintiffs' two notices of appeal. The case may proceed in this court.

IT IS THEREFORE ORDERED that the motion to order plaintiffs to proceed in this court is granted. The parties are ordered to meet for an in-person planning conference on **February 11, 2020** (a date on which counsel for both sides have stated they are available). They shall then submit their completed planning-meeting report to the chambers of the undersigned by **February 18, 2020**. The scheduling conference will be held on **February**

---

Moreover, the Court rejects plaintiffs' argument that remand is warranted because this Court has become a fact witness concerning defendants' misrepresentations and deceptions in the MDL litigation. Although 28 U.S.C. § 455(b) requires recusal if a judge has personal knowledge of evidentiary facts or is likely to be a material witness, *see id.* § 455(b)(1), (5)(iv), that statute does not apply to knowledge obtained in the course of related judicial proceedings. *See United States v. Page*, 828 F.2d 1476, 1481 (10th Cir. 1987). Thus, there is no basis for recusal here, and therefore no basis for suggestion of remand.").

[32] *Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995). The court flatly rejects plaintiffs' meritless attempt to distinguish *Nichols*. Plaintiffs could, of course, challenge Judge Lungstrum's denial of their recusal request by filing a petition for writ of mandamus, *see id.*, but they have not.

8
O:\14-MD-2591-JWL, Syngenta\18-2408-JWL-253_.docx

**25, 2020, at 3:00 p.m.** in Courtroom 223 of the U.S. Courthouse at 500 State Avenue in Kansas City, Kansas.

Dated February 4, 2020, at Kansas City, Kansas.

                                         s/ James P. O'Hara

                                        James P. O'Hara
                                        U.S. Magistrate Judge