IN UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: SYNGENTA AG MIR 162 CORN LITIGATION ) ) ) This Document Relates To: ) ) Kellogg, et al. v. Watts Guerra, LLP, et al., ) No. 18-2408-JWL ) ) | MDL No. 2591<br><br>Case No. 14-md-2591-JWL |

**DANIEL M. HOMOLKA, P.A. & YIRA LAW OFFICE, LTD.'S MEMORANDUM OF LAW SUPPORTING MOTION FOR SANCTIONS REGARDING NON-ATTENDANCE OF RULE 26(f) PLANNING CONFERENCE**

In an order issued February 4, 2020, this Court directly ordered the attorneys representing the parties to this action to attend an in-person discovery planning conference pursuant to Rule 26(f) on February 11, 2020. ECF No. 268.[1] The order issued following full briefing on a motion to compel Plaintiffs to attend a Rule 26(f) conference in order to comply with this Court's *previous* order directing the parties to hold a Rule 26(f) conference.

Defense counsel sent a confirmation as to the conference, providing the date, time, location, and even call-in information for the conference. The location selected is a six-minute walk from Plaintiffs' counsel's office. Two attorneys flew to Minneapolis, Minnesota from out of state to attend the conference in order to satisfy this Court's directive that the conference occur "in person." Plaintiffs' counsel did not acknowledge the confirmation

---

[1] The Court also set a scheduling hearing to take place before the Court on February 25, 2020, at 3:00 p.m. Notwithstanding Plaintiffs' counsel's failure to attend the Rule 26(f) conference, defense counsel plan to attend the meeting as scheduled. In the event that the Court does not dismiss this matter pursuant to the present motion prior to such hearing, the Court should order Plaintiffs' counsel to attend the hearing and explain his contumacy.

1

email, did not appear at the conference on the appointed date and time, and did not respond to email and telephone attempts during the conference to secure his attendance.

Sanctions of dismissal should issue.

## Background

The background facts surrounding the present motion as fully stated in ECF Nos. 254 and 260.

In summary, a stay of discovery proceedings under an October order of this Court expired on its own terms on December 31, 2019. Under the terms of this order, the parties were required to hold a Rule 26(f) planning conference on or before January 14, 2020. Defendants reached out to Plaintiffs' counsel on January 3, 2020 to schedule the conference but he refused. Plaintiffs then moved to renew the stay on discovery. The Court denied the motion on January 14, 2020 and ordered the parties to hold the conference by January 17, 2020. Defendants attempted to negotiate with Plaintiffs' counsel on his availability for a conference, and during these negotiations he disclosed his availability for a meeting on February 11, 2020 but refused to consent to any filings with this Court seeking to extend the deadline for the conference. Accordingly, Defendants moved this Court for an order compelling Plaintiff to attend the conference. The Court granted the motion on February 4, 2020 and directed that the conference occur in person.

On February 4, 2020, after this Court issued its order, the undersigned sent a confirmation email to Plaintiffs' counsel and providing a location, time, and call-in information for the Rule 26(f) conference. 3d Supp. Aff. Medeiros, ¶ 2 & Ex. 1.

Plaintiffs' counsel did not acknowledge or otherwise respond to this correspondence. *Id.* ¶ 2.

Plaintiffs' counsel did not appear at the February 11, 2020 planning conference at the scheduled 10:00 a.m. start time for the conference. *Id.* ¶ 3. Counsel for all the Defendants were present, including counsel for the Cross Law Firm, who had been recently retained and appeared by telephone. *Id.* Ex. 2. Attorney Kelly A. Ricke, who is counsel for Defendant Pagel Weikum, P.L.L.P. traveled from Overland Park, Kansas to Minneapolis, Minnesota in order to attend the conference. *See generally* Aff. Ricke. Attorney Teresa M. Young, who is counsel for Lowe Eklund Wakefield Co., LPA, traveled from St. Louis, Missouri to Minneapolis, Minnesota in order to attend the conference. *See generally* Aff. Young. Plaintiffs' counsel's offices are located a six-minute walk from the location of the Rule 26(f) conference. 3d Supp. Aff. Medeiros, Ex. 3.

At approximately 10:10 a.m. the undersigned sent an email to Plaintiffs' counsel advising him that defense counsel were present at the conference and prepared to meet with him. *Id.* ¶ 4 & Ex.1. The email reiterated the call-in information for the conference. *Id.*

At approximately 10:20 a.m., the undersigned telephoned Plaintiff from his office telephone. *Id.* ¶ 5. The phone rang twice before the undersigned was sent to voicemail. *Id.* The undersigned left a voice message for Plaintiffs' counsel reminding him of the planning conference, advising him that defense counsel were present for the conference, and reiterating the call-in information for the conference. *Id.* the undersigned advised him that defense counsel would wait for another 20 minutes to hear from him. *Id.*

3

Plaintiffs' counsel did not respond to my email or voice messages and did not appear at the Planning conference before it adjourned. *Id.* ¶ 6.

