UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

IN RE: SYNGENTA AG MIR162 CORN LITIGATION

MDL No. 2591

Case No. 14-md-02591-JWL-JPO

This document relates to:

*Kenneth P. Kellogg, et al. v. Watts Guerra LLP, et al.,*
Case No. 18-cv-2408-JWL-JPO

---

**DEFENDANTS WATTS GUERRA, LLP, MIKAL C. WATTS, AND FRANCISCO GUERRA'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' DANIEL M. HOMOLKA AND YIRA LAW OFFICE, LTD.'S MOTION FOR SANCTIONS (DOC. NO. 280)**

---

Defendants Watts Guerra, LLP, Mikal C. Watts, and Francisco Guerra (collectively Watts Guerra) respectfully submit this memorandum in support of their Joinder in the motion for sanctions by Defendants' Daniel M. Homolka and Yira Law Office, Ltd. (Doc. No. 280)—and to address the legal and factual basis for dismissal under Fed. R. Civ. P. 41(b) due to Plaintiffs' failure to prosecute their claim.[1]

---

[1] Watts Guerra was not in a position to join the Homolka/Yira motion when filed (*i.e.*, one day after Plaintiffs' counsel was a no-show at the Court-ordered planning conference on February 11). Now, having reached out to Plaintiffs' counsel one last time (fruitlessly, as discussed below), Watts Guerra joins the request for a dismissal sanction. Although Watts Guerra might have filed its own stand-alone motion, it seemed more efficient for the parties and the Court for the points raised herein to be considered together with the Homolka/Yira motion. However, given that the Court has already ordered expedited briefing on that motion (Doc. No. 285), Watts Guerra would have no objection to the Court treating this Joinder as a separate motion and/or allowing Plaintiffs a second opportunity or an additional three days to respond.

## INTRODUCTION

Plaintiffs have needlessly delayed the natural progression of this action to the point that—after nearly two years of motion and appellate practice, marked principally by Plaintiffs' incessant demands for a different venue and decision-maker—the case has ground to a halt. In their latest maneuver, Plaintiffs yet again demand Judge Lungstrum's recusal—a demand not only completely devoid of merit, but also already twice made and twice denied. Incredibly, this third recusal motion is Plaintiffs' response to the clear pronouncement in the Court's February 4 orders that these proceedings must move forward and will ***not*** halt while Plaintiffs again press an appeal that is not even arguably within the Tenth Circuit's jurisdiction. Worse, despite this Court ordering the parties to conduct a case-planning conference no less than three times—and squarely ordering Plaintiffs to attend an in-person conference on February 11—Plaintiffs' counsel was a no-show.

Rule 41(b) provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Under the circumstances, Plaintiffs' failure to prosecute is confirmed by their brazen disregard of Court orders—including their refusal to acknowledge the Court's jurisdiction, their ongoing campaign to obtain a new decision-maker for their claims, their counsel's absence on February 11, and his continuing refusal to confer with Defendants about moving Plaintiffs' case forward in this Court. *Cf. Taylor v. Dist. of Colo. Safeway, Inc.*, 116 Fed. Appx. 976, 977–78 (10th Cir. 2004) (affirming dismissal where "[t]he judicial process essentially ground to a halt when [plaintiff] refused to respond to either the defendant's requests or the district court's orders"). This action should be dismissed.

## BACKGROUND

The following facts are offered to supplement the factual recitation set forth in the memorandum submitted in support of Defendants Daniel M. Homolka, P.A. and Yira Law Office, Ltd.'s motion for sanctions. (Doc. No. 281).

This action was commenced in April 2018. (Doc. No. 1). In the nearly two years since, Plaintiffs have repeatedly resisted this Court's jurisdiction over their claim. Initially Plaintiffs contested the Judicial Panel on Multidistrict Litigation's order that transferred this case to the District of Kansas, culminating in a Petition for Writ of Mandamus to the Tenth Circuit Court of Appeals and a petition for review by the U.S. Supreme Court, both of which were denied. (Doc. No. 114 (Mandamus Petition); Doc. No. 124 (Order)).

