# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| Kenneth P. Kellogg, Rachel Kellogg and Kellogg Farms, Inc., Roland B. Bromley and Bromley Ranch, LLC, John F. Heitkamp, Dean Holtorf, Garth J. Kruger, Charles Blake Stringer and Stringer Farms, Inc., individually, and on behalf of all others similarly situated, | D. Kan. No. 18-cv-2408-JWL-JPO<br><br>Master File No. 2:14-md-2591-JWL-JPO<br><br>Syngenta MDL No. 2591<br><br>D. Minn. No. 18-cv-1082-DWF-BRT |

Plaintiffs,

v.

Watts Guerra, LLP, Daniel M. Homolka, P.A.,
Yira Law Office LTD, Hovland and Rasmus,
PLLC, Dewald Deaver, P.C., LLO, Mauro,
Archer & Associates, LLC, Johnson Law Group,
Wagner Reese, LLP, VanDerGinst Law, P.C.,
Patton, Hoversten & Berg, P.A., Cross Law Firm,
LLC, Law Office of Michael Miller, Pagel Weikum,
PLLP, Wojtalewicz Law Firm, Ltd., Lowe Eklund
Wakefield Co., LPA, Mikal C. Watts, Francisco
Guerra, and John Does 1-250,

Defendants.

## CLASS PLAINTIFFS' RESPONSE TO
## DEFENDANTS' MOTION FOR SANCTIONS

Douglas J. Nill (#0194876)
DOUGLAS J. NILL, PLLC
d/b/a FARMLAW
2050 Canadian Pacific Plaza
120 South Sixth Street
Minneapolis, MN  55402-1801
(612) 573-3669

Counsel for Plaintiffs and Proposed Class of Farmers

## TABLE OF CONTENTS

I.    DEFENDANTS' MOTION HAS NO MERIT AND SHOULD BE DENIED. ..... 1

    A.    An interlocutory appeal transfers jurisdiction to the appellate court
over all aspects of the appeal until the appeal is resolved on the merits ..... 9

    B.    The Court has a judicial conflict of interest that is so obvious and
extreme as to violate the due process clause's guarantee of an impartial
adjudicator. ………………………………………………………… 12

II.   CONCLUSION. ………...……………………………………………...….. 18

i

## I.     DEFENDANTS' MOTION HAS NO MERIT AND SHOULD BE DENIED.

The *Kellogg, et al*. named and putative class plaintiffs ("Farmers") filed a Notice of Appeal to the Tenth Circuit on January 16, 2020, ECF No. 252, Tenth Circuit No. 20-3006, challenging the Court's December 18, 2019 decision, ECF No. 245, denying Farmers' September 10, 2019 motion, ECF No. 227, to "*recuse or disqualify* as the judicial officer in *Kellogg* and *stay the proceedings* pending remand to the District of Minnesota." (Emphasis added). Farmers filed an Amended Notice of Appeal on February 10, 2020, ECF No. 272, challenging the Court's February 4, 2020 orders, ECF No. 268 and 269, directing pretrial proceedings in disregard of the Notice of Appeal which transferred jurisdiction over *Kellogg* to the Tenth Circuit.

Farmers ask the Tenth Circuit to disqualify the Court as the judicial officer in *Kellogg* pursuant to Farmers' substantive and procedural rights under the Due Process Clause of the Fifth Amendment of the U.S. Constitution and the statutory authority of 28 U.S.C. § 2106 and the Court's inherent supervisory authority and the requirements of 28 U.S.C. § 455(a) ("bias or partiality"), § 455(b)(1) ("personal knowledge of disputed evidentiary facts concerning the proceeding") and § 455(b)(5)(iv) ("likely to be a material witness in the proceeding"). *See Liteky v. United States*, 510 U.S. 540, 554 (1994) (federal appellate court authority to disqualify a district court and assign a case to a different judge on remand "rests not on the recusal statutes alone, but on the appellate courts' statutory power … 28 U.S.C. § 2106.").

On February 12, 2020, Farmers filed a motion under Local Rule 7.1 and Rule

60(a) and 60(b)(1), (2), (3) and (6) of the Federal Rules of Civil Procedure and in the interest of "achieving a healthy legal system," *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994), requesting that the Court recuse as the judicial officer in *Kellogg*, vacate the Court's decisions and suggest remand of *Kellogg* to the District of Minnesota. ECF No. 278 and 279. Farmers support the motion with the *Expert Report Of Richard Painter*, ECF No. 279-2, which states that the Court has an untenable conflict of interest that violates due process with irrevocable damage to Farmers.

