UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: SYNGENTA AG MIR162 CORN LITIGATION<br><br>This document relates to:<br><br>*Kenneth P. Kellogg, et al. v. Watts Guerra LLP, et al.*,<br>Case No. 18-cv-2408-JWL-JPO | MDL No. 2591<br><br>Case No. 14-md-02591-JWL-JPO |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
CLASS PLAINTIFFS' MEMORANDUM IN SUPPORT OF
RULE 60 MOTION TO RECUSE**
_____

**INTRODUCTION**

Plaintiffs' motion for recusal is twice raised and twice denied—and properly so. Under the law of the case doctrine Plaintiffs are precluded from raising the issue yet again. Time-barred from invoking D. Kan. R. 7.3(b) or Fed. R. Civ. P. 59, Plaintiffs attempt to avoid that conclusion by filing under Fed. R. Civ. P. 60—but they neither acknowledge the requirements of that rule nor connect their arguments thereto. And while the Affidavit of Richard W. Painter is newly filed, the legal conclusions expressed in Painter's affidavit are not admissible, Painter's opinions on the law as applied to this case are not evidence, and Plaintiffs do not even attempt to claim Painter's opinions were newly discovered. Having failed to present evidence or authority that is new or meaningful—much less unavailable to Plaintiffs when their earlier motions were denied—there is no basis for relief under Rule 60. Plaintiffs rehash of their earlier attempts at recusal should be denied.

## **ARGUMENT**

### **I. NONE OF THE ARGUMENTS PLAINTIFFS RAISE MERIT RECUSAL**

Although the Court can and should deny Plaintiffs' motion on procedural grounds (as detailed below), we begin with the merits. Plaintiffs again claim Judge Lungstrum should recuse under 28 U.S.C. § 455 and they therefore bear the "heavy burden of showing the requisite judicial bias or misconduct[.]" *Burke v. Regalado*, 935 F.3d 960, 1054 (10th Cir. 2019) (citing *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005)). "Relevant facts must support the moving party's belief that the judge is biased." *Burke*, 935 F.3d at 1054 (citing *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006)). "The Tenth Circuit has cautioned that '[t]he recusal statute should not be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice.'" *McIntyre v. Unified Gov't of Wyandotte Cty. & Kansas City, Kansas*, No. 18-CV-02545-JAR-KGG, 2019 WL 2207953, at *1 (D. Kan. May 22, 2019) (quoting *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002)).

Plaintiffs' baseless recusal demands were rejected months ago. In its August 2019 decision, the Court noted section 455 "does not apply to knowledge obtained in the course of related judicial proceedings[]" and that "[b]ecause the *Syngenta* litigation is a related proceeding, the Court cannot be a witness in this way, and there is no conflict requiring recusal." *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, 2019 WL 3801719, at *7 (D. Kan. Aug. 13, 2019) (citing *United States v. Page*, 828 F.2d 1476, 1481 (10th Cir. 1987)). Plaintiffs offer no response to this well-settled application of section

455. Any knowledge Judge Lungstrum acquired while presiding over the *Syngenta* litigation simply does not and cannot form the basis for recusal.

The Court also rejected Plaintiffs' bias argument: "Plaintiffs suggest an appearance of bias, but they have identified no basis for that suggestion other than the fact that the Court has issued rulings with which they disagree." *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, 2019 WL 6894675, at *6 (D. Kan. Dec. 18, 2019). Plaintiffs' claim of bias is further undermined by the fact the Court "reconsidered its original standing ruling and revived plaintiffs' state-law claims." *Id.*, at *6, n.4. Again, Plaintiffs' latest plea for recusal is silent as to the rationale the Court relied on in denying their previous requests. That rationale was correct before, and Plaintiffs have not even tried to explain otherwise.[1]

