UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| KENNETH P. KELLOGG, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | Case No. 18-2408-JWL |
| WATTS GUERRA, LLP, et al., | ) | MDL 14-md-2591-JWL |
| Defendants. | ) | |

## ORDER

Defendants have filed a motion asking the court to sanction plaintiffs for their failure to comply with court orders and prosecute this case (ECF No. 280).[1] Defendants seek dismissal of plaintiffs' case with prejudice pursuant to Fed. R. Civ. P. 37(b) and 41(b). Although the court does not find the severe sanction of dismissal warranted (at least, not at this juncture), the court grants the motion and awards defendants their attorneys' fees and costs incurred as a result of plaintiffs' counsel's recalcitrance.

### I. Background

Plaintiffs filed this case on April 24, 2018, in the District of Minnesota. The Judicial Panel on Multidistrict Litigation ("JPML") transferred it to this court in August 2018.

---

[1] The motion was filed by counsel for defendants Daniel M. Homolka, P.A. and Yira Law Office, Ltd., ostensibly on behalf of all defendants. Other defendants later filed notices of joinder. *See* ECF Nos. 286, 288, 291, 292, and 295.

1

Since that time, plaintiffs have fought this court's jurisdiction and sought to have the case remanded to the District of Minnesota. To this end, plaintiffs moved for reconsideration of the JPML's transfer order,[2] filed a writ of mandamus in the Tenth Circuit challenging the JPML's transfer,[3] twice appealed (with multiple amendments to each appeal) orders of this court to the Tenth Circuit, challenging this court's jurisdiction,[4] and sought panel rehearing of the Tenth Circuit's order dismissing the first appeal.[5] After a year-and-a-half of trying, plaintiffs have been unsuccessful in their attempts to have the case remanded.

On January 14, 2020, the presiding U.S. District Judge, John W. Lungstrum, determined it was "time for this case to proceed" and denied plaintiffs' request to stay the case pending their planned second appeal to the Tenth Circuit.[6] He ordered the parties to meet and submit their Fed. R. Civ. P. 26(f) planning report by January 17, 2020.[7] On January 16, 2020, plaintiffs filed their second notice of appeal.[8] Thereafter, plaintiffs refused to meet for the planning conference, asserting the appeal divested the court of jurisdiction to proceed. Defendants filed a motion asking the court either to compel

---

[2] *See* ECF No. 91.

[3] *See* ECF Nos. 100, 118, 124.

[4] *See* ECF Nos. 174, 252.

[5] *See* Doc. 010110298148, Case No. 19-3066 (10th Cir. Jan. 31, 2020) (denying the petition).

[6] ECF No. 251 at 2.

[7] *Id.*

[8] ECF No. 252.

2

O:\14-MD-2591-JWL, Syngenta\18-2408-JWL-280.docx

plaintiffs' participation or to dismiss the case as a sanction for plaintiffs' failure to follow court orders.[9] On February 4, 2020, the undersigned U.S. Magistrate Judge, James P. O'Hara, granted defendants' motion, specifically holding this "court has not been divested of jurisdiction by either of plaintiffs' two notices of appeal."[10] The undersigned ordered the parties "to meet for an in-person planning conference on **February 11, 2020** (a date on which counsel for both sides [had] stated they [were] available)" and set the scheduling conference for February 25, 2020, at the courthouse.[11]

Plaintiffs' counsel did not appear at the planning conference. Defendants filed the instant motion for sanctions the following day. With their motion, defendants submitted a copy of a February 4, 2020 e-mail to plaintiffs' counsel confirming the location (a mere six minutes from plaintiffs' counsel's office), time, and call-in information for the planning conference.[12] It is not disputed that plaintiffs' counsel did not respond to the e-mail, attend the conference, or respond to defense counsel's attempts to reach him during the conference. Six attorneys representing various defendants appeared at the conference in person, and one appeared by telephone.[13] Two of the attorneys—Kelly A. Ricke and

---

[9] ECF Nos. 253, 254.

[10] ECF No. 268 at 8.

[11] *Id.* at 8-9 (emphasis in original).

[12] ECF No. 282-1.

[13] ECF No. 282-2.

3

O:\14-MD-2591-JWL, Syngenta\18-2408-JWL-280.docx

Teresa M. Young—traveled from out-of-state to attend the conference, incurring flight and hotel costs.[14]

## II. Sanctions

In response to the motion for sanctions, plaintiffs assert only that the motion must be denied because this court had no jurisdiction to issue the February 4, 2020 order mandating a planning conference.[15] Plaintiffs contend—*again*—that their January 16, 2020 appeal divested this court of jurisdiction. The undersigned already addressed and rejected that argument before ordering attendance at the planning conference in the February 4, 2020 order. Plaintiffs did not seek reconsideration or review of the order. Instead, plaintiffs brazenly ignored the order and effectively stopped this case from proceeding toward resolution. With no planning-meeting report submitted and faced with the likely possibility plaintiffs' counsel would fail to appear at the February 25, 2020 scheduling conference, the court canceled the scheduling conference.[16]

The question now is what should be done to sanction plaintiffs' past and continuing violations of the court's orders. As mentioned above, defendants assert dismissal is mandated by the present circumstances. The Federal Rules of Civil Procedure do permit dismissal as a sanction for a plaintiff's failure to prosecute a case, participate in discovery,

---

[14] ECF Nos. 283, 284.
[15] ECF No. 293 at 3.
[16] ECF No. 294.

