UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| Kenneth P. Kellogg, Rachel Kellogg and Kellogg Farms, Inc., Roland B. Bromley and Bromley Ranch, LLC, John F. Heitkamp, Dean Holtorf, Garth J. Kruger, Charles Blake Stringer and Stringer Farms, Inc., individually, and on behalf of all others similarly situated, | D. Kan. No. 18-cv-2408-JWL-JPO <br><br> Master File No. 2:14-md-2591-JWL-JPO <br><br> Syngenta MDL No. 2591 <br><br> D. Minn. No. 18-cv-1082-DWF-BRT |

Plaintiffs,

v.

Watts Guerra, LLP, Daniel M. Homolka, P.A., Yira Law Office LTD, Hovland and Rasmus, PLLC, Dewald Deaver, P.C., LLO, Mauro, Archer & Associates, LLC, Johnson Law Group, Wagner Reese, LLP, VanDerGinst Law, P.C., Patton, Hoversten & Berg, P.A., Cross Law Firm, LLC, Law Office of Michael Miller, Pagel Weikum, PLLP, Wojtalewicz Law Firm, Ltd., Lowe Eklund Wakefield Co., LPA, Mikal C. Watts, Francisco Guerra, and John Does 1-250,

Defendants.

## CLASS PLAINTIFFS' REPLY IN SUPPORT OF RULE 60 MOTION TO RECUSE SUPPORTED BY THE *EXPERT REPORT OF RICHARD PAINTER*

Douglas J. Nill (#0194876)
DOUGLAS J. NILL, PLLC
d/b/a FARMLAW
2050 Canadian Pacific Plaza
120 South Sixth Street
Minneapolis, MN 55402-1801
(612) 573-3669

Counsel for Plaintiffs and Proposed Class of Farmers

## I. DEFENDANTS' RESPONSE MISSES THE POINT.

As set forth in previous pleadings, Farmers' Notice of Appeal filed on January 16, 2020, ECF No. 252, transferred jurisdiction over all aspects of the *Kellogg* litigation to the Tenth Circuit. Without waiving the transfer of jurisdiction, Farmers submit this reply.

Defendants' response, ECF No. 307, misses the point. The *Expert Report Of Richard Painter*, Feb. 1, 2020, ECF No. 279-2, does not present "legal conclusions" as claimed by Defendants. Professor Painter addresses the *Kellogg* lawsuit allegations and substantial factual evidence that the Court breached fiduciary obligations to Farmers in the Syngenta MDL by allowing Defendants to privately contract Farmers out of the class certification proceedings. Professor Painter addresses the substantial factual evidence that Defendants used the joint prosecution agreements to exploit Farmers and committed a fraud upon the court. In regard to the Fifth Amendment due process issue, for example, Professor Painter states, at ¶ 64:

> 64. I do not opine here on the ultimate constitutional question – whether Judge Lungstrum is required to recuse from this case under the Fifth Amendment. If necessary, that is a question that the courts will decide. However, for the reasons set forth above, I believe that Judge Lungstrum should recuse from this case to avoid serious due process violations. There is a substantial risk that his failure to recuse is a violation of due process rights under the Constitution.

Farmers contend through the facts alleged in the *Kellogg* amended complaint and the Painter Report that the Court has a judicial conflict of interest that is so obvious and extreme as to violate the due process clause's guarantee of an impartial adjudicator with irrevocable damage to Farmers.

Under the facts as alleged, the Court is required to recuse sua sponte. There are two circumstances in which a judge is obliged to recuse himself pursuant to 28 U.S.C. § 455.[1] Under § 455(a) ("bias or partiality"), recusal is mandatory whenever any fact reasonably suggests that the judge appears to lack impartiality; while under § 455(b), a judge is expected to disqualify himself sua sponte whenever any

---

[1]. Section 455 states, in pertinent part:

(a)   Any … judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b)   He shall also disqualify himself in the following circumstances:

   (1)   Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; …

   (5)   He …
         (iv)   Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(a), (b)(1) and (b)(5).

of the five statutorily prescribed criteria can be shown to exist in fact. *See, e.g.*, § 455(b)(1) ("personal knowledge of disputed evidentiary facts concerning the proceeding") and § 455(b)(5)(iv) ("likely to be a material witness in the proceeding").

Recusal is mandatory even if no motion or affidavit seeking such relief has been filed. *See, e.g., U.S. v. Cerceda*, 139 F.3d 847, 852-853 (11th Cir. 1998) ("[a] judge is under an affirmative, self-enforcing obligation to recuse himself sua sponte whenever the proper grounds exist); *In re Bernard*, 31 F.3d 842, 843 n. 1 (9th Cir. 1994) ("[n]o motion is required to precipitate a judge's recusal under section 455"). And recusal is mandatory regardless of whether a reasonable person would question the judge's impartiality. *See, e.g., In re Trierweiler*, 570 Fed. App'x. 766, 774 (10th Cir. 2014) (unpub.) (the "purpose of § 455(a) is 'to avoid even the appearance of partiality' by a judge"), citing *Liljeberg v, Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).

## II.   CONCLUSION.

The Court has a judicial conflict of interest that is so obvious and extreme as to violate the due process clause's guarantee of an impartial adjudicator with irrevocable damage to Farmers. The Court should recuse sua sponte under the mandates of 28 U.S.C. § 455.

Dated: March 11, 2020

Respectfully submitted,

By: /s/ Douglas J. Nill
Douglas J. Nill (MN #0194876)

DOUGLAS J. NILL, PLLC
d/b/a FARMLAW
2050 Canadian Pacific Plaza
120 South Sixth Street
Minneapolis, MN  55402-1801
(612) 573-3669
dnill@farmlaw.com

Counsel for Plaintiffs and Proposed
Class of Farmers