## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| Kenneth P. Kellogg, Rachel Kellogg and Kellogg Farms, Inc., Roland B. Bromley and Bromley Ranch, LLC, John F. Heitkamp, Dean Holtorf, Garth J. Kruger, Charles Blake Stringer and Stringer Farms, Inc., individually, and on behalf of all others similarly situated, | D. Kan. No. 18-cv-2408-JWL-JPO<br><br>Master File No. 2:14-md-2591-JWL-JPO<br><br>Syngenta MDL No. 2591<br><br>D. Minn. No. 18-cv-1082-DWF-BRT |

Plaintiffs,

v.

Watts Guerra, LLP, Daniel M. Homolka, P.A., Yira Law Office LTD, Hovland and Rasmus, PLLC, Dewald Deaver, P.C., LLO, Mauro, Archer & Associates, LLC, Johnson Law Group, Wagner Reese, LLP, VanDerGinst Law, P.C., Patton, Hoversten & Berg, P.A., Cross Law Firm, LLC, Law Office of Michael Miller, Pagel Weikum, PLLP, Wojtalewicz Law Firm, Ltd., Lowe Eklund Wakefield Co., LPA, Mikal C. Watts, Francisco Guerra, and John Does 1-250,

Defendants.

## CLASS PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTIONS TO VACATE ORDERS AND RECUSE AND STAY DISTRICT COURT PROCEEDINGS

Douglas J. Nill (#0194876)
DOUGLAS J. NILL, PLLC
d/b/a FARMLAW
2050 Canadian Pacific Plaza
120 South Sixth Street
Minneapolis, MN  55402-1801
(612) 573-3669

Counsel for Plaintiffs and Proposed Class of Farmers

# TABLE OF CONTENTS

I.      INTRODUCTION. ……………………………………………………… 1

II.     BACKGROUND. ……………………………………………………….. 2

        A.    The timeline for Farmers' exercise of their appellate rights indicates the
              Court is impeding those rights. …………………………………………… 2

        B.    The Court has a judicial conflict of interest that is so obvious and
              extreme as to violate the due process clause's guarantee of an impartial
              adjudicator. ……………………………………….…………………….... 6

        C.    The merits of Farmers' appeal and petition for a writ of mandamus are
              for the Tenth Circuit to address. …………………………….……….. 11

III.    ARGUMENT. ………………………………………………………….. 13

        A.    The Court should vacate all orders addressing proceedings in the district
              court since Farmers' Notice of Appeal filed on January 16, 2020. …….... 13

              1.     An interlocutory appeal transfers jurisdiction to the appellate court
                     over all aspects of the appeal until the appeal is resolved on the
                     merits. …………………………………………………………… 13

              2.     The Court should acknowledge the transfer of jurisdiction. …….... 16

        B.    The Court should vacate the order by Chief Magistrate Judge James P.
              O'Hara on March 3, 2020, which is a manifest disregard of the law and
              a usurpation of power. ……………………………….………………….…… 17

        C.    The Court should recuse sua sponte under the mandates of 28 U.S.C.
              § 455. …………………………………………………………………… 20

        D.    The Court should stay the proceedings to ensure the integrity of the
              judicial system and avoid irreparable injury to Farmers. ……………....... 21

IV.     CONCLUSION. …………..…………………………………………….… 22

## I.   INTRODUCTION.

The *Kellogg* named and putative class plaintiffs ("Farmers") proceed under Local Rule 7.1 and Rule 60 (legal and factual errors) and Rule 72 (objections to magistrate order) of the Federal Rules of Civil Procedure and Local Rule 72.1.4 to respectfully request that the Court vacate orders addressing proceedings in the district court since Farmers' Notice of Appeal filed on January 16, 2020, ECF No. 252, Tenth Circuit No. 20-3006, recuse as the judicial officer in *Kellogg* and stay all district court proceedings pending a resolution by the Tenth Circuit of Farmers' appeal and petition for a writ of mandamus filed on March 12, 2020, ECF No. 316, Tenth Circuit No. 20-3051.

Farmers request that the Court vacate ECF Nos. 256, 263, 264, 268, 269, 285, 294, 296, 301, and 308. The orders addressing proceedings in the district court since Farmers' Notice of Appeal was filed on January 16, 2020, are a manifest disregard of the law and a usurpation of power in disregard of the appeal which transferred jurisdiction over all aspects of the *Kellogg* lawsuit to the Tenth Circuit. *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004); *Arthur Anderson & Co. v. Finesilver*, 546 F.2d 338, 341-42 (10th Cir. 1997).

Farmers request that the Court vacate the order by Chief Magistrate Judge James P. O'Hara entered on March 3, 2020, ECF No. 308, which is a manifest disregard of the law and a usurpation of power in disregard of the appeal. *See* Fed. R. Civ. P. 72 (district court must vacate order that is "clearly erroneous or contrary to law").

Farmers request that the Court recuse as the judicial officer in *Kellogg* and stay the

proceedings pending remand to the District of Minnesota pursuant to Farmers' substantive and procedural rights under the Due Process Clause of the Fifth Amendment of the U.S. Constitution and the statutory requirements of 28 U.S.C. § 455(a) ("bias or partiality"), § 455(b)(1) ("personal knowledge of disputed evidentiary facts concerning the proceeding") and § 455(b)(5)(iv) ("likely to be a material witness in the proceeding") and the Court's obligations under Canon 1, Canon 2(A) and Canon 3 of the Code of Conduct for United States Judges.

Farmers request that all district court proceedings and deadlines be stayed pending a resolution by the Tenth Circuit of Farmers' appeal and petition for a writ of mandamus which assert that the Court has a judicial conflict of interest that is so obvious and extreme as to violate the due process clause's guarantee of an impartial adjudicator. Further proceedings in the district court pending resolution by the Tenth Circuit of Farmers' appeal and petition are a violation of Farmers' due process rights to proceed before an impartial judge.

## II.    BACKGROUND.

### A.    The timeline for Farmers' exercise of their appellate rights indicates the Court is impeding those rights.

On September 10, 2019, Farmers filed a motion, ECF No. 227, requesting that the Court "recuse or disqualify as the judicial officer in *Kellogg* and stay the proceedings pending remand to the District of Minnesota." On December 18, 2019, the Court denied Farmers' motion. ECF No. 245.

On December 30, 2019, the Tenth Circuit issued an Order dismissing Farmers' appeal, No. 19-3066, challenging the March 1, 2019, May 21, 2019 and August 13, 2019 decisions as a manifest disregard of the facts and the law. The Tenth Circuit Order only states that "Appellants have not established that the district court's decisions are final or immediately appealable *at this time*." (Emphasis added). Although the Tenth Circuit did not give reasons for the dismissal, the Tenth Circuit may have concluded that orders that are a manifest disregard of the facts and law may be challenged through a petition for a writ of mandamus but do not fall under the collateral order doctrine for an appeal. *See Will v. United States*, 389 U.S. 90, 95-96 (1967) (a writ of mandamus is available under 28 U.S.C. § 1651 to review district court decisions which show a "persistent disregard" of the law and threaten "the orderly administration" of justice in the federal courts).

On January 11, 2020, Farmers filed an *unopposed* motion for a stay of proceedings, ECF No. 250, advising the Court that "Farmers will timely file a Notice of Appeal challenging the district court's December 18, 2019 rulings and seek to proceed with the appeal as a matter of right pursuant to 28 U.S.C. § 1291 and, in the alternative, 28 U.S.C. § 1292(a)." Farmers had a deadline of January 17, 2020 – 30 days after the December 18, 2019 order – to file the appeal.

On January 14, 2020, in Farmers' appeal of the March 1, May 21 and August 13 decisions, No. 19-3066, Farmers timely filed a petition for panel rehearing pursuant to Fed. R. App. P. 40. That same day, about two hours after Farmers filed the petition for

3

panel rehearing with the Tenth Circuit, the Court issued an order denying Farmers'

unopposed motion for a stay and ordering discovery planning conference "submissions to

the Magistrate Judge [by] January 17, 2020." In other words, the Court denied an

unopposed motion for a stay and ordered counsel for Farmers and the Defendants to meet

and confer and submit a planning report to the Magistrate Judge *within 48 hours* and *on*

*the very same day,* January 17, that Farmers had a deadline to file their appeal. A

dispassionate observer may reasonably conclude that the Court's order mandating a

discovery conference among multiple law firms within 48 hours and on the same day as

the deadline for Farmers' appeal was a deliberate effort to impede Farmers' exercise of

their appellate rights. *See, e.g.*, Canon 3(A)(4) of the Code of Conduct for United States

Judges: "A judge shall accord to *every person* who has a legal interest in the proceeding,

and *that person's lawyer*, the *full right to be heard* according to law." (Emphasis added).

On February 4, 2020, the Magistrate Judge issued an order, ECF No. 268,

disregarding the law of divestiture of jurisdiction and Farmers' appellate rights to order

Farmers to proceed with pretrial proceedings and a discovery planning conference on

February 11, 2020.

On February 4, 2020, the Court issued an order, ECF No. 269, disregarding the

law of divestiture of jurisdiction and Farmers' appellate rights to order Farmers to

proceed with pretrial proceedings in the district court.

On February 12, 2020, without cause, the Magistrate Judge ordered expedited

briefing, ECF No. 285, on Defendants' motion to sanction Farmers' counsel.

On February 19, 2020, the Magistrate Judge entered an order, ECF No. 296, granting a two-years-too-late motion by the Cross Law Firm to avoid default and file an answer to the *Kellogg* complaint served on July 10, 2018, Clerk Doc. 171.

On February 24, 2020, the Magistrate Judge entered an order, ECF No. 301, disregarding the law of divestiture of jurisdiction and denying Farmers' request that the Court recuse sua sponte under the mandates of 28 U.S.C. ¶ 455. In this regard, the Court and the Magistrate Judge are equally conflicted as both judicial officers attended the same hearings in the Syngenta MDL where Defendants' joint prosecution agreements were presented as "in the best interests" of the absent class members (who were completely unaware of the joint prosecution agreements and the very fact that they were putative class members). *See*, *e.g*., Transcript of Hearing, April 27, 2015, p. 9, lines 9-16 (hearing on Sealed Motion By Plaintiffs for Approval of Joint Prosecution Agreement).

On March 3, 2020, the Magistrate Judge entered an order, ECF No. 308, to sanction Farmers' counsel for not participating in pretrial proceedings after the January 16, 2020 Notice of Appeal. The order is a manifest disregard of the law of divestiture of jurisdiction and a usurpation of power and a vindictive effort to punish Farmers' counsel for exercising Farmers' appellate rights. Indeed, in an apparent zeal to punish Farmers' counsel for pursuing the appeal, the Magistrate Judge went beyond the Defendants' request for modest sanctions to invite Defendants' insurance defense firm lawyers to

submit affidavits for additional sanctions.

**B.    The Court has a judicial conflict of interest that is so obvious and extreme as to violate the due process clause's guarantee of an impartial adjudicator.**

As discussed, Farmers filed a Notice of Appeal to the Tenth Circuit on January 16, 2020, ECF No. 252, Tenth Circuit No. 20-3006, challenging the Court's December 18, 2019 decision, ECF No. 245, denying Farmers' September 10, 2019 motion, ECF No. 227, to "*recuse or disqualify* as the judicial officer in *Kellogg* and *stay the proceedings* pending remand to the District of Minnesota." (Emphasis added). Farmers filed an Amended Notice of Appeal on February 10, 2020, ECF No. 272, challenging the Court's February 4, 2020 orders, ECF No. 268 and 269, directing pretrial proceedings in disregard of the Notice of Appeal which transferred jurisdiction over *Kellogg* to the Tenth Circuit.

Farmers ask the Tenth Circuit to disqualify the Court as the judicial officer in *Kellogg* pursuant to Farmers' substantive and procedural rights under the Due Process Clause of the Fifth Amendment of the U.S. Constitution and the statutory authority of 28 U.S.C. § 2106 and the Court's inherent supervisory authority and the requirements of 28 U.S.C. § 455(a) ("bias or partiality"), § 455(b)(1) ("personal knowledge of disputed evidentiary facts concerning the proceeding") and § 455(b)(5)(iv) ("likely to be a material witness in the proceeding"). *See Liteky v. United States*, 510 U.S. 540, 554 (1994) (federal appellate court authority to disqualify a district court and assign a case to a

6

different judge on remand "rests not on the recusal statutes alone, but on the appellate courts' statutory power … 28 U.S.C. § 2106.").

The *Kellogg* lawsuit presents claims that a Texas law firm and its joint venture partners, lawyers and law firms in multiple states, perpetrated a "mass tort … individual suit" attorney fee fraud scheme against 60,000 corn growers across the United States through (1) deceptive solicitation of the corn growers to sign 40 percent contingent fee contracts to pursue individual claims in Minnesota, (2) secret joint prosecution agreements ("JPA") automatically opting the corn growers out of class action proceedings in the Syngenta MDL and Minnesota without their knowledge and informed consent, and (3) a fraud upon the Syngenta MDL and Minnesota class action courts to persuade the courts to allow the automatic opt-outs. Amended Complaint, Addendum II, Add.73-237, at ¶¶ 1-336 and Fourth Declaration of Douglas J. Nill, Ex. 1-60, ECF No. 153-(1)-(4). The allegations in *Kellogg* go to the integrity of the judiciary and the foundation of our system of government.

The Court is conflicted and a material witness in *Kellogg* to Defendants' fraud upon the court and obstruction of justice in the Syngenta MDL. The Court violated fiduciary obligations to Farmers in the Syngenta MDL by allowing Defendants to automatically opt-out Farmers from the MDL class proceedings through joint prosecution agreements and not rejecting the agreements as collusion and an exchange of money and favors at the expense of absent class members.

7

Defendants used the joint prosecution agreements to mislead the Court through material misrepresentations and omissions, that Defendants had satisfied their fiduciary and ethical obligations by procuring informed consent from individual Farmers to be automatically excluded from the MDL class proceedings. Such conduct was a fraud upon the court and an obstruction of justice. *See, e.g*., Amended Complaint at ¶¶ 203-32 and 421 (Defendants violated their fiduciary obligations to Farmers "by *misleading the class action courts* to allow Defendants to automatically exclude Farmers from the MDL and Minnesota class actions, thereby depriving Farmers of due process and the opportunity to exercise their individual right to be part of the class or opt-out of it.") (emphasis added).

Constitutional due process and the mandates of 28 U.S.C. § 455 respectfully compel the Court to recuse or be disqualified. The Supreme Court has ruled that a judge's failure to recuse can violate the constitutional right of the parties to due process, and that a due process violation can occur if the judge played a critical role in a prior related proceeding that creates the likelihood of bias or a personal interest in the outcome. *See Williams v. Pennsylvania*, 579 U.S. ___, ___ (2016) (there is "an impermissible risk of actual bias when a judge earlier had significant, personal involvement as a prosecutor in a critical decision regarding the defendant's case."); *Mayberry v. Pennsylvania*, 400 U.S. 455, 466 (1971) ("a defendant in criminal contempt proceedings should be given a public trial before a judge other than the one reviled by the contemnor."); *In re Murchison*, 349 U.S. 133, 136 (1955) (court cannot question a witness in a grand jury proceeding and

8

then preside over a contempt hearing that arose out of the grand jury proceeding); *cf.*

*Goldberg v. Kelly*, 397 U.S. 254, 271 (1970) (decisionmaker "should not … have

participated in making the determination under review.").

This due process standard applies with equal force in *Kellogg* because the Court

will likely be called as a witness in *Kellogg* to testify about events personally involving

the Court in critical decisions in the Syngenta MDL; that is whether Defendants misled

the Court through language in the joint prosecution agreements and statements to exclude

Farmers from the Syngenta MDL class proceedings in disregard of Fed. R. Civ. P. 23

protections for absent class members and Farmers' due process rights. The test for recusal

or disqualification is not whether a judge harbors an actual bias but whether, as an

objective matter, there is an unconstitutional potential for bias. *See Williams*, 579 U.S. at

___ (slip op., at 6). The Court is conflicted and the likelihood of bias "'is too high to be

constitutionally tolerable.'" *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 872 (2009)

(quoting *Withrow v. Larkin*, 421 U.S. 35 (1975)).

Richard W. Painter, the chief ethics counsel for President George W. Bush and the

White House staff from 2005-2007, addresses whether the district court should recuse or

be disqualified as the judicial officer assigned to the *Kellogg* lawsuit in the *Expert Report*

*Of Richard Painter*, Feb. 1, 2020, ECF No. 279-2, at ¶ 19:

> 19. The issue presented at this time, and the issue upon which I am opining in
> this report, is whether Judge Lungstrum should have this case on his docket
> now, and with it the power to make procedural and substantive rulings that
> could prevent this case from ever reaching a different judge and a jury in

Minnesota. For the reasons explained below, my opinion is that he should not, and that for Judge Lungstrum to participate in this case would present a serious impediment to the due process that plaintiffs are entitled to.

Professor Painter identifies the "untenable" conflict of interest for the district court and the "serious violation of due process" for Farmers in his Expert Report at ¶ 39:

39.    Regardless of how this plays out – which will only become clear as facts are established at trial – this is an untenable situation for the judge.  He cannot without a disabling personal conflict of interest decide procedural or substantive issues in a case where a critically important underlying factual issue is whether the lawyers (i) lied to their clients but told the truth to the judge (himself), (ii) lied to their clients and to the judge, or (iii) told the truth to both their clients and to the judge. Of course, defendants want Judge Lungstrum, without examining the underlying facts, not to recuse from this case and to make determination (iii) and dismiss all or most of this case. But I am not aware of evidence in the record that would support determination (iii) – that the defendant lawyers were honest with both their clients and the court.  Such a determination – made by a Judge who faces a personal conflict of interest with respect to determinations (i) and (ii) – is a serious violation of due process.

Professor Painter addresses the "irrevocable" harm to Farmers' due process rights in his Expert Report at ¶¶ 46-47:

46.    For these reasons Judge Lungstrum's participation in this case will destroy the due process rights of the parties.  The damage will likely be irrevocable. I am not opining here on the validity of his rulings, but their impact on this case is substantial and irrevocable unless and until these rulings are reversed, which could take years.

47.    And for practical purposes the passage of time will destroy the due process rights of the plaintiffs. This case is presently the basis for imposing a constructive trust upon the defendants' attorney fee awards from the Syngenta MDL Common Fund. The MDL Panel recognized this and held that the [district court] could create an escrow fund to retain the disputed attorneys' fees until this case is resolved but the Transfer Order did not require such an escrow fund.  Once the Syngenta case is concluded and the

10

funds are released to the attorneys, it will be extremely difficult to get the money back. Once the defendant lawyers obtain fees from the common fund – without a fair and impartial hearing of the claims in this case – it will be virtually impossible to get the money back.

Professor Painter concludes that the district court must recuse or be disqualified by this Court at ¶¶ 66-67:

66.   Judge Lungstrum is in a bind in this case: he has three alternatives:  (i) throw himself under the bus (for breaching his fiduciary duty to the plaintiffs as part of the class); (ii) throw the lawyers under the bus (for lying to him); or (iii) throw the plaintiffs in this case out of court. Judge Lungstrum should not allow himself to be put in this position.

67.   Due process considerations require that Judge Lungstrum recuse.

**C.    The merits of Farmers' appeal and petition for a writ of mandamus are for the Tenth Circuit to address.**

Farmers assert through the appeal, No. 20-3006, that the Court's December 18, 2019 decision denying Farmers' motion to "recuse or disqualify as the judicial officer in *Kellogg* and stay the proceedings pending remand to the District of Minnesota" is final for an appeal under 28 U.S.C. § 1291 because the judicial conflict of interest is so obvious and extreme as to violate the due process clause's guarantee of an impartial adjudicator with irrevocable damage to Farmers. Farmers assert that the Court's decisions dismissing Farmers' federal and Minnesota claims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) are final for an appeal under 28 U.S.C. § 1292(a)(1) because the decisions have the practical effect of denying Farmers' requests for injunctive relief. *See Carson v. American Brands*, 450 U.S. 79 (1981); *see also Salazar v. Dist. of Columbia*, 671 F.3d

1258, 1261 (D.C. Cir. 2012) (Garland, J.) (summarizing Supreme Court rulings to hold that district court decisions dismissing claims requesting injunctive relief on the merits are immediately appealable if the decisions affect predominantly all of the merits).

Farmers proceed through a petition for a writ of mandamus, No. 20-3051, as another avenue to justice, for several reasons. First, virtually every federal circuit court, including the Tenth Circuit, has concluded that mandamus is available to review judicial disqualification decisions and compel disqualification and vacate orders. *See, e.g., Bell v. Chandler*, 569 F.2d 556, 559 (10th Cir. 1978) (there is no question but that a mandamus petition may be used to force disqualification of a district judge).

Second, the Court's decisions dismissing Farmers' federal declaratory judgment and racketeering claims and Minnesota statutory and common law fraud and civil conspiracy and aiding and abetting claims are a persistent and manifest disregard of the facts and the law and threaten the integrity of the federal judicial process. The Supreme Court has recognized that a writ of mandamus is available under 28 U.S.C. § 1651 to review district court decisions which show a "persistent disregard" of the law and threaten "the orderly administration" of justice in the federal courts. *Will*, 389 U.S. at 95-96.

Third, the Court's decisions dismissing Farmers' federal and Minnesota claims are final for an appeal under § 1292(a)(1) because the decisions have the practical effect of denying Farmers' requests for injunctive relief. *Carson*, 450 U.S. 79; *see also Salazar*,

671 F.3d at 1261.

## III.   ARGUMENT.

### A.   The Court should vacate all orders addressing proceedings in the district court since Farmers' Notice of Appeal filed on January 16, 2020.

Farmers request that the Court vacate ECF Nos. 256, 263, 264, 268, 269, 285, 296, 301, and 308. The orders were entered in disregard of the law of divestiture of jurisdiction and are null and void.

### 1.   An interlocutory appeal transfers jurisdiction to the appellate court over all aspects of the appeal until the appeal is resolved on the merits.

Farmers' Notice of Appeal and Amended Notice of Appeal, No. 20-3006, address the Court's December 18, 2019 decision denying Farmers' September 10, 2019 motion to recuse on due process grounds and the mandatory requirements of 28 U.S.C. § 455.[1] The Notice of Appeal deprives the Court of jurisdiction over any further pretrial proceedings. *See McCauley v. Halliburton Energy Services, Inc*., 413 F.3d 1158, 1160 (10th Cir. 2005) (under the general divestiture principle a district court is divested of jurisdiction until the interlocutory appeal is resolved on the merits); *Howard v. Mail-Well Envelope Co*., 150 F.3d 1227, 1229 (10th Cir. 1998) ("It is axiomatic that an effective notice of appeal

---

[1]. On February 14, 2020, the Tenth Circuit issued an order recognizing that Farmers' pending appeal No. 20-3006 addresses the December 18 decision by the Court, whereas appeal No. 19-3066 addressed the March 1, May 21 and August 13 decisions.

transfers jurisdiction from the district court to the court of appeals."); *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990) (noting transfer of jurisdiction by appeal "from true final judgment or from a decision within the collateral order exception"). Because Farmers' Notice of Appeal challenges the Court's December 18 decision denying Farmers' Rule 60 request to "disqualify or recuse" and "stay the proceedings pending remand to the District of Minnesota," jurisdiction over all aspects of the *Kellogg* case is transferred to the Tenth Circuit. *Stewart*, 915 F.2d at 575 (transfer affects all aspects of the case involved in the appeal; any subsequent action by the district court "is null and void.").

Farmers' Notice of Appeal thus suspends all pretrial proceedings and deadlines before the district court. Whether the Court's March 1, May 21, August 13 and December 18 decisions referenced in Farmers' Notice of Appeal are final for an appeal pursuant to 28 U.S.C. § 1291 and, in the alternative, 28 U.S.C § 1292(a), and pursuant to the statutory authority of 28 U.S.C. § 2106 and the Court's inherent supervisory authority to disqualify the district court, is for the *Tenth Circuit* to decide and not for the Court to decide. *See* Tenth Circuit Order, Feb. 14, 2020 (holding appeal pending further briefing and order). This is particularly true when Farmers assert through the Notice of Appeal that the judicial conflict of interest is so obvious and extreme as to violate the due process clause's guarantee of an impartial adjudicator. As James Madison noted at our nation's founding, "[n]o man is allowed to be a judge in his own cause, because his interest would

14

certainly bias his judgment, and, not improbably, corrupt his integrity." *The Federalist No. 10*, at 47 (James Madison) (Clinton Rossiter ed., 1999). Thus, it is a fundamental precept of due process that "no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome." *In re Murchison*, 349 U.S. 133, 136 (1955).

In *McCauley v. Halliburton Energy Services, Inc*., 413 F.3d 1158, 1160 (10th Cir. 2005), the Tenth Circuit recognized that "the appeal triggers the general divestiture principle … so long as the appeal is not frivolous." Farmers assert through the appeal, No. 20-3006, that the judicial conflict of interest for the Court in *Kellogg* is so obvious and extreme as to violate the due process clause's guarantee of an impartial adjudicator with irrevocable damage to Farmers. This allegation of a serious due process violation is substantial and supported by the *Expert Report Of Richard Painter*.

The cases cited by Chief Magistrate Judge O'Hara in a February 4 order adopted by the Court where a notice of appeal did not divest the district court of jurisdiction, are appeals with procedural problems. *See, e.g., Howard v. Mail-Well Envelope Co*., 150 F.3d 1227, 1229 (10th Cir. 1998) (appeals by pro se litigant with history of frivolous appeals challenging "matters that were of limited scope to the litigation as a whole); *Riggs v. Scrivner*, 927 F.2d 1146, 1148 (10th Cir. 1991) (appeal filed after jury verdict but before the district court addressed the relief required by the jury verdict was premature and did not deprive the district court of jurisdiction to grant a new trial during

15

post-trial motions); *United States v. 397.51 Acres of Land, et al*, 692 F.2d 688, 693 (10th Cir. 1982) (appeal was premature because it was filed while Rule 60 motion was under advisement); *Century Laminating, Ltd. v. Montgomery*, 595 F.2d 563, 567 (10th Cir. 1979) (appeal filed while a motion is pending in the district court such as Fed. R. Civ. P. 59 or 60 is "prematurely filed and does not transfer jurisdiction to the court of appeals."); *Arthur Anderson*, 546 F.2d at 340-41 (notice of appeal does not deprive district court of jurisdiction if the appeal is untimely or lacks essential recitals or references a non-appealable order; "[i]f the district court is in doubt about whether the notice of appeal is valid, it may decline to act further until disposition of the appeal."

### 2.    The Court should acknowledge the transfer of jurisdiction.

The Court indicated in a February 4, 2020 docket order, ECF No. 269, that "[a]ny future stay must come from the Tenth Circuit itself." In this regard, the Tenth Circuit has recognized that when a party has filed an appeal and a petition for a writ of mandamus, the appeal is the dominant pleading. *See, e.g., In re Kozeny, et al*, 236 F.3d 615, 618 (10th Cir. 2000); *Richmond v. Crow*, 61 F.3d 916 n. 4 (10th Cir. 1993).

Thus, the *Kellogg* appeal, until addressed by the Tenth Circuit, is the dominant pleading before the Tenth Circuit. Under the law of divestiture of jurisdiction for appeals, jurisdiction over all aspects of the *Kellogg* lawsuit transferred to the Tenth Circuit after Farmers' Notice of Appeal filed on January 16, 2020. Farmers need not do more and it is not Farmers' burden to proceed through the petition for a writ of mandamus to request a

stay of proceedings in the district court from the Tenth Circuit. Rather, the Court should acknowledge the transfer of jurisdiction for the appeal.

If the Court has any doubts about the transfer of jurisdiction, the Court should at least consider the suggestion of the Tenth Circuit in *Arthur Anderson,* 546 F.2d at 341, and "decline to act further until disposition of the appeal" by the Tenth Circuit. Otherwise, Farmers will have no choice but to take the direction of the Tenth Circuit in *Arthur Anderson*, 546 F.2d at 342, and proceed with a separate petition for a writ of mandamus requesting that the Tenth Circuit vacate all of the Court's orders addressing pretrial proceedings in *Kellogg* after the Notice of Appeal was filed on January 16, 2020.

**B.    The Court should vacate the order by Chief Magistrate Judge James P. O'Hara on March 3, 2020, which is a manifest disregard of the law and a usurpation of power.**

The Magistrate Judge's order granting sanctions against Farmers' counsel for exercising Farmers' appellate rights, brings to mind the adage that "two wrongs do not make a right." As discussed, Farmers' Notice of Appeal on January 16, 2020, transferred jurisdiction over all aspects of the *Kellogg* lawsuit to the Tenth Circuit.

The Magistrate Judge was wrong in his February 4, 2020 order, ECF No. 268, in disregarding the transfer of jurisdiction to order ongoing pretrial proceedings during Farmers' appeal. The Magistrate Judge was wrong in ordering "an in-person planning conference on February 11, 2020" to address discovery issues. The Magistrate Judge was wrong in his March 3, 2020 order, ECF No. 308, in disregarding the transfer of

17

jurisdiction to grant Defendants' motion for sanctions against Farmers' counsel for not

appearing at a February 11 discovery planning conference and inviting Defendants to

submit affidavits for additional sanctions.

The Magistrate Judge shows objective bias in a February 18, 2020 Order

Cancelling Scheduling Conference,  ECF No. 294, wherein the Magistrate Judge states

(emphasis added):

> ORDER CANCELLING SCHEDULING CONFERENCE (relates to case No. 18-2408 only). As noted in defendants' motion for sanctions (ECF No. 280) and not disputed in plaintiffs' response to the same (ECF No. 293), plaintiffs did not attend the February 11, 2020 planning conference scheduled by the court (see ECF No. 268). Accordingly, the parties did not complete or submit a report of the planning conference. The court will consider defendants' motion for sanctions based on plaintiffs' failure to attend the conference after the motion is fully briefed. But to *avoid defense counsel incurring further expense* to attend a conference plaintiffs have indicated they will not attend, the scheduling conference set for February 25, 2020, is hereby canceled. The conference will be reset, if necessary, after the court decides the motion for sanctions. Signed by Magistrate Judge James P. O'Hara on 2/18/2020. …

Farmers allege through the *Kellogg* complaint and amended complaint that

Defendants pursued a massive scheme of attorney deceit against 60,000 individual

Farmers and a fraud upon the Court in furtherance of the scheme. Farmers' counsel has a

professional obligation to zealously represent Farmers through the *Kellogg* lawsuit and

pursue the appeal and not be bullied by Defendants' counsel and the Court into taking

actions contrary to Farmers' interests and the law. *See* Minnesota Rules of Professional

Conduct, *Preamble: A Lawyer's Responsibilities*. The Magistrate's expressed concern for

the financial affairs of the Defendants who perpetrated a fraud upon 60,000 Farmers and

the Court – and their insurance defense law firms and malpractice carriers – while

disregarding Farmers' legal right to pursue an appeal and the transfer of jurisdiction to

the Tenth Circuit during the appeal, shows objective bias that highlights the Court's

untenable conflict of interest and unreasonable legal rulings that violate the Code of

Conduct for United States Judges. *See Cheng v. GAF Corp*., 713 F.2d 886, 891 (2nd Cir.

1983):

> We are also surprised by the district judge's willingness to sanction appellant's
> attorney, not for a motion made in the district court, but for appeals taken to this
> Court and the Supreme Court. A rule permitting a district court to sanction an
> attorney for appealing an adverse ruling might deter even a courageous lawyer
> from seeking the reversal of the district court decision.

An order by a district court sanctioning an appellant's counsel for exercising a due

process right through appeal to disqualify the court may fairly be viewed with a

presumption of judicial vindictiveness. *See Plumley v. Austin*, 135 S. Ct. 828 (2015)

(discussing the presumption of judicial vindictiveness that applies when a judge imposes

a more severe sentence upon a defendant after a new trial). The Court should vacate the

order by the Magistrate Judge entered on March 3, 2020. The order is a manifest

disregard of the law and a usurpation of Tenth Circuit jurisdiction and null and void. *See

In re Univ. of Mich*., 936 F.3d 460, 466 (6th Cir. 2019) (district court order directing a

high-ranking state official to appear at a settlement conference was outside the

jurisdiction of the district court and thus an abuse of discretion).[2]

---

[2]. Defendants' requests for sanctions are manifestly inappropriate. For example,

19

**E.  The Court should recuse sua sponte under the mandates of 28 U.S.C. §455.**

There are two circumstances in which a judge is obliged to recuse himself pursuant to 28 U.S.C. § 455. Under § 455(a) ("bias or partiality"), recusal is mandatory whenever any fact reasonably suggests that the judge appears to lack impartiality; while under § 455(b), a judge is expected to disqualify himself sua sponte whenever any of the five statutorily prescribed criteria can be shown to exist in fact. *See, e.g.*, § 455(b)(1) ("personal knowledge of disputed evidentiary facts concerning the proceeding") and § 455(b)(5)(iv) ("likely to be a material witness in the proceeding").

Recusal is mandatory even if no motion or affidavit seeking such relief has been filed. *See, e.g., U.S. v. Cerceda*, 139 F.3d 847, 852-853 (11th Cir. 1998) ("[a] judge is under an affirmative, self-enforcing obligation to recuse himself sua sponte whenever the proper grounds exist); *In re Bernard*, 31 F.3d 842, 843 n. 1 (9th Cir. 1994) ("[n]o motion is required to precipitate a judge's recusal under section 455"). And recusal is mandatory

---

the lawyers for Defendant Daniel M. Homolka, P.A., Rick A. Lind and Joao C.J.G. de Medeiros, request attorney fees of $16,374 for apparently everything they have done in the case since January 3, 2020. The actual time spent on drafting their motion for sanctions – a motion filed in deliberate disregard of the law of divestiture of jurisdiction – was $1,320 (1/17/20) and $1,200 for the reply (1/24/20). *See Goodyear Tire and Rubber Co. v. Haeger,* 581 U.S. ___ (2017) (overturning sanction of $2.7 million against Goodyear for discovery dispute that had no causal relationship to wrongful conduct). It is ironic that Defendants' lawyers, engaged in unprofessional conduct through a *deliberate* disregard of the law of divestiture of jurisdiction, exhort a conflicted and objectively biased district court to sanction Farmers' counsel for not being bullied by Defendants' counsel into foregoing the appeal and waiving the transfer of jurisdiction.

20

regardless of whether a reasonable person would question the judge's impartiality. *See, e.g., In re Trierweiler*, 570 Fed. App'x. 766, 774 (10th Cir. 2014) (unpub.) (the "purpose of § 455(a) is 'to avoid even the appearance of partiality' by a judge"), citing *Liljeberg v, Health Servs. Acquisition Corp*., 486 U.S. 847, 860 (1988).

> **F.    The Court should stay the proceedings to ensure the integrity of the judicial system and avoid irreparable injury to Farmers.**

The allegations in the *Kellogg* lawsuit – a class action alleging a massive scheme of attorney deceit against 60,000 clients and a fraud upon federal and state courts in furtherance of the scheme – go to the integrity of the judiciary and the foundation of our system of government. *See In re AH Robins Co., Inc*., 602 F. Supp. 243, 248 (D. Kan. 1985) (Canon 1 of the Code of Judicial Conduct for United States Judges imposes an obligation to "uphold the integrity of the judiciary" through "the prevention of any possible fraud from being perpetrated upon the courts.") (quoting *Wood v. Georgia*, 370 U.S. 375, 383 (1962) ("The right of courts to conduct their business in an untrammeled way lies at the foundation of our system of government … .").

The judicial conflict of interest for the Court is so obvious and extreme as to violate the due process clause's guarantee of an impartial adjudicator with irrevocable damage to Farmers. *See, e.g*., Painter Report, at ¶¶ 19, 39-40, 46-47 and 66-67; *Caperton*, 556 U.S. at 889 (safeguarding public confidence in judicial integrity "is a vital state interest"); *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009) ("the decisive consideration is whether delaying review until the entry of final judgment 'would imperil

21

a substantive public interest' or 'some particular value of a high order.'"); *Digital Equip. Corp. v. Desktop Direct, Inc*. 511 U.S. 863, 867 ("achieving a healthy legal system" is a value of high order and a basis for interlocutory appeal); *Union Carbide Corp.*, 782 F.2d at 712 (Posner, J.) ("A judge's refusal to recuse himself in the face of a substantial challenge casts a shadow not only over the individual litigation but over the integrity of the federal judicial process as a whole.").

The Court should acknowledge the divestiture of jurisdiction through Farmers' appeal and vacate all orders addressing pretrial proceedings in the district court at least since Farmers' Notice of Appeal filed on January 16, 2020, and stay all further proceedings before the district court pending resolution of Farmers' appeal and petition on the merits. The Court has consistently adopted the Defendants' mischaracterizations of Farmers' lawsuit claims and the facts of the complaint and amended complaint and the governing law, to "throw [Farmers] out of court." Painter Report, at ¶ 66. Farmers have lost confidence that the Court is neutral and unbiased. There are reasonable grounds for Farmers' concerns as demonstrated in the repeated rulings of the Court denying the injury and the harm to Farmers due to Defendants' misconduct. *See* 28 U.S.C. § 455(a) ("Any … judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.").

## IV.   CONCLUSION.

Farmers respectfully request that the Court grant Farmers' motions to vacate

orders, recuse sua sponte and stay the proceedings to ensure the integrity of the judicial

system and avoid irreparable injury to Farmers.

Dated: March 17, 2020

Respectfully submitted,

By: /s/ Douglas J. Nill
Douglas J. Nill (MN #0194876)

DOUGLAS J. NILL, PLLC
d/b/a FARMLAW
2050 Canadian Pacific Plaza
120 South Sixth Street
Minneapolis, MN  55402-1801
(612) 573-3669
dnill@farmlaw.com

Counsel for Plaintiffs and Proposed
Class of Farmers