IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: SYNGENTA AG MIR 162 CORN LITIGATION ) ) ) This Document Relates To: ) ) *Kellogg, et al. v. Watts Guerra, LLP, et al.*, ) No. 18-2408-JWL ) _____) | MDL No. 2591 Case No. 14-md-2591-JWL |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion for judgment on the pleadings (Doc. # 248) filed by the following seven defendants (collectively, "movants"): Hovland and Rasmus, PLLC; Dewald Deaver, P.C., LLO; Patton, Hoversten & Berg, P.A.; Wojtalewicz Law Firm, Ltd.; Johnson Law Group; VanDerGinst Law, P.C.; and Wagner Reese, LLP. For the reasons set forth below, the Court **grants** the motion, and all remaining claims against these defendants are hereby dismissed. The Court also **denies** plaintiffs' motion for leave to file a sur-reply in opposition to the instant motion (Doc. # 306).

### I. Pending Motion for Stay

While the instant motion was pending, plaintiffs filed a motion that includes a request for a stay of proceedings during the pendency of proceedings in the Tenth Circuit, although that motion is not yet ripe for decision. For the reasons discussed in the Court's recent opinion denying plaintiffs' recusal motion, *see* Memorandum and Order of April 3,

2020 (Doc. # 323), there is no basis to delay consideration of the instant motion for judgment on the pleadings.

## II. **Plaintiffs' Motion for Leave to File a Sur-Reply**

Plaintiffs seek leave to file a sur-reply brief in opposition to the motion for judgment on the pleadings. As this Court has previously stated, leave to file a sur-reply is generally granted only in rare circumstances, for instance when the movant has improperly raised new arguments in the reply brief. *See Jackson v. U.S. Postal Service*, 162 F. Supp. 2d 1246, 1249 (D. Kan. 2001) (Lungstrum, J.). In their motion for leave, plaintiffs have not identified any new arguments in movants' reply brief to which a response is warranted; rather, plaintiffs have merely summarized the contents of their proposed sur-reply and stated that they proceed with the motion for leave "in the interest of achieving a healthy legal system" (while quoting from a Supreme Court case that did not address this issue).

Plaintiffs' proposed sur-reply does not contain any relevant arguments that were not made or could not have been made in plaintiffs' response brief. In Section I.A, plaintiffs argue that the Court should recuse under 28 U.S.C. § 455; but that issue is not relevant to the merits of the instant motion for judgment on the pleadings, and the Court has addressed that issue in multiple other rulings. In Section I.B., plaintiffs argue that this Court has lost jurisdiction to act because of proceedings in the Tenth Circuit; again, the Court has addressed that issue (which does not relate to the merits of the instant motion) on multiple occasions, including above. In Section I.C, plaintiffs repeat their arguments on the merits from their response brief. They also cite an expert report, but the expert did not address

2

the relevant issue here, namely, whether defendants had a duty under Minnesota law to plaintiffs with whom they had no attorney-client relationship. In Section I.D., plaintiffs repeat the argument from their response brief concerning a Minnesota rule of professional conduct. In Section I.E, plaintiffs repeat the argument from their response brief that movants are asking the Court to disregard Fed. R. Civ. P. 23.[1] In Section I.F, plaintiffs repeat and elaborate on the argument from their response brief concerning an expert review affidavit.[2]

To this point, the Court has been very solicitous in considering any argument made by plaintiffs. In this instance, however, there is no basis to allow an additional brief by plaintiffs, and the proposed sur-reply does not add anything relevant to the analysis (and the arguments would not change the outcome here at any rate). Accordingly, the Court in its discretion denies plaintiffs leave to file the proposed sur-reply brief.

**III.    Analysis**

After prior rulings by the Court, plaintiffs' only remaining claim is their claim for breach of fiduciary duty under Minnesota law pursuant the Minnesota Supreme Court's

---

[1] Movants devote much of their reply to their argument that plaintiffs cannot meet the requirements for class certification under Rule 23. Plaintiffs have not responded to that argument in their proposed reply. Moreover, the Court has not relied on that argument in granting movants' motion.

[2] In the proposed sur-reply, plaintiffs also refer to movants' reply brief as untimely. At the deadline for that brief, movants succeeded in filing only the first page of their reply. The next morning, movants filed a motion for leave to file the entire reply brief out of time, as something had caused a defective filing the day before. Plaintiffs did not file any opposition to the motion for leave, which the Court subsequently granted. Accordingly, movants' reply brief is considered timely filed.

3

rulings in the *Perl* cases. Movants now seek judgment on the pleadings with respect to that remaining claim, pursuant to Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is analyzed under the same standard that applies to a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Park Univ. Enterprises, Inc. v. American Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006). The Court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

In the *Perl* cases, the Minnesota Supreme Court confirmed that a client could pursue a claim against an attorney for breach of fiduciary duty, seeking forfeiture of attorney fees, even in the absence of an actual injury. *See In re Syngenta AG MIR 162 Corn Litig. (Kellogg)*, 2019 WL 2184863, at *3 (D. Kan. May 21, 2019) (Lungstrum, J.) (discussing *Perl* cases). Movants argue that plaintiffs cannot assert such a claim against them in light of the undisputed fact that they did not represent any of the named plaintiffs in the Syngenta litigation. In their amended complaint, the six groups of named plaintiffs have alleged that they signed retainer contracts with various other defendant attorneys, but movants are not included among those attorneys for any named plaintiff. Plaintiffs have not alleged elsewhere in the complaint that any of them entered into an attorney-client relationship with any of the moving defendants. In sworn declarations filed previously in this action, plaintiffs confirmed that they executed retainer contracts with particular attorneys as alleged in the complaint, but again movants were not included in those lists of attorneys.

Finally, in response to the instant motion, plaintiffs have not disputed that they did not enter into any attorney-client relationship with any of the movants.

The Court agrees with movants that the lack of such a relationship dooms plaintiffs' remaining claim against these defendants for breach of fiduciary duty under the *Perl* cases. As a general rule under Minnesota law, no such duty is owed to non-clients. *See, e.g.*, *McIntosh County Bank v. Dorsey & Whitney, LLP*, 745 N.W.2d 538, 545 (Minn. 2008). As the Minnesota Supreme Court explained, "[i]f an attorney were to owe a duty to a nonclient, it could result in potential ethical conflicts for the attorney and compromise the attorney-client relationship, with its attendant duties of confidentiality, loyalty, and care." *See id.* The supreme court has recognized an exception that allows a third party to pursue a legal malpractice action if the party was a direct and intended beneficiary of the attorney's services, meaning that the transaction at issue had as a central purpose an effect on the third party. *See id.* at 547. Plaintiffs have not alleged, however, that movants, in representing other farmers, actually had a central purpose not merely of seeking relief for those other farmers, but instead of affecting these named plaintiffs who were represented by other attorneys. Thus, this narrow exception does not apply here. The *Perl* cases involved claims that an attorney breached duties to his client, and thus they do not support extending the cause of action to non-clients. Finally, any claim that would not require such privity, such as fraud, has already been dismissed from this case.

In response, plaintiffs cite their allegations that movants entered into agreements with the Watts firm (who represented each of the named plaintiffs), that all defendants were partners in a joint venture, and that movants have sought to recover fee awards from the

5

Syngenta settlement fund on the basis of the agreements with Watts. Plaintiffs argue that all defendants, including movants, "undertook a responsibility to adequately advise their clients." Again, however, plaintiffs were not movants' clients. Plaintiffs cite to their allegation that attorneys other than those listed on plaintiffs' retainer contracts conspired to pursue a fraudulent scheme, but plaintiffs' fraud and conspiracy claims are no longer in the case. Plaintiffs have not cited any authority suggesting that they may pursue a claim for breach of fiduciary duty under Minnesota law against any attorneys other than those with whom they entered into attorney-client relationships. Plaintiffs have not alleged (or disputed the lack of) such a relationship with movants. Nor have plaintiffs alleged or shown that movants have sought or received any attorney fee award for work specifically undertaken for these named plaintiffs.

Plaintiffs' other arguments are similarly unavailing. As they have done repeatedly throughout this litigation, plaintiffs argue that they have a property interest in these claims. As the MDL Panel pointed out in rejecting such an argument, however, plaintiffs are merely guaranteed a fair opportunity to assert their claims; plaintiffs do not have a right to pursue a claim that is not cognizable under the applicable law.

Plaintiffs argue that movants, by this motion, are attempting an end-run around Fed. R. Civ. P. 23. Thus, plaintiffs appear to be arguing that unnamed members of a putative class may have cognizable claims against movants (based on attorney-client relationships with those defendants). The Court rejects that argument, as it is black-letter law that there must be a valid claim by a named plaintiff against each defendant. *See* 1 William B. Rubenstein, *Newberg on Class Actions* § 2:5 (5th ed. 2011 & Supp.) ("In multidefendant

class actions, the named plaintiffs must show that each defendant has harmed at least one of them.") (citing cases); *see also Warth v. Seldin*, 422 U.S. 490 (1975) (injury to absent class member does not satisfy standing requirement).[3]

Plaintiffs cite Fed. R. Civ. P. 12(g)(2), which provides that a party may not make a second motion under Rule 12 raising a defense that was omitted from the party's first motion under the rule. Rule 12(g)(2), however, is explicitly made subject to Rule 12(h)(2), which allows for the failure to state a claim to be raised in a motion pursuant to Rule 12(c) (or even at trial). *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1101-02 (10th Cir. 2017) (rejecting this same argument).[4]

Plaintiffs argue that because Rule 12(c) provides for a motion filed "[a]fter the pleadings are closed," the instant motion is premature, and the motion cannot be filed until after discovery and plaintiffs' motion for class certification. This argument too is patently without merit, as the rule makes no mention of such other proceedings. The pleadings were closed in this case after answers were filed. *See* Fed. R. Civ. P. 7(a) (listing allowed pleadings). Courts routinely resolve Rule 12(c) motions at an early stage of the litigation.

---

[3] The Court need not address movants' argument that plaintiffs cannot satisfy certain requirements under Rule 23 for class certification. Such issues would be better addressed in this case after full briefing on a motion for class certification, should one be filed at some point.

[4] Moreover, movants did technically assert this argument in the briefing on defendants' motion to dismiss. Because the issue was raised only in summary fashion in footnotes, the Court did not address it as a separate basis for dismissal in ruling on the prior motion. Movants have appropriately raised the issue, in a properly fleshed-out manner, in the instant motion.

Indeed, there is no reason to require a defendant to participate in discovery or other proceedings if no valid claim has been stated against that defendant.

Finally, plaintiffs cite the expert review affidavit filed by their counsel with the complaint in accordance with Minn. Stat. 544.42. Plaintiffs argue that the expert has opined that all defendants violated fiduciary obligations to plaintiffs. In fact, the affidavit attached to the complaint does not reference any violation of fiduciary duties, but only states the opinion that defendants deviated from the applicable standard of care and caused injury to plaintiffs (parroting the language of the Minnesota statute). The affidavit thus addresses factual matters; it does not address the legal question at issue in this motion. Plaintiffs have not submitted any expert report addressing whether Minnesota law permits a claim against an attorney for breach of fiduciary duty in the absence of an attorney-client relationship.

Accordingly, plaintiffs have not shown that they have asserted a valid claim for breach of fiduciary duty against these defendants with whom no named plaintiff had an attorney-client relationship. The Court therefore grants the instant motion, and the moving defendants are hereby dismissed from the case entirely.

IT IS THEREFORE ORDERED BY THE COURT THAT the motion for judgment on the pleadings (Doc. # 248) filed by defendants Hovland and Rasmus, PLLC; Dewald Deaver, P.C., LLO; Patton, Hoversten & Berg, P.A.; Wojtalewicz Law Firm, Ltd.; Johnson Law Group; VanDerGinst Law, P.C.; and Wagner Reese, LLP, is hereby **granted**, and all remaining claims against these defendants are hereby dismissed.

IT IS FURTHER ORDERED BY THE COURT THAT plaintiffs' motion for leave to file a sur-reply in opposition to the instant motion (Doc. # 306) is hereby **denied**.

IT IS SO ORDERED.

Dated this 6th day of April, 2020, in Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge