UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: SYNGENTA AG MIR162 CORN LITIGATION<br><br>This document relates to:<br><br>*Kenneth P. Kellogg, et al. v. Watts Guerra LLP, et al.*,<br>Case No. 18-cv-2408-JWL-JPO | MDL No. 2591<br><br>Case No. 14-md-02591-JWL-JPO |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS DUE TO PLAINTIFFS' CONTINUED, WILLFUL DISREGARD OF THE COURT'S ORDERS (ECF NO. 308)**

## INTRODUCTION

Defendants bring this motion to request enforcement of the warning in the Court's March 3 order that "**if [Plaintiffs] again fail to attend the planning meeting or participate in submission of the planning-meeting report**," dismissal of this action will be recommended. (ECF No. 308, p. 10). Despite repeated rulings by this Court—including that explicit warning against further disobedience of Court orders—Plaintiffs simply will not move forward with litigation in this Court.  Most recently:

- At the Court-ordered planning conference (which Defendants attempted to hold on April 1), Plaintiffs were unprepared and refused to participate meaningfully.  For example, as Plaintiffs' counsel outright admits:  "Although I placed a call to participate in the April 1 conference, I was clear, at the outset, that Farmers are unwilling to proceed with discovery and pretrial proceedings while awaiting a disposition of Farmers' pending appeal to the Tenth Circuit 20-3006, and petition for mandamus, 20-3051."

- For the Court-ordered planning-meeting report (due tomorrow, April 8), Plaintiffs refused to work with Defendants on the filing.  Despite promising a draft by April

6 for Defendants to review and edit, Plaintiffs' counsel instead sent to Defendants on April 7 a surprising, ill-founded, and unproductive letter advising that Plaintiffs intend to file a their own "separate report" which "will state that [the parties] have no agreements and that [Magistrate Judge O'Hara] should respect the transfer of jurisdiction to the Tenth Circuit and the Farmers' right to pursue an appeal."

- For the upcoming Court-ordered planning conference (scheduled for April 15), Plaintiffs have advised Defendants that they will not address discovery or related issues. Rather, Plaintiffs intend to stand on their position that the Court "is without jurisdiction to proceed." What is more, ***Plaintiffs intend to request that Magistrate Judge O'Hara recuse himself*** because he purportedly suffers "the same conflict as [Judge Lungstrum]—breach of fiduciary obligations to Farmers and a likely witness at trial."

Plaintiffs were warned in the March 3 sanction order that dismissal could follow if they continued their willful disregard of Court orders. Yet, incredibly, Plaintiffs' misconduct has not been curbed; it has escalated. Particularly in light of the misconduct that prompted the March 3 order in the first place (see, e.g., ECF No. 287), as well as this Court's repeated rejection of Plaintiffs' ceaseless demands to surrender jurisdiction and recuse, Plaintiffs' continued recalcitrance and outright refusal to move forward in this Court establishes that lesser sanctions will not "spur plaintiffs to begin prosecuting their case." (ECF No. 308, p. 9). Accordingly, this action should be dismissed.

## ARGUMENT

"In determining whether a plaintiff's failure to prosecute or comply with court orders warrants dismissal as a sanction, the court considers the five factors set out by the Tenth Circuit in [*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)]: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the plaintiff; (4) whether the court warned the plaintiff that

noncompliance likely would result in dismissal; and (5) whether lesser sanctions would be appropriate and effective."  (ECF 308, p. 5 (citation omitted)).

In the March 3 Order, Magistrate Judge O'Hara found the first three factors met. (*Id.*, pp. 5-9 ("The first *Ehrenhaus* factor weighs in favor of dismissal."; "The second factor supports dismissal."; "Plaintiffs' culpability supports dismissal.").   Plaintiffs evaded dismissal only because they had not yet been explicitly warned of that possible consdequence (factor 4), and because "the court cannot say with a degree of certainty that a sanction short of dismissal would not spur plaintiffs to begin prosecuting this case in this court" (factor 5). But now—as shown below—Plaintiffs received their warning, brazenly violated the Court's order nonetheless, and their conduct this past month provides the requisite "degree of certainty" that any lesser sanction would be unavailing.

## I.  PLAINTIFFS WERE WARNED THEIR CONTINUED RECALCITRANCE WOULD RESULT IN DISMISSAL

In the March 3 order, Plaintiffs were sanctioned for disregarding the Court's orders and willfully refusing to participate in pretrial proceedings:

> Plaintiffs are willfully refusing to participate in the litigation before this court. The court previously rejected plaintiffs' jurisdictional argument regarding their non-final appeals. Plaintiffs therefore are culpable in deciding to defy the court's orders that the case proceed. … Plaintiffs' culpability warrants dismissal.

(ECF No. 308, p.8)  Further, the Court took the opportunity to warn Plaintiffs that **"future noncompliance with court orders or continued refusal to move forward with the case (which has not been stayed by either this court or the Tenth Circuit) likely will result in dismissal."** (ECF No. 308, p. 8 (emphasis in original)).

## II.   PLAINTIFFS FAILED TO COMPLY WITH COURT ORDERS BY REFUSING TO HAVE A MEANINGFUL PLANNING CONFERENCE

For two weeks after the March 3 order issued, Plaintiffs made no attempt to contact Defendants about the Rule 26(f) conference. (Declaration of Christopher L. Goodman, April 7, 2020). On March 16, Defendants attempted to coordinate a Rule 26(f) conference by providing their availability and offering to conduct the conference via telephone. (Goodman Decl., Ex. A). Because Plaintiffs had continued to press their meritless litigation in the Tenth Circuit, Defendants specifically asked whether Plaintiffs intended to comply with the March 3 Order and engage in discovery. (*Id.*; see also Case No. 20-3006, Doc. No. 010110317980 (Plaintiffs' jurisdictional memorandum, filed March 11); Case No. 20-3051, Doc. No. 010110318834 (Plaintiffs' petition for mandamus relief, filed March 12, 2020)).[1]

Plaintiffs agreed to participate in a planning conference on April 1 but repeated their flawed position that "[j]urisdiction over all aspects of the *Kellogg* lawsuit transferred to the Tenth Circuit when the *Kellogg* plaintiffs filed the Notice of Appeal on January 16, ECF No. 252." (*Id.*, Ex. A; see also ECF No. 323, p. 1 ("As the Tenth Circuit has already ruled

---

[1] Defense counsel's March 16, 2020 correspondence stated, in pertinent part:

> We have not heard from you in the two weeks since the March 3, 2020 Sanctions Order regarding the court order to hold a Rule 26(f) conference by April 1, 2020. Your recent briefing to the 10th Circuit and in support of your motion to recuse suggests you continue to believe the District Court has no jurisdiction and that you do not have to comply with the sanctions order. As a professional courtesy, please advise us if that is the case.

(Ex. A).

and as this Court has repeatedly held, the Court retains jurisdiction over this matter because the case is not yet final."); ECF No. 246, p. 2 (citing *Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 204 (1999) ("holding that a final decision 'ends the litigation on the merits and leaves nothing for the court to do but exercise the judgment"); ECF No. 268, p. 1 ("The case may—and will—proceed in this court.")).

When counsel conferred via telephone on April 1, Plaintiffs again stood on their flagrant disregard of this Court's determination that it retains jurisdiction—despite having been warned against precisely that. (ECF No. 308, p. 8 ("Plaintiffs are willfully refusing to participate in the litigation before this court.")).  Indeed, as Plaintiffs would later admit in their letter of April 7 (discussed below), at the very outset of the conference, Plaintiffs again insisted they would not proceed with discovery or pretrial proceedings until the Tenth Circuit had decided their appeal and mandamus petition.  (Goodman Decl.).

In addition to standing on their repeatedly rejected jurisdictional argument, Plaintiffs demanded that Defendants' Rule 26(a)(1) disclosures include the immediate production of documents from the files of putative class members—*i.e.*, attorney-client privileged information of people who are not parties to this action—without first obtaining an authorization from those individuals to release documents in their files. (Goodman Aff.; see also Minn. R. Prof. Conduct 1.6 (prohibiting counsel from revealing "information relating to the representation of a client" without client authorization)).

Defendants reminded Plaintiffs that Rule 26(a)(1) allows a party to provide "a copy—*or a description by category and location*" of documents. (*Id.* (emphasis added)).  Further, Rule 26(a)(1)(ii) requires disclosure of documents a party "may use to support its

claims or defenses"—rather than a wish list of documents the opposing party wants to receive.  And Defendants pointed out that Plaintiffs' counsel does not represent any putative class members and therefore has no basis to try and pierce the attorney-client privilege and obtain client information without written authorization. (Goodman Aff.).[2]  Despite Defendants' best efforts, Plaintiffs would not agree to obtain authorizations from putative class members or concede that production of the documents Plaintiffs seek to obtain is not required by Rule 26(a).

Plaintiffs' counsel was also woefully unprepared for the conference.  Plaintiffs were not prepared to list the specific subjects on which discovery was needed, claiming that listing specific subjects would prejudice Plaintiffs by revealing the categories of documents they intended to request during written discovery. (Goodman Aff.; see also Report of Planning Conference form at 5(A) (Plan for Discovery)).  Plaintiffs had no position on the number of interrogatories or depositions were appropriate. (*Id.*; see also Report of Planning Conference form a 5(H-I)).  Plaintiffs' counsel had not reviewed the *Susman* agreements referenced in the Report of Planning Conference. (*Id.*; planning conference report at 5(G)).  And Plaintiffs insisted that discovery include the issue of fraud—despite the fact all fraud-based claims were dismissed months ago. (Goodman Aff.; see also ECF No. 324, p. 6 (noting that "plaintiffs' fraud and conspiracy claims are no longer in the case.")).

---

[2] See also Restatement (Third) of the Law Governing Lawyers § 99 cmt. 1 (2000) ("prior to certification, only those class members with whom the lawyer maintains a personal client-lawyer relationship are clients."); *see also* ABA Formal Opinion 07-445 (Apr. 11, 2007) ("A client-lawyer relationship with a potential member of the class does not begin until the class has been certified and the time for opting out by a potential member of the class has expired.")).

The April 1 conference ended with Plaintiffs agreeing to circulate a draft of the planning conference report by April 6, so Defendants would have sufficient time to review the report and provide input and additions. (Goodman Aff., Ex. B (April 3, 2020 correspondence to Plaintiffs)).

### III. PLAINTIFFS VIOLATED COURT ORDERS BY REFUSING TO PARTICIPATE IN PREPARING THE PLANNING CONFERENCE REPORT, AND ANNOUNCING THEY SIMPLY WILL NOT RECOGNIZE THE COURT'S JURISDICTION

Plaintiffs never circulated a draft planning conference report on April 6, as promised.  Instead, on April 7, Plaintiffs sent a letter in which they:

- Clearly and unequivocally state they will not participate in discovery or pretrial proceedings until the Tenth Circuit decides their second attempt at an interlocutory appeal of a non-final order and second petition for mandamus:

  > Although I placed a call to participate in the April 1 conference, I was clear, at the outset, that Farmers are unwilling to proceed with discovery and pretrial proceedings while awaiting a disposition of Farmers' pending appeal to the Tenth Circuit, 20-3006, and petition for a writ of mandamus, 20-3051. Farmers request

  (Goodman Decl., (Ex. A));

- Indicate they will pursue yet another improper appeal of a non-final order—this time involving the April 3, 2020 (ECF No. 323) order which denied their third motion for recusal or for other relief:

  > Farmers will timely file a Second Amended Notice of Appeal addressing the district court's April 3, 2020 order, ECF No. 323, denying Farmers' motion request, ECF No. 319, that the district court vacate all orders addressing pretrial proceedings since Farmers' Notice of Appeal was filed on January 16, recuse as the judicial officer in *Kellogg* and stay all district court proceedings pending a disposition by the Tenth Circuit of Farmers' appeal and petition for a writ of mandamus filed on March 12, 2020, ECF No. 316, Tenth Circuit No. 20-3051.

(*Id.*);

- Intend to take an appeal over Plaintiffs' "motion request, ECF No. 319, that the district court vacate all orders addressing pretrial proceedings"—a motion that has not been fully briefed *and which the Court has not even decided.* (*Id.*);

- Although Plaintiffs agreed to circulate a planning conference report by April 6, Plaintiffs have now indicated they intend to submit a separate report which Defendants have never seen:

> Farmers will present a separate report of our April 1 telephone conference call to Magistrate Judge O'Hara. Farmers' separate report will state that we have no agreements and that he should respect the transfer of jurisdiction to the Tenth Circuit and Farmers' right to pursue an appeal.

(*Id.*);

- Plaintiffs intend to participate in the April 15 scheduling conference but only for purposes of advising Chief Magistrate Judge James P. O'Hara he is without jurisdiction to proceed:

> Farmers' counsel will advise Chief Magistrate Judge James P. O'Hara during the April 15 scheduling conference call that he is without jurisdiction to proceed and that his disregard of the law of divestiture of jurisdiction during the appeal is an improper disregard of Farmers' right to pursue the appeal. *See, e.g.*, Canon 3(A)(4)

(*Id.*); and

- Plaintiffs intend to "request that the Magistrate Judge recuse sua sponte under the requirements of 28 U.S.C. § 455. … The Magistrate Judge has the same conflict as the district court – breach of fiduciary obligations to [Plaintiffs] and a likely witness at trial – and cannot proceed as a judicial officer in this case."

(*Id.*).

Plaintiffs have made abundantly clear they will neither recognize this Court's jurisdiction nor prosecute their case.  If anything, bad matters are just getting worse.  As the Court has previously recognized, Plaintiffs' conduct has prejudiced defendants, interfered with the judicial process, and is culpable.  (See generally ECF 308).  These findings involved Plaintiffs refusal to move forward with this case, including specifically Plaintiffs' brazen disregard of the Court's order to hold a planning conference on **February 11, 2020** (*id.*, p. 3).  Now—almost two months later—no progress whatsoever has been made: Discovery is not beginning; Defendants and the Court have had to respond to the same ill-conceived and baseless recusal and jurisdictional arguments over and over again; and Plaintiffs have stated they intend to maintain their wrong-headed demands at the next hearing, as well as through additional filings with the Tenth Circuit.

In short, sanctions did not curb their behavior and Plaintiffs continued abuse of the litigation process—at the time and expense of the Court and Defendants—continues.  Individually or in the aggregate Plaintiffs' willful and undeterred recalcitrance warrants dismissal.

Dated: 04/07/2020                 Thompson, Coe, Cousins & Irons, L.L.P.

/s/ Christopher L. Goodman
Christopher L. Goodman (MN #285626)
408 St. Peter St #510
St. Paul, MN 55102
651-389-5025
cgoodman@thompsoncoe.com

*Counsel for Defendants Watts Guerra
LLP, Mikal C. Watts, and Francisco Guerra*

Richard A. Lind (MN #0063381)
João C.J.G. de Medeiros (MN #0390515)
Lind Jenson Sullivan & Peterson PA
901 Marquette Ave S
Minneapolis, MN 55402
612-333-3637
rick.lind@lindjensen.com
joao.medeiros@lindjensen.com

*Counsel for Defendants Daniel M. Homolka,
Law Office, Ltd. and Yira Law Office, Ltd.*

Kelly A. Ricke (#16663)
Evans & Dixon, L.L.C.
10851 Mastin Blvd #900
Overland Park, KS 66210
913-701-6810
kricke@evans-dixon.com

*Counsel for Defendant Pagel Weikum,
P.L.L.P.*

Arthur G. Boylan (MN #338229)
Anthony Ostlund Baer & Louwagie, P.A.
90 S 7th St #3600
Minneapolis, MN 55402
612-349-6969
aboylan@anthonyostlund.com

*Counsel for Defendants Law Office of Michael*
*Miller, Mauro, Archer & Associates, LLC*

Daniel F. Church
Morrow Willnauer Church, LLC
8330 Ward Pkwy # 300
Kansas City, MO 64114
816-382-1382
dchurch@mwcattorneys.com

*Counsel for Defendant Cross Law Firm,*
 *LLC*

Matthew G. Koehler
Teresa M. Young
Steven Schwartz
Brown & James Law Firm P.C.
800 Market St # 1100
St. Louis, MO 63101-2501
314-421-3400
mkoehler@bjpc.com
tyoung@bjpc.com
sschwartz@bjpc.com

*Counsel for Lowe Eklund Wakefield Co., LPA*