## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| Kenneth P. Kellogg, Rachel Kellogg and Kellogg Farms, Inc., Roland B. Bromley and Bromley Ranch, LLC, John F. Heitkamp, Dean Holtorf, Garth J. Kruger, Charles Blake Stringer and Stringer Farms, Inc., individually, and on behalf of all others similarly situated, | D. Kan. No. 18-cv-2408-JWL-JPO<br><br>Master File No. 2:14-md-2591-JWL-JPO<br><br>Syngenta MDL No. 2591<br><br>D. Minn. No. 18-cv-1082-DWF-BRT |

Plaintiffs,

v.

Watts Guerra, LLP, Daniel M. Homolka, P.A., Yira Law Office LTD, Hovland and Rasmus, PLLC, Dewald Deaver, P.C., LLO, Mauro, Archer & Associates, LLC, Johnson Law Group, Wagner Reese, LLP, VanDerGinst Law, P.C., Patton, Hoversten & Berg, P.A., Cross Law Firm, LLC, Law Office of Michael Miller, Pagel Weikum, PLLP, Wojtalewicz Law Firm, Ltd., Lowe Eklund Wakefield Co., LPA, Mikal C. Watts, Francisco Guerra, and John Does 1-250,

Defendants.

## CLASS PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTIONS TO VACATE ORDERS AND RECUSE AND STAY DISTRICT COURT PROCEEDINGS

Douglas J. Nill (#0194876)
DOUGLAS J. NILL, PLLC
d/b/a FARMLAW
2050 Canadian Pacific Plaza
120 South Sixth Street
Minneapolis, MN  55402-1801
(612) 573-3669

Counsel for Plaintiffs and Proposed Class of Farmers

# TABLE OF CONTENTS

I.      DEFENDANTS' RESPONSE HAS NO MERIT. ……………………………….. 1

    A.    Background. ……………………………………………………..…….. 1

    B.    An interlocutory appeal transfers jurisdiction to the appellate court over all aspects of the appeal until the appeal is resolved on the merits. ……… 3

        1.    Continuation of *Kellogg* in the district court defeats the point of the appeal. ……………………………………..…………..… 3

        2.    Farmers' due process rights to proceed before an impartial judge would be negated if Farmers are forced to litigate before a conflicted district court during the appeal. …………………..……….. 4

        3.    A status report in a different appeal has no jurisdictional significance. …………………………………………………….. 4

        3.    There was no *McCauley* hearing to address the merits of the *Kellogg* appeal and the transfer of jurisdiction was automatic. …..... 5

        4.    Farmers' appeal No. 20-3006 is the dominant pleading before the Tenth Circuit and the Court should respect the automatic transfer of jurisdiction. ……………………………………………..…….. 5

II.     CONCLUSION. ………………………………………………..………… 6

## I.     DEFENDANTS' RESPONSE HAS NO MERIT.

Defendants' response, ECF No. 321, lacks candor and avoids the law of divestiture of jurisdiction. It is comprised mostly of ad hominem attacks against Farmers' counsel and is not a professional work product.

On April 10, 2020, the *Kellogg* named and putative class plaintiffs ("Farmers") filed a Second Amended Notice of Appeal, ECF No. 332, addressing the Court's April 3, 2020 decision denying Farmers' motions to vacate orders, recuse and stay the proceedings. The Second Amended Notice of Appeal thus renders moot any elements of Farmers' motions that the Court believes it has not addressed with the April 3 order issued by the Court before Farmers' reply deadline today under D. Kan. Local Rule 6.1. *See* April 3 order, at p. 2 n. 2.

Without waiving the transfer of jurisdiction to the Tenth Circuit through the Notice of Appeal, ECF No. 252, the Amended Notice of Appeal, ECF No. 272, and the Second Amended Notice of Appeal, ECF No. 332, Farmers submit this reply to protect the record.

### A.     Background.

On January 16, 2020, Farmers timely filed a Notice of Appeal to the Tenth Circuit, ECF No. 252, Tenth Circuit No. 20-3006, addressing the Court's December 18, 2019 decision denying Farmers' September 10, 2019 motion, ECF No. 227, to "recuse or disqualify" and "stay the proceedings" on substantive and procedural due process grounds under the Fifth Amendment and the mandatory requirements of 28 U.S.C. § 455.

On February 4, 2020, the Magistrate Judge issued a decision, ECF No. 268, that Farmers' Notice of Appeal filed on January 16 "is a nullity that did not divest it of jurisdiction." The basis for the Magistrate Judge's ruling was a determination that Farmers' *Status Report By Appellants* filed with the Tenth Circuit on December 21, 2019, in the first appeal, No. 19-3066, which challenged the March 1, May 21 and August 13 decisions dismissing Farmers' federal and Minnesota claims from the amended complaint, placed the December 18 decision by the Court before the Tenth Circuit. *See* p. 3 (Tenth Circuit in appeal 19-3066 had "knowledge from plaintiffs' status report that Judge Lungstrum had issued an order on December 18, 2019.").

In the Status Report, Farmers informed the Tenth Circuit that the Court had issued a December 18, 2019 decision denying Farmers' Rule 60 motion filed on September 10, 2019, to "recuse or disqualify" and "stay the proceedings." Farmers stated in the Status Report that "Farmers will timely file a Third Amended Notice of Appeal challenging the December 18, 2019 rulings … ."  Of course, on December 31, 2019, the Tenth Circuit dismissed Farmers' first appeal, No. 20-3066, and Farmers never had an opportunity to file a proposed third amended notice of appeal in No. 19-3066. The status report is *NOT* a notice of appeal and the December 18, 2019 decision by the district court was *NOT* before the Tenth Circuit in appeal No. 19-3066. Thus, Farmers filed a Notice of Appeal on January 16 addressing the December 18, 2019 decision by the Court, which is appeal No. 20-3006, the appeal now before the Tenth Circuit

The Magistrate Judge's opinion that a status report placed the December 18 decision before the Tenth Circuit is a clear abuse of discretion and manifest error. There is no jurisdictional significance to a status report. Thus, there was no legal basis for the Magistrate Judge to conclude that the Tenth Circuit, by dismissing appeal No. 19-3066, had also addressed the merits of the December 18 decision and the Fifth Amendment due process issues addressed in Farmers' pending appeal No. 20-3006.

On February 4, 2020, the Court issued a docket order, ECF No. 269, adopting the Magistrate Judge's erroneous February 4 decision that Farmers' Notice of Appeal, No. 20-3006, is a nullity that did not divest the district court of jurisdiction.

**B.    An interlocutory appeal transfers jurisdiction to the appellate court over all aspects of the appeal until the appeal is resolved on the merits.**

Farmers' Notice of Appeal, No. 20-3006, deprives the Court of jurisdiction over any further pretrial proceedings. *See Griggs v. Provident Consumer Discount*, 459 U.S. 56, 58 (1982) (the filing of a notice of appeal "is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

**1.    Continuation of *Kellogg* in the district court defeats the point of the appeal.**

Further proceedings in the district court pending resolution of Farmers' appeal and petition on the merits are a violation of Farmers' due process rights to proceed before an impartial judge with irrevocable damage to Farmers. As the Seventh Circuit stated in a

3

similar situation in *Bradford-Scott Data v. Physician Computer Network*, 128 F.3d 504, 505-06 (7th Cir. 1997): "Whether [*Kellogg*] should be litigated in the district court is not an issue collateral to the question presented in the appeal … it is the mirror image of the question presented on appeal. Continuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals."

> **2.    Farmers' due process rights to proceed before an impartial judge would be negated if Farmers are forced to litigate before a conflicted district court during the appeal.**

In *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990), the Tenth Circuit addressed the practical effect of permitting a district court to retain jurisdiction pending an interlocutory appeal based on a claim of qualified immunity. In holding that the district court was divested of jurisdiction during the appeal, the Tenth Circuit recognized that a party's right to avoid litigation through qualified immunity would be negated if it were forced to litigate in district court during the appeal. Likewise, in *Kellogg*, Farmers' due process rights to proceed before an impartial judge would be negated if Farmers are forced to litigate during the appeal before a conflicted district court.

> **3.    A status report in a different appeal has no jurisdictional significance.**

The Court mistakenly asserts in a February 4 order that a December 21, 2020 status report to the Tenth Circuit, in appeal No. 19-3066, is a basis to assert the Tenth Circuit has addressed the merits of a Farmers' challenge to the Court's December 18, 2020

decision in appeal No. 20-3006. The Court's effort to assign jurisdictional significance to a status report in a different appeal is a clear abuse of discretion and manifest error.

>    **4.     There was no *McCauley* hearing to address the merits of the *Kellogg* appeal and the transfer of jurisdiction was automatic.**

To address a practical concern that divesting the district court of jurisdiction would provide a vehicle for delay, the Tenth Circuit developed a framework to "frustrate any litigant's attempt to exploit the categorical divestiture rule." *McCauley v. Halliburton Energy Servs.*, 413 F.3d 1158, 1162 (10th Cir. 2005). Pursuant to this framework, upon the filing of the notice of appeal, the Court "after a hearing" may certify the appeal as "frivolous or forfeited." *Id*. Such a certification would prevent automatic divestiture.

Defendants never requested a *McCauley* hearing[1] to address the substantive merits of the *Kellogg* appeal, perhaps for obvious reasons. Farmers assert through the appeal, No. 20-3006, that the judicial conflict of interest for the Court in *Kellogg* is so obvious and extreme as to violate the due process clause's guarantee of an impartial adjudicator with irrevocable damage to Farmers. *See Expert Report Of Richard Painter*, ECF No. 279-2; *Supplemental Report Of Richard W. Painter*, ECF No. 331-1.

>    **5.     Farmers' appeal No. 20-3006 is the dominant pleading before the Tenth Circuit and the Court should respect the automatic transfer of jurisdiction.**

In a February 4, 2020 docket order, the Court said that "[a]ny future stay must

---

[1]. The Court routinely granted hearings in the Syngenta MDL proceedings. The Court has never granted Farmers' requests for oral argument in *Kellogg*.

come from the Tenth Circuit itself." The Court again said in the April 3, 2020 order, ECF No. 323, that "any stay to allow for proceedings in the Tenth Circuit must now come from the Circuit itself."

The Court's disregard of its obligation to respect the automatic transfer of jurisdiction for Farmers' appeal is unavailing. The Tenth Circuit has recognized that when a party has filed an appeal and a petition for a writ of mandamus, the appeal is the dominant pleading. *See, e.g., In re Kozeny, et al*, 236 F.3d 615, 618 (10th Cir. 2000); *Richmond v. Crow*, 61 F.3d 916 n. 4 (10th Cir. 1993).

Thus, the *Kellogg* appeal, No. 20-3006, until addressed by the Tenth Circuit, is the dominant pleading before the Tenth Circuit. Under the law of divestiture of jurisdiction for appeals, jurisdiction over all aspects of the *Kellogg* lawsuit transferred to the Tenth Circuit after Farmers' Notice of Appeal was filed on January 16, 2020. Farmers need not do more and it is not Farmers' burden to have to proceed through the petition for a writ of mandamus to request a stay of proceedings in the district court from the Tenth Circuit. Rather, the Court should acknowledge the automatic transfer of jurisdiction for the appeal.

## II.     CONCLUSION.

Farmers respectfully request that the Court grant Farmers' motions to vacate orders, recuse and stay the proceedings to ensure the integrity of the judicial system and avoid irreparable damage to Farmers.

6

Dated: April 14, 2020

Respectfully submitted,

By: /s/ Douglas J. Nill
Douglas J. Nill (MN #0194876)

DOUGLAS J. NILL, PLLC
d/b/a FARMLAW
2050 Canadian Pacific Plaza
120 South Sixth Street
Minneapolis, MN  55402-1801
(612) 573-3669
dnill@farmlaw.com

Counsel for Plaintiffs and Proposed
Class of Farmers