UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: SYNGENTA AG MIR162 CORN LITIGATION<br><br>This document relates to:<br><br>*Kenneth P. Kellogg, et al. v. Watts Guerra LLP, et al.*,<br>Case No. 18-cv-2408-JWL-JPO | MDL No. 2591<br><br>Case No. 14-md-02591-JWL-JPO |

**DECLARATION OF CHRISTOPHER L. GOODMAN SUPPORTING FEES AND COSTS AWARDED IN THE COURT'S APRIL 15, 2020 ORDER (ECF NO. 335)**

I, Christopher L. Goodman, declare as follows:

1. I am over the age of twenty-one years old and make this declaration based on my personal knowledge. If called as a witness, I could and would testify competently to the facts contained herein, which are true and correct.

2. I am counsel of record in the above-captioned matter for Defendants Watts Guerra, LLP, Mikal C. Watts, and Francisco Guerra (collectively "Watts Guerra"). I make this Declaration in compliance with the Court's April 15, 2020 Order (ECF No. 335) denying Plaintiffs' Motions to Vacate Order and Recuse and Stay District Court Proceedings (ECF No. 319) and awarding Defendants the reasonable attorney's fees and expenses they incurred preparing their response to Plaintiffs' motions (ECF No. 321) under 28 U.S.C. § 1927.

3. The chart in paragraph 5 of this Declaration shows the date, description, time billed and fee for each task I performed preparing Defendants' opposition to Plaintiffs'

Motions to Vacate Orders, Recuse, and Stay Proceedings (ECF No. 319). All of the time entries submitted in this Declaration were billed by me. I have reviewed our firm's invoices and excluded any excessive, redundant or unnecessary entries. All of the time entries listed in this Declaration were reasonably incurred.

4. I am a 1998 graduate of the University of Minnesota Law School and a partner in the law firm of Thompson, Coe, Cousins & Irons, LLP. I have been in private practice for over 20 years and was named a Rising Star by Minnesota Law & Politics in 2005-2009, 2011, and 2013. My rate in this matter is $230.00 per hour, which is a reasonable rate for similar work performed in the Minneapolis-St. Paul legal market for an attorney with my experience and qualifications.

5. To preserve the protections of the attorney-client privilege and work product doctrine, the time entries appearing on our firm's monthly invoices have been revised to omit references to the specific persons with whom I communicated, and to omit references to any mental impressions and legal conclusions that may have been reflected in the billing statement submitted to our client:

| Date | Description | Time | Fee |
| --- | --- | --- | --- |
| 3/17/2020 | Analyze plaintiffs' motion to recuse judge, vacate March 3 order for sanctions and stay proceedings (ECF No. 319) | .3 | 69.00 |
| 3/17/2020 | Analyze memo of law supporting plaintiffs' March 17 order to recuse judge, vacate March 3 order and stay proceedings (25 pages; ECF No. 32)) | .7 | 161.00 |
| 3/17/2020 | Exchange correspondence analyzing plaintiffs' March 17, 2020 motion to vacate orders, recuse and stay proceedings | .2 | 46.00 |
| 3/18/2020 | Telephone conference with defense counsel to coordinate response to plaintiffs' motion to vacate orders, recuse and stay proceedings | .5 | 115.00 |

| | | | |
|---|---|---|---|
| 3/18/2020 | Analyze Tenth Circuit case law regarding inherent authority to issue sanctions (to incorporate in response to plaintiffs' March 17 motion to recuse, vacate orders and stay proceedings) | .5 | 115.00 |
| 3/20/2020 | Analyze District of Kansas cases applying Local Rule 72 regarding objections to Magistrate order (Plaintiffs invoke LR 72 in their motion to vacate March 3 order for sanctions) | .5 | 115.00 |
| 3/20/2020 | Analyze orders plaintiffs seek to vacate in March 17 motion (ECF Nos. 256, 263, 264, 268, 269, 285, 294, 296, 301, 308) and determine which orders are outside time frame for Rule 60 relief | .4 | 92.00 |
| 3/20/2020 | Telephone conference with defense counsel regarding opposition to plaintiffs' motion to vacate orders, recuse and stay proceedings regarding inserting request for sanctions | .4 | 92.00 |
| 3/20/2020 | Prepare argument in memo opposing plaintiffs motion to vacate March 3 order for sanctions regarding all but one of the challenged orders falls outside scope of Local Rule 72.1.4 | .8 | 184.00 |
| 3/20/2020 | Prepare argument in memo opposing plaintiffs motion to vacate March 3 order regarding recusal raised in prior motions and plaintiffs cannot renew request for recusal | .7 | 161.00 |
| 3/20/2020 | Analyze whether appellate court has jurisdiction under 28 USC 1291(a) because "practical effect" of district court order denies injunctive relief (Carson, 450 U.S. 79 (1981)) | .7 | 161.00 |
| 3/23/2020 | Analyze proposed revisions and comments to memo opposing plaintiffs motion to vacate orders, recuse and stay proceedings | .4 | 92.00 |
| 3/23/2020 | Exchange correspondence regarding proposed revisions to and comments about memo opposing plaintiffs motion to vacate (ECF No. 319) | .2 | 46.00 |
| 3/25/2020 | Analyze Tenth Circuit cases regarding "irreparable harm" factor for establishing appellate jurisdiction under "practical effect" exception to 28 USC 1292 | .4 | 92.00 |
| 3/25/2020 | Analyze Tenth Circuit cases regarding decisions that cannot be effectively challenged without immediate review under "practical effect" exception to 28 USC 1292 | .4 | 92.00 |
| 3/25/2020 | Commence preparing argument in memo opposing plaintiffs' March 17 motion to vacate/recuse/stay | 1.0 | 230.00 |

| | | | |
|---|---|---|---|
| | regarding court did not lose jurisdiction due to appeal of non-final orders | | |
| 3/25/2020 | Prepare Introduction to memo opposing motion to vacate (ECF No. 319) | .6 | 138.00 |
| 3/25/2020 | Prepare argument in memo opposing motion to vacate regarding district court did not lost jurisdiction when plaintiffs filed notice of appeal (distinguishing cases cited in plaintiffs' brief) | 2.4 | 552.00 |
| 3/25/2020 | Prepare argument in memo opposing motion to vacate regarding district court did not lose jurisdiction when plaintiffs petitioned for writ of mandamus (distinguishing cases cited in plaintiffs' brief) | 1.2 | 276.00 |
| 3/27/2020 | Analyze case law regarding criteria for recusal under 28 USC 455(a),(b) (David, 101 F.3d 1344 (10th Cir. 1996); Liteky, 510 U.S. 540 (1994); Cooley, 1 F.3d 985 (10th Cir.1993)) | .6 | 138.00 |
| 3/27/2020 | Analyze case law regarding District of Kansas adopting Pillars of Professionalism (United States v. Shelton, 2015 WL 7078931 (D. Kan. Nov. 13, 2015)) | .3 | 69.00 |
| 3/27/2020 | Prepare argument in memo opposing motion to vacate regarding no basis to recuse Magistrate Judge O'Hara | 1.5 | 345.00 |
| 3/27/2020 | Incorporate plaintiffs' counsel's violation of Pillars of Professionalism into argument justifying imposition of sanctions in Magistrate's March 3 order | .4 | 92.00 |
| 3/27/2020 | Analyze case law regarding criteria for staying proceedings (Pet Milk Co. v. Ritter, 323 F.2d 586 (10th Cir. 1963); Fed. Trade Comm'n, 345 F.3d 850 (10th Cir. 2003)) | .4 | 92.00 |
| 3/27/2020 | Prepare argument regarding stay of proceedings would be unwarranted and prejudicial | 1.2 | 276.00 |
| 3/27/2020 | Exchange correspondence regarding draft of memo opposing plaintiffs' motion to vacate (ECF No. 319) | .2 | 46.00 |
| 3/27/2020 | Exchange correspondence with defense counsel regarding draft of memo opposing plaintiffs' motion to vacate (ECF No. 319) | .2 | 46.00 |
| 3/30/2020 | Analyze proposed revisions to memo opposing plaintiffs motion to vacate (ECF No. 319) | .4 | 92.00 |
| 3/30/2020 | Exchange correspondence regarding incorporating request for sanctions under court's inherent authority and/or under 28 USC 1927 | .2 | 46.00 |
| 3/30/2020 | Analyze case law regarding sanctions for multiple, vexatious filings under 28 USC 1927 (Miera, 143 F.3d | .5 | 115.00 |

| | | | |
|---|---|---|---|
| | 1337 (10th Cir.1998); Sheldon, 2010 WL 3825489 (D.Kan.2010)) | | |
| 3/30/2020 | Analyze case law regarding sanctions under court's inherent authority (Resolution Trust Co. v. Dabney, 73 F.3d 262 (10th Cir. 1995) (Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991)) | .5 | 115.00 |
| 3/30/2020 | Prepare argument in memo opposing plaintiffs' motion to vacate regarding sanctioning plaintiffs under 28 USC 1927 and court's inherent authority | 2.0 | 460.00 |
| 3/30/2020 | Revise Introduction to memo opposing plaintiffs' motion to vacate to incorporate argument for sanctions under 28 USC 1927 and inherent authority | .3 | 69.00 |
| 3/30/2020 | Exchange correspondence regarding March 30 version of memo opposing motion to vacate (ECF no. 319), incorporating request for sanctions | .2 | 46.00 |
| 3/30/2020 | Edit memo opposing plaintiffs' motion to vacate by incorporating feedback from counsel | .4 | 92.00 |
| 3/31/2020 | Prepare Conclusion in memo opposing plaintiffs' motion to vacate | .4 | 92.00 |
| | **Total:** | **22.0** | **$5,060.00** |

6. In total, Watts Guerra incurred fees of $5,060.00 to prepare Defendants' opposition to Plaintiffs' Motions to Vacate Order and Recuse and Stay District Court Proceedings (ECF No. 321).

7. I declare under penalty of perjury pursuant to 28 U.S.C. §1746 that everything I have stated in this Declaration is true and correct.

Date: 04/17/2020          /s/Christopher L. Goodman
                          Christopher L. Goodman (#285626)
                          Thompson, Coe, Cousins & Irons, L.L.P.
                          408 St. Peter St #510
                          St. Paul, MN 55102
                          651-389-5025
                          cgoodman@thompsoncoe.com