# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| Kenneth P. Kellogg, Rachel Kellogg and Kellogg Farms, Inc., Roland B. Bromley and Bromley Ranch, LLC, John F. Heitkamp, Dean Holtorf, Garth J. Kruger, Charles Blake Stringer and Stringer Farms, Inc., individually, and on behalf of all others similarly situated, | D. Kan. No. 18-cv-2408-JWL-JPO  Master File No. 2:14-md-2591-JWL-JPO  Syngenta MDL No. 2591  D. Minn. No. 18-cv-1082-DWF-BRT |

Plaintiffs,

v.

Watts Guerra, LLP, Daniel M. Homolka, P.A., Yira Law Office LTD, Hovland and Rasmus, PLLC, Dewald Deaver, P.C., LLO, Mauro, Archer & Associates, LLC, Johnson Law Group, Wagner Reese, LLP, VanDerGinst Law, P.C., Patton, Hoversten & Berg, P.A., Cross Law Firm, LLC, Law Office of Michael Miller, Pagel Weikum, PLLP, Wojtalewicz Law Firm, Ltd., Lowe Eklund Wakefield Co., LPA, Mikal C. Watts, Francisco Guerra, and John Does 1-250,

Defendants.

## CLASS PLAINTIFFS' RESPONSE TO THE COURT'S APRIL 15 ORDER: THE ORDER VIOLATES DUE PROCESS AND SHOWS THE COURT IS AN ADVERSARY TO PLAINTIFFS' REQUEST THAT THE TENTH CIRCUIT DISQUALIFY THE COURT AND THE ADVERSARIAL POSTURE MANDATES RECUSAL

Douglas J. Nill (#0194876)
DOUGLAS J. NILL, PLLC
d/b/a FARMLAW
2050 Canadian Pacific Plaza
120 South Sixth Street
Minneapolis, MN  55402-1801
(612) 573-3669

Counsel for Plaintiffs and Proposed Class of Farmers

# TABLE OF CONTENTS

I.      INTRODUCTION. ……………………………………………………………. 1

      A.      The Court is an adversary to Farmers' request that the Tenth Circuit disqualify the Court and the adversarial posture mandates recusal. ……… 2

      B.      The Court acknowledged merit in Farmers' March 17 motion by addressing – for the first time – the *Expert Report Of Richard Painter*. …. 5

      C.      The April 15 decision to sanction and silence Farmers' counsel violates the due process rights of Farmers' counsel under the Fifth Amendment. ... 8

      D.      The Court persistently and deliberately disregards the law of divestiture of jurisdiction. ……………………………………………………….….. 10

      E.      The April 15 decision does not even remotely meet the criteria for sanctioning a lawyer under 28 U.S.C. § 1927. ……………………..…… 16

II.     CONCLUSION. ……………………………………………………….…….. 18

## I.  INTRODUCTION.

The *Kellogg, et al* named and putative class plaintiffs ("Farmers") request that the Court vacate its April 15, 2020 Memorandum and Order, ECF No. 335. The decision to sanction and silence Farmers' counsel[1] violates due process under the Fifth Amendment of the U.S. Constitution. U.S. CONST. amend. V. The decision disregards the transfer of jurisdiction over all aspects of the *Kellogg* lawsuit to the Tenth Circuit when Farmers filed a Notice of Appeal on January 16, 2020, ECF No. 252, Tenth Circuit No. 20-3006, requesting the disqualification of the Court pursuant to Farmers' due process rights under the Fifth Amendment and the requirements of 28 U.S.C. § 455. *See Griggs v. Provident Consumer Discount*, 459 U.S. 56, 58 (1982) (the filing of a notice of appeal "is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). The decision does not even remotely meet the criteria for sanctioning a lawyer under the statute used by the Court, 28 U.S.C. § 1927. The decision shows the Court is an adversary to Farmers' request that the Tenth Circuit disqualify the Court for an untenable conflict of interest that violates due process with irrevocable damage to Farmers. The Court's adversarial posture with Farmers' disqualification request to the Tenth Circuit

---

[1].  Farmers' counsel, Douglas J. Nill, is an accomplished attorney with a 30-year record of success. Throughout his career as a litigator, Nill, a zealous advocate for his clients, has never been sanctioned. *See* Fourteenth Declaration of Douglas J. Nill, at ¶¶ 1-4.

creates an intolerable adversary atmosphere between Farmers and the Court and mandates recusal.

> **A.**     **The Court is an adversary to Farmers' request that the Tenth Circuit disqualify the Court and the adversarial posture mandates recusal.**

The *Kellogg* lawsuit presents claims that a group of law firms, led by Watts Guerra, LLP, a Texas firm, pursued a "mass tort … individual suit" attorney fee fraud scheme against the nation's 243,000 corn growers with 60,000 corn growers, among the nation's largest, exploited by the scheme. The Court, tasked as a fiduciary to protect those corn growers as absent class members in the Syngenta MDL, allowed this to happen. No other court, until this Court, has allowed lawyers to privately contract clients and putative class members out of a class action in exchange for money and favors. No other court has allowed this because the U.S. Supreme Court and Fed. R. Civ. P. 23 do not allow this.

At the end of the day, the exploited corn growers were allowed back into the Syngenta MDL settlement class. But "no harm, no foul" does not fly in the American justice system. In 243 years of American jurisprudence, no other court, until this Court, has said that the ends excuse the means, and particularly when it is lawyers, tasked with the administration of justice through their law license, running the scam. The Defendants in the *Kellogg* lawsuit, under Minnesota law, are required to forfeit their entire $130 million fee and expense award. But the Court is using rulings that deliberately disregard the facts and the law, for example, the Court's fee allocation pool fiction, *see* Petition For

A Writ Of Mandamus, ECF. No. 338, at pp. 6-14, to "throw [the victimized Farmers] out of court." *Expert Report Of Richard Painter*, at para. 66. There is substantial evidence that the Court is favoring and protecting the very lawyers who deceived and exploited the corn growers that the Court was supposed to protect.

The April 15 decision to sanction Farmer's counsel is the latest in a series of decisions that show the Court is hostile to the *Kellogg* lawsuit through a persistent and deliberate disregard of the facts and the law. *See, e.g., In re Complaint of Judicial Misconduct*, 640 F.3d 354, 355 (8th Cir. 2010) ("clear and convincing evidence of a judge's arbitrary and intentional departure from prevailing law based on his or her disagreement with, or willful indifference to, that law" is judicial misconduct under 28 U.S.C. §§ 351-64). The Court is an adversary to Farmers' request that the Tenth Circuit disqualify the Court on due process grounds. The Court's adversarial posture requires that the Court recuse under the mandatory requirements of 28 U.S.C. § 455 and the corresponding Canon 3(C)(1) of the Code of Conduct for United States Judges, both of which require federal judges to disqualify themselves "in any proceeding in which [their] impartiality might reasonably be questioned." *See Isaacs v. State*, 355 S.E.2d 644, 645 (Ga. 1987) (disqualification is required when the judge becomes an adversary of the party seeking his disqualification); *Gulfstream Park Racing Assn, Inc. v. Gale*, 540 So.2d 196, 197 (Fla. App. 1989) (adversarial posture with disqualification motion creates "an intolerable adversary atmosphere" between the judge and the party seeking

3

disqualification).

Defendants have served notice that they will disrespect the *Kellogg* lawsuit and provide no discovery because they recognize the Court is hostile to the *Kellogg* lawsuit and will not allow it to proceed in any meaningful fashion. *See* Fourteenth Declaration of Douglas J. Nill, Ex. 75 (Plaintiffs' Report Of Parties' Rule 26(f) Discovery Planning Conference) ("Defendants treat the discovery process with disdain because they recognize that the district court is conflicted and objectively biased … ."). Further proceedings before the Court are a violation of Farmers' substantive and procedural due process rights under the Fifth Amendment to proceed before an impartial judge with irrevocable damage to Farmers. The Court must recuse or be disqualified.

There are wrong decisions by judges, which are legal error, and there are wrongful decisions, which are the product of a moral or ethics failure by the presiding court. *See* Alice Woolley, *When Judicial Decisions Go from Wrong to Wrongful – How Should the Legal System Respond?,* The University Of Calgary Faculty Of Law Blog, Nov. 2, 2015. The Court's decisions, which persistently and deliberately disregard the facts and the law to "throw [Farmers] out of court," Painter Report, at ¶ 66, are wrongful. The rulings are judicial misconduct. And some of the rulings, for example, the Court's fee allocation pool fiction, are the judicial equivalent of a fraud upon the *Kellogg* named and putative class plaintiffs. The Court dismissed Farmers' federal declaratory judgment and racketeering claims and Minnesota statutory and common law fraud and civil conspiracy and aiding

4

and abetting claims with a core rationale that Defendants' recovery on their contingent fee contracts with Farmers is "only from the Court's fee award and the allocation pools" and not from Respondents' contingent fee contracts with Farmers and the Syngenta MDL common fund. *See, e.g.*, ECF No. 168 (March 1, 2019 Memorandum and Order), at p. 2. Farmers' pro rata share of the Syngenta MDL common fund is Farmers' property. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) (class action common fund is the property of the class). The Court cannot unilaterally give Farmers' property to Defendants as compensation in the MDL class settlement proceedings – long *after* the *Kellogg* complaint and amended complaint were filed – and then say that Farmers are not injured and have no monetary damage because the court gave Farmers' property to the Defendants. *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (throughout the lawsuit "the standing inquiry remains focused on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed."); *Tandy v. City of Wichita*, 380 F.3d 1277, 1284 (10th Cir. 2004) ("Standing must be analyzed from the facts as they existed at the time the complaint was filed."). As such, the rulings invite a complaint to the U.S. Congress and an investigation for impeachment. U.S. Const. Art. IV, § 2.

**B.      The Court acknowledged merit in Farmers' March 17 motion by addressing – for the first time – the *Expert Report Of Richard Painter*.**

On March 17, 2020, Farmers filed a motion, ECF No. 319, requesting "that the Court vacate orders addressing proceedings in the district court since Farmers' Notice of

5

Appeal filed on January 16, 2020, Tenth Circuit No. 20-3006, recuse as the judicial officer in *Kellogg* and stay all district court proceedings pending a resolution by the Tenth Circuit of Farmers' appeal and petition for a writ of mandamus filed on March 12, 2020, ECF No. 316, Tenth Circuit No. 20-3051." The motion was supported by the *Expert Report Of Richard Painter*, ECF No. 279-1. Prof. Painter was the chief ethics counsel for President George W. Bush and the White House staff from 2005-2007. He is a brilliant lawyer, legal scholar and author, top two percent on the bar exams in New York and Connecticut, and a national expert on lawyer ethics. *See Richard W. Painter Curriculum Vitae*, ECF No. 339-1. Prof. Painter concludes in his report that the Court has an untenable conflict of interest that violates due process with irrevocable damage to Farmers.

The district court chose – for the first time – to address the Painter Report in the April 3, 2020 decision by the Court, ECF No. 323, denying Farmers' March 17 motions to vacate orders and respect the law of divestiture of jurisdiction and recuse. Thus, the Court acknowledged merit in Farmers' March 17 motions by addressing the Painter Report in the April 3 decision, a decision that is now under appeal through Farmers' Second Amended Notice of Appeal filed on April 10, 2020, ECF No. 332.[2]

---

[2]. The Court contends in the April 3 decision at page 6 that "the relevant history of the underling Syngenta MDL litigation … belies the suggestion that the Court breached any duty to [Farmers]." The Court's review of the facts is incomplete. For example, the Court contends on p. 9 that Watts Guerra's individual lawsuits in Minnesota state courts "added to Syngenta's defense burden and thus created more pressure on

However, the Court then issued a separate April 15 decision to sanction Farmers'

counsel for the March 17 motion because, in the Court's opinion, the March 17 motion

"unreasonably and vexatiously multiplied proceedings in this case." The Court's

─────────────────────

Syngenta to settle all claims by producers." This is a statement advanced by Watts
Guerra, LLP, and directly refuted by the Syngenta MDL class counsel. *See* Consolidated
Response Of Kansas MDL Co-Lead Counsel, MDL No. 2591, ECF No. 3693, at p. 32
("Filing and maintaining individual cases [Watts Guerra] did not materially contribute to
the creation of [the Syngenta MDL settlement fund]."). The Court also contends on page
9 that "the Court was never given a reasonable basis to question whether Watts or its
associated counsel were being disloyal to their clients or whether those attorneys were
lying to or misleading the clients or the Court with respect to the JPA or the approach to
class certification." The Court does not acknowledge its concern about Watts' motives at
an April 27, 2015 hearing, page 9, lines 9-16, addressed in the Painter Report, at ¶ 30
(emphasis added):

> The Court:  But I'm just trying to work through, in my own mind, the economic
> likelihood that a corn farmer in Arkansas or Alabama is really going to want to go
> file suit in Minnesota just to avoid having to be part of the MDL, *if it's really just
> how much money their lawyer might get.* Because I assume their lawyer is going to
> give them some advice about what's in their best interest not in the lawyers' best
> interest."

The Court does not acknowledge the language in the joint prosecution agreements that
class counsel *would not contest* Defendants' 40 percent contingent fee contracts with
individual farmers in exchange for a share of Farmers' recovery from Syngenta. The
typical attorney fee award in class actions with a huge common fund is 10-12 percent of
the fund. The language that class counsel would not contest Defendants' 40 percent
contingent fee contracts is the height of collusion at the expense of absent class members.
*See*, e.g., Amended Complaint at ¶ 224 (directing MDL class counsel to "refrain from
interfering with or altering the terms and conditions of any fee agreement with any of
[Respondents'] clients.") (JPA at p. 14 ¶ iii). The Court's incomplete review of the facts
to refute the Painter Report demonstrates that the recusal or disqualification of the Court
is now mandated. *See, e.g., J & J Indus., Inc. v. Carpet Showcase*, 723 So. 2d 281, 283
(Fla. App. 1998) ("Attempts to refuse the charges of impartiality exceed the scope of
inquiry and alone establish grounds for disqualification").

adversarial response to a motion addressing the Court's untenable conflict of interest, supported by an analysis of the reasons for the conflict by Prof. Painter, a national expert on lawyer ethics, is a deeply misguided statement for a federal judicial officer.

There is a strong public policy in ensuring the integrity of the federal judicial system. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 889 (2009) (safeguarding public confidence in judicial integrity "is a vital state interest"); *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009) ("the decisive consideration is whether delaying review until the entry of final judgment 'would imperil a substantive public interest' or 'some particular value of a high order.'"); *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994) ("achieving a healthy legal system" is a value of high order and a basis for interlocutory appeal); *Union Carbide Corp. v. U.S. Cutting Service*, 782 F.2d 710, 712 (7th Cir. 1985) (Posner, J.) ("A judge's refusal to recuse himself in the face of a substantial challenge casts a shadow not only over the individual litigation but over the integrity of the federal judicial process as a whole."). A motion by a party alleging an untenable conflict of interest, with expert analysis, should be treated with respect by a federal court and *never* dismissed as "unreasonably and vexatiously multiply[ing]" the proceedings in a case.

**C.   The April 15 decision to sanction and silence Farmers' counsel violates the due process rights of Farmers' counsel under the Fifth Amendment.**

There was no motion request by Defendants under D. Kan. Local Rule 7.1 for

sanctions. The issue was only raised by Defendants in their strident memorandum,[3] ECF

No. 321, responding to Farmers' March 17 motion request that the Court vacate orders,

respect the law of divestiture of jurisdiction and recuse. Thus, the Court's April 15 order

sanctioning Farmer's counsel was sua sponte and denied Farmers' counsel substantive

and procedural due process under the Fifth Amendment of the U.S. Constitution through

notice that the Court was considering sanctions under 28 U.S.C. § 1927.

In *G.J.B. & Associates, Inc. v. Singleton*, 913 F.2d 824, 830 (10th Cir. 1990), the

Tenth Circuit stated, in pertinent part (emphasis added):

> Yet prior to imposing fees and costs upon an attorney for whatever reason, the district court should provide the attorney with an opportunity to fully brief the issue. …. Cognizant of the fundamental nature of due process demands, we have no choice but to set aside that portion of the district court's order imposing Fed. R. Civ. P. 11 sanctions upon [attorney] for filing a "frivolous" motion to vacate the sanctions relating to his nondisclosure of pertinent documents. [Attorney] was given *neither notice* that the court was considering Rule 11 sanctions, *nor an opportunity to respond* either before or after their imposition. … The district court's error

---

[3]. Two of the parties behind the requests for sanctions are Richard A. Lind, Esq. and John M. Degnan, Esq., and their respective law firms. Upon information and belief, Messrs. Lind and Degnan and their firms are actively participating in a fraud upon the *Kellogg* named and putative class plaintiffs and the machinery of justice through misrepresentations and the omission of material facts that would allow the Court to make informed decisions. *See* 14th Nill Decl., Ex. 76 (April 7, 2020 letter) (Lind Jensen Sullivan & Peterson, P.A., upon information and belief, "participated in Defendants' deceptive solicitations of putative *Kellogg* class members in 2015 and the firm has fee-share retainer contracts with Watts Guerra, LLP, representing putative *Kellogg* class members."); Ex. 77 (April 7, 2020 letter) (Taft Stettinius & Hollister, LLP and Anthony Ostlund Baer & Louwagie P.A. clients "have fee share retainer contracts with Watts Guerra, LLP, representing putative class members, and claim an award of attorneys' fees and expenses from the Syngenta MDL common fund.").

in failing to provide [Attorney] any due process whatsoever in relation to the Rule 11 sanctions constitutes an abuse of discretion.[4]

The Court amplifies its disregard for the due process rights of Farmers' counsel by directing in the April 15 decision that "Mr. Nill may file any objection to [the Court's April 15 sanctions order and Defendants' affidavits of attorney fees incurred responding to Farmers' March 15 motion], *relating only to the amount of fees and costs*" claimed by Defendants' counsel in their affidavits. The Court's attempt to silence Farmers' counsel by purporting to limit Farmers' response "only to the amount of fees and costs" claimed by Defendants' lawyers, shows adversarial bias and evidences that the Court has abandoned any pretense to being an impartial judge. *See G.J.B. & Associates*, 913 F.2d at 830 ("Yet prior to imposing fees and costs upon an attorney for whatever reasons, the district court should provide the attorney with an opportunity to fully brief the issue.").

## D.   The Court persistently and deliberately disregards the law of divestiture of jurisdiction.

Farmers filed a Notice of Appeal to the Tenth Circuit on January 16, 2020, ECF No. 252, Tenth Circuit No. 20-3006, challenging the Court's December 18, 2019 decision, ECF No. 245, denying Farmers' September 10, 2019 motion, ECF No. 227, to

---

[4]. The April 15 decision to sanction and silence Farmers' counsel is a "judicial usurpation of power [and] a clear abuse of discretion." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (legal standard for a writ of mandamus). The Court should vacate the April 15 decision or Farmers will proceed with a petition for a writ of mandamus addressing the decision and the Court's adversarial posture.

10

"recuse or disqualify as the judicial officer in *Kellogg* and stay the proceedings" pursuant to the due process clause of the Fifth Amendment and the mandatory recusal requirements of 28 U.S.C. § 455.

Farmers filed an Amended Notice of Appeal on February 10, 2020, ECF No. 272, addressing the Court's February 4, 2020 orders, ECF No. 268 and 269, directing pretrial proceedings in disregard of the Notice of Appeal which transferred jurisdiction over *Kellogg* to the Tenth Circuit.

Farmers filed a Second Amended Notice of Appeal on April 3, 2020, ECF No. 332, addressing the Court's April 15 decision denying Farmers' March 17 motion to recuse under the due process clause of the Fifth Amendment and the mandatory recusal requirements of 28 U.S.C. § 455 and supported by the *Expert Report Of Richard Painter*, ECF No. 279-1.

An interlocutory appeal transfers jurisdiction to the appellate court over all aspects of the appeal until the appeal is resolved on the merits. *See McCauley v. Halliburton Energy Services, Inc*., 413 F.3d 1158, 1160-62 (10th Cir. 2005) (under the general divestiture principle a district court is divested of jurisdiction until the interlocutory appeal is resolved on the merits); *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990) (noting transfer of jurisdiction by appeal "from true final judgment or from a decision within the collateral order exception"). Because Farmers' Notice of Appeal filed on January 16, 2020, Tenth Circuit No. 20-3006, challenges the Court's December 18, 2019

decision denying Farmers' motion request to "recuse or disqualify" under the Due Process Clause of the Fifth Amendment and "stay the proceedings pending remand to the District of Minnesota," jurisdiction over all aspects of the *Kellogg* case is transferred to the Tenth Circuit. *Stewart*, 915 F.2d at 575 (transfer affects all aspects of the case involved in the appeal; any subsequent action by the district court "is null and void.").

On February 14, 2020, the Tenth Circuit issued an order recognizing that Farmers' pending appeal, No. 20-3006, addresses the December 18 decision by the Court. Thus, the Court has no jurisdiction over any aspects of *Kellogg* until such time as the Tenth Circuit addresses the merits of Farmers' appeal.

The Court mistakenly asserts through a February 4 order by the Magistrate Judge, ECF No. 268, that a December 21, 2020 status report to the Tenth Circuit, in appeal No. 19-3066, is a basis to assert the Tenth Circuit has addressed the merits of Farmers' challenge to the Court's December 18 decision addressed in appeal No. 20-3006. The Court's effort to assign jurisdictional significance to a status report in a different appeal is a clear abuse of discretion and manifest error.

To address a practical concern that divesting the district court of jurisdiction would provide a vehicle for delay, the Tenth Circuit developed a framework to "frustrate any litigant's attempt to exploit the categorical divestiture rule." *McCauley,* 413 F.3d at 1162. Pursuant to this framework, upon the filing of the notice of appeal, the district court "after a hearing" may certify the appeal as "frivolous or forfeited." *Id*. Such a

12

certification would prevent automatic divestiture.

   ***Defendants did not request a McCauley hearing***[5] and the Court did not hold a

*McCauley* hearing to address the merits of the *Kellogg* appeal for obvious reasons.

Farmers assert through the appeal, No. 20-3006, that the judicial conflict of interest for

the Court is so obvious and extreme as to violate the due process clause's guarantee of an

impartial adjudicator with irrevocable damage to Farmers. *See Expert Report Of Richard*

*Painter*, ECF 279-1; *Supplemental Report Of Richard W. Painter*, ECF No. 331-1.

   It is for the Tenth Circuit to decide the merits of Farmers' appeal; it is not for the

Court to decide the merits. *See* Tenth Circuit Order, Feb. 14, 2020 (holding appeal

pending further briefing and order). This is particularly true when Farmers assert through

the Notice of Appeal that the judicial conflict of interest is so obvious and extreme as to

violate the due process clause's guarantee of an impartial adjudicator. As James Madison

noted at our nation's founding, "[n]o man is allowed to be a judge in his own cause,

---

   [5].  The Court suggests on page 1, note 2 of the April 15 decision that Farmers had
the burden to request a *McCauley* hearing. There is no requirement that appellants must
request a hearing to assess whether an appeal of a district court decision is frivolous.
Such a requirement would effectively negate the right to pursue an appeal. A review of
district court decisions in the Tenth Circuit reveals that a *McCauley* hearing is held only
upon the request of the party opposing the appeal. *See, e.g., Martinez v. Mares*, No. 14-
cv-0041, ECF No. 58 (D.N.M. Sept. 22, 2014 ("Order Granting Plaintiffs' Motion To
Certify Defendants' Interlocutory Appeal As Frivolous"). Farmers cited the *McCauley*
case to the Court in multiple pleadings. Defendants chose to mislead the Court about the
law of divestiture of jurisdiction rather than acknowledge that the transfer of jurisdiction
is automatic for an interlocutory appeal in the Tenth Circuit unless there is a *McCauley*
hearing and an order certifying the appeal as frivolous.

because his interest would certainly bias his judgment, and, not improbably, corrupt his integrity." *The Federalist No. 10*, at 47 (James Madison) (Clinton Rossiter ed., 1999). Thus, it is a fundamental precept of due process that "no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome." *In re Murchison*, 349 U.S. 133, 136 (1955).[6]

Through a mistaken reliance on a status report in appeal No. 19-3066, the Court has usurped the jurisdiction of the Tenth Circuit and disregarded Farmers' due process rights to declare Farmers' Notice of Appeal in 20-3006 "a nullity." ECF No. 263. The Court then gives Farmers' counsel a Morton's Fork (a choice between two equally unpleasant alternatives). Either abandon the appeal and waive the transfer of jurisdiction so the Court can complete its mission to "throw [Farmers] out of court," Painter Report, at ¶ 66, or face monetary sanctions and a dismissal of the lawsuit for refusing to abandon the appeal and waive the transfer of jurisdiction. The Court's Morton's Fork dilemma for Farmers' counsel shows adversarial bias that highlights the Court's untenable conflict of interest and unreasonable legal rulings that violate the Code of Conduct for United States Judges. The Second Circuit in *Cheng v. GAF Corp.*, 713 F.2d 886, 891 (2nd Cir. 1983),

---

[6]. In *Arthur Anderson & Co. v. Finesilver*, 546 F.2d 338, 340-41 (10th Cir. 1977), the Tenth Circuit suggested that district courts "if in doubt" about the transfer of jurisdiction should "decline to act further" until disposition of the appeal by the Tenth Circuit. The Court's disregard of the suggestion of the Tenth Circuit to "decline to act further" is inexplicable unless viewed through the prism of the Court's animosity to the *Kellogg* lawsuit.

14

addressed a similar situation:

> We are also surprised by the district judge's willingness to sanction appellant's attorney, not for a motion made in the district court, but for appeals taken to this Court and the Supreme Court. A rule permitting a district court to sanction an attorney for appealing an adverse ruling might deter even a courageous lawyer from seeking the reversal of the district court decision.

An order by a district court sanctioning an appellant's counsel for exercising a due process right through appeal to disqualify the court may fairly be viewed with a presumption of judicial vindictiveness. *See Plumley v. Austin*, 135 S. Ct. 828 (2015) (discussing the presumption of judicial vindictiveness that applies when a judge imposes a more severe sentence upon a defendant after a new trial).

In a February 4, 2020 docket order, ECF No. 269, the Court said that "[a]ny future stay must come from the Tenth Circuit itself." The Court again said in the April 3, 2020 order, ECF No. 323, that "any stay to allow for proceedings in the Tenth Circuit must now come from the Circuit itself."

The Court's efforts to avoid its obligation to respect the automatic transfer of jurisdiction for Farmers' appeal are unavailing. The Tenth Circuit has recognized that when a party has filed an appeal and a petition for a writ of mandamus, the appeal is the dominant pleading. *See, e.g., In re Kozeny, et al*, 236 F.3d 615, 618 (10th Cir. 2000); *Richmond v. Crow*, 61 F.3d 916 n. 4 (10th Cir. 1993).

Thus, the *Kellogg* appeal, No. 20-3006, until addressed by the Tenth Circuit, is the dominant pleading before the Tenth Circuit. Under the law of divestiture of jurisdiction

15

for appeals, jurisdiction over all aspects of the *Kellogg* lawsuit transferred to the Tenth Circuit after Farmers' Notice of Appeal was filed on January 16, 2020. Farmers need not do more and it is not Farmers' burden to have to proceed through the petitions for writs of mandamus, No. 20-3051 and 20-3070, to request a stay of proceedings in the district court from the Tenth Circuit. Rather, the Court should acknowledge the automatic transfer of jurisdiction for the appeal.

> **E.**    **The April 15 decision does not even remotely meet the criteria for sanctioning a lawyer under 28 U.S.C. § 1927.**

Under section § 1927, "[a]ny attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Sanctions under § 1927 are appropriate when an attorney acts recklessly or with indifference to the law." *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1221 (10th Cir. 2006). "This is an extreme standard, and fees should be awarded only in instances evidencing a serious … disregard for the orderly process of justice." *Baca v. Berry,* 806 F.3d 1262, 1268 (10th Cir. 2015).

The Court's April 15 decision to sanction Farmers' counsel is an expression of hostility to Farmers' counsel for pursuing the appeal requesting that the Tenth Circuit disqualify the Court for an untenable conflict of interest that violates due process with irrevocable damage to Farmers. The Court acknowledged merit in Farmers' March 17 motions by addressing – for the first time – the *Expert Report Of Richard Painter* and

16

Prof. Painter's analysis of the Court's untenable conflict of interest which violates Farmers' due process rights. Defendants' response to the March 17 motion is hardly an "excess cost" under § 1927.

And the Court deliberately disregards the law of transfer of jurisdiction. The Court's persistent claim that "[F]armers have still not appealed from a final order of the Court" is a disregard of Farmers' due process right to seek Tenth Circuit review of the December 18, 2019 decision by the Court denying Farmers' September 10, 2019 motion to "recuse or disqualify as the judicial officer in *Kellogg* and stay the proceedings" pursuant to the due process clause of the Fifth Amendment and the mandatory recusal requirements of 28 U.S.C. § 455. It is for the *Tenth Circuit* to decide the merits of whether Farmers can proceed through the appeal; it is not for the Court to decide the merits. Just because the Court keeps repeating an erroneous view of the law does not make the Court correct. Several wrongs do not make a right.

The Court has been informed that the transfer of jurisdiction is automatic unless the Court holds a *McCauley* hearing and certifies the appeal as frivolous. Defendants avoided a request for a *McCauley* hearing because they would rather mislead the Court about the law of divestiture of jurisdiction.

Another requirement for sanctions is that "the text of § 1927, unlike that of Rule 11, indicates a purpose to compensate victims of abusive litigation practices, not to deter and punish offenders." *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1205 (10th

17

Cir. 2008). The *Kellogg* lawsuit alleges that there is substantial evidence that Defendants perpetrated a "mass tort … individual suit" attorney fee fraud scheme upon 60,000 Farmers. At this writing, all of the Defendants and arguably two of the law firms requesting an award of attorney fees as sanctions, Nill 14th Decl., Exs. 76 and 77, are actively participating in an ongoing racketeering scheme against Farmers and a fraud upon the machinery of justice. To view Defendants as victims shows, without more, that the Court is hostile to the *Kellogg* lawsuit. As discussed in Part A of this memorandum, "[t]here is substantial evidence that the Court is favoring and protecting the very lawyers who deceived and exploited the corn growers that the Court was supposed to protect."

Under the circumstance, for the Court to indicate through the April 15 decision that Farmers' counsel is acting with "indifference to the law" while the Court denies due process and attempts to silence Farmers' counsel, can only be viewed as an expression of hostility to Farmers' appeal requesting that the Tenth Circuit disqualify the Court for an untenable conflict of interest. The Court must recuse or be disqualified. There is no other alternative.

## II.     CONCLUSION.

Farmers have a due process right to proceed with the *Kellogg* lawsuit before an impartial judge. The Court is an adversary to Farmers' lawsuit and counsel. The Court must vacate all orders in the District of Kansas and recuse and suggest to the Judicial Panel on Multidistrict Litigation that the *Kellogg* lawsuit should return to the District of

Minnesota.

Dated: April 21, 2020                    Respectfully submitted,

By: /s/ Douglas J. Nill
Douglas J. Nill (MN #0194876)

DOUGLAS J. NILL, PLLC
d/b/a FARMLAW
2050 Canadian Pacific Plaza
120 South Sixth Street
Minneapolis, MN  55402-1801
(612) 573-3669
dnill@farmlaw.com

Counsel for Plaintiffs and Proposed
Class of Farmers

19