# EXHIBIT 75

# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| Kenneth P. Kellogg, Rachel Kellogg and Kellogg Farms, Inc., Roland B. Bromley and Bromley Ranch, LLC, John F. Heitkamp, Dean Holtorf, Garth J. Kruger, Charles Blake Stringer and Stringer Farms, Inc., individually, and on behalf of all others similarly situated, | D. Kan. No. 18-cv-2408-JWL-JPO <br><br> Master No. 2:14-md-2591-JWL-JPO <br><br> Syngenta MDL No. 2591 <br><br> D. Minn. No. 18-cv-1082-DWF-BRT |
| Plaintiffs, | |
| v. | |
| Watts Guerra, LLP, Daniel M. Homolka, P.A., Yira Law Office LTD, Hovland and Rasmus, PLLC, Dewald Deaver, P.C., LLO, Mauro, Archer & Associates, LLC, Johnson Law Group, Wagner Reese, LLP, VanDerGinst Law, P.C., Patton, Hoversten & Berg, P.A., Cross Law Firm, LLC, Law Office of Michael Miller, Pagel Weikum, PLLP, Wojtalewicz Law Firm, Ltd., Lowe Eklund Wakefield Co., LPA, Mikal C. Watts, Francisco Guerra, and John Does 1-250, | |
| Defendants. | |

## PLAINTIFFS' REPORT OF PARTIES' RULE 26(f)
## DISCOVERY PLANNING CONFERENCE

As directed by the Court, a Fed. R. Civ. P. 26(f) discovery and case-management conference was held on April 1, 2020 at 10:00 a.m. by teleconference, and attended by Douglas J. Nill, for the *Kellogg, et al.* named and putative class plaintiffs ("Farmers") and counsel for the Defendants, Christopher L. Goodman, Richard A. Lind, John M. Degnan,

1

Kelly A. Ricke, Arthur Boylan, Philip Kaplan, Blake Butner, Daniel F. Church, and Teresa M. Young.

Farmers' counsel, the undersigned, respectfully presents this separate report of what occurred during the April 1 telephone conference call. Farmers' counsel presents this separate report for the reasons set forth below. Farmers' counsel proceeded in good faith by participating in the April 1 call but that good faith was not reciprocated.

As background, Farmers filed a Notice of Appeal to the Tenth Circuit on January 16, 2020, ECF No. 252, Tenth Circuit No. 20-3006, challenging the district court's December 18, 2019 decision, ECF No. 245, denying Farmers' September 10, 2019 motion, ECF No. 227, to "recuse or disqualify as the judicial officer in *Kellogg* and stay the proceedings pending remand to the District of Minnesota." Farmers filed an Amended Notice of Appeal on February 10, 2020, ECF No. 272, addressing the district court's February 4, 2020 orders, ECF No. 268 and 269, directing pretrial proceedings in disregard of the Notice of Appeal which transferred jurisdiction over *Kellogg* to the Tenth Circuit.

Jurisdiction over all aspects of *Kellogg* transferred to the Tenth Circuit on January 16, 2020, when Farmers filed the Notice of Appeal addressing the December 18 decision. On February 14, 2020, the Tenth Circuit issued an order recognizing that Farmers' pending appeal, No. 20-3006, addresses the December 18 decision by the Court. Thus, the district court had no jurisdiction to order the discovery planning conference on April

1, 2020, and discovery has not commenced under Rule 26 of the Federal Rules of Civil Procedure. *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990) (transfer affects all aspects of the case involved in the appeal; any subsequent action by the district court "is null and void.").

Farmers will timely file a Second Amended Notice of Appeal addressing the district court's April 3, 2020 order, ECF No. 323, denying Farmers' motion request, ECF No. 319, that the district court vacate all orders addressing pretrial proceedings since Farmers' Notice of Appeal was filed on January 16, recuse as the judicial officer in *Kellogg* and stay all district court proceedings pending a disposition by the Tenth Circuit of Farmers' appeal and petition for a writ of mandamus filed on March 12, 2020, ECF No. 316, Tenth Circuit No. 20-3051.

Although Farmers' counsel placed a call to participate in the April 1 conference, Farmers' counsel was clear, at the outset, that Farmers are unwilling to proceed with discovery and pretrial proceedings while awaiting a disposition of Farmers' pending appeal to the Tenth Circuit, 20-3006, and petition for a writ of mandamus, 20-3051. Farmers request through the appeal and petition that the Tenth Circuit disqualify the district court pursuant to Farmers' substantive and procedural rights under the Due Process Clause of the Fifth Amendment of the U.S. Constitution and 28 U.S.C. § 2106 and the Court's inherent supervisory authority and the requirements of 28 U.S.C. § 455(a) ("bias or partiality"), § 455(b)(1) ("personal knowledge of disputed evidentiary facts

concerning the proceeding") and § 455(b)(5)(iv) ("likely to be a material witness in the proceeding"). The district court is conflicted and has deliberately disregarded the facts in the *Kellogg* complaint and amended complaint and Article III standing and common fund jurisprudence and Minnesota Supreme Court legal standards to "throw [Farmers] out of court." *See Expert Report Of Richard Painter*, ECF No. 279-2, at ¶ 66; *Notice of Petition for Writ of Mandamus*, ECF No. 316; *Affidavit Identifying Expert*, April 2, 2020, ECF No. 322 (Richard W. Painter: "substantial evidence that Defendants engaged in dishonest, improper and unethical conduct and breached fiduciary obligations through deceit").

Farmers' counsel proceeded with the April 1 telephone call in good faith, hoping to find common ground in regard to (1) an exchange of settlement proposals and agreement to mediate, (2) the names and addresses of each of the *Kellogg* putative class plaintiffs, (3) the identification and disclosure of discoverable documents, such as the 60,000 contingent fee contracts with Farmers that Defendants filed with the Syngenta MDL Claim Administrator on January 18, 2019, MDL 2591, ECF No. 4035, to claim an award of attorneys' fees from the fund for lawyers with contingent fee contracts (the so-called "IRPA fund"), and (4) the identification of insurance coverage for each of the named Defendants and production of the insurance agreements. All of these discovery items are "required disclosures" under Fed. R. Civ. P. 26(a)(1)(A).

Farmers' counsel came to understand during the April 1 telephone call, however, that Defendants regarded the conference call as a farce. For example, Defendants'

4

counsel said that they do not regard *Kellogg, et al.*, as a class action and only a lawsuit by six individual plaintiffs. They said that they would not provide copies of Defendants' contingent fee contracts with the *Kellogg* putative class members and contact information and would only provide client files for the six named class members. They offered nothing, as Farmers' counsel has those six client files in his possession.

The statements by Defendants' counsel that they do not acknowledge *Kellogg* as a class action and will not produce required disclosures relevant to the *Kellogg, et al.* class certification and merits claims are a blatant disregard of the allegations in the *Kellogg* amended complaint and the legal standards and requirements for Rules 23 and 26 of the Federal Rules of Civil Procedure. *See* Rule 23 (allowing named plaintiffs to assert claims on behalf of similarly situated parties); Rule 26(a)(1)(A) (initial required disclosures); *Kellogg* Amended Complaint, at ¶¶ 337-346 (Class Action Allegations) (class action on behalf of all Farmers who signed contingent fee retainer contracts with Watts Guerra, LLP and its joint venture partners, deceptive solicitation of Farmers to sign 40 percent contingent fee contracts, joint prosecution agreements automatically opting Farmers out of class litigation proceedings in the Syngenta MDL and Minnesota without their knowledge and informed consent, and a fraud upon the Syngenta MDL and Minnesota courts to allow the automatic opt-outs); *Affidavit Identifying Expert*, ECF No. 322 ("substantial evidence that Defendants engaged in dishonest, improper and unethical conduct and breached fiduciary obligations through deceit"); *see, e.g., Wal-Mart Stores,*

5

*Inc. v. Dukes*, 564 U.S. 338, 349-352 (2011) ("[T]he class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." ... "proof of commonality necessarily overlaps with respondents' merits contention [that Defendant engaged in a pattern of misconduct]"); *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170-171 (1989) (district court correctly ordered defendant "to produce the names and addresses of potential class members"); *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (plaintiffs show putative class plaintiffs are similarly situated for class certification through "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."); *Cady v, R&B Servs.-Wichita, LLC*, No. 13-1331-KHV, slip op. at p. 7 (D. Kan. April 1, 2014) ("the *existing case law in this district* [for pre-certification discovery] ... allow[s] the identification of class members by name, contact information, and location where they worked, along with disclosure of the employer's policies and practices regarding payroll matters.") (emphasis added); *Allen v. Mill-Tel, Inc.,* No. 11-1143-EFM, slip op. at pp. 6-8 (D. Kan. April 18, 2012) (ordering defendants for initial class and merits discovery to provide "the names, contact information, and the location where individual members of the putative class worked."); *In re Bank of Am. Wage & Hour Emp't Practices Litig.*, No. 10-MD-2138-JWL (D. Kan. July 19, 2011) (requiring defendants to disclose names and contact information for putative members of the class as part of pre-certification discovery); *Hammond v. Lowe's*

6

*Home Centers, Inc.*, 216 F.R.D 666, 671 (D. Kan. 2003) (pre-certification discovery is "necessary for the plaintiff to properly define the proposed class."); *see also Borup v. CJS Sols. Grp., LLC*, No. 18-cv-1647, slip op. at pp. 8-10 (D. Minn. Feb. 13, 2019) (ordering defendants for pre-certification discovery to identify and provide "contact information" for putative class plaintiffs and "emails and communications" that relate to a claim or defense); *City of Farmington Hills Employees Ret. Sys. v. Wells Fargo Bank, N.A.*. Civil No. 10-4372 (DWF/JJG) (D. Minn. March 27, 2012) (certifying class action with non-Minnesota class members under Minnesota *breach of fiduciary duty law* when Wells Fargo entered into the same contract with each putative class member and concealed the effects of mismanagement from each class member); *Gilchrist v. Perl*, 387 N.W.2d 412, 417 (Minn. 1986) (*Perl III*) (Rule 23 class action is ideally suited for claims by plaintiffs against defendants, a lawyer and his law firm, alleging precisely the same *breach of fiduciary duty*).

Defendant's counsel also said that *Kellogg* presents no fraud claims and thus they will offer no discovery addressing Defendant's deceit, despite Farmers' allegation in Count VIII of the amended complaint that Defendants' breach of fiduciary duty *occurred through deceit*. Amended Complaint, at ¶¶ 417-24; *Painter Report*, ECF No. 279-2, *e.g.*, ¶ 32 ("Any lawyers who were aware of these [alleged] facts who sat silent in Judge Lungstrum's courtroom while he assumed the exact opposite perpetrated a fraud upon the Court.); *Affidavit Identifying Expert*, April 2, 2020, ECF No. 322 ("substantial evidence

that Defendants engaged in dishonest, improper and unethical conduct and breached fiduciary obligations through deceit"); *Gilchrist v. Perl*, 387 N.W.2d 412, 417 (Minn. 1986) (*Perl III*) ("[W]e reaffirm that cases of actual fraud or bad faith result in total fee forfeiture."); *Perl v. St. Paul Fire and Marine Ins. Co.*, 345 N.W.2d 209, 212 (Minn. 1984) (*Perl II*) ("the client is deemed injured even if no actual loss results"); *Rice v. Perl*, 320 N.W.2d 407, 411 (Minn. 1982) (*Perl I*) ("an attorney … who breaches his duty to his client forfeits his right to compensation"). The district court does not have the authority to rewrite Farmers' breach of fiduciary duty cause of action and remove factual allegations from the amended complaint.

Because Defendants' counsel offered nothing and treated the April 1 telephone conference call as a farce, there are no agreements as a result of the April 1 telephone call. There is no value in Farmers disregarding the transfer of jurisdiction to the Tenth Circuit through Farmers' Notice of Appeal on January 16. There is no value in Farmers drafting a settlement proposal relative to the *Kellogg* named and putative class members and discussing mediation and exchanging mandatory disclosures by a certain date if all that Defendants' counsel will offer for mandatory disclosures are client files for the six *Kellogg* named plaintiffs – files that are already in the possession of the undersigned.

Defendants' treatment of the April 1 telephone conference highlights the absolute necessity of Farmers' appeal and petition for a writ requesting the disqualification of the district court. Defendants treat the discovery process with disdain because they recognize

8

that the district court is conflicted and objectively biased and wants to "throw [Farmers] out of court," Painter Report, at ¶ 66, to avoid confronting the district court's breach of fiduciary obligations to Farmers in the Syngenta MDL and Defendants' fraud upon the court. The district court breached fiduciary obligations to Farmers by allowing Defendants to automatically opt-out Farmers from the MDL class proceedings through private joint prosecution agreements with class counsel and not rejecting the agreements as collusion and an exchange of money and favors at the expense of absent class members. Upon information and belief, no other federal or state court in American class action jurisprudence has allowed lawyers to privately contract putative class members out of a class action, through a trade of money and favors between the lawyers. *See, e.g., Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 176 (1974) ("[N]otice to identifiable class members *is not* a discretionary consideration to be waived in a particular case. It is, rather, an unambiguous requirement of Rule 23.") (emphasis added); *Bennett v. Boyd Biloxi*, Civ. No. 14-0330, slip op. at p. 6 (S.D. Ala. July 8, 2016) (the lawyers who seek to intentionally exclude absent class members from class certification notice "identify *no authority* empowering the Court to exclude particular class members from the class simply by saying they are excluded … [m]ore fundamentally, however, the parties have not demonstrated that these individuals should be excluded from the class.") (emphasis added).

Farmers' counsel respectfully advise the Court that the district court is without

9

jurisdiction to proceed and that the Court's disregard of the law of divestiture of jurisdiction during the appeal is an improper disregard of Farmers' right to pursue the appeal. *See, e.g.*, Canon 3(A)(4) of the Code of Conduct for United States Judges: "A judge shall accord to every person who has a legal interest in the proceeding, and that person's lawyer, the full right to be heard according to law."

Farmers thus present this separate report of the April 1 telephone conference call. The report is that Farmers and Defendants have no agreements and the Court should respect the transfer of jurisdiction to the Tenth Circuit and Farmers' right to pursue an appeal requesting that the Tenth Circuit disqualify the district court.

Because the district court is unwilling to respect the transfer of jurisdiction and Farmers' substantive and procedural due process rights, Farmers will file a separate petition for a writ of mandamus to the Tenth Circuit addressing the disregard of the law and disrespect for Farmers' due process rights to proceed with an impartial judge. It is for the Tenth Circuit to decide the merits of Farmers' appeal and petition asserting a judicial conflict of interest that is so obvious and extreme as to violate the due process clause's guarantee of an impartial adjudicator with irrevocable damage to Farmers; it is not for Defendants and the district court to decide the merits.

Simply stated, a conflicted and objectively biased district court judge cannot judge whether he is conflicted and objectively biased. As James Madison noted at our nation's founding, "[n]o man is allowed to be a judge in his own cause, because his interest would

certainly bias his judgment, and, not improbably, corrupt his integrity." *The Federalist No. 10*, at 47 (James Madison) (Clinton Rossiter ed., 1999). It is a fundamental precept of due process that "no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome." *In re Murchison*, 349 U.S. 133, 136 (1955).

Farmers also request that the Court recuse sua sponte under the requirements of 28 U.S.C. § 455. The Court attended the same hearings in the Syngenta MDL as the district court where Defendants' joint prosecution agreements – private contracts of collusion – were presented by Defendants through class counsel as "in the best interests" of the absent class members (who were completely unaware of the joint prosecution agreements and the very fact that they were putative class members). *See, e.g.*, Transcript of Hearing, April 27, 2015, p. 9, lines 9-16 (hearing on *Sealed Motion By Plaintiffs for Approval of Joint Prosecution Agreement*). The Court has the same conflict as the district court – breach of fiduciary obligations to Farmers and a likely witness at trial – and cannot proceed as a judicial officer in this case.

It is ironic that Defendants' lawyers are actively engaged in professional misconduct through a disregard of the law of divestiture of jurisdiction and mandatory disclosure obligations in the *Kellogg* lawsuit, while exhorting the Court to sanction Farmers' counsel for not being bullied by Defendants' counsels' efforts to forego the appeal and waive the transfer of jurisdiction. Through 30 years of litigation practice,

11

Farmer's counsel, an accomplished attorney, has never been sanctioned by any judge, and Farmer's counsel cannot recall having ever brought a motion for monetary sanctions against an opposing counsel. But then, Farmers' counsel has understood, perhaps since the early days of his career as a judicial clerk for the Honorable Donald E. O'Brien, Chief Judge, U.S. District Court, Northern District of Iowa, Judge, Southern District of Iowa, that elite lawyers do not burden courts with sanction motions.

Dated: April 7, 2020

Respectfully submitted,

By: /s/ Douglas J. Nill
Douglas J. Nill (MN #194876)

DOUGLAS J. NILL, PLLC
d/b/a FARMLAW
2050 Canadian Pacific Plaza
120 South Sixth Street
Minneapolis, MN  55402-1801
(612) 573-3669
dnill@farmlaw.com

Counsel for Plaintiffs and Proposed
Class of Farmers