UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| Kenneth P. Kellogg, Rachel Kellogg and Kellogg Farms, Inc., Roland B. Bromley and Bromley Ranch, LLC, John F. Heitkamp, Dean Holtorf, Garth J. Kruger, Charles Blake Stringer and Stringer Farms, Inc., individually, and on behalf of all others similarly situated, | D. Kan. No. 18-cv-2408-JWL-JPO<br><br>Master File No. 2:14-md-2591-JWL-JPO<br><br>Syngenta MDL No. 2591<br><br>D. Minn. No. 18-cv-1082-DWF-BRT |

Plaintiffs,

v.

Watts Guerra, LLP, Daniel M. Homolka, P.A., Yira Law Office LTD, Hovland and Rasmus, PLLC, Dewald Deaver, P.C., LLO, Mauro, Archer & Associates, LLC, Johnson Law Group, Wagner Reese, LLP, VanDerGinst Law, P.C., Patton, Hoversten & Berg, P.A., Cross Law Firm, LLC, Law Office of Michael Miller, Pagel Weikum, PLLP, Wojtalewicz Law Firm, Ltd., Lowe Eklund Wakefield Co., LPA, Mikal C. Watts, Francisco Guerra, and John Does 1-250,

Defendants.

**CLASS PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS BREACH OF FIDUCIARY DUTY CLAIM: THE TENTH CIRCUIT HAS JURISDICTION OVER ALL ASPECTS OF THIS LAWSUIT AND PLAINTIFFS PROCEED IN GOOD FAITH**

Douglas J. Nill (#0194876)
DOUGLAS J. NILL, PLLC
d/b/a FARMLAW
2050 Canadian Pacific Plaza
120 South Sixth Street
Minneapolis, MN  55402-1801
(612) 573-3669

Counsel for Plaintiffs and Proposed Class of Farmers

**TABLE OF CONTENTS**

I.   INTRODUCTION. …………………………………………………………….. 1

    A.   The Tenth Circuit has jurisdiction over all aspects of this lawsuit. ………. 1

        1.   Continuation of *Kellogg* in the district court defeats the point of the appeal. ………………………………………………………… 3

        2.   Farmers' due process rights to proceed before an impartial judge would be negated if Farmers are forced to litigate before a conflicted district court during the appeal. ………………………….. 3

        3.   A status report in a different appeal has no jurisdictional significance. ……………………………………………………..…… 4

        4.   There was no *McCauley* hearing to address the merits of the *Kellogg* appeal and the transfer of jurisdiction was automatic. …… 5

        5.   The Court shows an adversarial posture by giving Farmers' counsel a Morton's Fork: abandon the appeal and waive the transfer of jurisdiction so the court can complete its mission to "throw [Farmers] out of court," Painter Report, at ¶ 66, or face monetary sanctions and a dismissal of the lawsuit for refusing to abandon the appeal and waive the transfer of jurisdiction. …………………….. 6

        6.   Farmers' appeal No. 20-3006 is the dominant pleading before the Tenth Circuit and the Court cannot avoid its obligation to respect the automatic transfer of jurisdiction. ……………………….....… 8

    B.   Farmers proceed in good faith and Defendants proceed in bad faith. ……. 9

II.   CONCLUSION. …………………………………………………..…………….. 13

## I.     INTRODUCTION.

The *Kellogg, et al* named and putative class plaintiffs ("Farmers") respectfully request that the Court deny Defendants' motion to strike Farmers' breach of fiduciary duty cause of action. The Tenth Circuit has jurisdiction over all aspects of this lawsuit and Farmers proceed in good faith.

### A.     The Tenth Circuit has jurisdiction over all aspects of this lawsuit.

Farmers filed a Notice of Appeal to the Tenth Circuit on January 16, 2020, ECF No. 252, Tenth Circuit No. 20-3006, challenging the Court's December 18, 2019 decision, ECF No. 245, denying Farmers' September 10, 2019 motion, ECF No. 227, to "recuse or disqualify as the judicial officer in *Kellogg* and stay the proceedings" pursuant to the due process clause of the Fifth Amendment and the mandatory recusal requirements of 28 U.S.C. § 455.

Farmers filed an Amended Notice of Appeal on February 10, 2020, ECF No. 272, addressing the Court's February 4, 2020 orders, ECF No. 268 and 269, directing pretrial proceedings in disregard of the Notice of Appeal which transferred jurisdiction over *Kellogg* to the Tenth Circuit.

Farmers filed a Second Amended Notice of Appeal on April 10, 2020, ECF No. 332, addressing the Court's April 3, 2020 decision, ECF No. 323, denying Farmers' March 17, 2029 motion, ECF No. 319, to vacate orders entered after the Notice of Appeal was filed on January 16, 2020, respect the transfer of jurisdiction to the Tenth Circuit for the appeal, and recuse under the due process clause of the Fifth Amendment and the

1

mandatory recusal requirements of 28 U.S.C. § 455 and supported by the *Expert Report Of Richard Painter*, ECF No. 279-1; *see also Supplemental Report Of Richard W. Painter*, Ex. 74, ECF No. 331-1.[1]

An interlocutory appeal transfers jurisdiction to the appellate court over all aspects of the appeal until the appeal is resolved on the merits. *See McCauley v. Halliburton Energy Services, Inc.*, 413 F.3d 1158, 1160-62 (10th Cir. 2005) (under the general divestiture principle a district court is divested of jurisdiction until the interlocutory appeal is resolved on the merits); *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990) (noting transfer of jurisdiction by appeal "from true final judgment or from a decision within the collateral order exception"). Because Farmers' Notice of Appeal filed on January 16, 2020, Tenth Circuit No. 20-3006, challenges the Court's December 18, 2019 decision denying Farmers' motion request to "recuse or disqualify" under the Due Process Clause of the Fifth Amendment and "stay the proceedings pending remand to the District of Minnesota," jurisdiction over all aspects of the *Kellogg* case is transferred to the Tenth Circuit. *Stewart*, 915 F.2d at 575 (transfer affects all aspects of the case involved in the appeal; any subsequent action by the district court "is null and void.").

---

[1]. The Court should at least acknowledge that Farmers' Second Amended Notice of Appeal on April 10, 2020, ECF No. 332, addressing the Court's April 3, 2020 disqualification decision, ECF No. 323, transferred jurisdiction. *See* Fifteenth Declaration of Douglas J. Nill, Ex. 78 (April 10, 2020 docket letter from Tenth Circuit requesting Docketing Statement) and Ex. 79 (Farmers' Amended Docketing Statement To Address Amended Notice Of Appeal And Second Amended Notice Of Appeal).

On February 14, 2020, the Tenth Circuit issued an order recognizing that Farmers' pending appeal, No. 20-3006, addresses the December 18 decision by the Court. Thus, the Court has no jurisdiction over any aspects of *Kellogg* until such time as the Tenth Circuit addresses the merits of whether Farmers' appeal can proceed under 28 U.S.C. §§ 1291 and 1292(a).

### 1. Continuation of *Kellogg* in the district court defeats the point of the appeal.

Further proceedings in the district court pending resolution of Farmers' appeal and petitions for writs are a violation of Farmers' due process rights to proceed before an impartial judge with irrevocable damage to Farmers. As the Seventh Circuit stated in a similar situation in *Bradford-Scott Data v. Physician Computer Network*, 128 F.3d 504, 505-06 (7th Cir. 1997): "Whether [*Kellogg*] should be litigated in the district court is not an issue collateral to the question presented in the appeal … it is the mirror image of the question presented on appeal. Continuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals."

### 2. Farmers' due process rights to proceed before an impartial judge would be negated if Farmers are forced to litigate before a conflicted district court during the appeal.

In *Stewart*, 915 F.2d 572, the Tenth Circuit addressed the practical effect of permitting a district court to retain jurisdiction pending an interlocutory appeal based on a claim of qualified immunity. In holding that the district court was divested of jurisdiction

3

during the appeal, the Tenth Circuit recognized that a party's right to avoid litigation through qualified immunity would be negated if the party was forced to litigate in district court during the appeal. Likewise, in *Kellogg*, Farmers' due process rights to proceed before an impartial judge would be negated if Farmers are forced to litigate during the appeal before a conflicted district court that does not want to acknowledge its breach of fiduciary obligations to Farmers in the Syngenta MDL and the substantial evidence of Defendants' fraud upon the court and looks for every opportunity to "throw [Farmers] out of court." Painter Report, at ¶ 66.

### 3. A status report in a different appeal has no jurisdictional significance.

The Court mistakenly asserts through a February 4 order by Chief Magistrate Judge James P. O'Hara, ECF No. 268, adopted by the Court in a docket order that same day, ECF No. 269, that a December 21, 2020 status report by Farmers to the Tenth Circuit in appeal No. 19-3066 is a basis to assert the Tenth Circuit has addressed the merits of Farmers' challenge to the district court's December 18, 2019 decision in appeal No. 20-3006. The Court's effort to assign jurisdictional significance to a status report in a different appeal that did not address the December 18 decision and the due process disqualification issues raised by that decision is a clear abuse of discretion and manifest error.

### 4. There was no *McCauley* hearing to address the merits of the *Kellogg* appeal and the transfer of jurisdiction was automatic.

To address a practical concern that divesting the district court of jurisdiction would provide a vehicle for delay, the Tenth Circuit developed a framework to "frustrate any litigant's attempt to exploit the categorical divestiture rule." *McCauley,* 413 F.3d at 1162. Pursuant to this framework, upon the filing of the notice of appeal, the district court "after a hearing" may certify the appeal as "frivolous or forfeited." *Id*. Such a certification would prevent automatic divestiture.

Defendants did not request a McCauley hearing[2] and the Court did not hold a *McCauley* hearing to address the merits of the *Kellogg* appeal for obvious reasons. Farmers assert through the appeal, No. 20-3006, that the judicial conflict of interest for the district court in *Kellogg* is so obvious and extreme as to violate the due process clause's guarantee of an impartial adjudicator with irrevocable damage to Farmers. *See*

---

[2]. The Court suggests on page 1, note 2 of an April 15 decision, ECF No. 335, that Farmers had the burden to request a *McCauley* hearing. There is no requirement that appellants must request a hearing to assess whether an appeal of a district court decision is frivolous. Such a requirement would effectively negate the right to pursue an appeal. A review of district court decisions in the Tenth Circuit reveals that a *McCauley* hearing is held only upon the request of the party opposing the appeal. *See, e.g., Martinez v. Mares*, No. 14-cv-0041, ECF No. 58 (D.N.M. Sept. 22, 2014 ("Order Granting Plaintiffs' Motion To Certify Defendants' Interlocutory Appeal As Frivolous"). Farmers cited the *McCauley* case to the Court in multiple pleadings. Defendants chose to mislead the Court about the law of divestiture of jurisdiction rather than acknowledge that the transfer of jurisdiction is automatic for an interlocutory appeal in the Tenth Circuit unless there is a *McCauley* hearing and an order certifying the appeal as frivolous.

*Expert Report Of Richard Painter*, Add.238-252; *Supplemental Report Of Richard W. Painter*, Add.314-315; *Richard W. Painter Curriculum Vitae,* Add.316 (chief ethics counsel for President George W. Bush and the White House staff from 2005-2007 and a national attorney ethics expert).

It is for the Tenth Circuit to decide the merits of whether Farmers' appeal can proceed under 28 U.S.C. § 1291 and 1292(a); it is not for the Court to decide those issues. *See* Tenth Circuit Order, Feb. 14, 2020 (holding appeal pending further briefing and order). This is particularly true when Farmers assert through the Notice of Appeal that the judicial conflict of interest is so obvious and extreme as to violate the due process clause's guarantee of an impartial adjudicator. As James Madison noted at our nation's founding, "[n]o man is allowed to be a judge in his own cause, because his interest would certainly bias his judgment, and, not improbably, corrupt his integrity." *The Federalist No. 10*, at 47 (James Madison) (Clinton Rossiter ed., 1999). Thus, it is a fundamental precept of due process that "no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome." *In re Murchison*, 349 U.S. 133, 136 (1955).

> **5. The Court shows an adversarial posture by giving Farmers' counsel a Morton's Fork: abandon the appeal and waive the transfer of jurisdiction so the court can complete its mission to "throw [Farmers] out of court," Painter Report, at ¶ 66, or face monetary sanctions and a dismissal of the lawsuit for refusing to abandon the appeal and waive the transfer of jurisdiction.**

Through a mistaken reliance on a status report in appeal No. 19-3066, the Court

has usurped the jurisdiction of the Tenth Circuit and disregarded Farmers' due process rights to declare Farmers' Notice of Appeal in 20-3006 "a nullity." ECF No. 263. The Court then gives Farmers' counsel a Morton's Fork (a choice between two equally unpleasant alternatives). Either abandon the appeal and waive the transfer of jurisdiction so the Court can complete its mission to "throw [Farmers] out of court," Painter Report, at ¶ 66, or face monetary sanctions and a dismissal of the lawsuit for refusing to abandon the appeal and waive the transfer of jurisdiction. The Court's Morton's Fork dilemma for Farmers' counsel shows adversarial bias that highlights the Court's untenable conflict of interest and unreasonable legal rulings that violate the Code of Conduct for United States Judges. The Second Circuit in *Cheng v. GAF Corp.*, 713 F.2d 886, 891 (2nd Cir. 1983), addressed a similar situation:

> We are also surprised by the district judge's willingness to sanction appellant's attorney, not for a motion made in the district court, but for appeals taken to this Court and the Supreme Court. A rule permitting a district court to sanction an attorney for appealing an adverse ruling might deter even a courageous lawyer from seeking the reversal of the district court decision.

An order by a Court sanctioning an appellant's counsel for exercising a due process right through appeal to disqualify the court may fairly be viewed with a presumption of judicial vindictiveness. *See Plumley v. Austin*, 135 S. Ct. 828 (2015) (discussing the presumption of judicial vindictiveness that applies when a judge imposes a more severe sentence upon a defendant after a new trial). The adversarial posture of the Court mandates recusal under 28 U.S.C. § 455 and Canon 3(C)(1) of the Code of

Conduct for United States Judges. *See Isaacs v. State*, 355 S.E.2d 644, 645 (Ga. 1987) (disqualification is required when the judge becomes an adversary of the party seeking his disqualification); *Gulfstream Park Racing Assn, Inc. v. Gale*, 540 So.2d 196, 197 (Fla. App. 1989) (adversarial posture with disqualification motion creates "an intolerable adversary atmosphere" between the judge and the party seeking disqualification).

> **6. Farmers' appeal No. 20-3006 is the dominant pleading before the Tenth Circuit and the Court cannot avoid its obligation to respect the automatic transfer of jurisdiction.**

In a February 4, 2020 docket order, ECF No. 269, the Court said that "[a]ny future stay must come from the Tenth Circuit itself." The Court again stated in the April 3, 2020 order, ECF No. 323, that "any stay to allow for proceedings in the Tenth Circuit must now come from the Circuit itself."

The Court's efforts to avoid its obligation to respect the automatic transfer of jurisdiction for Farmers' appeal are unavailing. The Tenth Circuit has recognized that when a party has filed an appeal and a petition for a writ of mandamus, the appeal is the dominant pleading. *See, e.g., In re Kozeny, et al*, 236 F.3d 615, 618 (10th Cir. 2000); *Richmond v. Crow*, 61 F.3d 916 n. 4 (10th Cir. 1993).

Thus, the *Kellogg* appeal, No. 20-3006, until addressed by the Tenth Circuit, is the dominant pleading before the Tenth Circuit. Under the law of divestiture of jurisdiction for appeals, jurisdiction over all aspects of the *Kellogg* lawsuit transferred to the Tenth Circuit after Farmers' Notice of Appeal filed on January 16, 2020. Farmers need not do

more and it is not Farmers' burden to have to proceed through the petition for a writ of mandamus to request a stay of proceedings in the district court from the Tenth Circuit. Rather, the Court should acknowledge the automatic transfer of jurisdiction for the appeal.

### B. Farmers proceed in good faith and Defendants proceed in bad faith.

Defendants do not provide a statutory authority for their motion to dismiss; rather, they claim that Farmers' counsel violated the Court's March 3, 2020 order, ECF No. 308, requiring Farmer's counsel to participate in a Fed. R. Civ. P. 26 discovery planning conference.[3] Despite the transfer of jurisdiction to the Tenth Circuit through Farmers' Notice of Appeal filed on January 16, 2020, Farmers' counsel participated "in good faith" in an April 1, 2020 telephone call and that is all that is required by Rule 26. *See* Fed. R. Civ. P. 26(f)(2) ("The attorneys of record and all unrepresented parties that have appeared in the case are attempting *in good faith* to agree on a proposed discovery plan,

---

[3]. The Court contends in the March 3, 2020 order at issue, ECF No. 308, that Farmers' counsel did not seek "review of the [February 4, 2020] order" which directed that Farmers proceed with discovery in disregard of the transfer of jurisdiction to the Tenth Circuit. The Court disregards Farmers' Amended Notice of Appeal to the Tenth Circuit filed on February 10, 2020, ECF No. 272. It is for the Tenth Circuit to address the merits of whether Farmers' pending appeal, No. 20-3006, can proceed under 28 U.S.C. §§ 1291 and 1292(a); it is not forth this Court to determine the merits of whether the appeal can proceed. In addition, the Court's March 3 order, ECF No. 308, was timely appealed to the district court through a March 17, 2020 motion to vacate, ECF No. 319, and the Court's resultant April 3, 2020 order, ECF No. 323, was placed before the Tenth Circuit through Farmers' Second Amended Notice of Appeal, ECF No. 332, filed April 10, 2020.

9

… .").

As set forth in Plaintiffs' Report of Parties' Rule 26(f) Discovery Planning Conference, Fourteenth Declaration of Douglas J. Nill, Ex. 75, ECF No. 343-2, at pp. 4-9 9 (emphasis added):

> Farmers' counsel proceeded with the April 1 telephone call ***in good faith***, hoping to find common ground in regard to (1) an exchange of settlement proposals and agreement to mediate, (2) the names and addresses of each of the *Kellogg* putative class plaintiffs, (3) the identification and disclosure of discoverable documents, such as the 60,000 contingent fee contracts with Farmers that Defendants filed with the Syngenta MDL Claim Administrator on January 18, 2019, MDL 2591, ECF No. 4035, to claim an award of attorneys' fees from the fund for lawyers with contingent fee contracts (the so-called "IRPA fund"), and (4) the identification of insurance coverage for each of the named Defendants and production of the insurance agreements. All of these discovery items are "required disclosures" under Fed. R. Civ. P. 26(a)(1)(A).
>
> Farmers' counsel came to understand during the April 1 telephone call, however, that Defendants regarded the conference call as a farce. For example, Defendants' counsel said that they do not regard *Kellogg, et al.*, as a class action and only a lawsuit by six individual plaintiffs. They said that they would not provide copies of Defendants' contingent fee contracts with the *Kellogg* putative class members and contact information and would only provide client files for the six named class members. They offered nothing, as Farmers' counsel has those six client files in his possession.
>
> The statements by Defendants' counsel that they do not acknowledge *Kellogg* as a class action and will not produce required disclosures relevant to the *Kellogg, et al.* class certification and merits claims are a blatant disregard of the allegations in the *Kellogg* amended complaint and the legal standards and requirements for Rules 23 and 26 of the Federal Rules of Civil Procedure. *See* Rule 23 (allowing named plaintiffs to assert claims on behalf of similarly situated parties); Rule 26(a)(1)(A) (initial required disclosures); *Kellogg* Amended Complaint, at ¶¶ 337-346 (Class Action Allegations) (class action on behalf of all Farmers who signed contingent fee retainer contracts with Watts Guerra, LLP and its joint venture partners, deceptive solicitation of Farmers to sign 40 percent contingent fee contracts, joint prosecution agreements automatically opting Farmers out of class

10

Case 2:18-cv-02408-JWL-JPO   Document 349   Filed 04/28/20   Page 13 of 16

litigation proceedings in the Syngenta MDL and Minnesota without their knowledge and informed consent, and a fraud upon the Syngenta MDL and Minnesota courts to allow the automatic opt-outs); *Affidavit Identifying Expert*, ECF No. 322 ("substantial evidence that Defendants engaged in dishonest, improper and unethical conduct and breached fiduciary obligations through deceit"); *see, e.g.*, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-352 (2011) ("[T]he class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." … "proof of commonality necessarily overlaps with respondents' merits contention [that Defendant engaged in a pattern of misconduct]"); *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170-171 (1989) (district court correctly ordered defendant "to produce the names and addresses of potential class members"); *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (plaintiffs show putative class plaintiffs are similarly situated for class certification through "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."); *Cady v, R&B Servs.-Wichita, LLC*, No. 13-1331-KHV, slip op. at p. 7 (D. Kan. April 1, 2014) ("the *existing case law in this district* [for pre-certification discovery] … allow[s] the identification of class members by name, contact information, and location where they worked, along with disclosure of the employer's policies and practices regarding payroll matters.") (emphasis added); *Allen v. Mill-Tel, Inc.,* No. 11-1143-EFM, slip op. at pp. 6-8 (D. Kan. April 18, 2012) (ordering defendants for initial class and merits discovery to provide "the names, contact information, and the location where individual members of the putative class worked."); *In re Bank of Am. Wage & Hour Emp't Practices Litig.*, No. 10-MD-2138-JWL (D. Kan. July 19, 2011) (requiring defendants to disclose names and contact information for putative members of the class as part of pre-certification discovery); *Hammond v. Lowe's Home Centers, Inc*., 216 F.R.D 666, 671 (D. Kan. 2003) (pre-certification discovery is "necessary for the plaintiff to properly define the proposed class."); *see also Borup v. CJS Sols. Grp., LLC*, No. 18-cv-1647, slip op. at pp. 8-10 (D. Minn. Feb. 13, 2019) (ordering defendants for pre-certification discovery to identify and provide "contact information" for putative class plaintiffs and "emails and communications" that relate to a claim or defense); *City of Farmington Hills Employees Ret. Sys. v. Wells Fargo Bank, N.A.*. Civil No. 10-4372 (DWF/JJG) (D. Minn. March 27, 2012) (certifying class action with non-Minnesota class members under Minnesota *breach of fiduciary duty law* when Wells Fargo entered into the same contract with each putative class member and concealed the effects of mismanagement from each class member); *Gilchrist v. Perl*, 387 N.W.2d 412, 417 (Minn. 1986) (*Perl III*) (Rule 23 class action is ideally suited for claims by plaintiffs against defendants, a lawyer and his law firm, alleging precisely the

11

same *breach of fiduciary duty*).

Defendant's counsel also said that *Kellogg* presents no fraud claims and thus they will offer no discovery addressing Defendant's deceit, despite Farmers' allegation in Count VIII of the amended complaint that Defendants' breach of fiduciary duty *occurred through deceit*. Amended Complaint, at ¶¶ 417-24; *Painter Report*, ECF No. 279-2, *e.g.*, ¶ 32 ("Any lawyers who were aware of these [alleged] facts who sat silent in Judge Lungstrum's courtroom while he assumed the exact opposite perpetrated a fraud upon the Court."); *Affidavit Identifying Expert*, April 2, 2020, ECF No. 322 ("substantial evidence that Defendants engaged in dishonest, improper and unethical conduct and breached fiduciary obligations through deceit"); *Gilchrist v. Perl*, 387 N.W.2d 412, 417 (Minn. 1986) (*Perl III*) ("[W]e reaffirm that cases of actual fraud or bad faith result in total fee forfeiture."); *Perl v. St. Paul Fire and Marine Ins. Co*., 345 N.W.2d 209, 212 (Minn. 1984) (*Perl II*) ("the client is deemed injured even if no actual loss results"); *Rice v. Perl*, 320 N.W.2d 407, 411 (Minn. 1982) (*Perl I*) ("an attorney … who breaches his duty to his client forfeits his right to compensation"). The district court does not have the authority to rewrite Farmers' breach of fiduciary duty cause of action and remove factual allegations from the amended complaint.

Because Defendants' counsel offered nothing and treated the April 1 telephone conference call as a farce, there are no agreements as a result of the April 1 telephone call. There is no value in Farmers disregarding the transfer of jurisdiction to the Tenth Circuit through Farmers' Notice of Appeal on January 16. There is no value in Farmers drafting a settlement proposal relative to the *Kellogg* named and putative class members and discussing mediation and exchanging mandatory disclosures by a certain date if all that Defendants' counsel will offer for mandatory disclosures are client files for the six *Kellogg* named plaintiffs – files that are already in the possession of the undersigned.

Defendants' treatment of the April 1 telephone conference highlights the absolute necessity of Farmers' appeal and petition for a writ requesting the disqualification of the district court. Defendants treat the discovery process with disdain because they recognize that the district court is conflicted and objectively biased and wants to "throw [Farmers] out of court," Painter Report, at ¶ 66, to avoid confronting the district court's breach of fiduciary obligations to Farmers in the Syngenta MDL and Defendants' fraud upon the court. The district court breached fiduciary obligations to Farmers by allowing Defendants to automatically opt-out Farmers from the MDL class proceedings through private joint prosecution agreements with class counsel and not rejecting the agreements as collusion and an exchange

of money and favors at the expense of absent class members. Upon information and belief, no other federal or state court in American class action jurisprudence has allowed lawyers to privately contract putative class members out of a class action, through a trade of money and favors between the lawyers. *See, e.g.*, *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 176 (1974) ("[N]otice to identifiable class members *is not* a discretionary consideration to be waived in a particular case. It is, rather, an unambiguous requirement of Rule 23.") (emphasis added); *Bennett v. Boyd Biloxi*, Civ. No. 14-0330, slip op. at p. 6 (S.D. Ala. July 8, 2016) (the lawyers who seek to intentionally exclude absent class members from class certification notice "identify *no authority* empowering the Court to exclude particular class members from the class simply by saying they are excluded … [m]ore fundamentally, however, the parties have not demonstrated that these individuals should be excluded from the class.") (emphasis added).

The Court has been informed that the transfer of jurisdiction to the Tenth Circuit through Farmers' Notice of Appeal on January 16, was automatic unless the Court held a *McCauley* hearing and certified the appeal as frivolous. Defendants avoided a request for a *McCauley* hearing because they would rather mislead the Court about the law of divestiture of jurisdiction.

In *Arthur Anderson & Co. v. Finesilver*, 546 F.2d 338, 340-41 (10th Cir. 1977), the Tenth Circuit suggested that district courts "if in doubt" about the transfer of jurisdiction should "decline to act further" until disposition of the appeal by the Tenth Circuit. The Court should abide by *Arthur Anderson* and "decline to act further" until disposition of Farmers' appeal and petitions for writs by the Tenth Circuit.

## II. CONCLUSION.

The Court should deny Defendants' motion. The Tenth Circuit has jurisdiction over all aspects of this lawsuit and Farmers proceed in good faith.

Dated: April 28, 2020

Respectfully submitted,

By: /s/ Douglas J. Nill
Douglas J. Nill (MN #0194876)

DOUGLAS J. NILL, PLLC
d/b/a FARMLAW
2050 Canadian Pacific Plaza
120 South Sixth Street
Minneapolis, MN  55402-1801
(612) 573-3669
dnill@farmlaw.com

Counsel for Plaintiffs and Proposed
Class of Farmers