UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: SYNGENTA AG MIR162 CORN LITIGATION<br><br>This document relates to:<br><br>*Kenneth P. Kellogg, et al. v. Watts Guerra LLP, et al.*,<br>Case No. 18-cv-2408-JWL-JPO | MDL No. 2591<br><br>Case No. 14-md-02591-JWL-JPO |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS DUE TO PLAINTIFFS' CONTINUED, WILLFUL DISREGARD OF THE COURT'S ORDERS (ECF NO. 327)**

## INTRODUCTION

In the March 3, 2020 Order, Plaintiffs were warned that continued recalcitrance would likely result in dismissal. (ECF No. 308, p. 8). Plaintiffs did not heed the Court's warning. To the contrary, despite that warning—and repeated rulings by this Court that their positions on jurisdiction and recusal have no merit—Plaintiffs have confirmed they simply will not participate in discovery or pretrial proceedings in this Court.

Plaintiffs' counsel has been sanctioned twice now—for failing to attend the Court-ordered February 11, 2020 planning conference and for engaging in unreasonable and vexatious litigation conduct. (*Id.*; ECF No. 345). Yet in response to efforts by Defendants and this Court to move proceedings forward (including the motion at bar), Plaintiffs have not budged. Rather, they have filed improper and ineffective notices of appeal from every decision the Court has made since the March 3 Order issued (ECF Nos. 332, 338, 350-51);

squarely disobeyed this Court's repeated rulings that proceedings will continue in this Court unless and until the Tenth Circuit orders otherwise; and continued to demand the same relief over and over again, based on the same flawed arguments and—incredibly—without even trying to engage the reasoning of this Court's prior rulings. In short, since the Court's warning, Plaintiffs have done nothing but make bad matters worse by engaging in the same disruptive and vexatious tactics that the Court has already soundly condemned.

All of which has confirmed that Plaintiffs' ongoing, flagrant disregard of the Court's orders will not stop. Accordingly, there is no reason to believe that further monetary sanctions will "spur plaintiffs to begin prosecuting their case in this court." (ECF No. 308, p. 9). Even in their response to Defendants' motion for dismissal (ECF No. 349), Plaintiffs give no quarter—offering neither apology nor promise to obey the Court's orders going forward. And each of the arguments Plaintiffs do raise has been rejected already—in many cases, multiple times—by this Court, the Tenth Circuit Court of Appeals, or both. With Plaintiffs having failed to provide any legitimate argument, excuse, or apology for their failure to prosecute and willful disregard of Court orders, Defendants respectfully request that the Court give Plaintiffs what they so sorely want—a final judgment from which to appeal.

## ARGUMENT

### I. PLAINTIFFS' REFUSAL TO PARTICIPATE IN PRETRIAL PROCEEDINGS AND WILLFUL DISREGARD OF THE COURT'S ORDERS WARRANTS DISMISSAL

Plaintiffs narrowly avoided dismissal in the March 3 Order because they had not been warned that noncompliance with the Court's orders would result in dismissal, and

because the Court was not convinced a lesser sanction would not motivate Plaintiffs to being prosecuting their case. (ECF No. 308, pp. 8-9). Plaintiffs thus were warned that failure to attend a planning meeting or participate in the submission of a planning-meeting report, or the failure to comply with Court orders or their continued refusal to move the case forward, would likely result in dismissal. (*Id.*). But instead of spurring Plaintiffs' compliance, the March 3 Order has had the opposite effect:

- Plaintiffs have confirmed unequivocally that they "are unwilling to proceed with discovery and pretrial proceedings while awaiting disposition of [Plaintiffs'] pending appeal…and petition for a writ of mandamus[.]" (ECF No. 343-1, Ex. 75, p. 3 (Plaintiffs' Report of Parties' Rule 26(f) Discovery Planning Conference)).

- Plaintiffs attended a planning conference but refused to engage in a meaningful discussion about numerous topics that were necessary to complete the conference and report to the Court (*e.g.*, plan for and timing of discovery, ESI protocols, motion deadlines, etc.). Plaintiffs would only discuss their own demands: the exchange of settlement offers; and a one-way initial disclosure of documents by Defendants that is not required by Rule 26(a)(ii), that is irrelevant unless and until Plaintiffs establish class certification, and that raise attorney-client privilege concerns. (ECF No. 328-1 (Declaration of Christopher L. Goodman, dated April 7, 2020)).

- While Plaintiffs submitted a document purporting to be a planning-meeting report, the report violated essentially every requirement and norm for such reports, providing little more than a laundry list of Plaintiffs' oft-repeated arguments challenging the Court's jurisdiction. (ECF No. 343-1, at Ex. 75). The report was

- also prepared and filed by Plaintiffs unilaterally—in violation of the Court's March 3 Order, standard practice, and Plaintiffs' counsel's own promise at the planning conference to prepare a draft report for the parties to file jointly. (ECF No. 328-1, Goodman Decl., Ex. B.).

- Plaintiffs have accused Judge Lungstrum *and* Chief Magistrate Judge O'Hara of having a conflict of interest and holding bias toward the Plaintiffs, and based such accusations in no small part on the substance of the Court's rulings—which, they should know, is grossly improper. (*Id.*, pp. 10-11; ECF No. 320, p. 7 (arguing "the Court and the Magistrate Judge are equally conflicted"), *id.*, p. 20 ("The Magistrate Judge shows objective bias in a February 18, 2020 Order[.]").

- Not satisfied with accusing the Court of bias, Plaintiffs' counsel now claims "that *Defendants' lawyers* are actively engaged in professional misconduct[.]" (ECF No. 343-1, at Ex. 75, p.11) (emphasis added).[1]

- Plaintiffs have adopted an improper strategy of impeding all efforts to move this case forward by seeking appellate review—either through further appeals of non-

---

[1] In addition, while Plaintiffs' counsel complained in his improper April 7 report that the parties' April 1 conference was a "farce" because "[Defendants] do not [this case] as a class action and only a lawsuit by six individual plaintiffs" (see ECF No. 343-1, at Ex. 75, p. 10), at no point during the conference did Plaintiffs' counsel propose filing a motion for class certification. He also flatly opposed Defendants' proposal to phase discovery, beginning with named plaintiffs with class-related discovery to follow thereafter (*i.e.*, if such discovery was appropriate after motion practice on class certification). But rather than negotiate this issue or include it in the parties' conference report as a matter for the resolution by the Court at the scheduled planning conference, Plaintiffs' counsel chose to treat Defendants' proposal (*i.e.*, phased discovery) and concerns (*e.g.*, attorney-client privilege) as a flat refusal to produce anything, ever—which plainly it was not.

final orders or via petitioning for a writ of mandamus—and standing on those procedural maneuvers as the basis to refuse to participate in pretrial proceedings, despite clearly established law (and repeated rulings from this Court) that mandamus petitions do not automatically impose a stay and notices of appeal from non-final, non-immediately appealable orders do not transfer jurisdiction.

Even after being warned of the consequences that further recalcitrance would bring, Plaintiffs have continued to engage in precisely the sort of conduct that, as the Court previously found, warrants dismissal. (ECF No. 308, p. 6 ("Turning to the first [*Ehrenhaus*] factor, defendants clearly have been prejudiced."); *id.*, p. 7 (Plaintiffs' conduct also has interfered with the orderly and timely processing of this case, and led to otherwise unnecessary judicial intervention."); *id.*, p. 8 ("Plaintiffs' culpability supports dismissal.")). Further, as demonstrated below, none of Plaintiffs well-worn arguments excuse their continued disregard for the Court's orders.

## II. THE COURT NEVER LOST JURISDICTION OVER THIS CASE

Plaintiffs' core argument is that this Court lost jurisdiction when Plaintiffs filed a Notice of Appeal in January 2020—an argument that has been rejected many times over. (ECF No. 345, p. 3 ("Finally, Mr. Nill argues that this sanction is prohibited by the Court's loss of jurisdiction and by the conflict and bias that require the undersigned's recusal. The Court stands by its repeated rejections of these arguments."); ECF No. 246, p. 2 ("Appellants have not established that the district court's decisions are final or immediately appealable.")). As this Court has repeatedly held, Plaintiffs are not entitled to appellate review at this time because no final orders have been issued. (*Id.* ("For instance, Mr. Nill

argues the issue of jurisdiction, but he does not address the fact that the case is ongoing and thus no final order has been issued.")).  Astonishingly, *Plaintiffs do not even attempt to claim that any of the orders they have attempted to challenge on appeal are final*. (ECF No. 349).  No final and appealable order has been issued in this case and that one truth shreds Plaintiffs' jurisdictional arguments.  Similarly, Plaintiffs' remaining arguments are contrary to established case law and have been soundly rejected by this Court.

*First*, Plaintiffs argue the mere filing of an interlocutory appeal divests the district court of jurisdiction. (ECF No. 349, p. 4).  Yet Plaintiffs offer no response to established law that, when appeal is taken from a non-final order, the district court is free to ignore it. See *Arthur Andersen & Co. v. Finesilver*, 546 F.2d 338, 340–41 (10th Cir. 1976) ("If the notice of appeal is deficient by reason of untimeliness, lack of essential recitals, *reference to a non-appealable order*, or otherwise, the district court may ignore it and proceed with the case.") (citation omitted) (emphasis added).  That is because "[a]n attempt to appeal a non-final decision of a district court remains just that, an attempt. It is a nullity and does not divest the trial court of its jurisdiction." *Century Laminating, Ltd. v. Montgomery*, 595 F.2d 563, 567 (10th Cir. 1979) (quoting *Euziere v. United States*, 266 F.2d 88 (10th Cir. 1959), vacated on other grounds, 364 U.S. 282, 80 S.Ct. 1615, 4 L.Ed.2d 1720)).

Plaintiffs' contrary position is based on inapposite case law involving an appeal taken as a matter of right from an immediately appealable order.  As Defendants have argued and this Court has explained, the appellant in *McCauley v. Halliburton Energy Services, Inc.* had a statutory right, under the Federal Arbitration Act ("FAA"), to assert an interlocutory appeal. (ECF No. 335, p. 2, n.1 (citing *McCauley*, 413 F.3d 1158 (10th Cir.

2005)). Similarly, the appellant in *Stewart v. Donges* possessed a right of interlocutory appeal because its motion for summary judgment on qualified immunity grounds was denied. *Id.*, 915 F.2d 572, 575 (10th Cir. 1990) (noting that under United States Supreme Court precedent "the denial of a defendant's motion for summary judgment based on qualified immunity was also a collateral order for which interlocutory appeal was available.") (citing *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985)). In both cases, the appellant unmistakably possessed the right to seek appellate review on an interlocutory basis. *That* is why a hearing (and finding of frivolousness) was required before the district court could proceed. Here, however, Plaintiffs have no right to immediate interlocutory appeal from any of the rulings they challenge. *McCauley* and *Stewart* are therefore inapposite.

*Second*, for the same reasons, Plaintiffs' argument that transfer of jurisdiction was "automatic" because Defendants did not request a *McCauley* hearing also fails. That argument assumes Plaintiffs possess a right of interlocutory appeal which, as just noted, they do not. Plaintiffs' belated assertion of a waiver-type argument based on the supposed need for a *McCauley* hearing therefore rings hollow. (ECF No. 335, p. 2, n.1 ("Plaintiffs have not cited any authority requiring additional proceedings before the Court may continue to exercise its jurisdiction after an attempt to appeal from a non-final order.")).

The one case Plaintiffs cite in which a *McCauley*-type hearing was requested, *Martinez v. Mares*, proves this point. (ECF No. 349, p. 7, n.2 (citing *Martinez v. Mares*, No. 1:14-CV-00041 WJ-KBM, 2014 WL 12650970, at *1 (D.N.M. Sept. 22, 2014)). Like the appellant in *Stewart v. Donges*, supra, the appellant in *Martinez* possessed the right to

seek immediate review of the denial of its motion for summary judgment on qualified immunity grounds. *Martinez*, at \*1 (noting "trial court decisions denying public officials the defense of qualified immunity are immediately appealable in certain circumstances.")). Citing *Stewart v. Donges*, the court recognized the party opposing the appeal had the right to seek de-certification "[i]f the claim of immunity is a sham[.]" *Martinez* at \*2 (quoting *Stewart*, 915 F.2d at 577). Far from *requiring* a party to move for a *McCauley* hearing in all appeals, as Plaintiffs erroneously suggest, *Martinez* and *Stewart* merely recognize that a district court may, after a hearing and appropriate findings, maintain jurisdiction and move proceedings forward where an appeal is jurisdictionally proper but frivolous. The situation here is completely different. Considering Plaintiffs do not possess the right of interlocutory appeal, there would be nothing for Defendants to challenge under a *McCauley*-type motion. The appeal is a legal nullity and the Court is free to disregard it. See *Finesilver*, 546 F.2d at 340–41 (noting "the district court may ignore [the interlocutory appeal] and proceed with the case."); *Century Laminating, Ltd.*, 595 F.2d at 567 (attempt to appeal a non-final order is a nullity).

*Third*, effectively confirming the propriety of a dismissal sanction, Plaintiffs argue that continued litigation in this District violates their due process rights while once again disregarding the Court's prior rulings on that issue. In its April 3, 2020 Order, for example, this Court specifically rejected Plaintiffs' due process argument, finding there is no conflict of interest or actual bias. (ECF No. 323, p. 6 (noting "the present case does not involve extreme circumstances that create a reasonable and significant likelihood of actual bias that is too great to be constitutionally tolerable."); *id.* at p. 11 ("Moreover, as the Court has

already twice ruled, those provisions of Section 455 do not apply to knowledge obtained in the court of related judicial proceedings.")).  The Court noted the merits of Plaintiffs' claims will not be tried in this District, thereby eliminating the possibility Judge Lungstrum would be a fact witness (*id.*, pp. 10-11 ), which is not (and never was) a serious possibility.[2]  Moreover, the Court observed that "the timing of plaintiffs' recusal motions strongly suggest that plaintiffs actually object to the undersigned's continued involvement in this case because of adverse rulings by the Court[,]" which is not a legitimate basis to recuse. (*Id.*, p. 12 (citing *United States v. Cooley*, 1 F.3d 985, 994 (10th Cir. 1993 (adverse rulings do not provide a basis for disqualification of a judge)).

Despite requesting recusal in numerous filings Plaintiffs have not identified any "reasonable basis to believe that the Court has a conflict of interest or harbors some actual bias against [them]." (ECF No. 335, p. 11).  Plaintiffs do not address the fact their claim will not be tried before this Court.  Nor have Plaintiffs demonstrated anything beyond their disagreement with the Court's rulings as a basis for recusal. (*Id.*, p. 10 ("Accordingly, this speculation does not provide a reasonable basis for believing that the undersigned judge is

---

[2] Plaintiffs' theory on their one remaining claim is that they were opted out of class proceedings without informed consent.  It is difficult to fathom how the Court could be a witness.  From the Court's perspective (as noted in the April 3 Order, ECF 323 at pp. 7-8), lead MDL class counsel proposed class definitions that excluded plaintiffs (such as Defendants' clients) already pressing mass action proceedings against Syngenta.  There was nothing improper about that exclusion—far from it; the reason clients retained Defendants in the first place was to bring individual actions.  But, even if there were any impropriety in the exclusion as Plaintiffs insist, proving as much would involve communications and understandings to which the Court could not possibly bear witness.

biased or has conflict, and this it does not provide a basis for recusal to satisfy due process.") (citation omitted)).

*Fourth*, Plaintiffs erroneously contend Chief Magistrate Judge O'Hara "mistakenly" relied on Plaintiffs' December 21, 2019 status report to the Tenth Circuit as the basis for rejecting their jurisdictional argument. (ECF No. 349, p. 6 (citing ECF Nos. 268, 269)). That contention is false as the Court has clearly—and repeatedly—rejected Plaintiffs' jurisdictional argument for the simple reason that the Court has not issued a final and appealable order. (ECF No. 345, p. 3; ECF No. 246, p. 2).  Further, the Magistrate Judge properly referenced the status report because it shows the Tenth Circuit was aware of the December 18, 2019 Order, an order which confirms the larger point, which Plaintiffs refuse to acknowledge, that "the procedural posture of the case is unchanged—because a claim remains in the case, there is no final decision of this court that would confer jurisdiction upon the Tenth Circuit." (ECF No. 268, p. 7).

*Fifth*, the Court has not left Plaintiffs with a "Morton's Fork" as their path forward has been clear since the December 18, 2019 Order was issued: dismiss their lone remaining claim so final judgment can be entered and Plaintiffs can appeal; or litigate their lone remaining claim in this District until a final order or judgment has been entered on that claim, and then decide whether to appeal the Court's prior orders.  Plaintiffs need not have fretted over the supposed "waive[r] of the transfer of jurisdiction" if they had finally participated in pretrial proceedings (ECF No. 349, p. 9); there is and was nothing to waive.

*Finally*, Plaintiffs' counsel, Attorney Douglas J. Nill, claims he "has never been sanctioned"—a boast made under penalty of perjury in Attorney Douglas J. Nill's

Fourteenth Declaration (ECF No. 343, p. 2, n.1; ECF No. 343-1, ¶¶ 1-4) and which Attorney Nill chose to "stand[s] by" in his most recent Declaration. (ECF No. 349-1, ¶ 3). If this was a mistake in the first instance, by doubling down on it now, Attorney Nill appears to be displaying an alarming lack of candor, if not an intentional effort to mislead.

As Defendants previously noted, the Minnesota Court of Appeals, in *Hirsi v. ARCH Language Network, Inc.*, affirmed a district court decision which "was in part, a sanction for Hirsi's failure to comply with any of the court's instructions," a failure to comply that "increased the burden on respondents by making it more difficult for respondents to determine what the allegations were." (ECF No. 346, p. 3 (citing *Hirsi*, No. A18-1076, 2019 WL 1591800, at *5 (Minn. Ct. App. Apr. 15, 2019)). Attorney Douglas J. Nill represented the plaintiff in *Hirsi*. (*Id.*).

Now, in his most recent (Fifteenth) Declaration, Plaintiffs' counsel attempts to explain away his misrepresentation by claiming he was not sanctioned in *Hirsi* for "*misconduct related to discovery*[.]" (ECF No. 349-1, p. 2) (emphasis as in original). But Attorney Nill's original claim was never so hedged, nor is this belated distinction meaningful, nor did Defendants ever claim that Attorney Nill was sanctioned for a discovery violation. The fact is, Attorney Nill was sanctioned for failing to comply with a district court order regarding motions to amend the complaint, a finding that was, as just noted, affirmed on appeal. (Declaration of Christopher L. Goodman, May 8, 2020, Ex. A (*Hirsi v. Arch Language Network, Inc.*, No. 27-CV-16-9944, 2017 WL 8788196, at *2 (Minn. Dist. Ct. April 26, 2017) ("The appropriate **sanction** for Plaintiffs' failure to follow the Court's prior order regarding future motions seeking to amend the Amended Complaint

is to deny the pending motion.") (emphasis added); Goodman Decl, Ex. B, *Hirsi*, 2019 WL 1591800, at *5 (Minn. Ct. App. April 15, 2019)).

Confronted with the fact he was indeed sanctioned in *Hirsi*, Attorney Nill could have admitted his error. He could have apologized to the Court and counsel for falsely claiming "he has never been sanctioned[.]" Instead, he stubbornly chose to "stand by" his original false statement that he had never been sanctioned (ECF No. 349-1, p. 2) – just as he stubbornly "stands by" his repeatedly-rejected arguments in this Court and unapologetically refuses to prosecute his case despite the threat of dismissal. Such behavior falls well below the Kansas Bar Association's Pillars of Professionalism. (See https://www.ksbar.org/page/pillars (noting that with respect to the courts, counsel should "act with candor, honesty, and fairness toward the court.").[3]

## CONCLUSION

Neither monetary sanctions nor the threat of dismissal nor repeated rulings by this Court have spurred Plaintiffs to accept this Court's jurisdiction and participate in discovery or pretrial proceedings. Instead, Plaintiffs have made it abundantly clear that they will litigate this action on their terms, no matter what the Court directs—and that their overriding priority is to obtain Tenth Circuit review. Flouting Court orders, relitigating the same arguments repeatedly, ignoring clearly established jurisdictional rules, and continuing

---

[3] Attorney Nill falsely claiming he has never been sanctioned may not, standing alone, be a sufficient basis to dismiss this action. But we raise the sanction issued in *Hirsi* to respond to the false averment that Defendants have made "misrepresentations and omissions of material facts" (ECF No. 349-1, ¶ 3) and to call attention to what appears to be an intentional effort by Attorney Nill to mislead the Court.

to delay the normal, orderly progression of this case while greatly increasing the time and money needed to defend it—Plaintiffs' tactics confirm the only remedy is dismissal. A final judgment, moreover, will allow Plaintiffs to achieve their objective of immediate appeal. Accordingly, Defendants respectfully request that their motion be granted and that this action be dismissed in its entirety.

Dated: 05/11/2020    Thompson, Coe, Cousins & Irons, L.L.P.

/s/ Christopher L. Goodman
Christopher L. Goodman (MN #285626)
408 St. Peter St #510
St. Paul, MN 55102
651-389-5025
cgoodman@thompsoncoe.com

*Counsel for Defendants Watts Guerra LLP, Mikal C. Watts, and Francisco Guerra*

Richard A. Lind (MN #0063381)
João C.J.G. de Medeiros (MN #0390515)
Lind Jenson Sullivan & Peterson PA
901 Marquette Ave S
Minneapolis, MN 55402
612-333-3637
rick.lind@lindjensen.com
joao.medeiros@lindjensen.com

*Counsel for Defendants Daniel M. Homolka, Law Office, Ltd. and Yira Law Office, Ltd.*

Kelly A. Ricke (#16663)
Evans & Dixon, L.L.C.
10851 Mastin Blvd #900
Overland Park, KS 66210
913-701-6810
kricke@evans-dixon.com

*Counsel for Defendant Pagel Weikum, P.L.L.P.*

> Arthur G. Boylan (MN #338229)
> Anthony Ostlund Baer & Louwagie, P.A.
> 90 S 7th St #3600
> Minneapolis, MN 55402
> 612-349-6969
> aboylan@anthonyostlund.com
>
> *Counsel for Defendants Law Office of Michael Miller, Mauro, Archer & Associates, LLC*
>
> Daniel F. Church
> Morrow Willnauer Church, LLC
> 8330 Ward Pkwy # 300
> Kansas City, MO 64114
> 816-382-1382
> dchurch@mwcattorneys.com
>
> *Counsel for Defendant Cross Law Firm, LLC*
>
> Matthew G. Koehler
> Teresa M. Young
> Steven Schwartz
> Brown & James Law Firm P.C.
> 800 Market St # 1100
> St. Louis, MO 63101-2501
> 314-421-3400
> mkoehler@bjpc.com
> tyoung@bjpc.com
> sschwartz@bjpc.com
>
> *Counsel for Lowe Eklund Wakefield Co., LPA*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on May 11, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Christopher L. Goodman