UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KENNETH P. KELLOGG, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 18-2408-JWL |
| | ) | |
| WATTS GUERRA, LLP, et al., | ) | MDL 14-md-2591-JWL |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

Defendants have filed a second motion to dismiss this action as a sanction for plaintiffs' continued failure to obey court orders and move this case forward (ECF No. 327). Because the undersigned U.S. Magistrate Judge, James P. O'Hara, finds plaintiffs' intentional inaction in this case is costing defendants significant amounts in attorneys' fees, is consuming a considerable amount of the court's time, and is delaying the legal process and resolution of this case; and because lesser sanctions and warning plaintiffs have proven ineffective; the undersigned recommends that the presiding U.S. District Judge, John W. Lungstrum, grant defendants' motion and dismiss this case.

On March 3, 2020, the undersigned issued a lengthy order recapping plaintiffs' refusal to participate in case-planning and scheduling conferences, even after the court had

1

denied their motion to stay the case and had ordered them to move the case forward.[1]   The undersigned noted plaintiffs' argument that their appeals to the Tenth Circuit divested this court of jurisdiction and therefore excused plaintiffs from participating in the case at the district level, but the undersigned rejected that excuse because this court had previously held that it retained jurisdiction.[2]

The undersigned then determined that monetary sanctions against plaintiffs were justified.  The undersigned awarded defendants their out-of-pocket expenses and attorneys' fees incurred in attending the court-scheduled planning conference and in bringing the motion for sanctions.[3]  The undersigned then attempted to put the case "back on the path toward trial" by ordering the parties "to meet for an in-person planning conference . . . on or before April 1, 2020," and to "then submit their completed planning-meeting report to the chambers of the undersigned by April 8, 2020."[4]  The scheduling conference was reset for April 15, 2020.  Plaintiffs were then warned "**that if they again fail to attend the**

---

[1] ECF No. 308. The reader is specifically referred to that order for a complete understanding of the undersigned's recommendation today.

[2] *Id.* at 4.  *See also* ECF No. 323 at 1 (holding again that the court retained jurisdiction during the appeal); ECF No. 355 (copy of filing in Tenth Circuit Case No. 20-3006, dismissing appeal for lack of appellate jurisdiction).

[3] ECF No. 308 at 9-10; *see also* ECF No. 348 (setting the total amount of sanctions owed at $18,538, with payment due defendants by May 11, 2020).

[4] ECF No. 308 at 10.

O:\14-MD-2591-JWL, Syngenta\18-2408-JWL-R&R327.docx

**planning meeting or participate in submission of the planning-meeting report, the undersigned will recommend the presiding judge dismiss this case.**"[5]

Unfortunately, plaintiffs have continued to defy the court's orders and have refused to meaningfully prosecute this case.  Although plaintiffs' counsel called into the April 1, 2020 planning conference, he did so with no intent to develop a plan for the progression of the case, as required by Fed. R. Civ. P. 26(f).  He states, "Although I placed a call to participate in the April 1 conference, I was clear, at the outset, that [plaintiffs] are unwilling to proceed with discovery and pretrial proceedings while awaiting a disposition of [plaintiffs'] pending appeal to the Tenth Circuit [sic] 20-3006, and petition for mandamus, 20-3051."[6]  Then, rather than work with defendants to draft and submit the required joint planning-meeting report, plaintiffs submitted a unilateral report that addressed none of the planning factors set out in Fed. R. Civ. P. 16(c)(2)(A)-(P) or Rule 26(f)(3)(A).  Instead, plaintiffs' report again asserted plaintiffs' argument that jurisdiction over all aspects of the case transferred to the Tenth Circuit on January 16, 2020, when plaintiffs appealed Judge Lungstrum's December 18, 2019 decision, and the court therefore had no jurisdiction to order the planning conference.  Finally, plaintiffs' counsel informed defense counsel that he did not plan to discuss a discovery plan at the then-upcoming scheduling conference, but instead planned to (1) inform the undersigned "that [the undersigned] is without

---

[5] *Id.* (emphasis in original).

[6] ECF No. 328-1 at 10.

3

jurisdiction to proceed and that his disregard of the law of divestiture of jurisdiction during the appeal is an improper disregard of [plaintiffs'] right to pursue the appeal,"[7] and (2) request the undersigned to recuse due to a conflict of interest and bias.[8]  In light of plaintiffs' counsel's statements to both defense counsel and to the court in plaintiffs' unilateral "planning report," the court again was forced to cancel the scheduling conference.[9]

In addition, plaintiffs have failed to comply with the court's order that they remit $18,538 in sanctions to defense counsel by May 11, 2020.[10]  The undersigned warned plaintiffs in his April 28, 2020 order setting the amount of sanctions that "[f]ailure to comply may result in further sanction."[11]

The question now is whether plaintiffs' continued failure to abide by court orders and to prosecute this case warrants dismissal.  The undersigned discussed the legal standards applicable to dismissal as a sanction in the March 3, 2020 order.[12]  Dismissal is

---

[7] *Id.* at 13.

[8] *Id.* at 14.

[9] ECF No. 330 at 1-2.

[10] The court noted this obligation would be enforced unless "expressly stayed by this court or by the Tenth Circuit."  ECF No. 348 at 4.  Although on May 4, 2020, plaintiffs filed in the Tenth Circuit an emergency motion to stay this court's proceedings, ECF No. 351 (copy of filing in Tenth Circuit Case No. 20-3084), the Circuit has taken no action on plaintiffs' motion.

[11] ECF No. 348 at 4.

[12] ECF No. 308 at 5-6.

O:\14-MD-2591-JWL, Syngenta\18-2408-JWL-R&R327.docx

a severe sanction that the court should only impose when lesser sanctions have proven ineffective.[13]   To determine whether a plaintiff's discovery violations and/or noncompliance with court orders warrants dismissal as a sanction, the court must weigh the five factors set out by the Tenth Circuit in *Ehrenhaus v. Reynolds*: (1) the degree of actual prejudice to the defendant, (2) the amount of interference in the judicial process, (3) the culpability of the plaintiff, (4) whether the court warned the plaintiff that noncompliance likely would result in dismissal, and (5) whether lesser sanctions would be appropriate and effective.[14]

After applying these factors in March, the undersigned concluded, "the court does not find the extreme sanction of dismissal warranted at this time."[15]  Now, however, after plaintiff has again failed to comply with the court's orders, has inexplicably not paid the previous sanctions award, and has taken no action to advance this case towards trial, application of the factors compel a different outcome.

The degree of actual prejudice to defendants.  Turning to the first *Ehrenhaus* factor, defendants clearly have been prejudiced by plaintiffs' behavior in this case.  They have been forced into devoting significant resources, including time, expense, and attorneys'

---

[13] *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1143 (10th Cir. 2007) (citing *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

[14] 965 F.2d at 920–21.

[15] ECF No. 308 at 6.

fees, in a case that has made little progress since it was filed two years ago. They have incurred unnecessary expense by having to respond to arguments plaintiffs re-asserted a second or even a third time after the court rejected them.[16] Defense counsel spent time and money to travel to the in-person planning conference on February 11, 2020, only to have plaintiffs' counsel not show up. Defendants have also incurred expenses in briefing two motions for sanctions necessitated by plaintiffs' counsel's actions (and inactions). Plaintiffs' repeated failure to participate in drafting a planning-meeting report led the court to twice vacate the scheduling conference, thus delaying resolution of the case for defendants.[17] Finally, plaintiffs have not compensated defendants for their attorneys' fees the undersigned awarded earlier as a sanction.[18] The first *Ehrenhaus* factor weighs in favor of dismissal.

---

[16] *See, e.g.,* ECF No. 335 at 1 ("The Court has addressed and rejected this same jurisdictional argument on multiple occasions, including in the Court's latest Memorandum and Order of April 3, 2020.").

[17] ECF Nos. 294 and 330. *See also Jones*, 996 F.2d at 264–65 (affirming dismissal of action in part because plaintiff's conduct, including failure to submit a proposed pretrial order, caused delay and increased attorneys' fees); *Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) ("[W]e have recognized prejudice from delay and mounting attorney's fees." (internal quotation and citation omitted)).

[18] Defendants' motion seeks dismissal as a sanction for plaintiffs' violation of the undersigned's March 3, 2020 order (ECF No. 308), so this report and recommendation focuses on plaintiffs' behavior that led to the issuance of that order and plaintiffs' behavior that has since violated that order. The undersigned notes, however, that plaintiffs have also failed to comply with the April 15, 2020 memorandum and order issued by Judge Lungstrum, specifically the portion of the order mandating plaintiffs reimburse defendants for the fees and costs defendants reasonably incurred in responding to the motions ruled. *See* ECF No. 335 at 6-7, and ECF No. 345 at 4-5.

6

<u>The amount of interference in the judicial process.</u>  Plaintiffs' conduct also has interfered with the orderly and timely processing of this case, and led to otherwise unnecessary judicial intervention.  The court has had to repeatedly address plaintiffs' refusal to recognize the court's jurisdiction,[19] move this case forward, or participate in a planning conference.  Raising the same arguments—for a different venue and decision maker—in multiple motions to this court and on appeal has delayed the start of discovery by almost two years.  Likewise, plaintiffs' refusal, on two occasions, to meaningfully participate in a Rule 26(f) planning meeting (after specifically ordered to so do) has delayed the setting of deadlines to move this case toward final resolution. Plaintiffs have "demonstrated time and again that [they have] no respect for the judicial process and continue[] to flout the court's authority."[20]  This has "impact[ed] the court's ability to manage its docket and move forward with the case[] before it."[21]  The second factor supports dismissal.

<u>The culpability of the litigant.</u>  Under the third factor, the court considers plaintiffs' culpability.  "A litigant is bound by the actions of its attorney, and the relative innocence

---

[19] *See, e.g.,* ECF No. 335 at 1 ("The Court has addressed and rejected this same jurisdictional argument on multiple occasions . . ..").

[20] *De Foe v. Sprint/United Mgmt. Co*., 196 F.R.D. 392, 394 (D. Kan. 2000).

[21] *Davis v. Miller*, 571 F.3d 1058, 1062 (10th Cir. 2009).

O:\14-MD-2591-JWL, Syngenta\18-2408-JWL-R&R327.docx

of the litigant in the failure [of its attorney to comply with court orders] does not constitute grounds for relief."[22]  Plaintiffs contend they are acting in good faith.

First, plaintiffs take the untenable position that their "counsel participated 'in good faith' in an April 1, 2020 telephone call and that is all that is required by Rule 26."[23]  Rule 26(f) actually requires the parties to confer on a number of explicit issues, including (1) "the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case," (2) a plan for "the disclosures required by Rule 26(a)(1)," (3) any issues about preserving discoverable information," and (4) "a proposed discovery plan."[24]  Specifically, in developing a proposed discovery plan, the parties must "attempt[] in good faith" to agree on specified topics, including the subjects for discovery, the timing of discovery, and limitations on discovery.[25]  The undersigned directed in the initial order regarding planning and scheduling that the parties address during the conference "the agenda items . . . set out in Fed. R. Civ. P. 16(c)(2)(A)-(P), Fed. R. Civ. P. 26(f)(3)(A)-(F), and the planning report form that is attached to this order and that is also posted on the court's website."[26]

---

[22] *Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188-89 (10th Cir. 2002).

[23] ECF No. 349 at 9.

[24] Fed. R. Civ. P. 26(f)(2).  *See also* ECF No. 234 (initial order regarding planning and scheduling).

[25] Fed. R. Civ. P. 26(f)(3).

[26] ECF No. 234.

8

In the planning report plaintiffs separately submitted, plaintiffs make the conclusory statement that their "counsel proceeded with the April 1 telephone call in good faith."[27] Unfortunately, the record does not bear this out.  There is no indication in the record that plaintiffs attempted to address the numerous procedural and timing issues discussed in Rules 16 and 26, and in the court's order.  Instead, plaintiffs' own summary of the conference indicates that plaintiffs' counsel "was clear, at the outset, that [plaintiffs] are unwilling to proceed with discovery and pretrial proceedings while awaiting a disposition of [their pending appeals]."[28]  Plaintiffs' planning report indicates the parties argued over whether the case is a class action,[29] and because defense counsel took the position the case was not a class action, plaintiffs' counsel concluded there was "no value" in discussing mediation or the exchange of mandatory disclosures.[30]

The court flatly rejects plaintiffs' argument that this behavior shows good faith and weighs in plaintiffs' favor.  Although plaintiffs' counsel called into the April 1, 2020 planning conference, he did so with no intent to develop a plan for the progression of the case.  Then, rather than work with defendants to draft and submit the required joint planning-meeting report, plaintiffs submitted a plaintiffs-only report which addressed none of the factors set out in Fed. R. Civ. P. 16(c)(2)(A)-(P) or Rule 26(f)(3).  Instead, plaintiffs'

---

[27] ECF No. 349 at 10.

[28] ECF No. 328-1 at 10.

[29] ECF No. 349 at 10-12.

[30] *Id.* at 12.

report again asserted plaintiffs' argument that this court had no jurisdiction to proceed and, thus, no jurisdiction to order the planning conference.  Finally, plaintiffs' counsel informed defense counsel that he did not intend to discuss a discovery plan at the scheduling conference, thereby again indicating disregard for the court's orders and management of its docket.  Plaintiffs' actions indicate plaintiffs most certainly did *not* attempt in good faith to move this case forward on a schedule.

Second, plaintiffs assert they are simply standing by their position that this court has been divested of jurisdiction by plaintiffs' pending appeals to the Tenth Circuit.  The rub, of course, is that this court has rejected that position in multiple orders—including the March 3, 2020 order first sanctioning plaintiffs[31] and Judge Lungstrum's April 15, 2020 memorandum and order overruling plaintiffs' objections to the March 3, 2020 order[32]— and the Tenth Circuit has not acted to nullify those orders.[33]  In fact, as recently as May 12, 2020, the Tenth Circuit dismissed plaintiffs' appeal of this court's March 1, 2019, May 21, 2019, August 13, 2019, December 18, 2019, February 4, 2020, April 3, 2020, and April 6, 2020 orders, noting that "[p]roceedings in the district court remain ongoing" and its jurisdiction was generally "limited to review of final decisions of the district court."[34]

---

[31] ECF No. 308 at 4.

[32] *See, e.g.,* ECF Nos. 251, 268, 269, 308, 323, and 335.

[33] As noted above, the Tenth Circuit has not acted on plaintiffs' emergency request for a stay filed in Tenth Circuit case No. 20-3084.

[34] ECF No. 355 (copy of filing in Tenth Circuit Case No. 20-3006, dismissing appeal for lack of appellate jurisdiction).

10

This case is distinguishable from *Cheng v. GAF Corp.*, the Second Circuit case plaintiffs cite for the proposition that a district court should not sanction a litigant for appealing an adverse ruling.[35]  In *Cheng*, the plaintiff was assessed defendant's attorneys' fees and costs incurred in defending against appellate petitions the district court deemed "frivolous."[36]  Here, the sanctions against plaintiffs arise not from the expenses defendants incurred defending interlocutory appeals, but from plaintiffs' refusal to abide by orders and move this case toward final resolution while their interlocutory appeals are pending.[37] Neither this court, nor the Tenth Circuit, has stayed these proceedings, and plaintiffs are at fault for refusing to participate in them.

In addition, plaintiffs inexplicably have failed to comply with the undersigned's order that they remit $18,538 in sanctions to defense counsel by May 11, 2020.[38]

The undersigned finds the third *Ehrenhaus* factor tilts toward dismissal.

---

[35] 713 F.2d 886, 891 (2nd Cir. 1983) (overruled in part by *New Pacific Overseas Grp. v. Excal Intern. Dev. Corp.*, 252 F.3d 667, 670 (2nd Cir. 2001) (holding that a sanctions order is not a final decision that is immediately appealable)).

[36] *Id.* at 888.

[37] *See* ECF No. 335 at 3 ("The Court also rejects plaintiffs' argument that the Magistrate Judge sought to punish plaintiffs for exercising their right to pursue appeals. The Magistrate Judge did no such thing.  As set forth in the Magistrate Judge's opinion, plaintiffs were sanctioned because they repeatedly refused to comply with the Court's orders.").

[38] Plaintiffs further failed to comply with Judge Lungstrum's separate order that they remit sanctions to defense counsel by May 11, 2020.  ECF No. 345 at 5.

Whether the court warned the litigant that noncompliance would likely result in dismissal.  In the March 3, 2020 order, the court imposed monetary sanctions on plaintiffs for disregarding the court's orders and willfully refusing to participate in pretrial proceedings.  But the undersigned did not go so far as to recommend dismissal of the case, in part because the court had not previously informed plaintiffs "that the case would be dismissed if plaintiffs ignored the court's two orders to confer with defendants in developing a schedule for this case."[39]  The undersigned warned plaintiffs, however, that **"future noncompliance with court orders or continued refusal to move forward with the case (which has not been stayed by either this court or the Tenth Circuit) likely will result in dismissal."**[40]  After resetting planning deadlines, the undersigned gave plaintiffs a second warning **"that if they again fail to attend the planning meeting or participate in submission of the planning-meeting report, the undersigned will recommend the presiding judge dismiss this case**."[41]  Thus, plaintiffs have been warned that their noncompliance would likely result in dismissal, and the fourth factor favors dismissal.

Whether lesser sanctions would be appropriate and effective.  The final *Ehrenhaus* factor for the court's consideration is whether a sanction short of dismissal would be

---

[39] ECF No. 308 at 8.

[40] *Id.* (emphasis in original).

[41] *Id.* at 10 (emphasis in original).

12

effective.  The court was hopeful that the monetary sanctions it imposed in the March 3, 2020 order would "spur plaintiffs to begin prosecuting this case in this court."[42] Regrettably, they did not.  Plaintiffs neither paid the monetary sanctions nor participated in the planning and scheduling of this case.  Plaintiffs have made clear they will neither recognize this court's jurisdiction nor prosecute this case at this time.  The undersigned reaches this conclusion after considering plaintiffs' misconduct leading up to the last sanctions order *and* plaintiffs' failure to change their conduct in response to that order.  Considering the history of this litigation and plaintiffs' repeated abuses of the judicial process, the undersigned finds that additional sanctions short of dismissal will be ineffective.

After considering the relevant factors, the undersigned recommends that Judge Lungstrum dismiss this action.  Quite simply, this case cannot be held hostage by plaintiffs' refusal to acknowledge its current procedural posture.  If plaintiffs will not move forward with this case, it must be dismissed.

Dated May 13, 2020, at Kansas City, Kansas.

 s/ James P. O'Hara

James P. O'Hara
U.S. Magistrate Judge

---

[42] ECF No. 308 at 9.

O:\14-MD-2591-JWL, Syngenta\18-2408-JWL-R&R327.docx