The total travel costs incurred by Pagel Weikum, P.L.L.P. as a result of the Rule 26(f) conference were $1,150.62 and are itemized in the affidavit of Kelly A. Ricke. The total travel costs incurred by Lowe Eklund Wakefield Co., LPA, as a result of the Rule 26(f) conference were $1,072.93 and are itemized in the affidavit of Teresa M. Young. All defendants incurred attorney fees as a result of the Rule 26(f) conference.

**Argument and Authorities**

As Defendants previously briefed the Court in their motion seeking an alternative order to show cause, this Court has a range of powers for addressing the discovery misconduct of parties. Specifically, "[i]f a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to be heard, require that party or attorney to pay the other party reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(f). Moreover, once a court has already issued an order pursuant to Rule 26(f)—as this Court has done repeatedly—a court "may issue further just orders," including taking certain facts as established, striking pleadings, or dismissing the action outright. Fed. R. Civ. P. 37(b)(2). More generally, "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Finally, this Court has the inherent authority to supervise the attorneys who appear before it, including those practicing pro hac vice on account of a transfer to this Court pursuant to the Judicial Panel on

4

Multidistrict Litigation. *LaFleur v. Teen Help*, 342 F.3d 1145, 1149 (10th Cir. 2003) (stating that a district court has the inherent power to manage its own docket, including the power to dismiss cases as a sanction for attorney misconduct where extraordinary circumstances are present); D. Kan. Rule 83.5.4(d) (consent to disciplinary jurisdiction).

The circumstances before this Court are extraordinary, and they warrant an extraordinary sanction such as dismissal of the remaining claim. The Judicial Panel on Multidistrict Litigation has told Plaintiffs' counsel that this Court has jurisdiction. The Tenth Circuit has told Plaintiffs' counsel that this Court has jurisdiction. This Court has told Plaintiffs' counsel that this Court has jurisdiction. Plaintiffs' counsel refuses to acknowledge or comply with the orders that this Court issues pursuant to its jurisdiction.

Specifically, this Court ordered Plaintiffs' counsel to hold a basic discovery conference with defense counsel. Plaintiffs' counsel instead moved to stay proceedings. This Court *denied* the motion and *ordered* Plaintiffs' counsel to participate in the discovery conference. Defense counsel could not obtain his cooperation and was required to move for an order compelling it. This Court again *ordered* Plaintiffs' counsel to meet with defense counsel, on February 11, 2020. Plaintiffs' counsel did not respond to, or even acknowledge, defense counsel's attempts to schedule the conference, nor did he acknowledge or respond to

communications from defense counsel when they had assembled in a conference room located a six-minute walk of his office. *See* 3d Supp. Aff. Medeiros, Ex. 3.

Simply put, Plaintiffs' counsel has disobeyed multiple direct orders from the Court. There is nothing from the present circumstances that would indicate that this Court can reasonably expect Plaintiffs' counsel to alter his present conduct in the face of further direct orders of the Court. Instead, he has just now filed a *third* frivolous motion requesting that this Court recuse itself and vacate all of the prior orders it has issued in this case—after this Court has previously considered and rejected two prior motions on this subject. ECF No. 278. Accordingly, this case presents the very type of extraordinary circumstance that warrants the ultimate sanction of dismissal. Dismissal is the only remedy available where no other means of obtaining his compliance is available.

The Court should dismiss the remaining count of the Amended Complaint as a sanction, award the significant travel costs incurred by certain defendants in order to attend the court-ordered in-person conference that Plaintiffs' counsel did not attend, and award such other relief as the Court deems to be just and equitable.

Dated: February 12, 2020	Respectfully submitted,

_____
Richard A. Lind, (MN #0063381)
João C.J.G. de Medeiros (MN #0390515)
Lind Jenson Sullivan & Peterson PA
901 Marquette Ave. So.
Minneapolis, Minnesota 55402
Phone: (612) 333-3637
Fax: (612) 333-1030
rick.lind@lindjensen.com
joao.medeiros@lindjensen.com

*Counsel for Defendants Daniel M. Homolka, P.A. & Yira Law Office, Ltd.*

## CERTIFICATE OF SERVICE

I certify that on February 12, 2020, I caused the foregoing Defendants' Memorandum of Law, to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

_____
João C.J.G de Medeiros