When the mandamus petition failed, Plaintiffs began demanding Judge Lungstrum recuse himself. (Doc. Nos. 204, 212).[2] This Court rejected that argument, noting that recusal under 28 U.S.C. § 455(b) "does not apply to knowledge obtained in the course of related judicial proceedings." *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, 2019 WL 3801719, at *7 (D. Kan. Aug. 13, 2019) (Doc. No. 213) (citing *United States v. Page*, 828 F.2d 1476, 1481 (10th Cir. 1987)).

Undaunted, Plaintiffs continued to argue for recusal in their motion for reconsideration of the Court's August 13, 2019 order. (Doc. No. 227). Once again, the request for recusal was denied. See *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-

[2] Plaintiffs have also continued to press for transfer back to Minnesota in nearly every filing in this Court and the Tenth Circuit. (See, *e.g.*, Doc. No. 252 at p. 3; 259 at p. 2; Doc. No. 279 at pp. 1-2, 6.)

2591-JWL, 2019 WL 6894675, at *6 (D. Kan. Dec. 18, 2019) (Doc. No. 245) ("The Court has already rejected this argument. *See Kellogg*, 2019 WL 3801719, at *7."). Plaintiffs were also reminded that 28 U.S.C. § 455(b) does not apply to knowledge a court obtains during related judicial proceedings, and their claims of bias were rejected because "they have identified no basis for that suggestion other than the fact that the Court has issued rulings with which they disagree." *Id.*; see also *id.* at 6 n. 4 ("Of course, the Court also reconsidered its original standing ruling and revived plaintiffs' state-law claims.").

Most recently, Plaintiffs filed yet another motion for recusal (Doc. No. 279)—while simultaneously arguing to this Court and the Tenth Circuit that the previous non-recusal orders are final and immediately appealable. (Doc. Nos. 252, 272, 278). Defendants will fully brief Plaintiffs' third recusal motion in due course, if necessary.[3] For present purposes, the critical points are that Plaintiffs' motion: (A) does not engage the fact that this issue has already been briefed and decided (twice); (B) is untimely and does not engage the standards for reconsideration or the rationale of the Court's earlier orders; (C) treats supposed errors in this Court's dismissal orders as if they were proper grounds for recusal; and (D) demands that the Court vacate or enter rulings on various issues that have already

[3] The Court need not wait for full briefing on recusal before ruling on Defendants' motion for a dismissal sanction. *First*, to do so would reward Plaintiffs' misconduct. *Second*, Plaintiffs' third recusal demand is subject to summary denial based on the Court's prior two rulings, particularly given that, on its face, Plaintiffs' motion is neither timely under L.R. 7.3(b) nor otherwise compliant with the rules and requirements for reconsideration. *Third*, Plaintiffs' recusal demand is premised on their accusation that Defendants lied to the Court in 2016. This accusation is unfounded and false. More to the point, Plaintiffs contend the Court is "conflicted" with respect to making a factual ruling *on that issue*, but do not contend that the Court is otherwise biased. (Doc. No. 279 at pp. 3-5.)

been fully briefed and decided—thus *again* flouting this Court's previously expressed "dismay concerning the parties' inability to limit their briefing to relevant issues." (Doc. No. 211 at p. 2 (striking "plaintiffs' latest improper filing – in which plaintiffs violated the Court's clear prohibition….")).

In addition to resisting this Court's jurisdiction at every turn, Plaintiffs have simultaneously pursued frivolous appeals of non-final orders. It is well settled that a non-final decision is not immediately appealable and, quite clearly, none of the orders Plaintiffs have attempted to appeal (*i.e.*, Doc. Nos. 168, 196, 213, 245, and 269) is final because they do not—individually or collectively—resolve all claims in this case. ( Doc. No. 246 (Order Dismissing Appeal), p. 2 (citing *Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 2014 (1999) (holding that a final decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment") (additional citations and quotations omitted)); accord Doc. No. 268 at pp. 6–7)). Further, as this Court reminded Plaintiffs, "An order denying a motion to recuse is interlocutory and is, therefore, not immediately appealable." (Doc. No. 268, p. 8; see also *id.* at p. 8 n. 32 ("The court flatly rejects plaintiffs' meritless attempt to distinguish [*Nichols v. Alley*, 71 F.3d 347, 350 (10th Circ. 1995)].")). Together with that reminder, the Court ordered Plaintiffs to proceed in this Court with their claims—yet two days later, Plaintiffs filed yet another notice of appeal. (Doc. No. 272).

The final straw: Plaintiffs have ignored multiple orders compelling them to participate in a case-planning conference—obstinately standing on recusal and jurisdictional positions that have been repeatedly rejected and refusing even to discuss further proceedings in this Court. Specifically, after the parties filed cross motions for

reconsideration of the Court's August 13, 2019 order—and with an appeal by Plaintiffs already pending in the Tenth Circuit— Magistrate Judge O'Hara directed the parties to participate in a planning conference within 14 days of a decision on Plaintiffs' motion or the mandate of the Tenth Circuit, whichever issued later. (Doc. No. 242). On December 18, 2019, this Court ruled on Plaintiffs' motion. See *In re Syngenta AG MIR 162 Corn Litig.*, supra, 2019 WL 6894675 (D. Kan. Dec. 18, 2019). On December 31, 2019, the Tenth Circuit issued its mandate. (Doc. 246).

Instead of complying with Magistrate Judge O'Hara's order to confer and proceed with discovery *for their own case*, Plaintiffs filed a notice of appeal and moved for another stay of proceedings. (Doc. Nos. 252, 250). This Court denied that motion with instructions that "It is time for this case to proceed." (Doc. No. 251, p. 2). Plaintiffs refused to schedule the Court-ordered planning conference. This led to Defendants' Motion for Order to Show Cause (Doc. Nos. 253-255), which Plaintiffs opposed on the ground they had deprived this Court of jurisdiction by filing the third notice of appeal (Doc. 259). The Court rejected that argument in two orders entered February 4 (Doc. Nos. 268, 269), with Magistrate Judge O'Hara ordering Plaintiffs—in no uncertain terms—to participate in a case-planning conference on February 11. (Doc. No. 268). Yet, as elsewhere detailed (Doc. No. 281), Plaintiffs' counsel neither attended the conference nor responded to Defendants' calls and emails.

The next day, February 12, two Defendants filed a motion for sanctions seeking dismissal for this misconduct based on Fed. R. Civ. P. 26, 37, and 41(b), and this Court's inherent authority. (Doc. Nos. 280-284.) For Defendant Watts Guerra, undersigned counsel

determined to try one more time—to give Plaintiffs one more opportunity to confer ahead of the court hearing presently scheduled for February 25, 2020. Plaintiffs' counsel declined. (Affidavit of Christopher L. Goodman, February 17, 2020 (Ex. A (February 12-13, 2020 email exchange)).

## ARGUMENT

Plaintiffs have made clear they have no intention of prosecuting their case in this Court. Despite being repeatedly ordered to "move the case forward," Plaintiffs refuse to do so. Their defiance of this Court's orders, and manifest unwillingness to prosecute their own claim, warrants dismissal under Rule 41(b).

### I. THIS COURT HAS THE AUTHORITY TO DISMISS FOR FAILURE TO PROSECUTE

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Under Fed. R. Civ. P. 41(b), a district court may dismiss an action, if "the plaintiff fails to prosecute or to comply with these rules or a court order." *Young v. U.S.*, 316 Fed. Appx. 764, 771 (10th Cir. Mar. 12, 2009); see also D. Kan. Local Rule 83.6.12 (recognizing the district court's "inherent power to regulate the admission, practice, and discipline of attorneys practicing before it"). Rule 41(b) "has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Young*, 316 Fed. Appx. at 771 (citing, inter alia, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (affirming unwarned, *sua sponte* dismissal with prejudice under Rule 41(b) based on "[counsel's] failure to appear at a pretrial conference … in the context of other evidence of delay").

When determining whether to dismiss a case for lack of prosecution, the court considers "(1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant." *Reed*, 312 F.3d at 1195. "Only when these aggravating factors outweigh[ ] the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate sanction." *Id.* (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n. 7 (10th Cir. 1988)). As shown by the discussion below, this standard is satisfied here.

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992), the Tenth Circuit identified two additional factors for a district court to consider with respect to a dismissal sanction under Fed. R. Civ. P. 37: "(4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal citations omitted). The Tenth Circuit has indicated that these factors may also apply to involuntary dismissals with prejudice under Rule 41(b). *E.g.*, *Young*, 316 Fed. Appx. at 771 n. 7; *Mobley v. McCormick*, 40 F.3d 337, 340–41 (10th Cir. 1994). Other cases, however, have applied only the three-factor test; in *Reed*, for example, the Tenth Circuit looked back to *Meade*, not *Ehrenhaus*. See also *Phillips v. Kansas Dep't of Corr.*, No. 07-3169-CM, 2008 WL 3081195, at *2 (D. Kan. Aug. 5, 2008) (applying three-factor *Reed* standard).

Here, it makes little difference whether the fourth and fifth *Ehrenhaus* factors apply. As *Ehrenhaus* itself explained: "*These factors do not constitute a rigid test*; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.*, 965 F.2d at 921 (emphasis added). Further, as shown below, four of the five factors

point to dismissal (excepting only #4), as does the weight of those factors and the overall standard. Thus it should not save Plaintiffs that they were not explicitly threatened with dismissal in advance by the Court—particularly given (A) the notice provided by Defendants' recent motion for an order to show cause (Doc. No. 253), which included an alternative request for dismissal and resulted in an order Plaintiffs have now boldly, squarely, and indisputably defied; and (B) the notice provided by the order on that motion (Doc. No. 268), under the Supreme Court's decision in *Link*, 370 U.S. at 636 ("Petitioner's counsel received due notice of the scheduling of the pretrial conference, and cannot now be heard to say that he could not have foreseen the consequences of his own default in attendance [*i.e.*, dismissal with prejudice under Rule 41(b)].").

## II. DISMISSAL IS APPROPRIATE DUE TO PLAINTIFFS' REFUSAL TO PROSECUTE THEIR CASE AND THEIR COUNSEL'S BRAZEN DISREGARD FOR THE ORDERS OF THIS COURT

### A. Defendants have been prejudiced

Plaintiffs' continued assertion of arguments the Tenth Circuit and this Court have already rejected has needlessly delayed the resolution of this case and greatly added to the expense Defendants have incurred defending it. As a result, nearly two years have passed, no discovery has been conducted, the case is nowhere near resolution, and Defendants have been forced to respond to the same issues and arguments over and over again. The delay and cost resulting from Plaintiffs' tactics is more than sufficient to establish prejudice and warrant dismissal. See, e.g., *Phillips*, 2008 WL 3081195, at *2 ("Defendants will be prejudiced by any further delay."); *Newson v. Dillard's Store Servs., Inc.*, No. 09-4075-RDR, 2011 WL 13232546, at *2 (D. Kan. July 13, 2011) ("The court agrees with the

defendants that prejudice has occurred to them from the repeated delays of the plaintiff. In sum, the court finds that dismissal is a proper sanction under Rule 41(b).").

**B. Plaintiffs have interfered with the judicial process**

The impact of Plaintiffs' recalcitrance on the judicial process is undeniable. Plaintiffs' decisions to appeal non-final orders and repeatedly relitigate issues has not only resulted in delays, motion practice, and burdens on Defendants and judicial resources *already*, but those decisions will *continue* to do so—given the appeals and motions filed by Plaintiffs ***after*** the Court's February 4 orders mandating that this case "may—and will—proceed in this court." (Doc. No. 268 at p. 1; accord Doc. No. 269).

Further, Plaintiffs continue to rely on previously-rejected legal positions to contend this Court lacks jurisdiction. Doubling down on their baseless jurisdictional attack, Plaintiffs' counsel chose not to attend the February 11 conference and has refused to engage in the case-planning discussions required in the February 4, 2020 order. (Doc. No. 282; Goodman Aff., Ex. A). That is precisely the sort of interference that warrants dismissal under Rule 41(b). See *Switzer v. Saul*, No. CV 19-2454-JWL, 2019 WL 5726899, at *2 (D. Kan. Nov. 5, 2019) ("This case is interfering with the judicial process because it continues to linger on the court's docket without any meaningful progress toward resolution.… At this point in time, the court believes that dismissal is the only remedy that would be effective."); *Phillips*, 2008 WL 3081195, at *2 ("Because the court is forced to continue to issue show cause orders and to delay resolution of this case, plaintiff's willful refusal to participate in this litigation is interfering with the judicial process."); *DeFoe v. Sprint/United Mgmt., Co.*, 196 F.R.D. 392, 395 (D. Kan. 2000) (dismissing with prejudice

where "the plaintiff has repeatedly and intentionally disobeyed [court] orders … while simultaneously failing to offer any satisfactory justification").

This raises the question whether a lesser sanction would be appropriate (the fifth *Ehrenhaus* factor which, as discussed above, may or may not apply here), such as an order compelling Plaintiffs' counsel to engage in the normal case-planning procedures contemplated in Fed. R. Civ. P. 16 and 26. But the Court has already done so—***thrice***. (Doc. Nos. 242, 251, 268). Given Plaintiffs' record of defying Court orders, there is no reason to believe a fourth directive will be any more effective than the previous three. Nor is it appropriate to the dignity or authority of this Court to ask, ask, and ask again; orders of a federal district court are not suggestions. A harsher sanction is called for. See *Mid-W. Anesthesia Consultants, Inc. v. LifePoint Hosps., Inc.*, No. 09-2219-JAR, 2012 WL 13027437, at *2 (D. Kan. Mar. 8, 2012) (dismissal was appropriate because "the Court is not convinced that lesser sanctions would be effective, as it cannot force a plaintiff to proceed with a case").

**C. Plaintiffs are culpable**

Although Plaintiffs' counsel's refusal to communicate with Defendants before or during the Court-ordered February 11 conference is also notable, the Court need look no further than Plaintiffs' brazen defiance of court orders to see—and condemn—what has frustrated the normal, orderly progression of this case. In addition to the needless delays already occasioned by Plaintiffs' motion strategy and frivolous appeals, Plaintiffs have shown they will not participate in any further proceedings before the District Court until either their latest recusal motion is granted or the Tenth Circuit allows their most recent

appeal to proceed. (Doc. No. 278; Goodman Aff., Ex. A). That much is clear from Plaintiffs' no-show at the case-planning conference on February 11, and their continued refusal to confer with Defendants thereafter.

This again raises the question of whether a lesser sanction would be effective. The answer is no. Even when the pending recusal motion and appeal are rejected by this Court and the Tenth Circuit, respectively, Plaintiffs' past conduct strongly suggests that they will pursue additional motion practice and appeals, rather than proceed in this Court. In other words, there is no reason to think there is a light at the end of this tunnel of obstinacy, or that a lesser sanction would be effective. In fact, a dismissal sanction is especially appropriate here: Plaintiffs have made clear they would rather take their grievances to the Tenth Circuit than litigate their remaining claim in this Court; a dismissal sanction would allow them to do precisely that.

## CONCLUSION

The standard for dismissal with prejudice under Rule 41(b) is met here: Plaintiffs have refused to engage in the normal judicial proceedings that should have accompanied this case, including outright disobedience of Court orders; this has caused prejudice to Defendants and the Court; and Plaintiffs are solely culpable for the length, nature, and severity of their campaign to avoid proceeding in this Court. These circumstances confirm lesser sanctions would not be effective and outweigh the normal predisposition to resolve cases on the merits. This action should therefore be dismissed for failure to prosecute.

Dated: 02/17/2020

Respectfully submitted,

/s/ Christopher L. Goodman
Christopher L. Goodman (MN #285626)
Thompson, Coe, Cousins & Irons, L.L.P.
408 St. Peter St #510
St. Paul, MN 55102
651-389-5025
cgoodman@thompsoncoe.com

*Counsel for Defendants Watts Guerra LLP, Mikal C. Watts, and Francisco Guerra*