That same day, on February 12, 2020, in recognition of the divestiture principle and the transfer of jurisdiction over all aspects of the *Kellogg* case to the Tenth Circuit, Farmers filed a motion with the Tenth Circuit to "abate the appeal and remand to the district court to address a motion to recuse" supported by the Painter report. Tenth Circuit No. 20-3006.

On February 14, 2020, the Tenth Circuit issued an order recognizing that Farmers' pending appeal, No. 20-3006, addresses the December 18 decision by the Court. The Tenth Circuit took Farmers' motion to abate the appeal "under advisement" and granted Farmers until March 4 to respond to Defendants' motion to dismiss the appeal and address "how the district court's decisions are final and appealable at this time."

Farmers will advise the Tenth Circuit by March 4 that Farmers proceed with the appeal as a matter of right pursuant to 28 U.S.C. § 1291 and, in the alternative, 28 U.S.C § 1292(a), and through 28 U.S.C. § 2106 and the inherent supervisory authority of the

2

Tenth Circuit to disqualify the Court. Farmers will inform the Tenth Circuit that the judicial conflict of interest for the Court in *Kellogg* is so obvious and extreme as to violate the due process clause's guarantee of an impartial adjudicator with irrevocable damage to Farmers. Farmers will cite Supreme Court and Tenth Circuit precedent that orders are final for an appeal under the Due Process Clause of the Fifth Amendment to the U.S. Constitution and the authority of § 2106 and the collateral order doctrine when those orders effectively destroy an injured plaintiff's due process rights to proceed with a claim before an impartial judge to protect and preserve a property interest. *See, e.g.*, *Williams v. Pennsylvania*, 579 U.S. ___ (2016); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 872 (2009); *Withrow v. Larkin*, 421 U.S. 35 (1975); *Mayberry v. Pennsylvania*, 400 U.S. 455, 466 (1971); *Goldberg v. Kelly*, 397 U.S. 254, 272 (1970); *In re Murchison*, 349 U.S. 133 (1955); *In re Oliver*, 333 U.S. 257 (1948).

Farmers will request that the Tenth Circuit vacate the Court's March 1, May 21, August 13, and December 18 decisions dismissing Farmers' federal declaratory judgment and racketeering claims and Minnesota statutory and common law fraud and civil conspiracy and aiding and abetting claims. Farmers will contend that the orders are the product of a conflicted Court which does not want to acknowledge a breach of fiduciary obligations to Farmers in the Syngenta MDL and substantial evidence of Respondents' fraud upon the court.

Farmers will contend that the Court's decisions are a manifest disregard of the

facts in the *Kellogg* complaint and amended complaint and Article III standing and common fund jurisprudence.

Farmers will contend that the decisions violate the separation of powers doctrine of constitutional law which requires federal judges to apply federal statutes intended by Congress to provide redress for injured parties with claims that plainly fall within the language of the statutes. *United States v. Bolden*, 353 F.3d 870, 878 (10th Cir. 2003) ("The interests protected by the doctrine *simply will not abate* during the possibly lengthy resolution of this matter, and appellate vindication cannot undo such an invasion of [Legislative Branch] authority.") (emphasis added). For example, the Court dismissed Farmers' request under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, to "declare and enter a judgment that Defendants' retainer contracts with Farmers are void *ab initio* and that Defendants have forfeited their claim to any compensation from individual Farmers, and that Defendants have waived any quantum meruit claim against Farmers through their dishonest and unlawful representations and omissions and conduct." Amended Complaint, at ¶¶ 347-49. And yet, the Court issued orders in the Syngenta MDL capping Defendants' contingent fee contracts at 12 percent. *See* Tenth Circuit No. 19-3008 (Feb. 14, 2020 brief filed by MN Co-Lead Counsel in fee allocation appeals acknowledging that the Court "*capp[ed] all contingency fees at [12 percent]* (emphasis added). And the Court awarded Defendants some $30 million from the fee allocation pool specifically created for lawyers like Defendants with *contingent fee*

4

*contracts* (the so-called IRPA fund). Defendants appear in the Syngenta litigation only through their contingent fee contracts which allowed them to file 60,000 individual lawsuits against Syngenta in Minnesota state courts as they pursued their "mass tort … individual suit" attorney fee fraud scheme. The Court's disregard of Farmers' request for relief through the Declaratory Judgment Act can only be viewed as a disregard of Congress in enacting the Declaratory Judgment Act and a violation of the separation of powers.

Farmers will contend the decisions violate the *Erie* doctrine, *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), which mandates that a federal judge must apply state substantive law and acknowledge state court precedent for that law. For example, the Court dismissed Farmers' Minnesota statutory consumer fraud, false advertising and deceptive practice claims with a ruling that there is no public benefit to the *Kellogg* lawsuit. In doing so, the Court wholesale disregards Minnesota Supreme Court precedent that the only requirement for application of the Minnesota business and consumer protection claims is a determination of whether Respondents engaged in misrepresentations to the "public at large" through advertisements. *See Collins v. Minnesota School of Business*, 655 N.W.2d 320 (Minn. 2003) (claims addressing program offered to the public at large, misrepresentations in TV ads, and misleading sales and information presentations establish a public benefit).

And the Court dismissed Farmers' aiding and abetting claim with a ruling that

Farmers have not suffered a monetary damage. In doing so, the Court wholesale disregards Minnesota Supreme Court precedent that an aiding and abetting claim does not require a monetary damage as an element of the claim: "To state a claim for aiding and abetting a breach of fiduciary duty under Minnesota Law, Plaintiffs must plead facts showing that (1) a third party breached a fiduciary duty causing injury to Plaintiffs, (2) the [defendants] knew that the third party's conduct constituted a breach of duty, and (3) the [defendants] substantially assisted or encouraged the third party in achievement of the breach of duty." *Lusk v. Life Time Fitness, Inc*., 213 F. Supp. 3d 1119, 1136 (D. Minn. 2016) (citing *Witzman v. Lehram, Lehram & Flom*, 601 N.W.2d 179, 187 (Minn. 1999). Under the Minnesota *Perl* cases and national attorney fee forfeiture law, as the Court knows, an injury is presumed when a lawyer breaches a fiduciary duty to the client. Hence, the Court's dismissal of the aiding and abetting claim is a wholesale disregard of the Minnesota Supreme Court legal standard and a violation of the *Erie* doctrine.

And finally, Farmers will inform the Tenth Circuit that the Supreme Court has recognized a pragmatic exception that some orders should be considered final for an appeal in the interest of "achieving a healthy legal system," *Digital Equip. Corp.*, 511 U.S. at 867. The allegations in the *Kellogg* lawsuit – a class action alleging a massive scheme of attorney deceit against 60,000 clients and a fraud upon federal and state courts in furtherance of the scheme – go to the integrity of the judiciary and the foundation of our system of government. *See In re AH Robins Co., Inc*., 602 F. Supp. 243, 248 (D. Kan.

1985) (Canon 1 of the *Code of Conduct for United States Judges* imposes an obligation to "uphold the integrity of the judiciary" through "the prevention of any possible fraud from being perpetrated upon the courts.") (emphasis added) (quoting *Wood v. Georgia*, 370 U.S. 375, 383 (1962) ("The right of courts to conduct their business in an untrammeled way lies at the foundation of our system of government.").

The Court should acknowledge it made a mistake in allowing Respondents to privately contract Farmers out of the Syngenta MDL class proceedings and the protections of Fed. R. Civ. P. 23 and recognize that *Kellogg* seeks to remedy that mistake. But rather than recognizing that *Kellogg* seeks to remedy a mistake, and that the *Kellogg* lawsuit claims should proceed on the merits as an independent action, the Court has consistently adopted the Defendants' mischaracterizations of Farmers' lawsuit claims and the facts of the amended complaint and the governing law, to deny Farmers their day in court. Farmers have lost confidence that the Court is neutral and unbiased. There are reasonable grounds for Farmers' concerns as demonstrated in the repeated rulings of the Court denying the injury and the harm to Farmers due to Defendants' misconduct. *See* 28 U.S.C. § 455(a) ("Any … judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.").

Farmers' appeal, therefore, is under the jurisdiction of the Tenth Circuit at this writing. Farmers' Notice of Appeal and Amended Notice of Appeal deprive the Court of

7

jurisdiction over any further pretrial proceedings.[1]

The Court should respect Farmers' exercise of their appellate rights. *See Code of Conduct for United States Judges*, Canon 3(A)(4) ("A judge should accord to every person who has a legal interest in a proceeding, and the person's lawyer, the full right to be heard according to law." The Court should dismiss Defendants' motion for sanctions and cancel the February 25, 2020 scheduling conference, which is scheduled during the time that Farmers are preparing pleadings for the Tenth Circuit to address the merits of the appeal, No. 20-3006. *See* Tenth Circuit, Feb. 14, 2020 order (March 4 response deadline). If Farmers are required to appear through counsel at the February 25 scheduling conference in Kansas City, Farmers' counsel will respectfully make a record that the Court is disregarding the transfer of jurisdiction and interfering with Farmers' full right to pursue the pending appeal, No. 20-3006.

This case has languished in the District of Kansas for more than a year before a Court with an untenable conflict of interest. Another month or two of waiting on Farmers' exercise of their appellate rights through Appeal No. 20-3006 has no prejudice to Defendants, who spent several years deceptively soliciting Farmers as clients, and is not going to harm anyone. The Court shows objective bias and a disregard for Canon

---

[1]. Defendants misrepresent the law of divestiture of jurisdiction to interfere with Farmers' exercise of their appellate rights. In this regard, the strident February 17, 2020 memorandum by Defendants Watts Guerra, LLP, et al., ECF No. 287, merits no response. "The lady doth protest too much, methinks." *Hamlet* by William Shakespeare.

3(A)(4) by pushing pretrial discovery proceedings at this juncture.

### A.   An interlocutory appeal transfers jurisdiction to the appellate court over all aspects of the appeal until the appeal is resolved on the merits.

Farmers' Notice of Appeal and Amended Notice of Appeal, No. 20-3006, address the Court's December 18 decision denying Farmers' September 10, 2019 Rule 60 motion, ECF No. 227, requesting "that the Court vacate the March 1 memorandum and order and judgment, ECF No. 168 and 169, the May 21 memorandum and order, ECF No. 196, and the August 13 memorandum and order, ECF No. 213, disqualify or recuse as the judicial officer in *Kellogg* and stay the proceedings pending remand to the District of Minnesota" pursuant to Farmers' substantive and procedural rights under the Due Process Clause of the Fifth Amendment of the U.S. Constitution and the statutory requirements of 28 U.S.C. § 455(a) ("bias or partiality"), § 455(b)(1) ("personal knowledge of disputed evidentiary facts concerning the proceeding") and § 455(b)(5)(iv) ("likely to be a material witness in the proceeding") (emphasis added)."

The Notice of Appeal deprives the Court of jurisdiction over any further pretrial proceedings. *See McCauley v. Halliburton Energy Services, Inc*., 413 F.3d 1158, 1160 (10th Cir. 2005) (under the general divestiture principle a district court is divested of jurisdiction until the interlocutory appeal is resolved on the merits); *Howard v. Mail-Well Envelope Co*., 150 F.3d 1227, 1229 (10th Cir. 1998) ("It is axiomatic that an effective notice of appeal transfers jurisdiction from the district court to the court of appeals."); *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990) (noting transfer of jurisdiction by

appeal "from true final judgment or from a decision within the collateral order exception"). Because Farmers' Notice of Appeal challenges the Court's December 18 decision denying Farmers' Rule 60 request to "disqualify or recuse" and "stay the proceedings pending remand to the District of Minnesota," jurisdiction over all aspects of the *Kellogg* case is transferred to the Tenth Circuit. *Stewart*, 915 F.2d at 575 (transfer affects all aspects of the case involved in the appeal; any subsequent action by the district court "is null and void.").

Farmers' Notice of Appeal thus suspends all pretrial proceedings and deadlines before the district court. Whether the district court's March 1, May 21, August 13 and December 18 decisions referenced in Farmers' Notice of Appeal are final for an appeal pursuant to 28 U.S.C. § 1291 and, in the alternative, 28 U.S.C § 1292(a), and pursuant to the statutory authority of 28 U.S.C. § 2106 and the Court's inherent supervisory authority to disqualify the district court, is for the *Tenth Circuit* to decide and not for the Court to decide. *See* Tenth Circuit Order, Feb. 14, 2020. This is particularly true when Farmers assert through the Notice of Appeal that the judicial conflict of interest is so obvious and extreme as to violate the due process clause's guarantee of an impartial adjudicator. As James Madison noted at our nation's founding, "[n]o man is allowed to be a judge in his own cause, because his interest would certainly bias his judgment, and, not improbably, corrupt his integrity." *The Federalist No. 10*, at 47 (James Madison) (Clinton Rossiter ed., 1999). Thus, it is a fundamental precept of due process that "no man can be a judge

10

in his own case and no man is permitted to try cases where he has an interest in the outcome." *In re Murchison*, 349 U.S. 133, 136 (1955).

In *McCauley v. Halliburton Energy Services, Inc*., 413 F.3d 1158, 1160 (10th Cir. 2005), the Tenth Circuit recognized that "the appeal triggers the general divestiture principle … so long as the appeal is not frivolous." Farmers assert through the appeal, No. 20-3006, that the judicial conflict of interest for the Court in *Kellogg* is so obvious and extreme as to violate the due process clause's guarantee of an impartial adjudicator with irrevocable damage to Farmers. This allegation of a serious due process violation is substantial and supported by the *Expert Report Of Richard Painter*.

The cases cited by Chief Magistrate Judge James P. O'Hara in a February 4 order adopted by the Court where a notice of appeal did not divest the district court of jurisdiction, are appeals with procedural problems. *See, e.g., Howard v. Mail-Well Envelope Co*., 150 F.3d 1227, 1229 (10th Cir. 1998) (appeals by pro se litigant with history of frivolous appeals challenging "matters that were of limited scope to the litigation as a whole); *Riggs v. Scrivner*, 927 F.2d 1146, 1148 (10th Cir. 1991) (appeal filed after jury verdict but before the district court addressed the relief required by the jury verdict was premature and did not deprive the district court of jurisdiction to grant a new trial during post-trial motions); *United States v. 397.51 Acres of Land, et al*, 692 F.2d 688, 693 (10th Cir. 1982) (appeal was premature because it was filed while Rule 60 motion was under advisement); *Century Laminating, Ltd. v. Montgomery*, 595 F.2d 563,

567 (10th Cir. 1979) (appeal filed while a motion is pending in the district court such as Fed. R. Civ. P. 59 or 60 is "prematurely filed and does not transfer jurisdiction to the court of appeals."); *Arthur Anderson & Co. v. Finesilver*, 546 F.2d 338, 340-41 (10th Cir. 1977) (notice of appeal does not deprive district court of jurisdiction if the appeal is untimely or lacks essential recitals or references a non-appealable order; the Tenth Circuit, by providing a writ of mandamus option, appeared to suggest that district courts "if in doubt" about the transfer of jurisdiction should "decline to act further" until disposition of the appeal by the Tenth Circuit).

**B.**   **The Court has a judicial conflict of interest that is so obvious and extreme as to violate the due process clause's guarantee of an impartial adjudicator.**

Defendants conspired to exclude 60,000 Farmers – without their knowledge and informed consent – from participating in Syngenta MDL and Minnesota class proceedings with Fed. R. Civ. P. 23 protections including notice and opt-out procedures. Amended Complaint, at ¶¶ 1-336, ECF No. 121, and Fourth Declaration of Douglas J. Nill, Ex. 1-60, ECF No. 153-(1)-(4).

The Court violated fiduciary obligations to Farmers in the Syngenta MDL by allowing Defendants to automatically opt-out Farmers from the MDL class proceedings through joint prosecution agreements and not rejecting the agreements as collusion and an exchange of money and favors at the expense of absent class members. *Id.*

Defendants used the joint prosecution agreements to mislead the Court, through

12

material misrepresentations and omissions, that Defendants had satisfied their fiduciary and ethical obligations by procuring informed consent from individual Farmers to be automatically excluded from the MDL class proceedings. *Id*. Such conduct was a fraud upon the court and an obstruction of justice. *See, e.g*., Amended Complaint at ¶¶ 203-32 and 421 (Respondents violated their fiduciary obligations to Farmers "by *misleading the class action courts* to allow Respondents to automatically exclude Farmers from the MDL and Minnesota class actions, thereby depriving Farmers of due process and the opportunity to exercise their individual right to be part of the class or opt-out of it.") (emphasis added).

Constitutional due process and the mandates of 28 U.S.C. § 455 respectfully compel the Court to recuse. The Supreme Court recently recognized that there is "an impermissible risk of actual bias when a judge earlier had significant, personal involvement as a prosecutor in a critical decision regarding the defendant's case." *Williams v. Pennsylvania*, 579 U.S. ___, ___ (2016) (slip op., at ___). This due process standard applies with equal force in *Kellogg* because the Court will likely be called as a witness in *Kellogg* to testify about events personally involving the district court in critical decisions in the Syngenta MDL; that is whether Defendants misled the Court through the language in the joint prosecution agreements and statements to exclude Farmers from the Syngenta MDL class proceedings in disregard of Rule 23 protections for absent class members and Farmers' due process rights. The test for recusal or disqualification is not

whether the Court harbors an actual bias but whether, as an objective matter, there is an unconstitutional potential for bias. *See Williams*, 579 U.S. at ___ (slip op., at 6). The Court is conflicted and the likelihood of bias "'is too high to be constitutionally tolerable.'" *Caperton*, 556 U.S. at 872 (quoting *Withrow*, 421 U.S. 35); *see, e.g., In re Murchison*, 349 U.S. at 136 (court cannot question a witness in a grand jury proceeding and then preside over a contempt hearing that arose out of the grand jury proceeding); *Goldberg*, 397 U.S. at 271 (assigned judicial officer should not have participated in making the underlying determination under review).

Professor Richard W. Painter, the chief ethics counsel for President George W. Bush and the White House staff from 2005-2007, addresses whether the Court should recuse as the judicial officer assigned to the *Kellogg* lawsuit in the *Expert Report Of Richard Painter*,[2] Feb. 1, 2020, at ¶ 19:

> 19.   The issue presented at this time, and the issue upon which I am opining in this report, is whether Judge Lungstrum should have this case on his docket

---

[2]. The *Expert Report Of Richard Painter*, ECF No. 279-2 (Ex. 73) is attached and incorporated into this memorandum by reference. Professor Painter initially notes in his report, at ¶ 17 (emphasis added): "Breach of fiduciary duty and fraud claims against lawyers are not routinely sent to the same judge who heard the underlying case … I have been an expert witness in at least a dozen cases brought by clients against their own lawyers and *I do not recall one* that was assigned to the same judge that heard the underlying case in which the lawyers represented the client." This observation by Professor Painter fairly raises the question as to why the Court does not simply recuse and suggest to the MDL Panel to return *Kellogg* to Minnesota. The claims in *Kellogg* mostly involve Minnesota law and the Honorable Donovan W. Frank, Senior U.S. District Judge for the District of Minnesota, is assigned to *Kellogg* in the District of Minnesota where *Kellogg* was filed.

now, and with it the power to make procedural and substantive rulings that could prevent this case from ever reaching a different judge and a jury in Minnesota. For the reasons explained below, my opinion is that he should not, and that for Judge Lungstrum to participate in this case would present a serious impediment to the due process that plaintiffs are entitled to.

Professor Painter identifies the "untenable" conflict of interest for the Court and the "serious violation of due process" for Farmers in his Expert Report at ¶ 39:

39. Regardless of how this plays out – which will only become clear as facts are established at trial – this is an untenable situation for the judge. He cannot without a disabling personal conflict of interest decide procedural or substantive issues in a case where a critically important underlying factual issue is whether the lawyers (i) lied to their clients but told the truth to the judge (himself), (ii) lied to their clients and to the judge, or (iii) told the truth to both their clients and to the judge. Of course, defendants want Judge Lungstrum, without examining the underlying facts, not to recuse from this case and to make determination (iii) and dismiss all or most of this case. But I am not aware of evidence in the record that would support determination (iii) – that the defendant lawyers were honest with both their clients and the court. Such a determination – made by a Judge who faces a personal conflict of interest with respect to determinations (i) and (ii) – is a serious violation of due process.

Professor Painter addresses the "irrevocable" harm to Farmers' due process rights in his Expert Report at ¶¶ 46-47:

46. For these reasons Judge Lungstrum's participation in this case will destroy the due process rights of the parties. The damage will likely be irrevocable. I am not opining here on the validity of his rulings, but their impact on this case is substantial and irrevocable unless and until these rulings are reversed, which could take years.

47. And for practical purposes the passage of time will destroy the due process rights of the plaintiffs. This case is presently the basis for imposing a constructive trust upon the defendants' attorney fee awards from the Syngenta MDL Common Fund. The MDL Panel recognized this and held that the [district court] could create an escrow fund to retain the disputed

15

attorneys' fees until this case is resolved but the Transfer Order did not require such an escrow fund.  Once the Syngenta case is concluded and the funds are released to the attorneys, it will be extremely difficult to get the money back. Once the defendant lawyers obtain fees from the common fund – without a fair and impartial hearing of the claims in this case – it will be virtually impossible to get the money back.

Professor Painter concludes that the district court must recuse at ¶¶ 66-67:

66.     Judge Lungstrum is in a bind in this case: he has three alternatives:  (i) throw himself under the bus (for breaching his fiduciary duty to the plaintiffs as part of the class); (ii) throw the lawyers under the bus (for lying to him); or (iii) throw the plaintiffs in this case out of court. Judge Lungstrum should not allow himself to be put in this position.

67.     Due process considerations require that Judge Lungstrum recuse.

The Court's March 1, May 21, August 13 and December 18 decisions to "throw [Farmers] out of court" are a manifest disregard of the facts in the *Kellogg* complaint and amended complaint and Article III standing and common fund jurisprudence. The decisions violate the separation of powers doctrine of constitutional law which requires federal judges to apply federal statutes, like the declaratory judgment and racketeering statutes, intended by Congress to provide redress for injured parties with claims like the *Kellogg, et al*. named and putative class plaintiffs that plainly fall within the rubric of the statutes. *Bolden*, 353 F.3d at 878 ("The interests protected by the doctrine simply will not abate during the possibly lengthy resolution of this matter, and appellate vindication cannot undo such an invasion of [Legislative Branch] authority."). The decisions violate the *Erie* doctrine, 304 U.S. 64, which mandates that a federal judge must apply state substantive law and acknowledge state court precedent for that law. The decisions

16

destroy Farmers' substantive and procedural due process rights to proceed with their federal and Minnesota claims – a "chose[s] in action" property interest – to protect and preserve their property interest in the Syngenta MDL common fund. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 807 (1985) ("[A] chose in action is a constitutionally recognized property interest … ."); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) (class action common fund is the property of the class).

The decisions to "throw [Farmers] out of court" have irrevocably destroyed Farmers' due process rights to proceed with their federal and Minnesota claims before an impartial judge to protect and preserve their property interest in the Syngenta MDL common fund. Constitutional due process and the mandates of 28 U.S.C. § 455 require that the Court recuse and vacate the Court's decisions and suggest to the MDL Panel that *Kellogg* should be remanded to the District of Minnesota for a "significant change in circumstances" and good cause. *See* MDL Panel order, Oct. 3, 2018, at p. 1 (acknowledging Panel will reconsider transfer orders "upon a showing of a significant change in circumstances" such as a "change in facts or other developments that would merit reconsideration.").

The allegations in the *Kellogg* lawsuit – a class action alleging a massive scheme of attorney deceit against 60,000 clients and a fraud upon federal and state courts in furtherance of the scheme – go to the integrity of the judiciary and the foundation of our system of government. The Court is conflicted and the *Kellogg* litigation is in the early

17

stages and discovery has not commenced. Farmers should not have to incur "the time and expense to pursue [*Kellogg*] to completion, only to have the appellate court rule that the case must begin anew … [t]hus the safest course is to vacate [the Court's] substantive orders because 'justice must satisfy the appearance of justice.'" *Demodulation, Inc., v. United States*, No. 11-236C, slip op. at p. 3 (Fed. Cl. Feb. 10, 2014) (quoting *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988).

## II.    CONCLUSION.

Farmers respectfully request that the Court deny Defendants' motion for sanctions. The Court should recognize that Farmers' appeal, 20-3006, transferred jurisdiction over all aspects of *Kellogg* to the Tenth Circuit. The Court should stay all proceedings in the district court pending resolution of Farmers' appeal by the Tenth Circuit. The Court should cancel the February 25 scheduling conference and allow the appeal process to run its course. If the Court has any doubt about the transfer of jurisdiction, and there should be none, then the Court should at least consider the suggestion of the Tenth Circuit in *Arthur Anderson*, 546 F.2d at 340-41, and "decline to act further until disposition of the appeal" by the Tenth Circuit.

Dated: February 18, 2020

Respectfully submitted,

By: /s/ Douglas J. Nill
Douglas J. Nill (MN #0194876)

DOUGLAS J. NILL, PLLC
d/b/a FARMLAW
2050 Canadian Pacific Plaza

120 South Sixth Street
Minneapolis, MN  55402-1801
(612) 573-3669
dnill@farmlaw.com

Counsel for Plaintiffs and Proposed
Class of Farmers