---

[1] Plaintiffs' repeated reliance on *Williams v. Pennsylvania* is also misplaced. (Doc. No. 279 at 4 (citing *Williams*, ––– U.S. –––, 136 S. Ct. 1899, 1905, 195 L.Ed.2d 132 (2016)). *Williams* stands for the proposition that "there is an impermissible risk of actual bias when a judge earlier had significant, personal involvement *as a prosecutor* in a critical decision regarding the defendant's case." *Id.*, 136 S. Ct. at 1905 (emphasis added). In *Williams* "a justice of the Pennsylvania Supreme Court, which was deciding whether to stay an inmate's execution, had been the district attorney who authorized his subordinates to seek the death penalty against the inmate." *Burke*, 935 F.3d at 1057, n.95 (distinguishing *Williams*). Although Plaintiffs at one point say that "[t]he Court violated fiduciary obligations to Farmers in the Syngenta MDL…" (Doc. No. 279, p.3), that accusation is reckless, improper, and made without basis; the very sort of "unsubstantiated suggestions of personal bias or prejudice" condemned by the Tenth Circuit. *Bryce*, 289 F.3d at 659. Further, though it is false, Plaintiffs' central factual contention is that *Defendants* behaved improperly, not the Court. (See *id.* at 3–4). In short, there is no serious argument that Judge Lungstrum had personal involvement in any prior proceeding in which he was advocating against the *Kellogg* Plaintiffs or their counsel. *Williams* is inapposite.

Richard W. Painter's affidavit does not refute either of the Courts' bases for denying Plaintiffs' earlier requests for recusal. If anything, Painter *agrees* that Judge Lungstrum's knowledge of the *Syngenta* litigation is *not* a proper basis for recusal: "The judge's knowledge of facts or of the parties from a previous case does not create an appearance of bias or another conflict preventing the judge from being impartial in the new case." (Doc. No. 279-2, ¶ 20). Painter's affidavit confirms that recusal under section 455 is simply not warranted.

Incredibly though, Painter agrees with Plaintiffs that Judge Lungstrum could be called as a witness at trial. (Doc. No. 279-2, at ¶ 43). Even apart from the fact that—as the Court has already ruled (twice)—"the Court cannot be a witness in this way" (*Kellogg,* 2019 WL 3801719, at *7; *Kellogg,* 2019 WL 6894675, at *6), Plaintiffs' contention makes no sense. As Plaintiffs tell it, Defendants failed to obtain informed consent from their clients before arranging for those clients to be opted-out of proposed classes in the *Syngenta* litigation. (See Doc. No. 279 at 2, 4). This is the one (and only) theory of liability that has survived motions to dismiss—a supposed breach of loyalty related to Defendants' litigation strategy of pursuing a mass of individual actions in parallel with class proceedings.[2] And it necessarily turns on communications, understandings, and

---

[2] To be clear, not only did Defendants' litigation strategy succeed—to the tune of a $1.51 billion global settlement of the combined mass and class components of the *Syngenta* litigation—but Plaintiffs' breach-of-loyalty allegations are false, which Defendants will prove as a matter of fact, if necessary, in due course.

agreements between each Defendant and its clients—not what Defendants may or may not have told the Court.

Plaintiffs and Painter also stake out the possibility that Defendants "lied to their clients but told the truth to the judge (himself)." (See *id.*; see also Doc. No. 279-2, at ¶ 43). That did not happen, but it is also absurd. No lawyer would act that way, and if Defendants had done so here, neither this Court nor Judge Sipkins in Minnesota would have stood for it. Plaintiffs cannot obtain recusal by making highly improbable, entirely unfounded allegations of what would be *extraordinary* judicial misconduct. Moreover, even if it had happened, it would be apropos of nothing; Watts Guerra, at least, is aware of no basis for an argument that disclosure to a court will sanitize lies to a client. (Accord Doc. No. 279-2, ¶ 44 (Painter: "I do not opine on the legal validity of such an argument.")).[3]

Equally without basis are Plaintiffs' allegations of bias. To disqualify a judge "there must be demonstrated bias and prejudice of the judge arising from an extrajudicial source which renders his trial participation unfair in that it results in an opinion formed ... on some basis other than that learned from his participation in the case." *United States v. Bray*, 546 F.2d 851, 859 (10th Cir. 1976) (quotation and citation omitted). The mere fact Judge Lungstrum has dismissed all but one of Plaintiffs' claims yields zero basis for

---

[3] Further, as Plaintiffs and Painter should know, the exclusion of clients represented by Defendants and other retained counsel was not imposed by the Court, but rather was part of the class definition *proposed by class counsel*. (See, *e.g.*, Mem. & Order, Doc. No. 2547 at 3, Doc. No. 2:14-md-02591-JWL-JPO (entered Sept. 26, 2016) ("In their motion for certification, plaintiffs have further modified the class definitions … by excluding all producers who filed suit in Minnesota state court on or before June 15, 2016, and who are represented by attorneys who executed a joint prosecution agreement with plaintiffs' co-lead counsel.")).

disqualification. *United States v. Bray*, 546 F.2d at 857 ("Adverse rulings by a judge in a case are not grounds for disqualification.").

Plaintiffs have no evidence of actual bias or prejudice and this, too, is confirmed in Painter's affidavit: "I *assume* for purposes of this opinion that the factual allegations in the plaintiffs' complaint and amended complaint are true." (Doc. No. 279-2, ¶ 4) (emphasis added). Nor does Painter claim that Judge Lungstrum has an *actual* conflict of interest—he merely equivocates as to the circumstances under which Judge Lungstrum (at least in Painter's opinion) *might* be conflicted. (Doc. No. 279-2, ¶ 37 ("If he knew the truth … If he did not know the truth….")).

Finally, if the Court is inclined to consider the legal conclusions expressed in Painter's affidavit—fueled as he admits by little more than an assumption as to the veracity of Plaintiffs' allegations, apparently including allegations that have been dismissed and allegations which are contrary to the public record of the *Syngenta* proceedings—then Defendants request leave to depose Mr. Painter and an opportunity to submit affidavits from qualified experts to refute Painter's ill-informed conclusions, before the Court makes a final decision on recusal. Defendants respectfully submit, however, that this should not be necessary—both because the motion is devoid of merit and should be denied for the reasons given above, and because Plaintiffs have cabined their motion under Fed. R. Civ. P. 60 without addressing, much less satisfying, the requirements of that Rule. As demonstrated below, that disconnect is fatal to Plaintiffs' motion.

## II. PLAINTIFFS' MOTION IS PRECLUDED BY THE LAW OF THE CASE DOCTRINE AND UNTIMELY

"The law of the case doctrine provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Dobbs v. Anthem Blue Cross & Blue Shield*, 600 F.3d 1275, 1279 (10th Cir. 2010). Plaintiffs' request for recusal has already been denied—twice. See *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, 2019 WL 6894675, at *6 (D. Kan. Dec. 18, 2019) ("[T]he Court does not agree that there is an objective appearance of impermissible bias here, and it therefore declines to recuse. Plaintiffs' motion is denied as it relates to this request."); *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, 2019 WL 3801719, at *7 (D. Kan. Aug. 13, 2019) ("Thus, there is no basis for recusal here, and therefore no basis for suggestion of remand. Accordingly, the Court denies this motion in its entirety."). The denial of Plaintiffs' motion to recuse is now the law of this case. Plaintiffs advance no argument warranting a departure from this well-settled doctrine. Indeed, Plaintiffs' motion is written as if the Court's denials of Plaintiffs' two prior recusal motions never occurred. (Doc. No. 279). For that reason alone, Plaintiffs' third motion for recusal should be denied.

Further, because this Court *declined* recusal, the orders at issue are properly categorized as non-dispositive—and challenges to non-dispositive rulings are governed by D. Kan. R. 7.3(b). Cf. *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, 2019 WL 6894675, at *2 (D. Kan. Dec. 18, 2019) (Rule 7.3(b) governs motions directed to "rulings in which the Court declined to dismiss claims," which are "non-dispositive").

Rule 7.3(b) requires, among other things, a motion filed within 14 days. Here, the Court's last ruling on recusal was entered December 18, 2019, while the motion at bar was not filed until February 12, 2020—nearly two months later.[4]

### III.  RULE 60(a) IS CONFINED TO CLERICAL ERRORS AND INADVERTENT MISTAKES, AND PLAINTIFFS DO NOT CONTEND ANY SUCH ERRORS OR MISTAKES WERE MADE

Rule 60(a) is reserved for correcting clerical errors or inadvertent mistakes. *Velasquez v. Utah*, 775 F. App'x 420, 422 n.1 (10th Cir.), cert. denied, 140 S. Ct. 615 (2019) (citations omitted). "[I]n order for an error to be clerical, there must be some inconsistency between what was expressed during the proceedings and what the judgment reflects." *Hansen v. Salt Lake City Corp.*, 764 F. App'x 770, 773–74 (10th Cir.), cert. denied, 140 S. Ct. 442 (2019) (quoting *United States v. Cotton*, 235 F. Supp. 2d 989, 990 (E.D. Wisc. 2002) (additional internal citation omitted)). Here, no final nor partial judgment has been entered with respect to the dismissal of Plaintiffs' claims. Plaintiffs do not claim there was an inconsistency between what was expressed during the proceedings and the various orders with which they disagree. (Doc. Nos. 168, 169, 196, 213, 245). Nor could Plaintiffs be heard to complain of any such inconsistencies, inasmuch as there have been no hearings

---

[4] In the alternative, if denial of recusal is a "dispositive" ruling then, as this Court has previously explained, "D. Kan. R. 7.3(a) demands that a motion for reconsideration of such a ruling be brought under Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60 (whether or not a judgment has been issued)," and "[t]he Tenth Circuit has instructed that the timing of the motion for reconsideration effectively determines the applicable rule." *Kellogg*, 2019 WL 6894675, at *2. Here, as Plaintiffs concede by their exclusive reliance on Rule 60, they failed to file their motion within the twenty-eight (28) days required by Rule 59. And as shown below, there is no basis for relief under Rule 60.

or other proceedings before the Court which could have fostered an inconsistency in the challenged orders. (*Id.*).  Rule 60(a) provides zero basis for recusal.

While Plaintiffs continue to argue the Court made errors of law in dismissing all but one of their claims, Rule 60(a) affords no basis for relief on those grounds.  Quite simply, Rule 60(a) does not extend to modifications based on "mistake[s] of law." *Weeks v. Jones*, 100 F.3d 124, 129 (11th Cir. 1996) (citation omitted). "It also does not allow alterations of 'missteps involving substantive legal reasoning.'" *Hecht v. Internal Revenue Serv.*, No. 17-4118-DDC-TJJ, 2018 WL 4520878, at *1 (D. Kan. Aug. 31, 2018), (quoting *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 194 (5th Cir. 2011)).  To the extent Plaintiffs contend the Court's rulings were somehow tainted by bias, conflict of interest or any of their other imagined wrongs, Rule 60(a) is not the vehicle to address them.

Finally, we note that any changes to a judgment or order made under Rule 60(a) "should require no additional proof." *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989); *Trujillo v. Longhorn Mfg. Co., Inc.*, 694 F.2d 221, 226 (10th Cir. 1982).  Plaintiffs' recusal arguments hinge on unsubstantiated allegations in the Amended Complaint—the proof of which is necessary to establish liability under their lone remaining claim for breach of fiduciary duty.  Richard W. Painter admits as much in his affidavit: "I assume for purposes of this opinion that the factual allegations in the plaintiffs' complaint and amended complaint are true." (Doc. No, 279-2, ¶ 4).  As the allegations referenced in Painter's affidavit remain unproven there is no basis for relief under Rule 60(a).

## IV. RULE 60(b) DOES NOT APPLY TO PLAINTIFFS' ATTEMPT TO REHASH THEIR TWICE-DENIED MOTION FOR RECUSAL

Plaintiffs' reliance on Rule 60(b) is equally misplaced. "Rule 60(b) relief 'is extraordinary and may only be granted in exceptional circumstances.'" *Zurich North Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)). The purpose of Rule 60(b) is not to allow the court to revisit issues it has already addressed in the underlying order. *Palmer v. McKune*, No. 07–3007–SAC, 2008 WL 2051096, at *3 (D. Kan. May 13, 2008) (citation omitted). Rule 60(b) is not a means for the losing party to "advance new arguments or supporting facts which were otherwise available for presentation" in the underlying proceedings. *Id.* "Arguments that the court misapplied the law or misunderstood a party's position are properly brought under Rule 59(e), but do not justify relief under Rule 60(b)." *Rojas v. Am. Postal Workers Union*, No. 94–1083–JTM, 1998 WL 288665, at *1 (D.Kan. May 5, 1998) (citation omitted).

Other than submitting an affidavit from Richard Painter Plaintiffs offer nothing more than the same arguments the Court has twice rejected: that Judge Lungstrum should recuse under 28 U.S.C. § 455, that the Court is conflicted under Fed. R. Civ. P. 23, and that the Court's rulings dismissing most of Plaintiffs' claims somehow deprived Plaintiffs of the "chose in action." (Doc. No. 279). Plaintiffs do not acknowledge the prerequisites to securing relief under the sections of Rule 60(b) invoked in their motion, nor do Plaintiffs connect any of their arguments to those prerequisites. That is reason enough to deny the motion. See, e.g., *Ross v. Jenkins*, No. 17-2547-DDC-TJJ, 2018 WL 4749375, at *4 (D.

Kan. Oct. 2, 2018) ("Although Mr. Jenkins includes several affidavits with his motion, he has not connected the affidavits and the requisite Rule 60(b)(2) elements. Specifically, Mr. Jenkins never explains how this evidence is 'newly discovered.' Mr. Jenkins may not properly invoke this aspect of Rule 60.").

### A. Plaintiffs May Not Invoke Rule 60(b)(1) Because the Court's Rulings Were Not the Product of Mistake, Inadvertence, or Excusable Neglect

Rule 60(b)(1) provides for relief from an order due to "mistake, inadvertence, surprise, or excusable neglect." *Id.* Plaintiffs do not argue the rulings with which they disagree were the product of inadvertence, surprise or excusable neglect. And to the extent Plaintiffs' contend the Court made a "mistake" none of the arguments Plaintiffs raise isolates the type of mistake the rule is intended to remedy.

The "mistake" covered by Rule 60(b)(1) provides relief in only two instances: (1) the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order. *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999); *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996). Relief due to "excusable litigation mistake" is reserved for parties whose rights have been negatively affected by their own counsel. See *Jennings v. Rivers*, 394 F.3d 850, 856–57 (10th Cir. 2005) ("[R]elief from judgment based on attorney mistake" is properly addressed under Rule 60(b)(1)"); *Yapp*, 186 F.3d at 1231 (noting that an "excusable litigation mistake" is one that a party "could not have protected against, such as counsel acting without

authority."). Plaintiffs make no claim that they or their counsel made an excusable litigation mistake.

Relief due to a "substantive mistake of law or fact" under Rule 60(b)(1) is only available where the court has committed "obvious errors of law" which are "apparent on the record." *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991). "To constitute plain error, the district court's mistake must have been both obvious and substantial." *Camfield v. City of Oklahoma City*, 248 F.3d 1214, 1233 (10th Cir. 2001) (internal quotations and citations omitted). As with their two prior motions for recusal, Plaintiffs do not identify an error of law—much less an obvious one—they simply disagree with the Court's rulings. See, e.g., *In re Syngenta AG MIR 162 Corn Litig.*, 2019 WL 6894675, at *7 ("Plaintiffs suggest an appearance of bias, but they have identified no basis for that suggestion other than the fact that the Court has issued rulings with which they disagree."). Indeed, the word "mistake" appears nowhere in Plaintiffs' motion. (Doc. No. 279).

Moreover, the errors identified in Plaintiffs' motion—*i.e.*, supposed bias, conflict of interest and breach of fiduciary duty—are directed solely at Judge Lungstrum. (Doc. No. 279, p. 3 ("The Court is conflicted and a material witness in Kellogg to Defendants' fraud upon the court in the Syngenta MDL.")). None of the concerns Plaintiffs raise can reasonably be interpreted as constituting an "obvious and substantial" error in this Court's *application of the law*. Rule 60(b)(1) does not apply.

### B. Rule 60(b)(2) Does Not Apply Because Plaintiffs Offer No Newly Discovered Evidence

Rule 60(b)(2) provides relief due to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." *Id.* "Rule 60(b)(2) motions are not favored." *Am. Plastic Equip., Inc. v. Toytrackerz, LLC*, No. CIV.A. 07-2253-DJW, 2010 WL 1284471, at *7 (D. Kan. Mar. 31, 2010). The only new "evidence" Plaintiffs point to is the affidavit of Richard W. Painter, which is neither evidence, admissible, or newly discovered.

*First*, the legal conclusions expressed in Painter's affidavit are not admissible evidence supporting recusal. That is fatal to Plaintiffs' motion. See *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1118 (10th Cir. 2013) ("Newly discovered evidence must be *admissible* evidence to support relief under Rule 59 or 60(b)(2).") (emphasis as in original); *id.* at 1118 ("[L]earning of a new legal theory is not the discovery of new evidence[.]"). Painter opines that Judge Lungstrum should recuse due to bias, that Judge Lungstrum violated the Court's fiduciary duty to the Syngenta class members under Fed. R. Civ. P. 23, and that Judge Lungstrum violated the *Kellogg* Plaintiffs' due process rights due to a "disabling personal conflict of interest," (Doc. No. 279-2, ¶¶ 5, 37, 39, 40, 64, 67). But it is well settled that an expert "may not apply the law to the facts of the case to form legal conclusions." *Hartzler v. Wiley*, 277 F. Supp. 2d 1114, 1117–18 (D. Kan. 2003) (citing *A.E. v. Indep. Sch. Dist. No. 25*, 936 F.2d 472, 476 (10th Cir. 1991)). Nor may an expert opine about legal standards or apply the facts to the law to assert a legal conclusion. *Okland Oil Co. v. Conoco Inc.*, 144 F.3d 1308, 1328 (10th Cir. 1998); see also *Fiataruolo v. United States*, 8 F.3d 930,

941–42 (2d Cir. 1993) (Federal Rules were "not intended to allow experts to offer opinions embodying legal conclusions.").

Painter's affidavit cannot reasonably be interpreted as expressing anything more than legal conclusions. The excerpts from Painter's affidavit quoted in Plaintiffs' motion confirm this.  Painter opines that Judge Lungstrum: should not have this case on his docket and that doing so "would present a serious impediment to the due process that plaintiffs are entitled to" (Doc. No. 279, p. 5 (citing Doc. No. 279-2, ¶ 19)); "cannot without a disabling personal conflict of interest decide procedural or substantive issues in a case[]" (*id.*, ¶ 39); that "Judge Lungstrum's participation in this case will destroy the due process rights of the parties[]" (*id.*, ¶ 46; *id.*, ¶ 47 (same)); and that Judge Lungstrum "breach[ed] his fiduciary duty to the plaintiffs as part of the class[.]" (*Id.*, ¶ 66).  Those are inadmissible legal conclusions Painter reached by applying the law to the allegations in the Amended Complaint. (Doc. No. 279-2, ¶¶ 4, 37 ("…the judge violated his fiduciary duty to these parties if he did not do something about it."), *id.*, ¶ 65); see also *A.E. By & Through Evans v. Indep. Sch. Dist. No. 25, of Adair Cty., Okl.*, 936 F.2d 472, 476 (10th Cir. 1991) (noting "an expert may not state legal conclusions drawn by applying the law to the facts.")).  Thus, even apart from the fact that they are unreliable and wrong, Painter's legal conclusions would not be admissible at trial and that is fatal to Plaintiffs' motion. See *F.D.I.C.*, supra, 741 F.3d at 1118.  That Painter opines about ethical duties and fiduciary obligations does not change the analysis.[5]

---

[5] See, e.g., *Client Funding Sols. Corp. v. Crim*, 943 F. Supp. 2d 849, 863–64 (N.D. Ill. 2013) ("The motion is therefore granted to the extent that Robinson may not testify that

*Second*, Painter's legal conclusions were not newly discovered. To be eligible for relief under Rule 60(b)(2) the moving party must show: "(1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence [was] not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a different result." *Zurich N. Am.*, 426 F.3d at 1290 (internal quotation marks and citation omitted). "If a party, through negligence or a tactical decision, fails to present evidence that was available, it may not find refuge under Rule 60(b)(2) by finding substantially similar evidence from a newly discovered source." *Lyons v. Jefferson Bank & Tr.*, 994 F.2d 716, 728 (10th Cir. 1993). The required showing is the same whether a party seeks a new trial or relief from a judgment or order. *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011) (citation omitted).

Plaintiffs do not even attempt to claim they were diligent in seeking an affidavit from Richard W. Painter in connection with their two prior, unsuccessful motions for recusal. Nor do Plaintiffs make any showing they "discovered" Richard W. Painter—a University of Minnesota Law School professor whose office is located less than two miles from Plaintiffs' counsel's office in Minneapolis—only after their previous recusal motions

---

any conduct by VLG or Peter Vrdolyak constituted a breach of fiduciary duty."); *Tockstein v. Spoeneman*, No. 4:07CV00020 ERW, 2009 WL 2143762, at *2 (E.D. Mo. July 14, 2009) ("Finally, Professor Dennis Tuchler states that he believes 'that the contract in this case was entered into in violation' of Missouri ethics rules. 'When expert opinions are little more than legal conclusions,' there is no abuse of discretion in excluding such statements.") (citing *In re Acceptance Insurance Companies Securities Litigation*, 423 F.3d 899, 905 (8th Cir. 2005)).

were denied. See *Harris v. Illinois–California Exp., Inc.*, 687 F.2d 1361, 1375 (10th Cir.1982) (district court properly denied motion for new trial based on "newly discovered evidence" that "was in existence many months prior to trial."). Having failed to make the showing that Rule 60(b)(2) requires, Plaintiffs are not entitled to recusal of Judge Lungstrum.

### C. Rule 60(b)(3) Does Not Apply Because Defendants Did Not Commit— Nor are They Alleged to Have Committed—Fraud, Misrepresentation or Misconduct Within the Confines of This Case

"By its terms, Rule 60(b)(3) deals with 'fraud ..., misrepresentation, or misconduct by an adverse party[.]'" *Zurich N. Am.*, 426 F.3d at 1290. Plaintiffs contend that Defendants committed "fraud upon the court *in the Syngenta MDL*." (Doc. No. 279, p. 3 (emphasis added)). That is not the sort of fraud that justifies relief under Rule 60(b)(3). See, e.g., *Richards v. Stevens*, 299 F. App'x 579, 581 (7th Cir. 2008) ("But Richards misunderstands [Rule 60(b)(3)], because the fraud he describes had nothing to do with the district court's decision to dismiss his complaint."); see also *Zurich N. Am.*, 426 F.3d at 1290 (noting that for Rule 60(b)(3) to apply "the challenged behavior must substantially have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial.").

The law of the case doctrine is an independent but equally compelling reason to deny relief under Rule 60(b)(3). The Court previously dismissed all of Plaintiffs' fraud and fraud-based claims. See *Kellogg*, 2019 WL 3801719, at *2-3; *Kellogg*, 2019 WL 6894675, at *3. Those rulings are the law of this case and preclude a finding that *Defendants* engaged in fraud or made actionable misrepresentations. Thus, even if fraud in the underlying

litigation—which is all these Plaintiffs allege—was sufficient to justify relief under Rule 60(b)(3) the Court's earlier rulings preclude that finding.

Also fatal is the fact that proving an intent to defraud is an "absolute prerequisite" to a finding of fraud. *Zurich N. Am.* at 1291 (citing *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995)). While Plaintiffs falsely allege that Defendants committed fraud in the underling Syngenta MDL none of those allegations have been proven—which as just noted, Richard Painter acknowledges. (Doc. No. 279-2, ¶ 4). Thus, even if the law of the case doctrine did not apply, and even if the alleged fraud was committed within the litigation of the *Kellogg* case, Rule 60(b)(3) would not apply because the requisite intent has not been proven. Indeed, Plaintiffs' allegations of fraud have long-since been dismissed.

### D. Plaintiffs Make No Showing that *Kellogg* is the Kind of Extraordinary Case Justifying Relief Under Rule 60(b)(6)

Rule 60(b)(6) authorizes relief from a final judgment or order for any reason other than those specified in Rule 60(b)(1) through (b)(5). *Id.* Courts reserve Rule 60(b)(6) for extraordinary cases. *Klein v. U.S.*, 880 F.2d 250, 259 (10th Cir. 1989). The movant must show "'extraordinary circumstances that create a substantial danger that the underlying judgment was unjust.'" *U.S. v. 31.63 Acres of Land*, 840 F.2d 760, 761 (10th Cir. 1988) (citation omitted). Relief under Rule 60(b)(6) is typically warranted "[when] the judgment was obtained by the improper conduct of the party in whose favor it was rendered or the judgment resulted from the excusable default of the party against whom it was directed under circumstances going beyond the earlier clauses of the rule." *Varner v. Unified Sch.*

*Dist. No. 259*, No. 88-1126-SAC, 1993 WL 104915, at *2 (D. Kan. Mar. 5, 1993) (internal quotation marks and citation omitted).

Again, Plaintiffs do not contend *defense counsel* engaged in improper conduct which resulted in the orders Plaintiffs seek to overturn. Rather, Plaintiffs' criticism is confined to Judge Lungstrum. (Doc. Nos. 279, 279-2). Nor do Plaintiffs argue for a finding of excusable default with respect to their or their own counsel's conduct. The absence of those arguments confirms relief under Rule 60(b)(6) is not warranted. See *Ross v. Jenkins*, supra, 2018 WL 4749375, at *5 ("Mr. Jenkins never asserts that plaintiff engaged in any improper conduct or provides any excuse for his own default. The court declines to grant any relief under Rule 60(b)(6).").

## **CONCLUSION**

Plaintiffs' latest motion for recusal is based solely on Defendants' alleged misconduct in the underlying Syngenta MDL. That is what Plaintiffs allege in the Amended Complaint and those are the same allegations Richard Painter relied on to form the legal conclusions expressed in his affidavit. But critically absent from Plaintiffs' motion is evidence establishing grounds for relief due to anything that has happened within the confines of *this case*. Moreover, Plaintiffs completely ignore the well-established bases for relief under the sections of Rule 60 they invoke. Plaintiffs fall well short of meeting their burden under Rule 60 and their motion should therefore be denied.

Dated: 02/26/2020

Respectfully submitted,

/s/ Christopher L. Goodman
Christopher L. Goodman (MN #285626)
Thompson, Coe, Cousins & Irons, L.L.P.
408 St. Peter St #510
St. Paul, MN 55102
Phone: 651-389-5025
cgoodman@thompsoncoe.com

*Counsel for Defendants Watts Guerra LLP, Mikal C. Watts, and Francisco Guerra*

Richard A. Lind (MN #0063381)
João C.J.G. de Medeiros (MN #0390515)
Lind Jenson Sullivan & Peterson PA
901 Marquette Ave S
Minneapolis, MN 55402
Phone: 612-333-3637
rick.lind@lindjensen.com
joao.medeiros@lindjensen.com

*Counsel for Defendants Daniel M. Homolka, Law Office, Ltd. and Yira Law Office, Ltd.*

John M. Degnan (MN #21817)
Kathryn M. Short (MN #0393059)
Briggs and Morgan, P.A.
80 S 8th St #2200
Minneapolis, MN 55402
Phone: 612-977-8400
jdegnan@briggs.com
kshort@briggs.com

*Counsel for Defendants Hovland & Rasmus, PLCC, Dewald Deaver, P.C., LLO, Patton, Hoversten & Berg, P.A., and Wojtalewicz Law Firm, Ltd.*

Kelly A. Ricke (#16663)
Evans & Dixon, L.L.C.
10851 Mastin Blvd #900
Overland Park, KS 66210
Phone: 913-701-6810
kricke@evans-dixon.com

*Counsel For Defendant Pagel Weikum, P.L.L.P.*

Arthur G. Boylan
Anthony Ostlund Baer & Louwagie, P.A.
90 S 7th St #3600
Minneapolis, MN 55402
Phone: 612-349-6969
aboylan@anthonyostlund.com

*Attorney for Defendants Johnson Law Group, Law Office of Michael Miller, Mauro, Archer & Associates, LLC, VanDerGinst Law, PC, & Wagner Reese, LLP*

Matthew G. Koehler (MO #21758)
Steven H. Schwartz (MO #36436)
Teresa M. Young (MO #53427)
Brown & James, P.C.
800 Market St, 11th Fl
St. Louis, MO 63101-2501
Phone: 314-421-3400
mkoehler@bjpc.com
sschwartz@bjpc.com
tyoung@bjpc.com

*Attorneys for Defendant Lowe Eklund Wakefield Co., LPA*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on February 26, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Christopher L. Goodman