4

or comply with court orders.[17] The Tenth Circuit has directed, however, that dismissal is a "severe sanction" that should only be used when lesser sanctions would be ineffective.[18] In other words, dismissal is a "weapon of last, rather than first, resort."[19]

In determining whether a plaintiff's failure to prosecute or comply with court orders warrants dismissal as a sanction, the court considers the five factors set out by the Tenth Circuit in *Ehrenhaus v. Reynolds*: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the plaintiff; (4) whether the court warned the plaintiff that noncompliance likely would result in dismissal; and (5) whether lesser sanctions would be appropriate and effective.[20] This list of factors

---

[17] *See, e.g.,* Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party . . . fails to obey a scheduling or other pretrial order."); Fed. R. Civ. P. 37(b)(2)(A)(v) ("If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following: . . . dismissing the action or proceeding in whole or in part."); Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

[18] *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (quoting *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993)); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

[19] *Meade v. Grubbs*, 941 F.2d 1512, 1520 n.6 (overruled in part on other grounds) (10th Cir. 1988); *see also Jones*, 996 F.2d at 264–65 (it was not until discovery deadlines had been continued seven times, plaintiffs continually failed to appear for depositions, and plaintiffs failed to pay attorneys' fees despite a court order, that case was dismissed).

[20] *Ecclesiastes*, 497 F.3d at 1143-44 (citing *Ehrenhaus*, 965 F.2d at 920–21).

5

is non-exhaustive, and the factors are not necessarily weighted equally.[21] Dismissal is warranted only when aggravating factors outweigh the judicial system's "strong predisposition to resolve cases on their merits."[22] As discussed below, after weighing the *Ehrenhaus* factors in whole, the court does not find the extreme sanction of dismissal warranted at this time.

The degree of actual prejudice to defendants. Turning to the first factor, defendants clearly have been prejudiced. They have had to devote significant resources, including time and attorneys' fees, in a case that has made little progress since it was filed two years ago. Defendants have incurred unnecessary expense by having to respond to arguments plaintiffs asserted a second time after the court rejected them. Defendants' counsel were forced to expend time and incur travel expenses to attend the in-person planning conference mandated by the court's February 4, 2020 order. Defendants have also incurred expenses in briefing their motion for sanctions. Finally, plaintiffs' failure to participate in drafting a planning-meeting report led the court to vacate the scheduling conference, thus delaying

---

[21] *Trevizo v. DG Retail, L.L.C.*, No. 14-1028, 2015 WL 134301 at *2 (D. Kan. Jan. 9, 2015) (citing *Anthony v. Alorica, Inc.*, Nos. 08-2437 & 08-2438, 2009 WL 4611456, at *5 (D. Kan. Dec. 4, 2009)).

[22] *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009) (quoting *Ehrenhaus*, 965 F.2d at 921); *see also Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007).

resolution of the case for defendant.[23] The first *Ehrenhaus* factor weighs in favor of dismissal.

The amount of interference with the judicial process. Plaintiffs' conduct also has interfered with the orderly and timely processing of this case, and led to otherwise unnecessary judicial intervention. The court has had to repeatedly address plaintiffs' refusal to recognize the court's jurisdiction, move this case forward, and participate in a planning conference. Raising the same arguments—for a different venue and decision maker—in multiple motions to this court and on appeal has delayed the start of discovery by almost two years. Likewise, plaintiffs' recent refusal to participate in a Rule 26(f) planning meeting, after the court twice addressed and rejected plaintiffs' request to stay the case instead, has delayed the setting of deadlines to move this case toward final resolution. Plaintiffs have "demonstrated time and again that [they have] no respect for the judicial process and continue[] to flout the court's authority."[24] This has "impact[ed] the court's ability to manage its docket and move forward with the case[] before it."[25] The second factor supports dismissal.

---

[23] *See Jones*, 996 F.2d at 264–65 (affirming dismissal of action in part because plaintiff's conduct, including failure to submit a proposed pretrial order, caused delay and increased attorneys' fees); *Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) ("[W]e have recognized prejudice from delay and mounting attorney's fees." (internal quotation and citation omitted)).

[24] *De Foe v. Sprint/United Mgmt. Co.*, 196 F.R.D. 392, 394 (D. Kan. 2000).

[25] *Davis*, 571 F.3d at 1062.

7

The culpability of the litigant.  Under the third factor, the court considers plaintiffs' culpability.  Plaintiffs are willfully refusing to participate in the litigation before this court.  They offer no excuse for ignoring court orders, other than to reassert their argument that this court has no jurisdiction to issue orders while their appeals are pending.  The court previously rejected plaintiffs' jurisdictional argument regarding their non-final appeals.  Plaintiffs therefore are culpable in deciding to defy the court's orders that the case proceed.  The court further faults plaintiffs' counsel for not informing defense counsel in advance that he would not attend the planning conference.  Had he extended that courtesy, defense counsel would not have spent time and resources to attend the conference.  Plaintiffs' culpability supports dismissal.

Whether the court warned the litigant that noncompliance would likely result in dismissal.  The court did not warn plaintiffs that the case would be dismissed if plaintiffs ignored the court's two orders to confer with defendants in developing a schedule for this case.  The court takes the opportunity now to warn plaintiffs that **future noncompliance with court orders or continued refusal to move forward with this case (which has not been stayed by either this court or the Tenth Circuit) likely will result in dismissal.**

Whether lesser sanctions would be appropriate and effective.  Although three of the *Ehrenhaus* factors support dismissing plaintiffs' remaining claim, the court finds the final factor the most significant in this case.  *Ehrenhaus* makes clear that before the court may

8

dismiss a case as a sanction, it must explain why lesser sanctions would be ineffective.[26] Defendants argue that plaintiffs' pattern of ignoring court orders indicates they will ignore any lesser sanction the court imposes today. But the court cannot say with a degree of certainty that a sanction short of dismissal would not spur plaintiffs to begin prosecuting this case in this court. "The Court has not imposed any previous sanctions upon plaintiff."[27]

Fed. R. Civ. P. 37(b) empowers the court to sanction litigants who fail to obey discovery orders. "When, as here, a litigant's conduct abuses the judicial process, imposition of sanctions in the form of an award of attorney fees and costs is a remedy provided for by law and within the inherent power of the court."[28] "Sanctions under Rule 37 are intended to ensure that a party does not benefit from its failure to comply, and to deter those who might be tempted to such conduct in the absence of such a deterrent."[29]

The court finds it just, for the reasons stated above, to impose monetary sanctions on plaintiffs based on their refusal to participate in the court-scheduled case-planning meeting. The court awards defendants their out-of-pocket expenses and attorneys' fees

---

[26] *Ehrenhaus*, 965 F.2d at 920, 922.

[27] *Leo v. Garmin Int'l.*, No. 09-2139, 2010 WL 1418586, at *5 (D. Kan. April 7, 2010) (declining to dismiss case as a sanction but upholding $2,000 sanction against a pro se plaintiff).

[28] *Beilue v. Int'l Bhd. of Teamsters, Local No. 492*, 13 F. App'x 810, 813 (10th Cir. 2001).

[29] *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 647 (D. Kan. 1999) (internal quotations and citation omitted).

incurred in attending the February 11, 2020 meeting. The court further awards defendants their attorneys' fees incurred in bringing the instant motion for sanctions.[30] By **March 10, 2020,** defense counsel shall file their travel receipts and detailed billing records that support such an award. Plaintiffs may then file a response to the fee submissions by **March 17, 2020**.[31]

### III. Resetting Deadlines

On February 18, 2020, the court vacated the scheduling-conference setting pending a ruling on the instant motion for sanctions.[32] Because the court has determined that the case will not presently be dismissed as a sanction, the case must be put back on the path toward trial. The court hereby orders the parties to meet for an in-person planning conference on a mutually agreeable date on or before **April 1, 2020.** They shall then submit their completed planning-meeting report to the chambers of the undersigned by **April 8, 2020**. **Plaintiffs are warned that if they again fail to attend the planning meeting or participate in submission of the planning-meeting report, the undersigned will recommend the presiding judge dismiss this case.**

---

[30] This includes time incurred in drafting ECF Nos. 280-284, 286-288, 291, 292, 295, and 297.

[31] The response may only address the fee submissions; it may not rehash the substance of defendants' motion for sanctions.

[32] ECF No. 294.

The scheduling conference is reset for **April 15, 2020, at 2:00 p.m.** in Courtroom 223 of the U.S. Courthouse at 500 State Avenue in Kansas City, Kansas.

IT IS THEREFORE ORDERED that defendants' motion for sanctions (ECF No. 280) is granted and monetary sanctions are awarded defendants in an amount later to be set by the court.

IT IS FURTHER ORDERED that the parties conduct a planning meeting by April 1, 2020, and submit their planning-meeting report to the chambers of the undersigned by April 8, 2020. The scheduling conference is reset for April 15, 2020, at 2:00 p.m.

Dated March 3, 2020, at Kansas City, Kansas.

  s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge